**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| _____ | ) | |
| PAUL DUFFY, | ) | Case No. 1:13-cv-01569 |
| | ) | |
| | ) | Removed from: |
| Plaintiff, | ) | |
| | ) | The Circuit Court of Cook County, IL |
| v. | ) | Case No. 13-L-001656 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | Honorable John W. Darrah |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
ON BEHALF OF DEFENDANTS PAUL GODFREAD AND ALAN COOPER**

NOW COME Defendants Paul Godfread and Alan Cooper, by and through counsel, and in response to the Complaint filed by Plaintiff answer as follows:

1.  Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint. Defendants also note that Paragraph 1 refers to Prenda rather than Plaintiff Duffy.

2.  Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendants admit that Prenda, Inc. is a corporation organized under the laws of the State of Illinois. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  Defendants admit that Defendant Godfread is an attorney who practices in the State of Minnesota, and that his office is located at 100 S. Fifth Street, Suite 1900, Minneapolis, Minnesota. Defendants also admit that Defendant Godfread filed a complaint in the District Court for the Fourth Judicial District of Minnesota on behalf of his client, Defendant Alan Cooper. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and demand strict proof thereof.

7.  Defendants admit that Alan Cooper is an individual residing in Mille Lacs County, Minnesota. Defendants also admit that Mr. Cooper is a client of Mr. Godfread. Defendants

deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8.  Paragraph 8 of Plaintiff's Complaint is not directed at Defendants, and they therefore provide no response thereto.

9.  Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.[1]

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint is not directed at Defendants, and they therefore provide no response thereto.

13. Defendants admit that Prenda is a corporation. Defendants admit that Plaintiff is an attorney who works for Prenda. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

15. Paragraph 15 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

16. Paragraph 16 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

17. Paragraph 17 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

18. Paragraph 18 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

19. Paragraph 19 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

20. Paragraph 20 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

---

[1] Defendants note that this paragraph makes reference to St. Clair County, Illinois, and appears to be duplicated from an identical complaint filed by Prenda, Inc. against Defendants Godfread and Cooper in St. Clair County, Illinois. That case was removed to the United States District Court for the Southern District of Illinois and is known as 3:13-cv-00207-DRH-SCW.

21.  Paragraph 21 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

22.  Paragraph 22 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

23.  Paragraph 23 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

24.  Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.  Defendants admit s that Plaintiff has filed many legal claims alleging illegal access to the computer systems of Plaintiff's "clients". The remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.  Paragraph 26 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

27.  Paragraph 27 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

28.  Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.  Defendants deny making any libelous comments about Plaintiff. Defendants are without sufficient knowledge to ascertain the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint, but demand strict proof thereof.

30.  Defendants deny making any libelous comments about Plaintiff. Defendants are without sufficient knowledge to ascertain the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint, but demand strict proof thereof.

31.  Defendants deny sending the emails referenced in Paragraph 31 of Plaintiff's Complaint. Defendants are without sufficient knowledge to ascertain the truth of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint, but demand strict proof thereof.

32.  Defendants deny publishing libelous statements regarding Plaintiff. Defendants are without sufficient knowledge to ascertain the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint, but demand strict proof thereof.

