IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1569 |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff, PAUL DUFFY, moves this Court to dismiss each count in the named defendants' (the "Defendants") Counterclaim on the simple ground that it does not contain a single allegation stating that Plaintiff personally took any action. Instead, the Counterclaim includes allegations relating primarily to two non-parties, John Steele ("Steele") and Prenda Law, Inc. ("Prenda"), neither of which is a party to this litigation. Defendants appear to have simply cut-and-pasted allegations from papers filed in other litigation against those individuals, failing to recognize that they are entities different and distinct from the sole Plaintiff in this action. Because there is not even a single allegation relating to alleged conduct on the part of Plaintiff, each of the four counts in the Counterclaim fails to state a valid cause of action with respect to Plaintiff.

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff also moves this Court to strike each of the ten "affirmative defenses" filed with Defendants' answer. The first nine contain no factual allegations whatsoever, and fall far short of the standard for pleadings in Federal Courts. The tenth, purporting to be based upon the doctrine of "unclean hands," consists

solely of a conspiracy theory with no specific factual allegation against Plaintiff, and the Court should strike that as well.

## FACTUAL ALLEGATIONS

Plaintiff filed this action for defamation and other claims against the Defendants in February 2013 in the Circuit Court of Cook County. Defendants removed it to this Court on or about February 28, 2013. (ECF No. 1.) In a completely unrelated proceeding, one of the two named Defendants, Alan Cooper, in January 2013 filed a complaint against several entities, including Steele and Prenda, alleging among other things the misuse of Defendant's name; that action is pending in State court in Hennepin County, Minnesota (the "Minnesota Suit"). Plaintiff is not a party to Cooper's action. The other ten (10) defendants in this matter are unknown to Plaintiff in this action.

Defendants in their Counterclaim simply parrot factual allegations from the Minnesota Action. There is one significant problem with this strategy: *none of those allegations allege any conduct on the part of the Plaintiff,* who is an individual. Those allegations involve Steele and Prenda, as well as corporate entities who are not parties, and whose alleged conduct is irrelevant, here.

## ARGUMENT

Plaintiff brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). A counter complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court takes all well-pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010). Plaintiff's complaint must be sufficient to provide the defendant with "fair notice" of the plaintiff's claim and its basis. *Erickson v. Pardus,*

551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court also instructs courts to examine whether the allegations in the complaint state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Twombly,* 550 U.S. at 570. The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services,* 536 F.3d 663, 668 (7th Cir. 2008) (emphasis in original), quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Id., Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Plaintiff brings its Motion to strike the Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f); *see, e.g., Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009)(striking portions of a counterclaim pursuant to Rule 12(f).) "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and they "must set forth a 'short and plain statement' of the defense." *Heller Fin. v.*

*Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). The Court should strike as meritless affirmative defenses that are "nothing but bare bones conclusory allegations." *Id.* at 1295. If the defendant "omit[s] any short and plain statement of the facts" within an affirmative defense, it has "failed totally to allege the necessary elements of the alleged claims" and the Court should strike them. *Id.*

### A. No Allegations Against Plaintiff

In submitting their Counterclaim here, the Defendants obviously chose the expedient of cutting-and-pasting allegations in another pleading in which Defendant Cooper is involved in Minnesota. The problem that strategy is that the Plaintiff here is not a party there. And the allegations are directed at several entities who are not the Plaintiff. Plaintiff's name does not even appear in the "Facts" section of the Counterclaim. And the Facts do not, directly or even indirectly, allege any conduct on the part of Plaintiff sufficient to state a cause of action against him. (*See* allegations of conduct by Steele (¶¶1, 3, 4, 5, 6, 7, 8, 9, 17, 18, 22, 25, 26, 27, 28, 30); allegations of conduct by Prenda , (¶¶22, 25, 26, 27, 28); allegations of conduct by corporate entities that are not parties to this action (¶¶8, 11, 14, 18, 19, 20, 22, 23, 27).

The Counterclaim lacks the "factual matter … to `state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. 662. It cannot survive a motion to dismiss, because it falls far, far short of containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and the claims lack facial plausibility because Defendants have failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Twombly,* 550 U.S. at 570.

Defendants have failed to allege Plaintiff did anything that can give rise to liability, which undermines each of the six counts in their Counterclaim. Thus, while in Count I they seek

4

a declaratory judgment, it is based upon conduct by Steele and corporate entities that are not parties here. The invasion of privacy complained of in Count II arises from alleged conduct of a non-party. The "civil conspiracy" alleged in Count III does not identify a single act by Plaintiff. And the "alter ego" claim in Counts IV through VI (among many other pleading defects) alleges that Steele and two non-party corporate entities are alter egos of one another, a matter that (even if true, which it is not) has no bearing on Plaintiff's potential liability here.

The Counterclaim fails to adequately allege a single cause of action against Plaintiff, and the Court should dismiss it.

B.     **"Affirmative Defenses" Fail.**

The "affirmative defenses" the Defendants assert fall even farther short of minimum pleading requirements for a Federal litigant and are nothing more than the type of "bare bones conclusory allegations" that the Court should strike.

Rule 11 by its terms governs all pleadings, including affirmative defenses. Defendants have violated Rule 11 by filing their grossly inadequate "affirmative defenses." Indeed, Defendants made no attempt to meet minimal pleading requirements in connection with their "affirmative defenses." The first nine of Defendants' ten "affirmative defenses" are devoid of any factual allegations. Instead, they simply parrot the words of the claimed defense. For example, in Affirmative Defense 2, "Waiver," Defendant's sole allegation is that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." The rest of the first nine "affirmative defenses" suffer from the same defect; Defendants appear to believe that the mere incantation of words of a particular doctrine or principle is a substitute for their obligation to include a short and plain statement of the facts upon which affirmative defense is premised.

Each of the first nine affirmative defenses is clearly defective and the Court should strike each of them.

The Court should strike the tenth affirmative defense, "unclean hands," because, while Defendants appear to make some effort to include some (albeit incoherent) factual allegations, they do not allege a single act on the part of Plaintiff in his individual capacity. The only allegation relating to the Plaintiff --- that Defendant Cooper has filed suit against him --- involves his status as a litigant rather than any fact, and it is also demonstrably false. Defendants attach the "Minnesota Complaint" to its answer, which plainly shows that Plaintiff is *not* a party to it. The Court should strike this affirmative defense as well.

## CONCLUSION

For the reasons stated in the Motion, the Court should dismiss the Counterclaim, strike each affirmative defense, and grant Plaintiff any and other relief that it deems to be reasonable and appropriate under the circumstances.

        Respectfully submitted,

        PAUL DUFFY

        By: /s/ Paul A. Duffy
            One of Its Attorneys

Paul A. Duffy
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
Telephone: (312) 952-6136
Fax: (312) 346-8434
E-mail: pduffy@pduffygroup.com

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on April 11, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                /s/ Paul Duffy
                Paul Duffy