IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:13-cv-01569 |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | Honorable John W. Darrah |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION TO STAY DISCOVERY PENDING RULING
ON DEFENDANTS' OUTSTANDING MOTION TO DISMISS

NOW COME Defendants Paul Godfread and Alan Cooper, by and through counsel, and in support of their Motion to Defer Discovery Pending Ruling On Outstanding Motions to Dismiss show the Court as follows:

I.  BACKGROUND

Plaintiff is an attorney licensed in the State of Illinois and one of the principals of Prenda Law, Inc., an Illinois law firm whose attorneys, Paul Duffy, John Steele and Paul Hansmeier, have developed a lucrative practice monetizing allegations of copyright infringement of pornographic films.

Defendant Alan Cooper ("Cooper") was a caretaker from 2006-2012 for property John Steele ("Steele") owned in Aitkin County, Minnesota. While visiting his property, Steele, on several occasions, discussed with Cooper his plans and early successes in carrying out a massive, nationwide copyright enforcement litigation strategy. It was during one of these conversations Steele told Cooper that if he was ever contacted regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." *Ingenuity 13,* ECF No. 93, p.23, lines 12-15 (Defendants' Motion to Dismiss Pursuant to Minnesota's Anti-SLAPP Act ("Anti-SLAPP Motion"), ECF No. 11, Exhibit

B). Sometime thereafter, Cooper became aware that his name was being used as an officer of AF Holdings and Ingenuity 13—clients of Prenda Law.

In mid-November 2012, to clear his name, Cooper retained Defendant Attorney Paul Godfread ("Godfread") for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings and Ingenuity13, and not him. What followed was two months of evasive and uncooperative behavior on the Plaintiffs' part. *See*, Anti-SLAPP Motion, ECF No. 11, Exhibit C. In the end, Cooper was left with no choice but to file suit to resolve the issue. *Alan Cooper v. John Steele, et al.,* No. 27-cv-13-3463 (4th Dist., Hennepin Cty., MN) (Jan. 25, 2013) (Anti-SLAPP Motion, ECF No. 11, Exhibit E).

In response to Cooper's lawsuit against John Steele, Prenda Law, AF Holdings, LLC and Ingenuity 13, LLC, Defendants filed the instant case in the Circuit Court of Cook County. *See* Complaint, ¶6-7. Defendants removed the case to the Northern District of Illinois on February 28, 2013. *See* ECF No. 1. Defendants Godfread and Cooper filed their Answer and Counterclaims on March 21, 2013. *See* ECF No. 6.

On April 11, 2013, Counter Defendant Duffy filed a Motion to Dismiss Defendants' Counterclaims and Motion to Strike their affirmative defenses. *See* ECF No. 9[1].

On April 16, 2013, Defendants Godfread and Cooper filed their Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act. *See* ECF No. 11[2].

---

[1] Strangely, Duffy claims in his Motion to Dismiss that the Cooper lawsuit in Minnesota is "unrelated" to the instant matter.

> "In a completely unrelated proceeding, one of the two named Defendants, Alan Cooper, in January 2013 filed a complaint against several entities, including Steele and Prenda, alleging among other things the misuse of Defendant's name; that action is pending in State court in Hennepin County, Minnesota (the "Minnesota Suit"). Plaintiff is not a party to Cooper's action."
> *See* Counter Defendant Duffy's Motion to Dismiss, ECF. No. 9, Page 2.

However, the "Minnesota Suit" is in large part the *basis* of Duffy's claims against Defendants Godfread and Cooper. *See* Complaint ¶6.

2

As set forth more fully in the above-described motions, Defendants believe that they are likely to prevail on such motions because Duffy's claims against Defendants fail as a matter of law. Duffy's claims against Defendants, including the filing of a duplicative lawsuit against Defendants on behalf of Prenda Law, Inc., filed in St. Clair County, Illinois, but removed to the Southern District of Illinois by Defendants, constitute violations of the Minnesota Anti-SLAPP Act, and Defendants are immune from liability pursuant to that Act.

