# EXHIBIT A

| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT |
|---|---|
| Alan Cooper,<br><br>Plaintiff,<br><br>v.<br><br>John Lawrence Steele; Prenda Law, Inc.;<br>AF Holdings, LLC; Ingenuity13, LLC.<br><br>Defendants | Court File No.: 27-CV-13-3464<br><br>MEMORANDUM IN SUPPORT OF<br>DEFAULT JUDGMENT |

Plaintiff brings this motion on the facts set forth in the accompanying affidavit of no answer and the exhibits attached. Rule 55.01(b) of the Minnesota Rules of Civil Procedure provides that a motion for default judgment be presented to the court pursuant to motion and notice. Prenda Law, Inc. was served a copy of the summons and complaint, and has not yet served Plaintiff or his attorney with an answer.

I.  PRENDA LAW, INC. WAS SERVED AND FAILED TO ANSWER

Defendant Prenda Law, Inc. has not served plaintiff with an answer or notice of any answer being filed with the court. Prenda Law was served through its registered agent and the Illinois Secretary of State. *See* Godfread Aff., Ex. A. Service was completed on March 18, 2012. *See Id.*, Ex. B. Plaintiff is therefore entitled to a judgment of default against defendant.

Furthermore, Prenda Law has demonstrated that it has actual knowledge of the complaint because it has filed two frivolous and essentially identical retaliatory lawsuits that reference this lawsuit and cite it as the basis for defamation claims against plaintiff and his attorney. *See Prenda Law v. Godfread et al.*, (13-L-75 St. Clair Co., IL) removed; (3:13-CV-207 (S.D.Ill.) and *Duffy v. Godfread et al.* (No. 13-L-1656, Cook Co., IL,

1

removed; 1:13-CV-1569 (N.D.Ill.). Furthermore, because the subject matter of this lawsuit impacts many of the lawsuits Prenda Law has been prosecuting, at least one federal judge has ordered Prenda Law to answer questions regarding its misappropriation of Alan Cooper's identity for use in its litigation scheme. *See* Godfread Aff. Ex. H (describing proceedings in *Ingenuity13 v. John Doe*, 12-cv-8333 ODW (C.D. Cal.)). In response to that order, attorneys for Prenda Law invoked their Fifth Amendment rights against self-incrimination. *See* Godfread Aff., Ex. I. A negative inference can be drawn from a party's pleading the fifth in civil proceedings. *Crockarell v. Crockarell*, 631 N.W. 2d 829, 833-834 (Minn. App. 2001). Here, default judgment is appropriate simply for the failure to answer, but Prenda Law has gone further and essentially admitted wrongdoing.

## II. ESTIMATES OF DAMAGES BASED ON PUBLIC RECORDS

Prenda Law's misappropriation of Alan Cooper's name has been extensive. As pled in the complaint, Prenda Law and its attorneys created two shell companies, AF Holdings, LLC and Ingenuity13, LLC to be sham plaintiffs in copyright litigation across the country. In order for these sham plaintiffs to obtain copyrights to be used in the lawsuits, Prenda Law forged copyright assignment agreements which used Plaintiff Alan Cooper's name as the would be signatory for AF Holdings and Ingenuity13.

Plaintiff requests that the court consider evidence relating to damages that can be ascertained from public records and documents. Though it is unclear how much Defendants have unlawfully earned through the blatant misappropriation of Plaintiff's name, there are public documents which may be used to give a reasonable estimate. Prenda has by some estimates obtained over $15 million through its copyright litigation, which uses the threat of a lawsuit to obtain settlements in the neighborhood of $3,400. *See* Godfread Aff., Ex. C.

