IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:13-cv-01569 |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | Honorable John W. Darrah |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO REASSIGN AND CONSOLIDATE

NOW COME Defendants, Alan Cooper and Paul Godfread (collectively "Defendants"), by and through counsel, and respectfully submit this motion pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.4 to reassign to the Honorable John W. Darrah a related case captioned as *Prenda Law v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-04341, ("Prenda action") pending before the Honorable Matthew F. Kennelly, and to consolidate said action with *Duffy v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 13-cv-1569 ("Duffy action") for the purposes of discovery and trial.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Paul Duffy, an Illinois citizen residing in Chicago, Illinois and "sole principal" of Prenda Law, filed his state court complaint in Cook County on February 15, 2013. *Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (Cir. Court, Cook Cty., IL). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, where it was assigned docket number 13-cv-1569.

Plaintiff Prenda Law, Inc., an Illinois corporation with its principal place of business in Chicago, Illinois, filed its state court complaint in St. Clair County, Illinois on February 12, 2013. *Prenda Law, Inc. v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-75 (Cir.

Court, St. Clair County, IL). Defendants removed this action to the Southern District of Illinois on Feb. 28, 2013, No. 13-cv-00207[1]. Defendants also filed a motion to transfer the Southern District case to the Northern District. That motion was granted on June 6, 2013. The case was transmitted to the Northern District on June 6, 2013, accepted by the Northern District on June 12, 2013 and assigned docket number 1:13-cv-04341. [ECF No. 31][2].

It is readily apparent from the Plaintiffs' pleadings (hereinafter Plaintiffs from both actions are referred to collectively as "Plaintiffs") that both actions derive from the same core of alleged operative facts. Furthermore, the Prenda action raises identical issues of fact and law as in the Duffy action, necessitating its reassignment to this Court pursuant to L.R. 40.4, and consolidation with the Duffy action, which bears the lower docket number, pursuant to Fed. R. Civ. P. 42(a)(2) for the purposes of judicial economy and efficiency, to save the parties unnecessary costs and expenses, and in order to avoid the risk of inconsistent adjudications amongst the actions[3].

## II.  ARGUMENT

### A. Reassignment of the Prenda Action is Proper.

Local Rule 40.4 provides for reassignment of related cases in order to "promote efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-cv-4623, 2008 U.S. Dist. LEXIS 33296, *6 (N.D. Ill. April 23, 2008). Reassignment is appropriate where the requirements of L.R. 40.4(a) and (b) are satisfied. *River Village West LLC v. Peoples Gas Light*

---

[1] Plaintiff filed a motion to remand the case to St. Clair County. That motion was denied by Chief Judge David R. Herndon on June 6, 2013. [Southern District ECF No. 29].

[2] Pursuant to Local Rule 40.4(c), a copy of the complaint in the higher numbered case, *Prenda Law, Inc. v. Godfread, et al* is attached hereto as Exhibit A.

[3] Defendants filed identical Motions to Dismiss Pursuant to the Minnesota Anti-SLAPP Act in both cases. Those motions have been fully briefed by the parties. This court currently has a status date set for August 14, 2013. Reassignment of the *Prenda* case to Judge Darrah promote judicial economy in that the identical motion will be decided by a single judge in both cases. The reassignment will not adversely impact the currently set status date.

*and Coke Co.*, No. 05-cv-2103, 2007 U.S. Dist. LEXIS 98507, *2-3 (N.D. Ill. February 14, 2007).

### 1. Local Rule 40.4(a).

Local Rule 40.4(a) provides that two or more civil cases are related thereunder where one or more of the following conditions are met: "1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the case is or are the same." L.R. 40.4(a) (2011). Local Rule 40.4(a) "does not require complete identity of the issues in order for cases to be considered related." *Murry v. America's Mortgage Bank, Inc.*, No. 03-cv-5811, 2004 U.S. Dist. LEXIS 3148, *6 (N.D. Ill. March 1, 2004).

