UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-cv-1569 |
| PAUL GODFREAD, ALAN COOPER, ) | |
| and JOHN DOES 1-10, ) | Judge John W. Darrah |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Duffy filed suit against Defendants, Paul Godfread, Alan Cooper, and ten John Doe Defendants in the Circuit Court of Cook County, Illinois, on February 15, 2013. Godfread and Cooper removed this action to the Northern District of Illinois on February 28, 2013, pursuant to 28 U.S.C. 1332(a), on the basis of complete diversity among the parties.[1] Godfread and Cooper filed an Answer, Affirmative Defenses, and Counterclaim on March 21, 2013. Duffy moves to dismiss the Counterclaim and strike the Affirmative Defenses, while Godfread and Cooper move to dismiss Duffy's Complaint. The parties were given the opportunity to fully brief the motions, though Duffy failed to file a reply brief in support of his Motion to Dismiss the Counterclaims.

Based on the analysis below, Duffy's Motion to Dismiss the Counterclaim is granted, and Godfread and Cooper's Motion to Dismiss the Complaint is denied.

---

[1] The amount in controversy exceeds $75,000. The citizenship of the John Doe Defendants is unknown but disregarded for purposes of determining diversity. *See* 28 U.S.C. § 1441(b)(1).

**BACKGROUND**

The following facts are taken from the Complaint and Counterclaim and are accepted as true for purposes of resolving the Motions to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). According to the Complaint, Duffy is the sole officer of Prenda Law, LLC ("Prenda"), a law corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 5.) Godfread is a Minnesota attorney. (Compl. ¶ 6.) Cooper is a Minnesota citizen and a client of Godfread. (Compl. ¶ 7.) The John Doe Defendants are individuals whose names are, as yet, unknown to Duffy, though Duffy has observed them libeling him on the Internet. (Compl. ¶¶ 8-9.) Prenda pursues civil claims for copyright infringement and for computer hacking. (Compl. ¶¶ 13, 25.) Duffy lists sixty-six examples of what he characterizes as libelous statements posted on the Internet about Prenda and its agents, including Duffy, in his Complaint. (Compl. ¶¶ 33-99.)

Duffy asserts Godfread and Cooper made allegations in a complaint filed in the District Court for the Fourth Judicial Circuit of Minnesota that are patently false. (Compl. ¶¶ 6-7.) Duffy further alleges that these false and defamatory statements from the Complaint appeared on Internet websites before the Minnesota Complaint was filed. (Compl. ¶ 6.) The Minnesota Complaint[2] identifies Cooper as a plaintiff, represented by Godfread, and sues John Steele; Prenda Law Inc.; AF Holdings, LLC; and Ingenuity 13, LLC. (Notice of Removal, Ex. B.)

Duffy asserts six claims against Defendants: (1) libel per se by making false allegations of criminal offenses; (2) libel per se by making false allegations of Duffy's (and Prenda's) want

---

[2] In Godfread and Cooper's Reply in Support of their Motion to Dismiss, they represent that the defendants in the Minnesota Complaint, including Prenda Law (but not expressly naming Paul Duffy as a party) defaulted in the Minnesota action. (Reply at 1.)

of integrity in his employment; (3) libel per se by making false allegations imputing Duffy's (and Prenda's) lack of ability in the legal profession; (4) libel per se by making false allegations of Duffy (and Prenda's agents) committing fornication and adultery; (5) false light and defamation; and (6) tortious interference with contractual relationships.

Godfread and Cooper answered Duffy's Complaint on March 21, 2013, denying the allegations, and alleging counterclaims against Duffy. In the Counterclaim[3], Cooper alleges he was a caretaker for a property owned by Steele and asserts that Steele controls operations at Prenda. (Counterclaim ¶¶ 1, 9.) Cooper asserts that he learned his name was being used as an officer or director of AF Holdings, LLC, a client of Prenda, without his knowledge or permission. (Counterclaim ¶¶ 10-11.) Godfread and Cooper assert six counts against Duffy in the Counterclaim: (I) a declaratory judgment that Duffy's claims are barred by the Minnesota Anti-SLAPP (or "Strategic Lawsuit Against Public Participation") Act[4], Minn. Stat. § 554.01, *et seq.*; (II) invasion of privacy; (III) civil conspiracy; (IV) alter ego – piercing the corporate veil with respect to AF Holdings, LLC; (V) alter ego – piercing the corporate veil with respect to Ingenuity 13, LLC; and (VI) alter ego – piercing the corporate veil with respect to Prenda.

