EXHIBIT B

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3
       PAUL DUFFY,                       )
 4                                       )
                         Plaintiff,      )
 5                                       )
                                         )
 6     -vs-                              )  Case No. 13 C 1569
                                         )
 7                                       )  Chicago, Illinois
       PAUL GODFREAD, ALAN COOPER and    )  August 14, 2013
 8     JOHN DOES 1-10,                   )  9:30 o'clock a.m.
                                         )
 9                       Defendants.     )

10
                        TRANSCRIPT OF PROCEEDINGS
11                 BEFORE THE HONORABLE JOHN W. DARRAH

12     APPEARANCES:

13     For the Plaintiff:       MR. PAUL A. DUFFY
                                2 North LaSalle Street
14                              Chicago, Illinois 60602

15     For the Defendants:      THE RUSSELL FIRM
                                BY:  MS. ERIN KATHRYN RUSSELL
16                              233 South Wacker Drive
                                84th Floor
17                              Chicago, Illinois 60606

18

19

20

21

22                      Mary M. Hacker, CSR, FCRR
                           Official Court Reporter
23                      United States District Court
              219 South Dearborn Street, Suite 1212
24                        Chicago, Illinois  60604
                        Telephone:  (312) 435-5564
25
```

```
 1            (Proceedings had in open court:)
 2            THE CLERK:  13 C 1569, Duffy versus Godfread, with
 3   related case 13 C 4341, Prenda Law versus Godfread.
 4            MR. DUFFY:  Good morning, your Honor.  Paul Duffy
 5   on behalf of the plaintiffs.
 6            THE COURT:  Good morning, Mr. Duffy.
 7            MS. RUSSELL:  Good morning, your Honor.  Erin
 8   Russell for defendants.
 9            THE COURT:  Good morning, Ms. Russell.
10            This comes on for ruling on defendants' motion to
11   dismiss.  I'm going to grant that motion.  I've written a
12   memorandum opinion and order and I'll sign that and hand you
13   each a copy in a moment.
14            In addition, I now have plaintiff's renewed motion
15   to remand the case to the Circuit Court of St. Clair County
16   in Illinois.  And in the motion, Mr. Duffy, you recite that
17   you -- that an entity named Alpha Law Firm, Inc., is the
18   proper party plaintiff, and that that entity is a Minnesota
19   corporation, which would defeat diversity jurisdiction.
20            You say that the -- the amended complaint that you
21   filed in St. Clair County averred that the -- this plaintiff,
22   Alpha Law Firm, was an Illinois corporation.  And then you
23   hook up two exhibits to this motion, Exhibits A and B, that
24   clearly point out that the corporation, this Alpha
25   corporation, is organized under the laws of Minnesota.  And
```

1  then you say that the defendant had full knowledge of this
2  when they removed the case to the federal court.
3           Were these two exhibits attached to the amended
4  complaint that you filed at St. Clair County?
5           MR. DUFFY:  They were not attached to the --
6           THE COURT:  Well, then, how would the defendant
7  possibly know that?  You pled in the complaint that they were
8  an Illinois corporation.
9           MR. DUFFY:  Yes.  I informed defendants' counsel
10 that was a typo --
11          THE COURT:  Why would the defendant have to go
12 beyond your pleading and make an independent investigation to
13 determine whether you were correct or not?
14          MR. DUFFY:  Well, first of all, I did inform them.
15 And I noted also that --
16          THE COURT:  Wait.  I just asked a very simple
17 question.
18          How could they possibly have known that --
19          MR. DUFFY:  Because the entity -- the complaint
20 stated the entity had a principal place of business in
21 Minneapolis, Minnesota.
22          THE COURT:  You pled in the complaint that it was
23 an Illinois corporation, did you not?
24          MR. DUFFY:  I did, and also that it had a principal
25 place of business in Minnesota, which --

```
 1              THE COURT:  Well, now you're saying it's a
 2   Minnesota corporation.  And on Page 3 you say the defendants
 3   had full knowledge of this.  Now, they couldn't possibly have
 4   had full knowledge.
 5              The second question I have is:  When they moved to
 6   remove the matter to this Court, why didn't you bring this up
 7   then?
 8              MR. DUFFY:  I originally brought it up in the
 9   Southern District of Illinois before it was transferred to
10   the Northern District, and I initially was going to depose
11   relating to --
12              THE COURT:  How did you bring it to up to the --
13              MR. DUFFY:  This is --
14              THE COURT:  -- District Court in --
15              MR. DUFFY:  I filed substantially the same motion
16   in the Southern District.
17              THE COURT:  And what did they say?
18              MR. DUFFY:  They denied the motion.  They indicated
19   -- the Court indicated that on the four corners of the
20   complaint, it stated that it was a Minnesota corporation.
21   However, the complaint also states that its principal place
22   of business is in Minnesota.
23              So for purposes of citizenship under diversity --
24              THE COURT:  That's not what you're arguing here.
25   You're arguing that diversity is defeated because it's a
```

