UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GODFREAD, ALAN COOPER,<br><br>and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:13-cv-01569<br><br>Honorable John W. Darrah<br><br>Removed from:<br>The Circuit Court of Cook County, IL<br>No. 13-L-001656<br><br>Consolidated with:<br>Prenda Law v. Godfread, et al, No. 13-cv-04341 (N.D. Ill.) |
| PAUL GODFREAD AND ALAN COOPER,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PAUL DUFFY AND PRENDA LAW, INC.,<br><br>Counter-Defendants. | |

FIRST AMENDED COUNTERCLAIMS

# I. INTRODUCTION

Counter-Plaintiffs Paul Godfread and Alan Cooper, in compliance with the Court's August 14 Opinion & Order (ECF No. 28) respectfully submit their Amended Counterclaims.

Plaintiffs filed suit for identity theft against Prenda and its principals in Minnesota in early 2013. In short order, Counter-Defendants Prenda and Duffy filed the instant retaliatory cases against Godfread and Cooper. In an effort to maximize expense and inconvenience to Plaintiffs, Defendants filed identical lawsuits in distant jurisdictions. Paul Duffy filed his

defamation case against Plaintiffs in Cook County, Illinois. Prenda Law, Inc. ("Prenda") filed its identical lawsuit in St. Clair County, Illinois. John Steele, an attorney and Prenda principal, filed his nearly identical lawsuit in Florida. The state court lawsuits were each quickly removed to the appropriate respective federal courts.[1]

As will become apparent, the appropriation of Cooper's identity is but one instance in Prenda's established pattern and practice of fraud and misappropriated identities.

## II. KEY PLAYERS & AGENTS

### A. Paul Duffy.

Paul Duffy ("Duffy") is an attorney licensed in Illinois and California. Paul Duffy is also counsel for AF Holdings. Duffy has at all times identified himself as the "sole officer" of Prenda.[2] Duffy, along with Hansmeier and Steele, is responsible for directing the activities of Prenda Law and AF Holdings litigation through a retinue of misappropriated identities, aliases, shell corporations, sham plaintiffs, straw defendants and local "of Counsel" attorneys. ECF No. 16-2; AF Holdings LLC v. Harris, No. 12-cv-02144-PHX-GMS, ECF No. 12 (D. Ariz. Nov. 14, 2012) ("I, Paul A. Duffy, declare as follows: I am national counsel for Plaintiff AF Holdings").

Duffy has also dabbled in colluding with a lead defendant who stipulates to co-conspirator discovery. In just a matter of weeks, AF Holdings went from fighting a Motion to Stay in AF Holdings LLC v. Burnell, No. 12-cv-01256 (W.D. Mich. Nov. 13, 2012), to dismissing with prejudice and additionally releasing Burnell from any and all future claims. No doubt, a change of heart prompted by the revelation that Duffy had initiated discussions of a collusive agreement.

---

[1] Steele's Florida case was voluntarily dismissed days after removal. ECF No.11-10.

[2] It is odd then, that two months after the supposed sale of Steele Hansmeier to his "good friend" Duffy/Prenda, Steele, in response to an investigation by the Florida bar, pled "The Prenda law firm is composed of Attorney Joe Perea and Paralegal Mark Lutz." More odd is that courts have repeatedly found Prenda consists of Duffy, Hansmeier and Steele.

Duffy exercised his Fifth Amendment rights against self-incrimination when called to testify about his involvement in AF Holdings and the forged assignments in AF Holdings' copyrights suits on April 2, 2013. AF Holdings LLC v. Navasca, No. 12-cv-02396, ECF No.116, p. 5 (N.D. Cal. filed Sept. 16, 2013) (attached as Exhibit A); ECF No. 16-2.

B. John Steele.

John Steele ("Steele") is an attorney licensed in Illinois and former name partner in Steele Hansmeier PLLC, the predecessor in interest to Counter-Defendant Prenda Law, Inc.[3] In November of 2011, Steele purportedly, and unilaterally, sold the firm to his friend from law school, Counter-Defendant Paul Duffy.[4]

Steele has alternatively been identified as a "client of Prenda"; "of counsel" or "co-counsel" with Prenda Law; and "not an attorney with any law firm" (ECF No. 11-1, pp. 11:25–12:7) "I don't represent Sunlust or anybody anymore. I no longer actively practice law." (id. pp. 19:9–10) depending on who was asking and when. Regardless Steele, along with Hansmeier and Duffy, is responsible for directing the activities of Prenda Law and AF Holdings litigation through a retinue of misappropriated identities, aliases, shell corporations, sham plaintiffs, straw defendants and local "of Counsel" attorneys. ECF No. 16-2.

