UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW, INC. and PAUL DUFFY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | Case No. 13-cv-1569 |
| ———————————————— | ) | |
| | ) | Consolidated with: |
| PAUL GODFREAD and ALAN COOPER, | ) | |
| | ) | Case No. 13-cv-4341 |
| Counterclaimants, | ) | |
| | ) | Judge John W. Darrah |
| v. | ) | |
| | ) | |
| PAUL DUFFY and PRENDA LAW, INC., | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**ORDER**

Counterclaimants Paul Godfread and Alan Cooper's Amended Counterclaim [36] is stricken with leave to replead in conformity with the Federal Rules of Civil Procedure. Counter-Defendants Prenda Law, Inc. and Paul Duffy's Motion to Dismiss Amended Counterclaim [43] is moot.

**STATEMENT**

Godfread and Cooper's original Counterclaim was dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), on August 14, 2013. At that time, Godfread and Cooper were granted leave to replead and they did so on September 16, 2013.

Without explanation, Godfread and Cooper abandoned the format of their original counterclaim, following Federal Rules of Civil Procedure 8(a) and 10, in favor of a new one. The first thirteen pages of the Amended Counterclaim list "Key Players & Agents" followed by "Relevant Facts and Procedural History" in paragraphs with various dates as headings, all in unnumbered paragraphs. It then states each "Count" in numbered paragraphs, but each Count begins with paragraph one rather than numbered paragraphs that continue consecutively

throughout the Amended Complaint. The confusion and absence of clarity produced by failing to comply with Rule 10's requirement of properly numbered paragraphs is patent.

Moreover, within the first two sentences of the Amended Counterclaim, Godfread and Cooper refer to themselves as "Counter-Plaintiffs" and "Plaintiffs." Later, Count II asserts "Prenda and *Godfread* knew that the [sic] did not have Cooper's permission to use his name . . ." (emphasis added) Although it is likely that Godfread and Cooper intended Count II to read "Prenda and Duffy," it is impossible to read authors' intentions into a pleading that includes so many confusing statements as to the parties and their relationships. Identification becomes even more difficult as the Motion to Dismiss refers to Godfread and Cooper as "Defendants" and Godfread and Cooper adopt this new label in their response.

Also, the counterclaims themselves are numbered Counts I, II, III, VII, and VIII, with no indication of reason behind omitting IV through VI. Count III contains a paragraph that reads simply "Duffy acted" with no punctuation, while Count VIII contains two separate paragraphs, each labeled "4," the second of which makes reference to Godfread and Cooper being harmed by "Pierre," a person or thing not otherwise mentioned or identified anywhere in the pleadings.

Godfread and Cooper correctly argue that the standard of review applied to counterclaims is the same as that of complaints. It follows that Rule 8 requires a counterclaim "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks and citations omitted). Such intelligibility has not been achieved here. It appears that the Amended Counterclaim was drafted using a cut and paste method with little regard for precision.

For these reasons, Godfread and Cooper's Amended Counterclaim [36] is stricken, and Prenda and Duffy's Motion to Dismiss [43] is moot. Godfread and Cooper may replead in strict conformity with the Federal Rules of Civil Procedure, specifically including Rules 8 and 10, within 30 days of the entry of this order.

Date:  3/5/2014

JOHN W. DARRAH
United States District Court Judge

2