UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, ) | Case No. 1:13-cv-01569 |
| ) | Honorable John W. Darrah |
| Plaintiff, ) | Removed from: |
| ) | Circuit Court of Cook County, IL |
| v. ) | No. 13-L-001656 |
| ) | |
| PAUL GODFREAD, ALAN COOPER, ) | Consolidated with: |
| ) | *Prenda Law v. Godfread, et al,* |
| ) | No. 13- cv-04341 (N.D. Ill.) |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| PAUL GODFREAD AND ALAN ) | |
| COOPER, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PRENDA LAW, INC. AND PAUL ) | |
| DUFFY, ) | |
| ) | |
| Counter-Defendants. | |

SECOND AMENDED COUNTERCLAIMS

COME NOW Counter-Plaintiffs Paul Godfread and Alan Cooper, and in support of their Second Amended Counterclaims against Counter-Defendants Prenda Law, Inc., and Paul Duffy, show the Court as follows:

I. INTRODUCTION

On January 25, 2013, Godfread commenced a lawsuit on behalf of his client, Cooper, in the Fourth District Court of Minnesota, Hennepin County. The defendants in the Cooper suit included Prenda and Duffy. Cooper's claims against Prenda and Duffy

included, among others, identity theft for the unauthorized use of Cooper's name in the AF Holdings BitTorrent litigation scheme launched by Prenda and Duffy.

On February 5, 2013, Prenda and Duffy began a campaign of retaliation and harassment by filing the instant cases and a third case in federal court in Florida. (*Duffy v. Godfread,* et al., No. 13-L-001565 (filed February 5, 2013 in the Circuit Court of Cook County, Illinois); *Prenda Law, Inc. v. Godfread,* et al., No. 13-L-75 (filed February 12, 2013 in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois).

This Court has already held that the Minnesota anti-SLAPP statute will apply to Defendants' defenses.

Defendants' counterclaims of anti-SLAPP and civil conspiracy relate directly to Plaintiffs' attempts to intimate, harass and disrupt Defendants' right to seek redress from the Minnesota court for Cooper's claims. The Minnesota Anti-SLAPP statute, Minn. Stat. § 554.01-.05, prohibits the filing of these cases. Cooper, through Godfread, was clearly aimed at procuring government action through public participation in the form of seeking redress of grievances for identity theft in state court.

## II.   STATEMENT OF RELEVANT FACTS

1. Cooper worked as the caretaker of a property owned by Prenda principal John Steele from November of 2006 through approximately August of 2012.

2. During that time, Steele bragged to Cooper about Prenda's plans involving massive copyright litigation. [ECF No. 11-2, p.23]

3. At some point thereafter, Steele told Cooper to call him if Cooper was ever contacted regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." [ECF No. 11-2, p. 23]

4. Cooper asked Steele why he would receive any such calls, but did not receive a response.

5. On or about November 22, 2012, Cooper learned that Prenda was filing mass copyright infringement lawsuits on behalf of a company named AF Holdings, and that AF Holdings purported to have a CEO named Alan Cooper.

6. Cooper became concerned that it appeared Prenda was using his name without his permission to file these lawsuits on behalf of AF Holdings.

7. Concerned that he could somehow be held personally responsible for Prenda's conduct because his name was being used, he contacted attorney Paul Godfread.

8. Cooper hired Godfread to help him ascertain whether Prenda was using his name without his permission to litigate claims on behalf of AF Holdings.

9. Godfread attempted to contact Michael Dugas, AF Holdings' attorney in Minnesota, to inquire as to whether Cooper's name was being used without his consent or if AF Holdings was willing to provide proof that by coincidence there was another Alan Cooper known to Prenda and acting as CEO of AF Holdings.

10. Dugas did not respond to Godfread's inquiry. However, within an hour of Godfread's inquiry with Dugas, Steele began placing calls to Cooper demanding to know whether he had been talking with attorneys in Minnesota.

11. Godfread eventually got a response to his inquiry to Dugas about the CEO of AF Holdings, but it came in the form of an e-mail from Duffy. Duffy indicated that AF Holdings would not answer his questions about the identity

of their CEO, would not volunteer any information, had no idea who Cooper was, and warned him not to contact his office again.

12. Godfread then filed letters in several pending AF Holdings cases in Minnesota on behalf of Cooper, advising the court that Cooper was concerned that his name was being used, without his consent, in connection with AF Holdings and its BitTorrent litigation campaign.

