IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1569 |
| | ) | |
| | ) | Consolidated with: |
| | ) | |
| | ) | Case No. 13-cv-4342 |
| | ) | |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM**

Counterdefendants, PRENDA LAW, INC. and DUFFY, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and other governing law, as and for their Motion To Dismiss the Second Amended Counterclaim ("Counterclaim") of Counterplaintiffs/Defendants Godfread and Cooper (collectively referred to for purposes of this Motion as "Counterplaintiffs") state as follows:

**INTRODUCTION**

Counterplaintiffs have trimmed excesses from the prior iteration of their Counterclaim (ECF #36) and have numbered most of the paragraphs in it. However, they have still failed to state a valid counterclaim against any entity in this matter. While they appear to have considerable personal anger against a non-party (John Steele), whom they are suing in Minnesota, they have failed for a third time to allege any cognizable cause of action against actual parties here. In particular, Counterplaintiff Godfread, an attorney, has failed for the third

time to articulate any valid claim and the Counterclaim should be dismissed with prejudice as it pertains to him. While Counterplaintiff Cooper also appears to have personal and other issues with non-party Steele, those issues are subject to litigation in Minnesota and Cooper has failed to articulate a valid claim against a party in this case. The Second Amended Counterclaim should therefore be dismissed with prejudice.

## ARGUMENT

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [to support plaintiff's claims]." *Id.*

Thus, before *Twombly* and *Iqbal*, a complaint could not be dismissed unless it appeared "beyond doubt" that a plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." *Wright v. Gen. Mills Inc.*, 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009). That standard no longer applies. Now, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Peviani v. Hostess Brands, Inc.,* 750 F. Supp. 2d 1111, 1115 (C.D. Cal. 2010) (citing *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).

I. **THE COURT SHOULD STRIKE THE "INTRODUCTION" AND "CONCLUSION" OF THE SECOND AMENDED COUNTERCLAIM.**

The Court in its March 5, 2014 Order (ECF #48) struck the Counterplaintiffs' First Amended Complaint and deemed Counterdefendants' Motion to Dismiss as moot. (ECF #48). Among other things, the Court held that "Without explanation, Godfread and Cooper have abandoned the format of their original counterclaim, following Federal Rules of Civil Procedure 8(a) and 10, in favor of a new one…The confusion and absence of clarity produced by failing to comply with Rule 10's requirement of properly numbered paragraphs is patent." *Id.* The Court provided Counterplaintiffs leave to "replead in *strict conformity* with the Federal Rules of 'Civil Procedure, specifically including Rules 8 and 10." *Id.* (emphasis added).

Counterplaintiffs violated the March 5 Order by including an "Introduction" section of close to a page in length, and a "Conclusion" section. Each contains allegations that are in dispute and neither is numbered as required in Federal Rule of Civil Procedure 10 and the Court's March 5 Order. Counterdefenants respectfully request that the Court strike both sections.

II. **NO VALID CLAIMS ALLEGED ON BEHALF OF GODFREAD.**

For the third time, Counterplaintiff Godfread has failed to allege any valid claim upon which he may obtain any relief. His theories appear to be that he is entitled to step into the shoes of his client Cooper and reap the benefit of the (invalid) claims Cooper alleges. The other allegation apparent from the Second Amended Counterclaim (it is confusing to the undersigned) is that "Godfread … incurred significant legal fees…" and "significant legal expenses and other [unspecified; apparently though unclear] from this litigation". (Counterclaim at par. 36, 54.)

Counterplaintiffs also allege that "Godfread and **Duffy** [sic, emphasis added] have incurred significant legal expenses and other damages as a direct results of the actions of Prenda and Duffy." (Counterclaim at par. 54.) Initially, it appears that Godfread's legal expenses cannot have been legitimately "significant" by hiring counsel which cannot proofread.

More important, Godfrey does not allege a cause of action against either Counterdefendant. Counterplaintiffs have failed to even attempt to allege the elements of a cognizable claim against Counterdefendants. Given that Godfrey himself an attorney, and is represented by two other attorneys, the inescapable conclusion is that he has no claim to allege. Allowing counsel to personally recover duplicate damages for claims their clients assert would be perverse. Counterplaintiffs request that the Court dismiss Godfread's Counterclaim with prejudice.

### III. Anti-SLAPP Claim In Count I Fails.

Counterplaintiffs in Count I seek a "declaratory judgment" under the Minnesota anti-SLAPP statute that their defamatory comments were for the purpose of procuring a favorable governmental outcome. However, the Court has already held that the allegations in Plaintiffs Complaint were for comments not designed to procure a favorable governmental outcome, and thus that the anti-SLAPP statute did not apply.

Initially, the slovenly work of Counterplaintiffs' counsel which led to the Court dismissing the last iteration of the Counterclaim without reference to Counterdefendants' Motion to Dismiss persists. Counterplaintiffs purport to assert the claim as a "counterclaim," yet the Minnesota law they seek to invoke provides that such a claim must be made upon "On the filing of any motion described in subdivision 1…" of the statute. Counterplaintiffs' claim for

4

"declaratory judgment" is not brought in the form of a motion, and it violates the statute they seek to invoke.