33.  Paragraph 33 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

34.     Paragraph 34 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

35.     Paragraph 35 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

36.     Paragraph 36 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

37.     Paragraph 37 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

38.     Paragraph 38 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

39.     Paragraph 39 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

40.     Paragraph 40 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

41.     Paragraph 41 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

42.     Paragraph 42 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

43.     Paragraph 43 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

44.     Paragraph 44 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

45.     Paragraph 45 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

46.     Paragraph 46 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

47.     Paragraph 47 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

48.     Paragraph 48 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

49.     Paragraph 49 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

50.     Paragraph 50 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

51.     Paragraph 51 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

52.     Paragraph 52 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

53.     Paragraph 53 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

54.     Paragraph 54 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

55.     Paragraph 55 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

56.     Paragraph 56 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

57.     Paragraph 57 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

58.     Paragraph 58 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

59.     Paragraph 59 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

60.     Paragraph 60 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

61.     Paragraph 61 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

62.     Paragraph 62 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

63.     Paragraph 63 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

64.     Paragraph 64 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

65.     Paragraph 65 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

66.     Paragraph 66 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

67.     Paragraph 67 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

68.     Paragraph 68 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

69.     Paragraph 69 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

70.     Paragraph 70 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

71.     Paragraph 71 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

72.     Paragraph 72 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

73.     Paragraph 73 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

74.     Paragraph 74 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

75.     Paragraph 75 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

76.     Paragraph 76 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

77.     Paragraph 77 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

78.     Paragraph 78 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

79.     Paragraph 79 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

80.     Paragraph 80 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

81.     Paragraph 81 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

82.     Paragraph 82 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

83.     Paragraph 83 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

84.     Paragraph 84 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

85.     Paragraph 85 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

86.     Paragraph 86 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

87.     Paragraph 87 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

88.     Paragraph 88 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

89.     Paragraph 89 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

90.     Paragraph 90 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

91.     Paragraph 91 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

92.     Paragraph 92 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

93.     Paragraph 93 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

94.     Paragraph 94 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

95.     Paragraph 95 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

96.     Paragraph 96 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

97.     Paragraph 97 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

98.     Paragraph 98 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

99.     Paragraph 99 of Plaintiff's Complaint contains no allegations directed at Defendants and therefore no response is required.

## COUNT I – LIBEL *PER SE*
### *(False Allegations of Criminal Offenses)*

100.    Defendants adopt and incorporate their responses to Paragraphs 1-99 above as if fully set forth herein.

101.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants have insufficient knowledge as to the truth of the remaining allegations contained in Paragraph 101 of Plaintiff's Complaint, but demand strict proof thereof.

102.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 102 of Plaintiff's Complaint. The statements referred to by Plaintiff in Paragraph 102, as allegedly published, speak for themselves.

103.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny making any libelous statements regarding Plaintiff. The remaining allegations contained in Paragraph 103 of Plaintiff's Complaint are denied.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

## COUNT II – LIBEL *PER SE*
### *(False Allegations of Want of Integrity in Employment)*

106.    Defendants adopt and incorporate their responses to Paragraphs 1-105 of Plaintiff's Complaint above as if fully set forth herein.

107.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants have insufficient knowledge as to the truth of the remaining allegations contained in Paragraph 107 of Plaintiff's Complaint, but demand strict proof thereof.

108.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint. The statements referred to by Plaintiff in Paragraph 108, as allegedly published, speak for themselves.

109.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny making any libelous statements regarding Plaintiff. The remaining allegations contained in Paragraph 109 of Plaintiff's Complaint are denied.

110.    Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT III – LIBEL *PER SE*
### *(False Allegations Imputing Lack of Ability in Plaintiff's Profession)*

112.    Defendants adopt and incorporate their responses to Paragraphs 1-111 of Plaintiff's Complaint above as if fully set forth herein.

113.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants have insufficient knowledge as to the truth of the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint, but demand strict proof thereof.

114.    Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 114 of Plaintiff's Complaint. The statements referred to by Plaintiff in Paragraph 114, as allegedly published, speak for themselves.

115.     Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny making any libelous statements regarding Plaintiff. The remaining allegations contained in Paragraph 115 of Plaintiff's Complaint are denied.

116.     Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.     Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## COUNT IV – LIBEL *PER SE*
### *(False Allegations of Plaintiff's Agents of Fornication and Adultery)*

118.     Defendants adopt and incorporate their responses to Paragraphs 1-117 of Plaintiff's Complaint above as if fully set forth herein.

119.     Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants have insufficient knowledge as to the truth of the remaining allegations contained in Paragraph 119 of Plaintiff's Complaint, but demand strict proof thereof.

120.     Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 120 of Plaintiff's Complaint. The statements referred to by Plaintiff in Paragraph 120, as allegedly published, speak for themselves.

121.     Defendants deny making any of the statements set forth in Paragraphs 29 through 99 of Plaintiff's Complaint. Defendants deny making any libelous statements regarding Plaintiff. The remaining allegations contained in Paragraph 121 of Plaintiff's Complaint are denied.