For good cause, Defendants seek an order from the Court staying discovery in this matter in order to avoid discovery disputes and burdens that will likely prove unnecessary upon the determination of Defendants' Motion to Dismiss. Defendants' Motion To Dismiss raises statutory immunity, and a stay of discovery pending resolution of that motion is appropriate. In order to avoid a waste of the parties' and the Court's time and resources, the Court should exercise its discretion to stay or discovery pending the Court's ruling on Defendants' motion to dismiss[3].

II.  ARGUMENT

    A.  This Court May Within Its Discretion Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

It is well-settled that a trial court may, for good cause and within its discretion, exercise its powers under Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery pending the outcome of dispositive motions. *See DSM Desotech, Inc. v. 3D Sys. Corp.,* No. 08-cv-1531, 2008 U.D. Dist. LEXIS 87473 at *4, 11 (N.D. Ill. Oct. 28, 2008) (stating "District courts enjoy

---

[2] Defendants also filed a Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act in the companion case to this action, filed against them by Prenda Law, Inc. in the Southern District of Illinois. That motion remains pending. *See Prenda Law, Inc. v. Paul Godfread and Alan Cooper*, 3:13-cv-00207, United States District Court for the Southern District of Illinois, ECF No. 15.

[3] Motions to dismiss are decided on the pleadings, and their determination does not require discovery. *See* Fed. R. Civ. P. 12(b)(6); *Landry v. Airline Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (agreeing with defendants therein that "no discovery was needed to resolve motions to dismiss under [Rule] 12(b)(6). "Such motions are decided on the face of the complaint" and further stating, "Discovery is not justified when cost and inconvenience will be its sole result.").

3

extremely broad discretion in controlling discovery" and ultimately granting a motion to stay certain discovery pending the outcome of motion to dismiss); *Chavous v. Dist. Of Columbia Fin. Responsibility and Mgmt. Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It is settled that entry of an order staying discovery pending the determination of dispositive motions is an appropriate exercise of the court's discretion."). Although a stay of discovery is not automatic upon the filing of a motion to dismiss, such a stay is appropriate where, as here, discovery may be "especially burdensome and costly to the parties," *3D Sys. Corp.* 2008 U.S. Dist. LEXIS 87473 at *5, and is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2; cf. *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) (citing the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in complex litigation unless the complaint indiates that the plaintiff's case is a substantial one.").

     Courts exercising their discretion to stay or limit discovery pending the outcome of motions to dismiss have taken a practical approach to staying or limiting discovery. For example, in finding that good cause existed to stay discovery, the court in *3D Sys. Corp.* noted that discovery related to the types of claims asserted therein often imposed a "hefty cost" on the party responding to discovery and that the information at issue therein was of a "sensitive subject matter." *Id.* at *8. The *Chavous* court articulated that a stay could be granted where a pending motion to dismiss could dispose of the entire case, the discovery is not needed by a party in opposing a motion to dismiss, and the party opposing the motion to dismiss would not be prejudiced by the delay. *Id.* at 4.

Case: 1:13-cv-01569 Document #: 13 Filed: 04/23/13 Page 5 of 6 PageID #:821

No factual discovery is needed to dispose of the pending motions and, potentially, the entire case. "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should…be resolved before discovery begins. Such a dispute always represents a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.").

Godfread and Cooper filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c), asserting that they are immune from liability pursuant to the Minnesota Anti-SLAPP Act. *See* ECF No. 11. Immunity from suit is a potentially dispositive threshold issue that, when raised, would make a stay of discovery appropriate. *See Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990). A motion to dismiss for failure to state a claim that asserts immunity under the Minnesota Anti-SLAPP statute is based on the judgment-on-the-pleadings standard. *Nexus v. Swift*, 785 N.W.2d 771 (Minn. Ct. App. 2010), *citing Marchant Inv. & Mgmt. Co., Inc. v. St. Anthony West Neighborhood Org., Inc.*, 694 N.W.2d 92, 95 (Minn. 2005).

WHEREFORE, Defendants respectfully request that the Court enter an Order staying discovery pending resolution of Defendants' Motion to Dismiss pursuant to the Minnesota Anti-SLAPP Act.

        Respectfully submitted,

        /s/ Erin Kathryn Russell
        Counsel for Defendants
        Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

        /s/ Jason L. Sweet
        Counsel for Defendants
        Paul Godfread and Alan Cooper
        *Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2013, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

        /s/ Erin Russell