2

A. Number of Cases Prenda Law Has Filed.

By searching public records of court filings Prenda Law has made on behalf of its sham clients, AF Holdings and Ingenuity13, it is possible to estimate the amount of money Prenda Law may have made through AF Holdings and Ingenuity13. All of these cases are based upon the misappropriation of Alan Cooper's identity in order to create sham parties and to provide those parties with the copyrights needed to pursue the claims. Using the federal courts PACER system, Plaintiff's attorney calculated estimates of lawsuits filed that were based upon the misappropriation of Alan Cooper's identity.

B. Prenda Law's AF Holdings Lawsuits And Settlement Totals

Prenda and its affiliate attorneys have represented AF Holdings in 213 lawsuits filed in federal courts across the country, with an estimated 3,219 defendants. *See* Godfread Aff., Ex. D. Each one of these lawsuits is a based on a claim of copyright infringement which is supported by an assignment agreement purportedly signed by plaintiff Alan Cooper. Of that number, it has named 68 individuals. If one subtracts those 68 from the 3,219 total, we are left with 3,151 defendants. Assuming Prenda Law was able to reach settlements with 30% of those 3,151 defendants, that would bring the number to roughly 945 individuals. Multiplying 945 by the $3,400 settlement demand would mean Prenda Law has collected in the neighborhood of $3,213,000 from cases with AF Holdings as the nominal plaintiff.

C. Prenda Law's Ingenuity13 Lawsuits And Settlement Totals.

Prenda Law and its affiliate attorneys have represented Ingenuity13 in 71 lawsuits filed in federal courts across the country, with an estimated 1,400 defendants. *See* Godfread Aff., Ex. E and F. (Prenda Law has used two spelling variations of Ingenuity13, with and without a space). Assuming Prenda Law was able to reach settlements with 30% of those 1,400 defendants, we are left with 420 individuals. Multiplying 420 by the

3

$3,400 settlement demand would mean Prenda Law has collected in the neighborhood of $1,428,000 from its cases with Ingenuity13 as the nominal plaintiff.

*The total estimate of Prenda Law's AF Holdings and Ingenuity13 proceeds is $4,641,000.*

### D. Prenda Law Has Kept All Settlement Proceeds

While Prenda Law has often used other law firms as local counsel when prosecuting its sham lawsuits, it handles all settlements and collects all proceeds. This was admitted in a deposition of AF Holdings earlier this year, where when AF Holdings' representative, attorney Paul Hansmeier was asked where settlement funds for AF Holdings go for cases where AF Holdings is represented by another law firm, Mr. Hansmeier responded that those funds would go into Prenda Law's trust account. *See* Godfread Aff., Ex. G. Mr. Hansmeier further stated that AF Holdings, the supposed client, had never received any funds that went into Prenda Law's trust account. *See Id.*

### III. PRENDA LAW'S UNLAWFUL SCHEME CONTINUES TO THIS DAY

The total estimated by Plaintiff's counsel that Prenda Law has taken through cases Though these numbers appear to be large, they may in fact underestimate the settlement totals. Several cases with only one defendant have been the basis for additional discovery and then settlement demands against hundreds more. For example, in *AF Holdings v. Harris*, 2:12-cv-02133-GMS (D. Ariz.), Prenda filed a copyright lawsuit against one defendant, Mr. Harris. Prenda then used that lawsuit as the basis for issuing subpoenas and identifying many more individuals, who will eventually be sent settlement demand letters. *See* Godfread Aff., Ex. J. It may be impossible to fully account for all of Prenda Law's unlawful activities.

4

## CONCLUSION

The estimates provided within this motion and supporting documents may be the only way to calculate the amounts Prenda Law has taken through the unlawful use of Plaintiff's identity to perpetrate a massive scam on the federal court system. Though Prenda Law's scheme has been uncovered by some federal judges, it appears to continue using Plaintiff's name in further litigation. Plaintiff asks that this Court enter judgment in his favor.

DATE: 5-6-2013

GODFREAD LAW FIRM, P.C.

By /s/ Paul Godfread

Paul Godfread (#389316)
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 284-7325
paul@godreadlaw.com
*Attorney for Plaintiff, Alan Cooper*