Here, the requirements of L.R. 40.4(a) are clearly met. Given the Plaintiffs' pleadings, it is undeniable that the Prenda and Duffy actions involve identical issues of fact and law. Both lawsuits allege that statements made in a complaint filed by the Defendants defamed the Plaintiff(s). As such, both lawsuits derive from the same occurrence and involve identical issues of fact. The complaints filed in each action are, in fact, virtually identical. This common nexus of operative facts, law and occurrence satisfies not one, but two of the conditions set forth by L.R. 40.4(a).

### 2. Local Rule 40.4(b).

Local Rule 40.4(b) requires that once relatedness is established, the cases may be reassigned if all four of the following criteria are met: "1) both cases are pending in this Court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3)the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceeding in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). The requirements of L.R. 40.4(b) are satisfied here as well.

### a. Both Cases are Pending in the Northern District, and Consolidation Will Promote the Conservation of Judicial Resources and Litigation Costs.

The Prenda and Duffy cases are both pending in the Northern District of Illinois. Because of the significant similarities between these cases, a substantial saving of judicial time and effort will result from having the same judge preside over both lawsuits. See e.g., *River Village West LLC*, No. 05-cv-2103, 2007 U.S. Dist. LEXIS 98507, *4 (granting motion for reassignment, stating "given the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated."); *Teacher's Retirement System of Louisiana v. Black*, No. 04-cv-834, 2004 U.S. Dist. LEXIS 10259, *7 (N.D. Ill. June 3, 2004) ("Where the cases are so closely related as these three, it conserves resources to have them all determined by a single judge.").

Here, both cases present the same parties. Plaintiff Duffy argues that "Plaintiff, at all times relevant hereto, was the sole officer of Prenda" (Complaint, ¶¶ 1, 5, 13) and thus, "Defendants' statements regarding Prenda are also, by definition, directed at Plaintiff." Complaint, ¶ 1. Likewise, Defendants Paul Godfread and Alan Cooper are named in the Prenda and Duffy actions, and will likely be called to testify in both cases. Both cases involve the same parties. Both cases also present identical legal theories; identical similar factual theories; and derive from the same occurrence (i.e. the complaint filed by the Defendants).[4]

Should these actions not be reassigned and consolidated into a single proceeding, at a minimum, the depositions will need to occur on two separate occasions, resulting in the unnecessary duplication of resources and expenses. That said, it is clear that reassignment and consolidation of the Prenda action to the instant case would save significant judicial resources, expenses, and costs for not only the Court, but all involved parties as well.

---

[4] The *Duffy* complaint even goes as far as to adopt ¶ 10 of the *Prenda* complaint in its entirety. ("Pursuant to 735 ILCS 5/2.209, this Court has personal jurisdiction over Defendants because, upon information and belief, Defendants either reside in, or committed unlawful acts in, **St. Clair County**, Illinois.")

      **b. Both Actions are in the Early Stages of Litigation and are Susceptible to Disposition in a Single Proceeding.**

The Duffy action has not progressed to the point where reassignment of the Prenda action would result in substantial delay in the Duffy action, neither of which is even in its initial written discovery phase. See, e.g., *Freeman v. Bogusiewicz*, No. 03-cv-2908, 2004 U.S. Dist. LEXIS 15723, *6 (N.D. Ill. August 11, 2004) (reassignment granted where "both actions are in the early stages of proceedings"); *Teacher's Retirement System of Louisiana*, No. 04-cv-834, 2004 U.S. Dist. LEXIS 10259, *7 (Local Rule 40.4(b)(3) satisfied where each of the cases was "in its infancy" and therefore the court could not "detect any substantial delays that would result form the reassignment.").