Godfread and Cooper move to dismiss all counts of Duffy's Complaint pursuant to the Minnesota Anti-SLAPP Act, Minn. Stat. § 554.01, *et seq.* Duffy moves to dismiss Godfread and

---

[3] In the Counterclaim, it appears that Godfread and Cooper copied much of the language used in the Complaint filed by Cooper in the Minnesota Complaint. As such, the Counterclaim refers to multiple "Defendants," including Defendant John Steele. However, no parties besides Paul Duffy are named as Counter-Defendants in the Counterclaim.

[4] "SLAPPs are 'lawsuits aimed at preventing citizens from exercising their political rights or punishing those who have done so.' SLAPPs use the threat of money damages or the prospect of the cost of defending against the suits to silence citizen participation; anti-SLAPP statutes 'guard against the chilling effect of SLAPPs.'" *Lucky Fella LLC v. Village of Oak Brook*, Case No. 11 C 8936, 2013 WL 1337316, at *6 n.4 (N.D. Ill. Mar. 29, 2013) (quoting *Wright Development Group, LLC v. Walsh*, 939 N.E.2d 389 (Ill. 2010)).

3

Cooper's Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

**ANALYSIS**

*Defendants' Motion to Dismiss the Complaint*

Godfread and Cooper contend Duffy's claims against them are barred by the Minnesota Anti-SLAPP Act. That statute "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation." Minn. Stat. § 554.02. The Act provides immunity for "[l]awful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action . . . unless the conduct or speech constitutes a tort or a violation of a person's constitutional rights." Minn. Stat. § 554.03.

<u>Choice of Law</u>

"A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which state's substantive law applies." *Federal Ins. Co. v. J.K. Mfg. Co.*, Case No. 12 C 3465, 2013 WL 1248635, at *4 (N.D. Ill. Mar. 28, 2013) (citations omitted). "Courts do not worry about conflict of laws unless the parties disagree on which state's law applies." *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (quoting *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991)). Duffy contends in his Response that the Minnesota law is inapplicable; therefore, a choice of law determination is necessary.

"The Illinois Supreme Court has emphasized that the analysis must begin by identifying the conflict. Choice-of-law issues are then resolved on an issue-by-issue basis, with the Illinois courts endorsing the concept of dépeçage, which involves splitting the case into individual issues, each subject to a separate choice of law analysis." *Curtis v. TransCor America, LLC*, Case No. 10 C 4570, 2012 WL 1080116, at *4 (N.D. Ill. Mar. 29, 2012) (citing *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007)).

Illinois has its own statute to discourage SLAPP suits, the Illinois Citizen Participation Act ("ICPA"), 735 ILCS 110/1 *et seq.* Godfread and Cooper contend that the ICPA and the Minnesota Anti-SLAPP Act are materially different. (Defs.' Mot. to Dismiss at 10.) Duffy concedes this difference, acknowledging that the Minnesota Act is more favorable to Defendants than the ICPA. (Pl.'s Resp. at 1.) In particular, Godfread and Cooper assert that the statutes differ because, unlike the ICPA, the Minnesota Act provides for a "SLAPP-back" suit against a plaintiff, allowing a defendant to recover damages for a plaintiff's abuse of the legal process. (Defs.' Mot. to Dismiss at 10.) Therefore, Godfread and Cooper reason, their counterclaim regarding declaratory judgment under the Minnesota anti-SLAPP Act does not exist under the ICPA. Moreover, the Minnesota Act offers a wider array of remedies available to SLAPP targets. For these reasons, a conflict exists between the statutes, and a determination as to the choice of law must be made.

Accordingly, the Illinois choice of law rules are considered. Illinois courts apply the "most significant contacts test . . . which involves balancing a number of factors, including the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile or place of business of each party; and the place where the relationship between the parties is centered." *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (citing *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.*, 738 N.E.2d 964, 971 (Ill. App. Ct. 2000)).