```
 1  Minnesota corporation.
 2          MR. DUFFY:  I also argued that its principal place
 3  of business was in --
 4          THE COURT:  The basis of defeating diversity
 5  jurisdiction -- I just read your motion -- is based on the
 6  fact that it was a Minnesota corporation.  Nothing about
 7  principal place of business has a basis for defeating
 8  diversity jurisdiction.  That's correct, isn't it?
 9          MR. DUFFY:  I believe so, yes.
10          THE COURT:  All right.
11          Secondly, there is no Alpha Law Firm in this case.
12  It doesn't appear on any docket sheet, no one has filed an
13  appearance on behalf of Alpha Law Firm.
14          MR. DUFFY:  The complaint, before it was removed,
15  was amended to add Alpha Law Firm as a plaintiff, so that --
16  the case that was removed on that docket does have Alpha Law
17  Firm as a plaintiff.
18          THE COURT:  Well, I've got our docket sheet here
19  and Alpha Law Firm doesn't appear on the docket sheet.
20          MR. DUFFY:  I believe I attached the amended
21  complaint, which does state that the -- before it was removed
22  in state court, Alpha Law was added as a plaintiff.
23          THE COURT:  What do you say to that -- it clearly
24  shows as removed it was Prenda Law Firm -- Prenda Law, Inc.
25          Didn't it ever occur to you to check -- to correct
```

1  this docket sheet?
2        MR. DUFFY: It didn't occur to correct the docket
3  sheet, no. But I did move to -- when they removed it to
4  federal court, I did raise the issue by motion with the
5  Court, that Alpha was a party to --
6        THE COURT: Counsel, were you representing the
7  parties down there?
8        MS. RUSSELL: Yes, your Honor, and I -- I wasn't
9  sure how detailed I was going to be about this today.
10 However, when we removed the case from St. Clair County to
11 the Southern District, Alpha Law was not a party.
12       When Mr. Duffy filed his motion for remand, I began
13 an investigation into his allegations about Alpha Law and
14 discovered from the clerk's office in St. Clair County -- and
15 they provided an affidavit which was attached to our
16 opposition to the remand -- that the local counsel in St.
17 Clair County for Prenda Law, for Mr. Duffy, had attempted to
18 file an amended complaint and had made misrepresentations to
19 the clerk's office in order to facilitate filing that
20 document, the misrepresentation being that the defendants in
21 that state court action had not yet been served, which they
22 had.
23       When the clerk's office learned that the amended
24 complaint was improper and never should have been filed and
25 was a legal nullity, they gave us an affidavit saying that

1  Mr. Horner, the local counsel, had made this representation,
2  and it was only on that representation that they had even
3  accepted the document to be stamped.
4      Judge Herndon read our brief regarding these issues
5  and denied the motion for remand in a footnote to his order
6  granting my transfer motion, simply saying that he had
7  adopted the reasoning and assertions of my response and
8  denied the motion to remand.
9      THE COURT: So there wasn't a second amended
10 complaint filed down there?
11     MS. RUSSELL: No. There was an attempt to file --
12     THE COURT: Well, we can get to the bottom of this
13 real simple. Can you -- I'm going to ask you to file a
14 response to this motion to remand. Can you do that?
15     MS. RUSSELL: Yes.
16     THE COURT: How much time do you need to do that?
17     MS. RUSSELL: Well, it's pretty much done since we
18 did it already. So seven days?
19     THE COURT: Okay. Be sure to change the name to
20 this Court, the Northern District --
21     MS. RUSSELL: I will do that, your Honor.
22     THE COURT: Okay.
23     MR. DUFFY: Can I have a short amount of time to
24 reply?
25     THE COURT: How much time do you need to reply?

```
 1            MR. DUFFY:  One or two days.
 2            THE COURT:  Okay.  Seven days.
 3            THE CLERK:  Response August 21st, reply
 4   August 28th, status October 30th at 9:30.
 5            THE COURT:  Okay.  Now, as to 13 CV 01569, your
 6   motion to dismiss is granted.  It was up for ruling today.  I
 7   have prepared a memorandum opinion and order and I have a
 8   copy for each of you.
 9            (Document tendered.)
10            THE COURT:  And I would appreciate any supporting
11   information you can provide to me regarding the docketing
12   down in St. Clair County.  See you then.
13            MR. DUFFY:  Thank you, your Honor.
14            MS. RUSSELL:  Thank you, your Honor.
15            THE COURT:  You're welcome.
16            (Which were all the proceedings heard.)
17                           CERTIFICATE
18       I certify that the foregoing is a correct transcript
19   from the record of proceedings in the above-entitled matter.
20
21       /s/ Mary M. Hacker                      August 14, 2013
22   _____          _____
     Mary M. Hacker                    Date
23   Official Court Reporter
24
25
```