When called to testify about his involvement in the appropriation of Cooper's identity, Steele exercised his Fifth Amendment rights. Id. Never one to be deterred[5] by legal precedent or

---

[3] Prenda Law, Inc. a/k/a Steele Hansmeier PLLC a/k/a Anti-Piracy Law Group LLC a/k/a Paul Duffy Group a/k/a Duffy Law Group LLC a/k/a Alpha Law LLC a/k/a Class Justice PLLC a/k/a Class Action Justice Institute LLC (hereinafter "Prenda").

[4] Steele's affidavit refers only to the sale of Steele Law, his family practice—no mention is made of Steele Hansmeier PLLC. Additional evidence: 1) court filings refer only to a name change from for Steele Hansmeier to Prenda; 2) Prenda was using Steele Hansmeier's address as early as Sep. 27, 2011—two months prior to its existence (*see e.g. Hard Drive Productions, Inc. v. Does 1-1,495*, No. 11-cv-01741 (D.D.C. Sep. 27, 2011)); and 3) Steele prior to Prenda existing, registered 'prendalaw.com' on October 20, 2011 and continues to control the domain, weigh against any purported sale. ECF Nos. 16-3, 16-4 and 16-5.

[5] See, e.g., *Judge: don't bring me any more anonymous file-sharing lawsuits* http://arstechnica.com/tech-policy/2011/05/judge-dont-bring-me-any-more-anonymous-file-sharing-lawsuits/ *Judge eviscerates P2P lawyer: "I accepted you at your word"* http://arstechnica.com/tech-policy/2011/03/judge-eviscerates-p2p-lawyer-i-accepted-you-at-your-word/

judicial rulings, however, Steele has continued filing affidavits in other cases addressing Cooper's claims though he is precluded from doing so.[6]

C. Paul Hansmeier.

Paul Hansmeier ("Hansmeier") is an attorney licensed in Minnesota who first met Steele in law school. ECF No. 11-1, p. 144. Together with Steele, he was a name partner in Steele Hansmeier PLLC, the predecessor in interest to Counter-Defendant Prenda Law, Inc.

Despite testifying that he has no involvement with either AF Holdings or Prenda Law, Inc., Hansmeier is AF Holdings' 30(b)(6) representative and counsel; and has been identified as "counsel" and "of counsel" for Prenda Law. Regardless Hansmeier, along with Steele and Duffy, is responsible for directing the activities of Prenda Law and AF Holdings litigation through a retinue of misappropriated identities, aliases, shell corporations, sham plaintiffs, straw defendants and local "of Counsel" attorneys. ECF No. 16-2.

Hansmeier is no stranger to allegations of identity theft:

> Allan Mooney,[7] a Minnesotan who has brokered the sale of Internet-based businesses, said he introduced his friend Paul Hansmeier to some contacts in the porn industry. But he denied knowing that he was listed as the "sole organizer" of MCGIP LLC, a plaintiff in at least 20 lawsuits filed by Steele Hansmeier or contract attorneys.
>
> Mooney also has been listed in court filings—with his name misspelled—as an agent for an entity called Guava LLC, which is registered in the Federation of St. Kitts and Nevis in the West Indies. Guava has been the plaintiff in 21 federal lawsuits since October, including six in Minnesota.
>
> "That would be news to me," Mooney said. "I'm not involved in any of that type of stuff. I'm more or less a personal trainer."
>
> Asked about Guava, Paul Hansmeier sent the Star Tribune notarized affidavits in which Mooney declares that he's "a principal officer" of Guava and that his "standard practice" is to decline comment about the company if strangers call.

---

[6] *See, e.g., Laborers' Pension Fund v. Surface Dimensions, Inc.*, No. 07-cv-3860, 2011 U.S. Dist. LEXIS 23229, *17-18 (N.D. Ill. Mar. 8, 2011) (It is well-established that adverse inferences from assertion of the privilege are allowed in civil cases against the party-witness who invoked it.); *Navasca* at 10.

[7] Hansmeier, using Prenda resources, has nurtured a practice of opposing settlements on behalf of unnamed class members and threaten to file meritless appeals of the final judgment merely to extract a payoff.