13. Godfread and Cooper tried to resolve the matter amicably, seeking confirmation from Prenda and Duffy that they were not, in fact, using Alan Cooper's name in relation to AF Holdings or its BitTorrent litigation. Prenda and Duffy refused to do so.

14. On January 25, 2013, Prenda principal John Steele was served with the complaint in the Cooper action. [ECF No. 9, p. 2].

15. Under Minnesota law, unlike under the Federal Rules of Civil Procedure, a lawsuit may be commenced by simply serving the summons and complaint on the defendant. *See* Minnesota Rule of Civil Procedure 3. The Minnesota rules require only that the complaint be filed with the court within one year of commencement. *See* Minnesota Rule of Civil Procedure 5.04.

16. Eighteen days later, Prenda and Duffy would file the first of three substantially identical retaliatory state court defamation cases in three different jurisdictions as follows:

   a. *Paul Duffy v. Paul Godfread, Alan Cooper & John Does 1-10,* No. 13-L-001656, (Cir. Court, Cook Cty.) (filed Feb. 5, 2013). Defendants removed this action to the Northern District of Illinois on Feb. 28, 2013, No. 13-cv-1569.

   b. *Prenda Law v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-L-001656, (20th Cir. Court, St. Clair Cty.) (filed Feb. 12, 2013). Defendants

4

  removed this action to the Southern District of Illinois on March 1, 2013, No. 13-cv-00207.

  c. *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No.13-6680 CA 4, (11th Cir., Miami-Dade Cty.) (filed Feb. 25, 2013). Defendants removed this action to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed his action March 6, 2013.

17. The Duffy complaint contains an admission that the claims against Godfread and Cooper were based on the commencement of the Cooper action in Minnesota, alleging in pertinent part that:

"Godfread has made allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota that are patently false. Yet, certain false and defamatory statements from that Complaint appeared on Internet sites referenced herein long before the Complaint was ever a matter of public record. As a consequence, and upon information and belief, Godfread published false and defamatory statements about Plaintiff to members of the community referenced herein, long before his Complaint was ever a matter of public record. As such, the statements, made outside of any valid legal proceeding, are not subject to immunity from liability that otherwise attaches to statements in Court documents." And furthermore that "Godfread represented to Plaintiff that certain of the false and defamatory statements referenced in Paragraph 6 derived from information provided to him by Cooper."

(Ex. A, p. 3-4)

18. The Prenda complaint contains an identical admission that the claims against Godfread and Cooper were based on the commencement of the Cooper action in Minnesota. (Ex. B, p. 2-3).

III.  COUNT I – DECLARATORY JUDGMENT PURSUANT TO MINNESOTA ANTI-SLAPP RELIEF

19. Counter-Plaintiffs adopt and incorporate the allegations contained in paragraphs 1-18 above as if fully set forth herein.

20. In November of 2012, Cooper retained Godfread for the purpose of ascertaining whether his identity had been stolen and used by Prenda and

5

Duffy to perpetrate a massive BitTorrent litigation scheme in courts across the country.

21. Prenda and Duffy refused to discuss the matter with Cooper or Godfread.

22. Cooper was forced to file an identity theft case to protect his interests.

23. John Steele, an agent of Prenda, contacted Cooper directly and issued the following threat via voice mail:

"I can assure you that just ignoring legal matters, it's not going to go away. So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' rules of civil procedure because, otherwise, your life is going to get real complicated. And I'm saying this as a friend, as well as opposing counsel."[1]

This message was left for Cooper after it was known that he was represented by Godfread.

24. Eighteen days after the Cooper complaint was served on Steele, Duffy and Prenda field three state court claims against Godfread and Cooper, including the instant cases. The third case was filed by John Steele in Florida. It was known as *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-6680 CA 4 (11th Cir., Miami-Dade County)(filed Febraury 25, 2013). Godfread and Cooper removed the case to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed the case on March 6, 2013.

---

[1] Godfread and Cooper will lodge the audio recording of the voice mail message left by Steele with the Court in the very near future.