The Court already denied Counterplaintiffs' anti-SLAPP claim in its August 14, 2013 Order. (ECF #28.) Counterdefendants do not purport to state the content of that Order, which is publicly available. However, the language in the Order includes, among other things, the following: "Godfread and Cooper fail, at this state, to make a threshold showing that Duffy's claims of their defamation involved public participation or were otherwise `aimed in whole or in part at procuring favorable government action.'" (August 14, 2013 Order at p. 8, citing Min. Stat. Sec. 554.01, subd.6). The allegations against Godfread and Cooper relate to the fact that, while statements were present in Minnesota Court documents, those documents were not publicly available, and Counterplaintiffs chose to publicize those (patently false) statements, entirely outside of the court process, to third-parties Internet hate groups having nothing to do with the procurement of a favorable Governmental outcome. Far from it; those groups instead have professed a desire to harass those who seek to enforce copyright laws relating to certain content that they favor.

Counterplaintiffs have failed to point to any previously-unknown facts, nor to a change in existing law, to justify the Court reversing the Order it already made in connection with the anti-SLAPP non-motion "claims."

### III. CIVIL CONSPIRACY COUNTERCLAIM SHOULD BE DISMISSED.

Counterplaintiffs' Count II claim for civil conspiracy also fails to state a claim upon which relief may be granted. It appears that the claim is based upon alleged anti-SLAPP "violations" and allegations nebulous and baseless relating to "identify theft" on the part of a non-party.

To allege a claim for civil conspiracy, the claimant must allege facts sufficient to establish (1) an agreement to accomplish by concerted action either an unlawful purpose or lawful purpose by unlawful means; (2) a tortious act committed in furtherance of that agreement; and (3) an injury caused by the defendant. *Reuter v. MasterCard International, Inc.,* 397 Ill**.** App**.** 3d 915, 928, 397 Ill. App. 3d 915, 927 (5th Dist. 2010). Furthermore, conspiracy is not an independent tort, and thus if a "plaintiff fails to state an independent cause of action underlying the conspiracy allegations, the claim for conspiracy also fails." *Indeck North American Power Fund, L.P. v. Norweb PLC,* 316 Ill. App. 2d 416, 432 (2000).

In order to survive a motion to dismiss, a complaint must do more than merely characterize a combination of acts as a conspiracy. *Id.* Any circumstantial evidence alleged to claim a conspiracy must be clear and convincing. *Id.* "There is no such thing as accidental, inadvertent or negligent participation in a conspiracy. *Adcock v. Brakegate, Ltd.,* 164 Ill.2d 54, 64, 645 N.E.2d 888 (1994).

Counterplaintiffs' allegations fail in each respect. To the extent they intend them to allege a free-standing civil cause of action, such claims are not recognized in Illinois law (and there is no allegation that the civil conspiracy laws of another state applies.) If it is based upon the Minnesota anti-SLAPP statute, the Court as set forth above, has already rejected that claim and there are no new facts or change in existing law justifying vacating that decision. And Counterplaintiffs do not allege whether and how an anti-SLAPP finding (even if properly brought as a motion, which this claim is not) constitutes a "tort" under either the laws of Illinois or Minnesota. If the civil conspiracy is based claims of theft of Cooper's identity, it also fails. Initially, and as set forth above, there is no allegation sufficient to show that Godfread has a cognizable claim on this basis. And Counterplaintiffs have failed to state the elements of the

6

"identity theft" claim they conclusorily assert, including which state law applies, what the "property" allegedly taken was, or any coherent statement as to damages.

Counterplaintiffs also fail to plead with particularity the necessary elements of a conspiracy. Thus while they claim, for example, that Prenda and Steele "conspired" to procure Cooper's signature, they fail to support that claim with any facts. Those facts are critical to their claim, for example, because as the Court can take judicial notice, Prenda did not exist at the time they (falsely) claim one of the signatures was procured. Furthermore, Counterplaintiffs appear to have pled themselves out of court with respect to this count, because they have failed to include any allegation suggesting where or how Cooper's name was used as an "CEO" of any entity. Such an allegation requires proof that the representation that Cooper was a "CEO" was made to any third party. Counterplaintiffs do not even come close. The absence of that allegation thoroughly undermines Count II because there are not coherent allegations that the object of the alleged conspiracy exists.

## CONCLUSION

For the reasons stated in the Motion, the Court should dismiss the Counterclaim with prejudice, and grant Coutnerplaintiffs any and all further relief reasonable and appropriate under the circumstances.

                              Respectfully submitted,

                              PRENDA LAW, INC. and PAUL DUFFY

                              By:  /s/ Paul. Duffy
                                   One of their attorneys

Paul A. Duffy
321 N. Clark Street, 5th Floor
Chicago, IL 60654
Telephone: (312) 952-6136

E-mail:  pduffy@pduffygroup.com
Dated:  September 11, 2014

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on September 11, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                 /s/ Paul Duffy
                 Paul Duffy