122.     Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.     Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

## COUNT V – FALSE LIGHT

124.     Defendants adopt and incorporate their responses to Paragraphs 1-123 of Plaintiff's Complaint above as if fully set forth herein.

125.     Defendants deny making any of the statements described in Paragraph 125 of Plaintiff's Complaint. Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.     Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

## COUNT VI – TORTIOUS INTERFERENCE
## WITH CONTRACTUAL RELATIONSHIPS

128.    Defendants adopt and incorporate their responses to Paragraphs 1-127 of Plaintiff's
        Complaint above as if fully set forth herein.

129.    Defendants possess insufficient knowledge upon which to form a belief as to the truth of the
        allegations contained in Paragraph 129, but demand strict proof thereof.

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    Defendants deny making any defamatory statements regarding Plaintiff. Defendants possess
        insufficient knowledge upon which to form a belief as to the truth of the remaining
        allegations contained in Paragraph 132, but demand strict proof thereof.

133.    Defendants deny making any false statements about Plaintiff. Defendants deny that Plaintiff
        is entitled to any relief against Defendants. Defendants possess insufficient knowledge upon
        which to form a belief as to the truth of the remaining allegations contained in Paragraph 133,
        but demand strict proof thereof.

## COUNT VII – TORTIOUS INTERFERENCE WITH
## A PROSPECTIVE BUSINESS RELATIONSHIP

134.    Defendants adopt and incorporate their responses to Paragraphs 1-133 of Plaintiff's
        Complaint above as if fully set forth herein.

135.    Paragraph 135 contains no allegations directed at these Defendants and therefore no response
        is required. Defendants possess insufficient knowledge to ascertain the truth of the statements
        made in Paragraph 135, but demand strict proof thereof.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.    Paragraph 137 contains no allegations directed at these Defendants and therefore no response
        is required. Defendants possess insufficient knowledge to ascertain the truth of the statements
        made in Paragraph 137, but demand strict proof thereof.

138.    Defendants deny the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of Plaintiff's Complaint.

## COUNT VIII – CIVIL CONSPIRACY

141.    Defendants adopt and incorporate their responses to Paragraphs 1-140 of Plaintiff's Complaint above as if fully set forth herein.

142.    Defendants deny the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in its "PRAYER FOR RELIEF". Defendants deny that Plaintiff is entitled to judgment against them. Defendants deny that Plaintiff is entitled to any award of damages. Defendants deny that Plaintiff is entitled to any award of attorneys' fees, litigation expenses or costs or expenses of any kind whatsoever. Defendants deny that Plaintiff is entitled to any declaratory or injunctive relief. Any allegation in Plaintiff's Complaint not admitted or denied above is denied.

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense
<u>Failure to State a Claim</u>

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

### Second Affirmative Defense
<u>Waiver</u>

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense
<u>Truth</u>

3.    Defendants affirmatively assert that all statements and comments by Defendants were true and thus cannot be the basis for a defamation action.

### Fourth Affirmative Defense
<u>Litigation Privilege</u>

4.    The matters addressed by Defendants in their lawsuit against Plaintiff are subject to the litigation privilege, which is an absolute privilege.

**Fifth Affirmative Defense**
SLAPP Suit Violation

5.      The action brought by Plaintiff is a SLAPP suit prohibited by the Minnesota Anti-SLAPP statute, Minn. Stat. 554.

**Sixth Affirmative Defense**
Lack of Damage Caused By Defendants

6.      No act or omission on the part of Defendants either caused or contributed to whatever injury (if any) Plaintiff may have suffered.

**Seventh Affirmative Defense**
Failure to Mitigate Damages

7.      Plaintiff has failed to properly mitigate its damages.

**Eighth Affirmative Defense**
Substantial Truth

8.      Plaintiff's claims are barred under the substantial truth doctrine.

**Ninth Affirmative Defense**
No Provable False Assertions of Fact

9.      The Defendants' statements are not properly subject to a slander suit because they contained no provably false assertions of fact.