Given that both actions derive from the same nucleus of operative facts, it is also apparent that they are susceptible of disposition in a single proceeding. See, e.g., *Teacher's Retirement System of Louisiana*, No. 04-cv-834, 2004 U.S. Dist. LEXIS 10259, *8 (cases were deemed to be susceptible of disposition in a single proceeding where all three cases "orginate[d] from the same core of facts"). Here, Plaintiff(s) in both lawsuits allege that they were defamed by the Defendants, resulting from "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota that are patently false." Complaint, ¶ 6. Moreover, alleged damages of the Plaintiff(s) all derive from that single common event. See, e.g., Complaint, ¶¶ 6-7. Because the requirements of L.R. 40.4(a) and (b) are met, the Court should grant the Defendants' motion for reassignment.

**B. Consolidation of the Prenda and Duffy Actions is Proper.**

Fed. R. Civ. P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may 1) order a joint hearing or trial of any or all matters in issue in the actions; 2) order all the actions consolidated; or 3) issue any other orders to avoid

unnecessary costs or delay." Fed. R. Civ. P. 42; see also, *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

The purpose of Fed. R. Civ. P. 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, §2381 (1971). District courts have discretion to consolidate related cases involving common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event" [emphasis added]. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); see also, *Sylverne v. Data Search*, No. 08-cv-0031, 2008 U.S. Dist. LEXIS 88303, *3-4 (N.D. Ill. May 28, 2008).

In this regard, the Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. See e.g., *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge."); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), aff'd, 328 U.S. 654 (1946))("Rule 42(a) of the Federal Rules of Civil Procedure … was designed and intended to encourage such consolidation where possible"); *BP Products North America, Inc. v. Bulk Petroleum Corp.*, Nos. 07-cv-1085 & 07-cv-1090, 2008 U.S. Dist. LEXIS 69531, *13 (E.D. Wis. August 27, 2008) ("Consolidation is preferred to avoid unnecessary duplication of efforts in related cases …").

In determining whether consolidation is appropriate, "a court should consider whether the proposed consolidation would promote convenience and judicial economy … and whether it would cause prejudice to any party." *Sylverne*, No. 08-cv-0031, 2008 U.S. Dist. LEXIS 88303, *4, citing *Ikerd*, 435 F.2d at 204; *Knauer*, 149 F.2d at 519. As set forth supra, consolidation would promote convenience and judicial economy without prejudice to any party.

1. **Consolidation Will Promote Convenience and Judicial Economy.**

Application of these factors to the instant case weighs heavily in favor of consolidating the *Prenda* and *Duffy* actions. Given the commonality of facts and issues to be litigated, consolidation will afford greater convenience and judicial economy by reducing the amount of additional resources and expenses needed to complete two separate lawsuits. These additional expenses and costs would necessarily include: 1) providing double the number of court reporters for both discovery and trial; 2) having legal counsel appear and/or present each witness on two separate occasions; and 3) purchasing two transcripts for each witness. Again, in light of the fact that both cases are still in their early stages, the Defendants firmly believe that as initial discovery continues the number of witnesses common to both lawsuits will increase. Absent consolidation, the witnesses, the parties, and this Court would unnecessarily incur double the burden and expense for these persons to be deposed and testify than if these two lawsuits were consolidated into a single action.

2. **Consolidation will not Prejudice any of the Parties.**

Moreover, there is no reason to believe that consolidation will prejudice any of the parties involved herein. Both lawsuits are still in the early stages of litigation and allege identical issues of fact and law. Specifically, Plaintiffs both allege that they were defamed and that they incurred damages which stemmed from the Defendants' complaint. Complaint, ¶ 1. ("Defendants' statements regarding Prenda are also, by definition, directed at Plaintiff.")

In light of the Plaintiffs' pleadings, it is readily apparent that Plaintiffs will likely be called to testify in support of each other's lawsuits. This would also hold true for the Defendants. As such, based on the fact that both lawsuits are still in the early stages of litigation, and the identical nature of the Plaintiffs' allegations, there is no real risk that any party would be prejudiced if both lawsuits were consolidated for the purposes of discovery and trial.

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court enter an Order granting Defendants' motion to reassign *Prenda Law v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-04341, to Judge John W. Darrah and consolidating it with *Paul Duffy v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-01569, for purposes of discovery and trial, and any further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

/s/ Jason L. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2013, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin Russell