Four of Duffy's claims against Godfread and Cooper allege libel per se. Libel is "[a] defamatory statement expressed in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast"; libel per se is "[l]ibel that is defamatory on its face, such as the statement 'Frank is a thief.'" *Black's Law Dictionary* 934 (8th ed. 2004). "When the defamatory statement is communicated in many different states, it makes sense to apply the law of the

6

plaintiff's domicile, and that is the usual result in Illinois." *Kamelgard v. Macura*, 585 F.3d 334, 341 (7th Cir. 2009) (citations omitted). "[I]n multistate defamation cases, Illinois cases indicate that the applicable law is that of the victim's domicile, period." *Cook v. Winfrey*, 141 F.3d 322, 329 (7th Cir. 1998) (citations and quotations omitted).

In considering Duffy's libel and defamation claims, Illinois law is applicable, as the defamatory statements Duffy alleges were published on Internet websites and, therefore, are accessible in many different states. Duffy's domicile "is where the principal injury from a defamation will occur because it is where the victim works and lives and where (in the usual case) most of the people . . . are found with whom he has personal or commercial transactions, which might be impaired by defamation." *Kamelgard*, 585 F.3d at 342.

However, applying the doctrine of dépeçage, the issue of what is defamatory is considered separately from defenses to defamation, like an anti-SLAPP statute. *Doctor's Data, Inc. v. Barrett*, Case No. 10 C 3795, 2011 WL 5903508, at *2 (N.D. Ill. Nov. 22, 2011) (citing *Global Relief Found. v. New York Times Co.*, Case No. 01 C 8821, 2002 WL 31045394, at *10 (N.D. Ill. Sept. 11, 2002)). "[T]he threshold question [of defamation] and the defenses are different issues and call for different analyses." *Vantassell-Matin v. Nelson*, 741 F.Supp. 698, 704 (N.D. Ill. 1990). States have strong interests in the application of their own anti-SLAPP laws to their own citizens' speech. *Chi v. Loyola University Medical Center*, 787 F. Supp. 2d 797, 803 (N.D. Ill. 2011). Accordingly, the Minnesota Anti-SLAPP statute must be applied with respect to Godfread's and Cooper's defense in this case.

### Minnesota Anti-SLAPP Act and Dismissal of the Complaint

As discussed above, the Minnesota Anti-SLAPP Act "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act

7

of the moving party that involves public participation." Minn. Stat. § 554.02, subd. 1. Public participation is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." Minn. Stat. § 554.01, subd. 6.

The court employs a two-step analysis to determine if a case should be dismissed under the Anti-SLAPP Act. *Nexus v. Swift*, 785 N.W.2d 771, 782 (Minn. App. Ct. 2010).

> First, a district court must make a preliminary determination that the anti-SLAPP statute is properly invoked. The moving party bears a minimal burden of making a threshold showing that the plaintiff's underlying claim materially relates to an act of the defendant's that involved public participation. Once a district court determines that the moving party has made this threshold showing, the burden then shifts to the responding party to show by clear and convincing evidence that the acts at issue are not immune under Minn. Stat. § 554.03.

*Leiendecker v. Asian Women United of Minnesota*, Case Nos. A12-1978, A12-2015, 2013 WL 2372179, at *4 (Minn. App. Ct. June 3, 2013). Speech aimed at procuring "favorable government action" is protected speech, unless the speech is tortious or violates an individual's constitutional rights. Minn. Stat. § 554.03. In his Complaint, Duffy asserts that "Godfread has made both written and oral statements to Plaintiff and its agents that are libelous with respect to Plaintiff . . . [and] those statements have appeared, or been incorporated, in comments on . . . Internet sites . . . ." (Compl. ¶ 6.) These defamatory statements, Duffy alleges, were provided to Godfread by Cooper, and "[a]s such, Cooper's false statements, when published to third parties, constitute defamation *per se*." (Compl. ¶ 7.) Godfread and Cooper fail, at this stage, to make a threshold showing that Duffy's claims of their defamation involved public participation or were otherwise "aimed in whole or in part at procuring favorable government action." Minn. Stat. § 554.01, subd. 6. Therefore, Godfread and Cooper's Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act is denied.