Lawyers in BitTorrent copyright trolling cases under scrutiny, Dan Browning, Star Tribune (March 11, 2013).[8]

There is also some evidence that Hansmeier may have forged his brother's signature. Peter Hansmeier, is a "technician" for 6881 Forensics, LLC,[9] and the sole source of technical evidence in support of Prenda's clients' copyright claims. Peter Hansmeier's signature bears an uncanny resemblance to Paul Hansmeier's own signature. When asked to explain the similarity of the signatures, Hansmeier testified that he could not identify his brother's signature because

| *Lightspeed Media Corporation v. Does 1-100*; N.D. Ill, Case No. 1-10-cv-05606, ECF 6-1 (9/2/2010). | *Hard Drive Productions, Inc. v. Does 1-14*; N.D. Ill, Case No. 1-11-cv-02981, ECF 5-2, (5/5/11). |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on September 2, 1010, in Minneapolis, MN.<br><br>Paul Hansmeier | Executed on May 5, 2011, in Minneapolis, MN.<br><br>Peter Hansmeier |

he could not, "recall having seen him sign anything," ECF No. 11-1, p. 236.

More recently, Hansmeier and Prenda were sanctioned $63,367.02[10] for colluding with the named defendant to use his identity to bring suit and stipulate to co-conspirator discovery. Guava v. Merkel, No. 27-cv-12-20976 (4th Dist., Hennepin Cty., MN Aug. 30, 2013) (the Order also and barred the filing any more lawsuits in Minnesota state court without posting a $10,000 bond and getting approval from the Minnesota Secretary of State.)

---

[8] Available at: http://www.startribune.com/local/196795991.html?page=all&prepage=1&c=y#continue.

[9] 6881 Forensics is an alias of Media Copyright Group. Hansmeier also testified that neither he nor Steele have any interest in, or association with, 6881 Forensics. Yet Both Steele and Hansmeier have maintained email addresses under the 6881forensics.com domain and have used such addresses to communicate regarding Prenda Law infringement cases. The domain name for 6881forensics.com is registered using the GoDaddy accounts of Steele.

[10] In all, Prenda has been ordered to pay $81,319.72 in sanctions in *Ingenuity13 v. Doe*, No. 12-cv-08333-ODW, ECF No. 130 (C.D. Cal. May 6, 2013); $9,425 in *AF Holdings LLC v. Trinh*, No. 12-cv-02393, ECF No. 45 (N.D. Cal. Feb. 25, 2013); and $22,531 in *AF Holdings LLC v. Navasca*, No. 12-cv-02396-EMC, ECF No. 100 (N.D. Cal. July 22, 2013) where US District Judge Edward Chen is also considering a motion for sanctions. Together with the Merkel fine, the grand total of Prenda-related fines—which Prenda has refused to pay—is $176,642.74.

Paul Hansmeier likewise exercised his Fifth Amendment rights when called to testify about his involvement in the appropriation of Cooper's identity. ECF No. 16-2.

D. Mark Lutz.

Mark Lutz is alternatively described as the "CEO" and "manager" of AF Holdings and other Prenda shell companies; a paralegal at Prenda Law; the telephone agent that makes dunning calls to putative defendants; resident agent for Prenda; and a freelance corporate representative for Prenda clients.

It for this last role Lutz has been deemed a "fraud upon the court" for attempting to appear as the "corporate representative" of another Prenda plaintiff in the Southern District of Florida. Sunlust Pictures v. Nguyen, No. 12-cv-1685-T35-MAP, ECF No. (S.D. Fla Nov. 27, 2012).[11] During his testimony, Lutz, accompanied by Steele, testified that he does not work for Prenda, does not "personally" know Duffy, and has never spoken with him. ECF No. 11-1, pp. 17-18. Yet Lutz had served as Prenda's registered agent since November 9, 2011 and months earlier filed an affidavit as Prenda's paralegal. AF Holdings LLC v. John Doe, No. 11-cv-24473-JAL, ECF No. 21 (S.D. Fla. April 16, 2012)[12]. Strange then that Duffy, Prenda's "sole principal" and Lutz, its resident agent and paralegal, never met.

Lutz too, exercised his Fifth Amendment rights against self-incrimination when called to testify about his involvement in the appropriation of Cooper's identity. ECF No. 16-2.