25. The trio of state court actions filed by Duffy, Prenda and Prenda's principal were not filed to proceed on the merits, but rather to a) force Godfread and Cooper to expend funds on litigation and attorney's fees in multiple, distant jurisdictions; b) to discourage opposition in Godfread and Cooper's Minnesota action through delay, expense and distraction; and for an otherwise vexatious or retaliatory purpose in response to the commencement of the Cooper action in Minnesota.

26. Minnesota's anti-SLAPP statute, Minn. Stat. § 5543.01-.05 prohibits lawsuits against parties engaged in public participation seeking favorable government action, such as redress of grievances before courts of law.

27. A review of the complaint filed by Godfread on behalf of Cooper confirms that their conduct was genuinely aimed at procuring favorable government action, e.g. obtaining relief from the Minnesota court for the theft of Cooper's identity.

28. The only allegations of defamation Prenda and Duffy directly attribute to Godfread and Cooper in their state court defamation complaints is the "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota". *See* Ex. A and B at ¶¶6-7.

29. No other defamatory statements are alleged to have been directly issued by Godfread or Cooper.

30. Godfread and Cooper have shown that their complaint was aimed at procuring favorable action from the Minnesota court and that the action was commenced according to the Minnesota Rules of Civil Procedure.

31. Prenda and Duffy's remaining claims are likewise barred by §554.01-.05 as they all arise as a consequence of the purported defamatory statements made by Godfread and Cooper in the Minnesota complaint.

32. The Minnesota anti-SLAPP statute provides that when a party demonstrates that an action was brought for the purpose of harassment, to inhibit the opposing party's public participation … or to otherwise wrongfully injure the other party, the court shall award actual damages, and may award punitive damages. Minn. Stat. §554.04.

33. The Minnesota anti-SLAPP statute defines public participation as speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action. Minn. Stat. §554.01 sub. 6.

34. Lawful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action is immune from liability, unless the conduct or speed constitutes a tort or a violation of a person's constitutional rights. Minn. Stat. §554.03.

35. Godfread and Cooper have demonstrated that the filing of the Minnesota complaint qualifies for immunity under §554.03.

36. Godfread and Cooper have incurred significant legal fees and other damages as a direct result of the actions of Prenda and Duffy.

WHEREFORE, Counter-Defendants Godfread and Cooper respectfully request that the Court enter an award in their favor pursuant to the Minnesota Anti-SLAPP Statute awarding actual damages, attorney's fees and costs, punitive damages, and any other relief the Court deems just and proper.

## IV. COUNT II – CIVIL CONSPIRACY

37. Counter-Plaintiffs adopt and incorporate the allegations contained in paragraphs 1-36 above as if fully set forth herein.

38. A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The participants in the conspiracy must share the general conspiratorial objective, but they need not know all the details of the plan designed to achieve the objective or possess the same motives for desiring the intended conspiratorial result. *Cooney v. Casady,* 735 F.3d 514 (7th Cir., September 18, 2012).

39. Duffy and Prenda, by and through its principals including but not limited to John Steele, conspired to steal the identity of Alan Cooper to advance their BitTorrent litigation scheme while attempting to obscure their own improper acts in the cases they filed in courts across the country.

40. Prenda used a copyright assignment bearing the forged signature of Alan Cooper in cases filed by companies owned and controlled by Prenda principals, including but not limited to AF Holdings and Ingenuity 13.

41. Prenda and Duffy agreed not only to conduct the copyright infringement litigation scheme using the stolen identity of Alan Cooper, they later agreed to

9

attempt to silence him by filing sham defamation cases against Cooper and his attorney, Godfread.

42. On May 6, 2013, the Honorable Otis D. Wright II of the United States District Court for the Central District of California issued an order (2:12-cv-08333-ODW-JC, Doc. 30) (Ex. C) including the following findings of fact:

   a. Steele, Hansmeier and Duffy (the Principals) conspired to operate an enterprise and formed AF Holdings and Ingenuity 13 (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

   b. The Principals started their copyright-enforcement crusade in about 2010, through Prenda Law, which was also owned and controlled by the Principals.

   c. The Principals maintained full control over the entire copyright-litigation operation.

   d. The Principals stole the identity of Alan Cooper. The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

e. Plaintiffs (Ingenuity 13, i.e. the Principals) have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiff's representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies.