**Tenth Affirmative Defense**
Unclean Hands

10.     Plaintiff is involved in copyright litigation in numerous jurisdictions nationwide on behalf of plaintiffs AF Holdings, LLC and Ingenuity 13, LLC. In these cases, Plaintiff has filed or caused to be filed documents identifying "Alan Cooper" as CEO of AF Holdings and Ingenuity 13. Defendant Cooper denies having ever been CEO of either entity, and denies signing any documents, and specifically any copyright assignment documents, on behalf of them. Defendant Cooper filed suit against Plaintiff, Paul Duffy, John Steele and Paul Hansmeier for misappropriating his identity. See Minnesota Complaint. This case was filed in response to Defendant Cooper's lawsuit against Plaintiff in Minnesota.

## COUNTERCLAIMS

### FACTS

1.  Plaintiff had been hired in 2006 as a caretaker for a property Steele owns in Aitkin County.

2.  Plaintiff was allowed to stay in a guest house on the property and helped with remodeling and general maintenance of the property.

3.  While visiting his property, Steele had on several occasions discussed his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy.

4.  Steele had also told Plaintiff that if anyone asked about any companies, that Plaintiff was not to answer and to call Steele directly.

5.  Plaintiff confronted Steele, but was unable to determine what companies Steele was talking about.

6.  Steele has in fact sued tens of thousands of individuals for copyright infringement nationwide.

7.  Plaintiff has not participated in any part of Steele's litigation activities.

8.  Steele and his law firm, Steele Hansmeier, PLLC, now known as Prenda Law, Inc. have gained significant attention due to the scope of their litigation.

9.  Steele claims that he is merely "of counsel" with Prenda Law, Inc., but in fact controls operations at Prenda Law, Inc.

10.  Sometime in November 2012, Plaintiff was informed that his name was being used as an officer or director of AF Holdings, LLC, a client of Prenda Law, Inc.

11.  In various lawsuits filed in the past year, AF Holdings, LLC through its counsel has filed copies of copyright assignment agreements that bear the signature of an "Alan Cooper" signing on behalf of AF Holdings, LLC.

12.  A copy of one such assignment is attached as Exhibit A to this Complaint.

13.  The signature of "Alan Cooper" in Exhibit A was not made by Plaintiff.

14.  On at least one occasion, an "Alan Cooper" has acted as the manager of another client of Prenda Law, Ingenuity13, LLC.

15.  A copy of one such document is attached as Exhibit B to this Complaint.

16.  Again, Plaintiff did not sign the document shown as Exhibit B.

17.  As described above, Steele and Plaintiff entered into an agreement for Cooper to care for

Steele's property, a copy of that agreement is attached as Exhibit C.

18.     Steele and the other Defendants used the signature in Exhibit C or another of Plaintiff's signatures as the model for creating the signature that appears on Exhibit A.

19.     AF Holdings, LLC has filed over 200 copyright lawsuits in federal district courts across the nation within the past year.

20.     Ingenuity13, LLC has filed over 50 copyright lawsuits in federal district courts across the nation within the past year.

21.     All Defendants knew that Plaintiff's name was being used, without Plaintiff's knowledge, as an officer, director, or shareholder of AF Holdings, LLC and Ingenuity13, LLC.

22.     All Defendants intended to use Alan Cooper's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

23.     All Defendants have in fact benefited from using Plaintiff's name for their own benefit on AF Holdings, LLC and Ingenuity13, LLC documents.

24.     Defendants knew that Alan Cooper had not authorized the use of his name or signature on AF Holdings, LLC and Ingenuity13, LLC documents.

25.     Both Steele and Prenda Law, Inc. participated in the creation of AF Holdings, LLC and Ingenuity13, LLC.

26.     Defendants Steele and Prenda Law have actual control of Defendants AF Holdings LLC and Ingenuity13, LLC.

27.     AF Holdings, LLC and Ingenuity13, LLC exist solely as instruments of Steele and Prenda Law, Inc.

28.     Both Steele and Prenda Law, Inc. chose to organize AF Holdings, LLC and Ingenuity13, LLC in the nation of St. Kitts & Nevis because of the strict corporate privacy laws in that country.

29.     Plaintiff's counsel made several attempts to contact Defendants about the use of the name "Alan Cooper" in lawsuits by AF Holdings, LLC and Ingenuity13, LLC.