8

*Duffy's Motion to Dismiss the Counterclaim*

Duffy moves to dismiss Godfread and Cooper's Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. In particular, Duffy asserts that the Counterclaim "does not contain a single allegation stating that Plaintiff personally took any action." (Pl.'s Mot. at 1.) Indeed, essentially nothing in the Counterclaim refers to Duffy, except for a reference to the Cook County action removed to this District. (Counterclaim ¶ 43.1.)

The facts of the Counterclaim are poorly drafted and were perhaps copied from one of the many lawsuits related to this case. The facts refer to "Defendants" (rather than Counter-Defendants) and identify those Defendants as Steele and Prenda Law, Inc. (Counterclaim ¶¶ 26, 30.) Neither Steele nor Prenda are named parties in this litigation. It is apparent, however, that Godfread and Cooper are embroiled in multiple suits filed on behalf of individuals affiliated with Prenda, including Duffy. (Counterclaim ¶ 43.) Godfread and Cooper assert that Duffy, along with Steele and Paul Hansmeier, formed Prenda[5] and "have developed a lucrative practice monetizing copyright infringement allegations of pornographic films." (Defs.' Resp. at 1.)

---

[5] In a case in the Central District of California, Judge Wright described the behavior of Prenda and its affiliates, including Duffy, Steele, and Hansmeier, in the following manner:

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle-for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

As the Counterclaim is presently constructed, it is unclear what role Duffy played in the claims asserted, particularly as none of the facts alleged in the Counterclaim allege actions specifically taken by Duffy. It *is* clear, however, Godfread and Cooper believe multiple other individuals and entities are involved, who have not been named as parties to this lawsuit.

For that reason, Duffy's Motion to Dismiss the Counterclaim is granted. Godfread and Cooper's Counterclaim is dismissed without prejudice. However, they are directed to file an Amended Counterclaim within thirty days of this order.

*Duffy's Motion to Strike the Affirmative Defenses*

Duffy further moves to strike the ten affirmative defenses asserted by Godfread and Cooper. Fed. R. Civ. P. 12(f) provides that a court may strike an insufficient defense "or any redundant, immaterial, impertinent, or scandalous matter." Affirmative defenses must comply with Fed. R. Civ. P. 8 and provide a "short and plain statement" of the basis for the defense.

"Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at *1 (N.D.Ill. Oct. 4, 2007) (citing *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D 307, 308 (N.D. Ill. 2003)). If any of these three

---

*Ingenuity 13 LLC v. John Doe*, Case No. 2:12-cv-8333-ODW, 2013 WL 1898633, at *1, *3-*5 (C.D. Cal. May 6, 2013) (making a finding of fact that "the Principals," including Duffy, stole the identity of Alan Cooper and used his (continued from Page 10) signature without his authorization, and further stating the court would refer attorneys Duffy, Steele, Hansmeier and Brett Gibbs to their respective state and federal bars for "moral turpitude unbecoming of an officer of the court.").

requirements are not met, the affirmative defense shall be stricken. *Rudzinski v. Metro. Life Ins. Co.*, 2007 WL 2973830, at *1. Affirmative defenses are stricken only when they are deficient on the face of the pleadings; motions to strike affirmative defenses are generally disfavored. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

In reviewing Godfread and Cooper's affirmative defenses, it is apparent they have met the basic requirements of Rule 8, and their defenses would withstand a Fed. R. Civ. P. 12(b)(6) challenge. "[I]f it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Davis v. Elite Mortgage Services, Inc.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (citations and quotations omitted). Here, the affirmative defenses asserted are sufficient, and it is possible for Godfread and Cooper to prove a set of facts that would support each of the affirmative defenses alleged. Thus, Duffy's Motion to Strike the Affirmative Defenses is denied.

## CONCLUSION

For the reasons provided above, Godfread and Cooper's Motion to Dismiss the Complaint [11] is denied. Duffy's Motion to Strike Affirmative Defenses is denied. Duffy's Motion to Dismiss the Counterclaim [9] is granted; the Counterclaim is dismissed without prejudice and with leave to refile the Counterclaim within thirty days of this order.

Date:  August 14, 2013  

_____
JOHN W. DARRAH
United States District Court Judge