## III. RELEVANT FACTS AND PROCEDURAL HISTORY

Alan Cooper was a caretaker from November 2006—August 2012 for property John Steele owned in Aitkin County, Minnesota. ECF No. 11, p. 3. Cooper lived in Steele's guest house and looked after the property while Steele was out of town. According to Cooper, Steele "on numerous occasions bragged to [Cooper] about a plan involving massive copyright litigation." ECF No. 11-2, p. 23. Steele later told Cooper to call him if he was ever contacted

[11] The *Sunlust* matter is ripe with accusations of forged attorney signatures and fraudulent Plaintiff affidavits. See, e.g., *Sunlust*, ECF Nos. 46, (filed Dec. 31, 2012); No. 43 (filed Dec. 20, 2012).

[12] Conveniently, the Lutz Affidavit was notarized by Steele's wife.

regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." ECF No. 11-2, p. 23. Cooper was suspicious at the time and confronted Steele about this strange request, but Steele said not to worry about it. Without more, Cooper had no reason or basis to pursue the matter.

November 6, 2010.

On November 6, 2010, at 10:01 a.m. Steele created a GoDaddy account and was assigned Shopper ID 39706942. ECF No. 16-3. Steele initially used his own name and the business address for Prenda Law, Inc. on the account. A mere 15 minutes later, Mr. Steele changed the customer name from "John Steele" to "Alan Cooper" and replaced the Steele Hansmeier address with 4532 East Villa Theresa Drive ("the Villa Theresa Address"). This address was previously shared by John Steele's sister, Jayme Steele and her boyfriend Anthony Saltmarsh. Id. Anthony Saltmarsh would later find himself, without his knowledge or consent, the namesake of the "undefined beneficiary trust" which owns AF Holdings.[13]

The email address associated with this account was johnlsteele@gmail.com. This is the same email address that John Steele used 1) in his communications with Godfread and Cooper; 2) in connection with the Alan Cooper ID theft; and 3) in his communications with his co-conspirators. Upon available information, Steele deleted the account on or around June 23, 2013, intentionally destroying relevant evidence.

November 9, 2010.

VPR, Inc., was formed and registered with the Nevada Secretary of State on November 9, 2010. The email address associated with this account was johnlsteele@gmail.com. Alan Cooper is identified as the president, secretary, and all other relevant positions in the entity. Once again, the corporate address is identified as the Villa Theresa Address.

[13] The ADR certification that was e-filed does not contain any actual signature from an AF representative; rather, there is simply: "/s/ Salt Marsh, AF Holdings Owner." Prenda was required to maintain a copy containing the original signature as a part of its files. Though ordered to produce the document, Prenda has been unable or unwilling to do so.

June 12, 2011.

At the time Lutz tasked Steele with finding a corporate representative to acknowledge the "Sexual Obsession" assignment, Steele was representing the assignor, Heartbreaker Productions, in a copyright infringement lawsuit for the same film. Heartbreaker Productions, Inc. v. Does 1-71, No. 1:11-cv-02860 (N.D. Ill. April 28, 2011). Though the assignment became effective on June 12, 2011, Steele continued litigating on behalf of Heartbreaker though it no longer owned the rights to the work.[14] Heartbreaker, ECF No. 14 (July 1, 2011).

November 22, 2012.

On or around November 22, 2012, Cooper learned about copyright lawsuits being filed by a company called AF Holdings that happened to have a CEO named Alan Cooper. More so, Cooper knew that AF Holding's law firm, Prenda, was affiliated with Steele. Fearing he might personally liable for the outcome of these cases, Cooper retained Godfread.

November 28, 2012.

Godfread approached AF Holdings' attorney in Minnesota, Michael Dugas, to confirm that it was happenstance that AF Holdings had an officer with Cooper's name. See, ECF No. 11-3.

Godfread was unable to reach AF Holdings or Dugas, but his inquiries did trigger a reaction from Steele. Within an hour, Steele called Cooper several times and demanding to know if Cooper had been talking to attorneys in Minnesota. At this time, Godfread uncovered another Steele affiliated Nevis based company, Ingenuity13, that also happened to have an officer named Alan Cooper.

November 29, 2012.

Godfread eventually received a response from Paul Duffy indicating that AF Holdings would not answer his questions about the identity of their CEO, would not volunteer any information, that he had no idea who Cooper was and not to contact his office again.