43. On September 16, 2013, the Honorable Nandor J. Vadas, United States Magistrate Judge for the United States District Court for the Northern District of California, Eureka Division, issued a Report and Recommendation (3:12-cv-02396-EMC; Doc. 116) (Ex. D) in which he not only adopted the findings of fact issued by Judge Wright in his May 6, 2013 order, but also made the following findings of fact:

a. Steele and Hansmeier were principals of Prenda Law.

b. Based on Alan Cooper's testimony before Judge Wright, which Judge Vadas admitted into evidence, and the evidence presented before Judge Vadas in which recordings of calls made to web hosting company GoDaddy documented John Steele impersonating Alan Cooper, Judge Vadas found that John Steele impersonated Cooper to further the copyright litigation scheme.

44. Prenda (by and through its principals) and Duffy conspired to steal Alan Cooper's identity and to use it to advance their nefarious copyright infringement litigation scheme.

45. Prenda and Duffy used shell companies in an attempt to shield themselves from liability.

11

46. Prenda and Duffy attempted to hide their activities from Cooper.

47. Prenda and Duffy attempted to hide their activities from Godfread when he made inquiries regarding the use of Cooper's name.

48. Prenda and Duffy conspired to file retaliatory and fabricated defamation lawsuits against Godfread and Cooper in an attempt to silence Cooper regarding the identity theft.

49. Prenda and Duffy conspired to conduct bad faith litigation in multiple, distant jurisdictions in an effort to cause economic harm to both Godfread and Cooper in retaliation for the commencement of Cooper's Minnesota identity theft lawsuit.

50. Prenda and Duffy conspired to apply economic pressure to Godfread and Cooper to silence them and to stem the rising tide of litigation and sanctions activity by an increasing number of courts across the country, as their fraudulent copyright infringement litigation scheme was exposed.

51. Prenda and Duffy committed acts in furtherance of the conspiracy when they filed the instant sham lawsuits (in Cook County, Illinois and St. Clair County, Illinois) in an attempt to silence Godfread and Cooper and to cause them financial harm and to damage their reputations.

52. Prenda and Duffy committed acts in furtherance of the conspiracy when they orchestrated the filing of a sham amended complaint in St. Clair County and later attempted to use that document to dishonestly thwart diversity and have the case remanded from the Southern District of Illinois, and later from the Northern District of Illinois, back to St. Clair County. Remand of the case to

      St. Clair County would have caused significant logistical and financial hardships for Godfread and Cooper. This was Prenda and Duffy's design.

53. Prenda and Duffy violated the Minnesota Anti-SLAPP statute when they filed retaliatory lawsuits against Godfread and Cooper in an attempt to interfere with Cooper's right of public participation in the form of attempting to procure favorable government action in a lawsuit by Cooper against Prenda and Duffy.

54. Godfread and Duffy have incurred significant legal expenses and other damages as a direct result of the actions of Prenda and Duffy.

WHEREFORE, Counter-Plaintiffs Godfread and Cooper respectfully request that the Court enter an award in their favor, awarding damages for all attorney's fee and costs of litigation incurred by Godfread and Cooper, any other monetary damages incurred, punitive damages, and any other relief the Court deems just and proper.

## V. CONCLUSION

Prenda and Duffy must not be permitted to succeed in their wrongful and conspiratorial aims. Their misdeeds have been exposed. As courts across the country, including this one, continue to peel back the layers of the Prenda copyright infringement litigation scheme, no doubt more information supporting Godfread and Cooper's claims will come to light. However, Godfread and Cooper have clearly shown here that the defamation cases filed against them by Prenda and Duffy violate the Minnesota Anti-SLAPP statute, and they are entitled to damages, including punitive damages. Moreover, Godfread and Cooper have shown that Prenda and Duffy not only conspired to conduct a nationwide sham copyright infringement litigation scheme, but also conspired to harm

Godfread and Cooper for filing an identity theft lawsuit in Minnesota that threatened to, and in fact has, contributed significantly to the downfall of Prenda and Duffy.

Entry of judgment in favor of Godfread and Cooper and against Prenda and Duffy is just and proper, and Godfread and Cooper respectfully request that the Court enter just such an order.

                                          Respectfully submitted,

                                          /s/ Erin Kathryn Russell
                                          Counsel for Defendants
                                          Paul Godfread and Alan Cooper

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC #6287255

                                          /s/ Jason E. Sweet
                                          Counsel for Defendants
                                          Paul Godfread and Alan Cooper

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
admitted *pro hac vice*