30.     Defendant Steele, when he heard that Prenda Law, Inc. had been contacted by Plaintiff's counsel did not respond to Plaintiff's counsel but rather called Plaintiff several times within a matter of minutes.

31.     Despite repeated requests by Plaintiff's counsel, Defendants have not offered any explanation as to why Alan Cooper's name appears on documents relating to lawsuits filed by AF

Holdings, LLC and Ingenuity13, LLC.

32.    Plaintiff through his counsel filed the letter attached as Exhibit D in cases filed by AF Holdings, LLC and Ingenuity13, LLC in the District of Minnesota.

33.    Defendants have claimed that the letter is "false" but have never attempted to explain what in particular about the allegations contained within that letter are false.

34.    Defendants have never identified another person by the name of Alan Cooper who could plausibly have signed the documents shown as Exhibit A or Exhibit B.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO MINNESOTA ANTI-SLAPP IMMUNITY

35.    Plaintiff repeats and realleges the above as if fully set forth below.

36.    In November 2012, Cooper retained Atty. Godfread for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings, LLC and Ingenuity13, LLC, and not him.

37.    Defendants refused to discuss the matter with Cooper or the courts, as illustrated by the proceedings in *Ingenuity13, LLC v. John Doe*, No. 12-cv-8333 (C.D. Cal. 2012). See, Exhibit E.

38.    Cooper had no choice but to file suit. The action commenced on January 25, 2013. See, Exhibit F.

39.    Despite knowing Cooper was represented by Atty. Godfread, Defendant's co-conspirator, John Steele directly contacted Cooper several times via text messaging and various voicemails, including the following voicemail:

    39.1.    "I can assure you that just ignoring legal matters, it's not going to go away. So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' soon civil procedure because, otherwise, your life is going to get real complicated. And I'm saying this as a friend, as well as opposing counsel."

40.    Defendant and his co-conspirators made similar threats to Godfread via phone calls and emails, including the following email sent from Paul Hansmeier on February 21, 2013:

    40.1.    "Dear Mr. Godfread:

        My firm has been retained by Livewire Holdings LLC to pursue claims in the

U.S. District Court for the District of Minnesota against you and your co-conspirators arising from defamation, civil conspiracy and related acts. The alleged acts occurred in e-mail communications and blog posts describing my client as a criminal enterprise. As you know, such statements constitute defamation *per se* and are, quite frankly, wildly inappropriate. Less-egregious claims have resulted in multi-million dollar judgments, as I trust this one will. The facts of the underlying case are essentially a law school exam hypothetical of every possible variation of libel. Perhaps you can forward my client's complaint to your former professors at William Mitchell. My client is well-aware that you are a major contributor to these blog sites.

The purpose of this e-mail is to inform you of impending litigation so that you preserve all relevant evidence in your possession including, but not limited to, communications between yourself and David Camaratto, Morgan Pietz, Nicholas Ranallo and any other individuals associated directly or indirectly with the sites fightcopyrighttrolls and dietrolldie. Further, any and all other evidence that might be relevant to this matter must, of course, be preserved.

I suspect that you aligned yourself with these defamatory efforts as a marketing strategy. I don't know if these efforts paid off, but I can assure you that making baseless accusations of criminal conduct is not a wise move for a licensed attorney. All of that being said, my client knows that you didn't work alone in these wrongful efforts. If you think we are missing out on more serious actors in your enterprise my client would be willing to consider decreasing your liability in exchange for information about these individuals. Of course, that interest will disappear if someone else comes forward first. Think it over and let me know. If you're willing to take the fall for whole group then you are decidedly a "true believer."

Welcome to the big leagues.

Paul"

41.   Paul Hansmeier, is the owner of Alpha Law and co-plaintiff of Prenda Law in a related matter identified below at 43.2.

42.   Livewire Holdings, LLC purportedly bought AF Holdings, LLC and Ingenuity13, LLC.

43.   Eighteen days after the Cooper filed his complaint, Defendant and his co-conspirators filed three state court claims against the Plaintiffs for defamation, including the one before this Court. They include:

    43.1.   *Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (Cir. Court, Cook Cty.) (*filed* Feb. 15, 2013). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569. See, Exhibit G.