---

[14] *AF Holdings LLC v. Chowdhury*, No. 12-cv-12105-JLT, ECF No. 14, pp. 9-10 (Feb. 12, 2013) (arguing "Plaintiff's assignment [of Sexual Obsession] does grant the right to accrued claims").

Because both AF Holdings and Ingenuity13 are Nevis based companies, discovering the true officers or directors is at best difficult. Unable to get an answer from Prenda, Godfread filed a letter on behalf of Cooper in several Minnesota cases. ECF No. 6-4. This letter alleged that Mr. Cooper was concerned that his name was being used, without his consent, in connection with AF Holdings and its BitTorrent litigation campaign.[15] That same day, Steele called GoDaddy and identified himself as "Alan Cooper." Exhibit A, p. 7.

January 25, 2013.

After two months of evasive and uncooperative behavior on the Plaintiffs' part, Cooper was left with no choice but to file suit to resolve the issue. Alan Cooper v. John Steele, et al., No. 27-cv-13-3463 (4th Dist., Hennepin Cty., MN) (Jan. 25, 2013).

On January 25, 2013, Steele was served[16] with the Defendants' complaint. Eighteen days later Plaintiff would file the first of three substantially identical and retaliatory state court defamation claims.

February 7th, 2013.

On February 7th, 2013, Judge Otis Wright issued an Order to Show Cause Re: Rule 11.

> "At the center of this issue is the identity of a person named Alan Cooper and the validity of the underlying copyright assignments. If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems. First, with an invalid assignment, Plaintiff has no standing in these cases. Second, by bringing these cases, Plaintiff's conduct can be considered vexatious, as these cases were filed for a facially improper purpose. And third, the Court will not idle while Plaintiff defrauds this institution."

ECF No. 6-5.

---

[15] Cooper subsequently executed an affidavit dated December 3, 2012 in the Minnesota cases containing substantially identical allegations.

[16] "Under Minnesota law, a lawsuit may be started … even though it has not yet been filed in court. As a result, a Summons and Complaint that is served on you will not necessarily include a court file number. Similarly, if you call the court to ask whether a lawsuit has been filed, the court may not be aware of the lawsuit." *See*, http://www.ag.state.mn.us/Consumer/Publications/AnsweringALawsuit.asp

February 8, 2013.

The following day, AF Holdings (and Ingenuity 13) began to summarily dismiss the remaining cases that could be dismissed without court intervention and without risking liability for costs-i.e. cases in which the Defendant had neither answered or filed a motion for summary judgment. As of February 8, 2013, AF Holdings had over 90 active cases, within two months of the February 7 Order, more than 75% of those claims were voluntarily dismissed.

> "[I]t is telling that AF moved for a voluntary dismissal only two days after its 30(b)(6) deposition was taken, during which problems related to its standing were explored and exposed … If these cases had validity or if AF had a good chance of prevailing on the merits, then it is hard to imagine that it would give up all these cases."

Navasca, ECF No. 76, p. 6 (April 23, 2013)

February 12, 2013.

Prenda Law filed the first of its retaliatory complaints against Godfread and Cooper on February 12, 2013. The action bears the same title and state court case number as noted above and was docketed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendants removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207. See, ECF No. 11-9. Defendants transferred this action to the Northern District of Illinois on February 6, 2013, No. 13-cv-04341, and then consolidated with the above captioned action on June 16, 2013.

February 13, 2013.

On February 13, 2013, Godfread followed up a phone call from Steele, wherein Steele threatened Godfread and Cooper with several lawsuits:

> "But as to the other supposed lawsuits that you alluded to on the phone, I don't have any idea what you are talking about, because you wouldn't tell me the basis of your claims. If the claims are based upon my client bringing suit against you, those suits would almost certainly be frivolous. Please don't play games, Mr. Steele. If you think that you or your clients have sincere causes of action, you could at least tell me what they are in general terms."

February 14, 2013.

Steele contacted Godfread again, mentioning "various lawsuits," but claiming no involvement:

> "Since you will not waive service, you will be finding out what the causes of action are when you are served with the various complaints. I am not your attorney and do not have an obligation to explain to you the various lawsuits you are now involved in. In fact, I have no involvement with several of them."

February 15, 2013.

Paul Duffy filed the second retaliatory complaint in Cook County on February 15, 2013. The basis for his claims being "Defendants' statements regarding Prenda are also, by definition, directed at Plaintiff." Id. Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569.