    43.2.   *Prenda Law v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (20th Cir. Court, St. Clair Cty.) (*filed* Feb. 12, 2013). Defendants removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207. See, Exhibit H.

    43.3.   *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty.) (*filed* Feb. 25, 2013). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed his action March 6, 2013. See, Exhibit I.

44.   When Defendant and his co-conspirators filed their respective state court actions, their goal was not to win on the merits but rather to

    44.1.   Force Plaintiffs to expend funds on litigation costs and attorney fees in multiple state court proceedings;

    44.2.   Discourage opposition in Plaintiffs' Minnesota action through delay, expense, and distraction;

    44.3.   Improperly seek discovery of third parties; and

    44.4.   Serve a vexatious or otherwise retaliatory purpose for the Plaintiffs' filing of the *Cooper* action.

45.   Minnesota's anti-SLAPP statute, Minn. Stat. §554.01-.05, was designed to prohibit lawsuits against parties engaged in public participation seeking favorable government action.

46.   A review of Defendant's complaint confirms that Plaintiffs' conduct was genuinely aimed at

procuring favorable government action.

47. The only instance of defamation Defendant or his co-conspirators specifically identify as attributable to the Plaintiffs is the "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota." *Duffy*, *Prenda* and *Steele* Complaints at ¶¶ 6-7.

48. No other defamatory statements are specifically alleged as coming from Godfread or Cooper.

49. Plaintiffs have shown that their complaint was aimed at procuring favorable action from the courts and done in accordance with Minnesota civil procedure.

50. Defendant's remaining claims are likewise barred by §554.01-.05 as they all arise as a consequence of Plaintiffs' purported defamatory statements made in their complaint.

51. Defendant cannot reach the clear and convincing standard, under any theory of law, required by §554 regarding his allegations.

## COUNT II
### INVASION OF PRIVACY – APPROPRIATION

52. Plaintiff repeats and realleges the above as if fully set forth below.

53. Defendants have appropriated Plaintiff's name for their own benefit.

54. Defendants did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

55. Defendants knew that the did not have Plaintiff's permission to use his name to sign documents on behalf of AF Holdings, LLC or Ingenuity13, LLC

56. Defendants intended to benefit and in fact did benefit by using Alan Cooper's name for corporate documents to conceal the true identities of officers, directors, and shareholders of AF Holdings, LLC and Ingenuity13, LLC.

## COUNT III
### CIVIL CONSPIRACY

57. Plaintiff repeats and realleges the above as if fully set forth below

58. All Defendants have entered an agreement to use Plaintiff's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC.

59. The use of Plaintiff's name in this manner is both unlawful and tortious.

60. By entering into this agreement, all Defendants have conspired to commit tortious acts as described within this Complaint.

61. Plaintiff has been damaged by these unlawful and tortious acts.

62.    Each Defendant must therefore be held liable for any tortious act committed by any other Defendant.

## COUNT IV
### ALTER EGO - PIERCING CORPORATE VEIL - AF HOLDINGS, LLC

63.    Plaintiff repeats and realleges the above as if fully set forth below.

64.    AF Holdings, LLC is not a properly organized limited liability corporation.

65.    Upon information and belief, AF Holdings, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

66.    AF Holdings, LLC has never had an officer or director named Alan Cooper who signed the document shown as Exhibit A.

67.    Upon information and belief, either Steele or someone working at his request signed the document as "Alan Cooper" shown as Exhibit A.

68.    Upon information and belief, AF Holdings, LLC has no true officers or directors.

69.    Upon information and belief, AF Holdings, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

70.    Upon information and belief, AF Holdings, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

71.     Upon information and belief, AF Holdings, LLC observed little or no corporate formalities.

72.    Upon information and belief, AF Holdings, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated numerous lawsuits.

73.    Upon information and belief, AF Holdings, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

74.    Upon information and belief, AF Holdings, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

75.    Upon information and belief, AF Holdings, LLC has little or no corporate records.

76.    Upon information and belief, AF Holdings, LLC's existence was a mere facade for individual dealings of its dominant members.