Later that day Steele calls and emails Godfread again regarding the "various lawsuits":

> "It is my understanding that several other people have either recently sued you, or are in the process of serving you. As I explained to you earlier this week, my personal suit against you should be filed in Florida early next week. Despite the intensity of the litigation that is starting, I want to assure you that out of professional courtesy I will do everything I can to accommodate the various court hearings you will be involved in."

February 25, 2013.

John Steele filed the third retaliatory complaint against Godfread and Cooper on February 25, 2013 in the Circuit Court for the Eleventh Judicial Circuit, Miami-Dade County, Florida. John Steele v. Paul Godfread, Alan Cooper & John Does 1-10, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty., Fla.). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed this action March 6, 2013.

Steele then calls Cooper and texts him multiple times regarding the "various lawsuits".

February 27, 2013.

Two days later, Steele called Cooper again:

> "Alan, this is John Steele again. You have not responded or contacted me regarding litigation you're involved in. I know you've been served with a third lawsuit. And there are more coming. Don't worry about that. Well, obviously, if I don't hear from you, I'm going to start filing for certain default motions and start getting relief that way. I can assure you that just ignoring legal matters, it's not going to go away. I can guarantee you, I'm not going away. So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' soon civil procedure because, otherwise, your life is going to get really complicated. And I'm saying this as a friend, as well as opposing counsel. So you can reach me if you'd like to discuss setting up a deposition and various other discoveries, and, of course, any settlement discussions you'd like to do. All right. You have the number. Bye."

March 11, 2013.

On March 11, 2013, Judge Wright held his initial hearing on the Order to Show Cause re: Rule 11. Although many of the key members in AF Holdings and Prenda Law had been ordered to appear, Duffy, Steele, and other Prenda officials skipped the March 11 hearing. Cooper appeared. and reiterated under oath that he was not affiliated with AF Holdings, and specifically denied signing AF Holdings' copyright assignments, including the assignment herein.

In response, Judge Wright issued a supplemental order again ordering individuals associated with AF Holdings and Prenda Law to appear for a second hearing on March 29th. This order specifically noted that:

> "The evidence presented suggests that these persons may be culpable for the sanctionable conduct…which the Court previously attributed to Brett Gibbs only. Further, it appears that these persons, and their related entities, may have defrauded the Court through their acts and representation in these cases."

April 2, 2013.

Steele, Hansmeier, and Duffy were each given a chance to forward their own explanation(s) for the Cooper assignment on April 2, 2013 at a hearing in the Central District of California. Rather than testifying under oath (and subject to cross examination), however, each invoked their Fifth Amendment right. ECF No. 16-2.

## IV. RETALIATORY NATURE OF COUNTER-DEFENDANTS' CLAIMS[17]

Godfread and Cooper contend, and neither Duffy, Prenda nor their co-conspirators can properly dispute, that they were targeted in the multiple state proceedings, including this one, because they filed the underlying Minnesota complaint.[18] Rather than defend the allegations raised in Godfread and Cooper's complaint, Duffy and Prenda had already chosen to file duplicative suits on behalf of its principals in several states.

The paucity of substantive factual allegations in the complaints against Godfread and Cooper betrays Duffy and Prenda's ulterior motives. When Duffy and Prenda filed their duplicative state court actions, their goal was not to win on the merits but rather 1) to force Godfread and Cooper to expend funds on litigation costs and attorney fees in multiple state court proceedings; 2) to discourage opposition in Godfread and Cooper's Minnesota action through delay, expense, and distraction; and 3) for spite. Given the timing of Duffy and Prenda's complaints and the speed with which they was filed, the high damages demand, and the duplicative nature of the actions, Godfread and Cooper have shown evidence of retaliatory intent. "[R]etaliatory intent may be inferred when a claim lacking merit is filed shortly after the exercise of protected rights." Hytel Group, Inc. v. Butler, 405 Ill. App. 3d 113, 126 (2012). See also, Ryan v. Fox Television Stations, Inc., Nos. 1-12-0005, 1-12-0007 cons., (Ill. App. 2nd Div. October 23, 2012). Further evidence of Duffy and Prenda's vindictiveness can be taken from their continued prosecution of their claims against Godfread and Cooper.

[17] Godfread and Cooper hereby adopt and incorporate the arguments they made in ECF Nos. 11 and 18.

[18] Public participation includes the right to "petition the Government for a redress of grievances," such as by filing a complaint. U.S. Const., amend. I.