77.    For the reasons above, AF Holdings, LLC's owners or members must be liable for AF

Holdings, LLC's actions.

## COUNT V
### ALTER EGO - PIERCING CORPORATE VEIL - INGENUITY13, LLC

78.    Plaintiff repeats and realleges the above as if fully set forth below.

79.    Ingenuity13, LLC is not a properly organized limited liability corporation.

80.    Upon information and belief, Ingenuity13, LLC is a mere instrumentality of Steele and Prenda Law, Inc.

81.    Ingenuity13, LLC has never had an officer or director named Alan Cooper who could have signed the document shown as Exhibit B.

82.    Defendant Prenda Law, Inc. is obligated to retain the original signed version of the document shown as Exhibit B.

83.    Plaintiff's counsel has requested to see or to be provided with a copy of the original signed version of the document shown as Exhibit B.

84.    Defendants have not produced for Plaintiff's counsel copies of the signed version of the document shown as Exhibit B.

85.    Upon information and belief, Ingenuity13, LLC has no true officers or directors.

86.    Upon information and belief, Ingenuity13, LLC has fraudulently used Plaintiff's name and thereby used the LLC to perpetrate a fraud.

87.    Upon information and belief, Ingenuity13, LLC is and at all times was insufficiently capitalized for purposes of corporate undertaking.

88.    Upon information and belief, Ingenuity13, LLC observed little or no corporate formalities.

89.    Upon information and belief, Ingenuity13, LLC was insolvent or non-existent at time of the copyright assignment in question and throughout 2012 when it initiated numerous lawsuits.

90.    Upon information and belief, Ingenuity13, LLC's funds, to the extent it had any, were used solely for the benefit of the dominant members.

91.    Upon information and belief, Ingenuity13, LLC did not have functioning officers or directors other than its attorneys including Defendant John Steele.

92.    Upon information and belief, Ingenuity13, LLC has little or no corporate records.

93.    Upon information and belief, Ingenuity13, LLC's existence was a mere facade for individual dealings of its dominant members.

94.    For the reasons above, Ingenuity13, LLC's owners or members must be liable for

Ingenuity13, LLC's actions.

## COUNT VI
### ALTER EGO - PIERCING CORPORATE VEIL - PRENDA LAW, INC.

95.    Plaintiff repeats and realleges the above as if fully set forth below.

96.    Prenda Law, Inc. was an Illinois based corporation engaged in the practice of law.

97.    Prenda Law, Inc. was not properly organized as a professional services corporation under Illinois law, as required of law firms organized as corporations.

98.    Prenda Law, Inc. did not file an annual renewal due in late 2012.

99.    Despite having not filed an annual renewal, Prenda Law, Inc. continued to provide legal services including litigating cases on behalf of AF Holdings, LLC and Ingenuity13, LLC which made use of documents purportedly signed by Plaintiff.

100.    Upon information and belief, Prenda Law, Inc. is a mere instrumentality of Steele.

101.    Upon information and belief, officers of Prenda Law, Inc. have fraudulently used Plaintiff's name and thereby used the corporation to perpetrate a fraud.

102.    Upon information and belief, Prenda Law, Inc. is and at all times was insufficiently capitalized for purposes of corporate undertaking.

103.    Upon information and belief, Prenda Law, Inc. observed little or no corporate formalities.

104.    Upon information and belief, Prenda Law, Inc. was insolvent or non-existent at time of transaction in question.

105.    Upon information and belief, Prenda Law, Inc.'s funds, to the extent it had any, were used solely for the benefit of the dominant shareholder.

106.    Upon information and belief, Prenda Law, Inc. has little or no corporate records.

107.    Upon information and belief, Prenda Law, Inc. was controlled by individuals other than its shareholders.

108.    Upon information and belief, Prenda Law, Inc.'s existence was a mere facade for individual dealings of Steele.

109.    For the reasons above, Prenda Law, Inc.'s owners or shareholders must be liable for its actions.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Pro Hac Vice Motion Pending*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
BBO# 668596

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2013, he caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Jason Sweet