COUNT I
DECLARATORY JUDGMENT PURSUANT TO MINNESOTA ANTI-SLAPP IMMUNITY

1. Counter-Plaintiffs repeat and re-allege the above as if fully set forth herein.
2. In November 2012, Cooper retained Atty. Godfread for purposes of confirming that it was a different Alan Cooper who was the CEO of AF Holdings, LLC and Ingenuity13, LLC, and not him.
3. Defendants refused to discuss the matter with Cooper or the courts, as illustrated by the proceedings in Ingenuity13, LLC v. John Doe, No. 12-cv-8333 (C.D. Cal. 2012).
4. Cooper had no choice but to file suit. The action commenced on January 25, 2013. See, Exhibit F.
5. Despite knowing Cooper was represented by Atty. Godfread, Defendant's co-conspirator, John Steele directly contacted Cooper several times via text messaging and various voicemails, including the following voicemail:

   > "I can assure you that just ignoring legal matters, it's not going to go away. So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' soon civil procedure because, otherwise, your life is going to get real complicated. And I'm saying this as a friend, as well as opposing counsel."

6. Eighteen days after the Cooper filed his complaint, Duffy, Prenda and their co-conspirators filed three state court claims against the Godfread and Cooper for defamation, including the one before this Court. They include:
   a. Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10, No. 13-L-001656, (Cir. Court, Cook Cty.) (filed Feb. 15, 2013). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569.
   b. Prenda Law v. Paul Godfread, Alan Cooper & John Does 1-10, No. 13-L-001656, (20th Cir. Court, St. Clair Cty.) (filed Feb. 12, 2013). Defendants removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207.
   c. John Steele v. Paul Godfread, Alan Cooper & John Does 1-10, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty.) (filed Feb. 25, 2013). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed his action March 6, 2013.

7. When Prenda, Duffy and their co-conspirators filed their respective state court actions, their goal was not to win on the merits but rather to a) force Godfread and Cooper to expend funds on litigation costs and attorney fees in multiple state court proceedings; b) discourage opposition in Godfread and Cooper's Minnesota action through delay, expense, and distraction; c) improperly seek discovery of third parties; and d) serve a vexatious or otherwise retaliatory purpose for the filing of the Cooper action.
8. Minnesota's anti-SLAPP statute, Minn. Stat. §554.01-.05, was designed to prohibit lawsuits against parties engaged in public participation seeking favorable government action.
9. A review of the complaint filed by Godfread on behalf of Cooper confirms that their conduct was genuinely aimed at procuring favorable government action, e.g. obtaining relief from the Minnesota court for the theft of Alan Cooper's identity.
10. The only instance of defamation Prenda and Duffy specifically identify as attributable to the Godfread and Cooper is the "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota." See Duffy, Prenda and Steele Complaints at ¶¶ 6-7.
11. No other defamatory statements are specifically alleged as coming from Godfread or Cooper.
12. Godfread and Cooper have shown that their complaint was aimed at procuring favorable action from the courts and done in accordance with Minnesota civil procedure.
13. Prenda and Duffy's remaining claims are likewise barred by §554.01-.05 as they all arise as a consequence of the purported defamatory statements made by Godfread and Cooper in the Minnesota complaint.
14. Prenda and Godfread cannot reach the clear and convincing standard, under any theory of law, as required by §554 regarding their allegations.

COUNT II
INVASION OF PRIVACY – APPROPRIATION

1. Godfread and Cooper adopt and incorporate the allegations contained above as if fully set forth herein.

2. Prenda and Duffy have appropriated Cooper's name for their own benefit.
3. Neither Prenda nor Duffy had Cooper's permission to use his name to sign documents on behalf of AF Holdings, LLC, Ingenuity 13, LLC or any other legal entity.
4. Prenda and Godfread knew that the did not have Cooper's permission to use his name to sign documents on behalf of AF Holdings, LLC, Ingenuity13, LLC or any other legal entity.
5. Prenda and Duffy intended to benefit and in fact did benefit by using Cooper's name for corporate documents to conceal the true identities of officers, directors, and shareholders of AF Holdings, LLC, Ingenuity 13, LLC and other legal entities.

COUNT III
CIVIL CONSPIRACY

1. Cooper adopts and incorporates the allegations contained above as if fully set forth herein.
2. Prenda and Duffy entered an agreement to use Cooper's name as if he were an officer or director of Defendants AF Holdings, LLC and Ingenuity13, LLC and to execute assignments of copyrights.
3. Prenda acted through its principals and officers, including Duffy, at all times relevant hereto.
4. Duffy acted
5. The use of Cooper's name in this manner is both unlawful and tortious.
6. By entering into this agreement, Prenda (and its officers and principals) and Duffy have conspired to commit tortious acts as described within this Complaint.
7. Cooper has been damaged by these unlawful and tortious acts.
8. Prenda (and its officers and principals) and Duffy must therefore be held liable for any tortious act committed by one another.

COUNT VII
DEFAMATION

1. Cooper adopts and incorporates the allegations contained above as if fully set forth herein.
2. Duffy, Prenda and their co-conspirators invoked their Fifth Amendment right and chose not to address the California Court's questions regarding Alan Cooper.

3. On May 5, 2013, Prenda filed the affidavit of Brent Berry, an acquaintance of Steele and Cooper. AF Holdings v. Harris, No. 12-cv-02144, ECF No. 59-3 (D. Ariz.).

4. Berry's affidavit contained knowingly defamatory statements about Cooper's supposed mental illness.

> "Cooper's mental state has deteriorated to the point of making serious threats to shoot Berry, which has led to treatment for his mental illness."

> "Beginning in late 2011, Alan began exhibiting unusual behavior on various occasions when I was visiting the property. Alan began acting erratic, frequently threatening to hurt others. … Alan's mental state had further deteriorated and I felt very uncomfortable to be alone around him. … I later found out from Alan that the days he had acted very unusual were the ones in which he had not taken certain antipsychotic medication his doctor had prescribed."

5. On May 5, 2013, Prenda filed the affidavit of Jason Flesher, Steele's brother-in-law. Id. ECF No. 59-5.

6. Flesher's affidavit contained knowingly defamatory inferences about Cooper's supposed mental illness and depicts Cooper as "usually acting intoxicated."

7. On May 5, 2013, Prenda filed the affidavit of John Steele. Id. ECF No. 59-4.

8. Steele's affidavit contained knowingly defamatory statements about Cooper's supposed mental illness.

> "He immediately broke down and started crying, explaining that he had not taken his anti-psychotic medication the previous day."

9. There is no First Amendment protection for furnishing with intent false information to an administrative or adjudicatory body. Garrison v. Louisiana, 379 U.S. 64, 75 (1964). See also Illinois ex rel. Madigan v. Telemarketing Assocs., 538 U.S. 600, 611 (2003)

10. The averments contained within the affidavits are not only defaming but are also unsubstantiated and untrue.

11. The overall intent of the disparaging remarks is to discredit Cooper's reputation.

12. Cooper's reputation has been damaged as a result of Prenda's false and libelous transmitted correspondence.

COUNT VIII
ABUSE OF PROCESS

1. Godfread and Cooper adopt and incorporate the allegations contained above as if fully set forth herein.
2. Duffy and Prenda have misused the legal process, by initiating the above captioned matters, to accomplish a purpose outside the scope of the process itself.
3. Duffy and Prenda have instituted these proceedings against Godfread and Cooper for an ulterior motive.
4. These proceedings have been brought against Godfread and Cooper by Duffy and Prenda to:
   a. force Godfread and Cooper to expend funds on litigation costs and attorney fees in multiple proceedings;
   b. to discourage opposition in Godfread and Cooper's Minnesota action through delay and distraction; and
   c. to intimidate Godfread and Cooper.
4. Godfread and Cooper has been harmed directly by Pierre's conduct.
5. Duffy and Prenda instituted these proceedings against Godfread and Cooper for improper and unlawful purposes. Duffy and Prenda's conduct in misusing legal process is being done willfully and maliciously with a wanton disregard.

*[Intentionally left blank.]*

WHEREFORE, Godfread and Cooper respectfully request that the Court enter an Order in their favor on the foregoing claims, awarding statutory, exemplary and punitive damages in an amount to be determined by this Court, for all costs of this action, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,
/s/ Erin Kathryn Russell
Counsel for Defendants
Paul Godfread and Alan Cooper
The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC #6287255

/s/ Jason E. Sweet
Counsel for Defendants
Paul Godfread and Alan Cooper
*Admitted Pro Hac Vice*
Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
BBO #668596

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2013, he caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Jason Sweet