UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY, | ) | Case No. 1:13-cv-01569 |
| | ) | Honorable John W. Darrah |
| Plaintiff, | ) | Removed from: |
| | ) | Circuit Court of Cook County, IL |
| v. | ) | No. 13-L-001656 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, | ) | Consolidated with: |
| | ) | *Prenda Law, Inc. v. Godfread, et al,* |
| | ) | No. 1:13- cv-04341 (N.D. Ill.) |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| PAUL GODFREAD AND ALAN | ) | |
| COOPER, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRENDA LAW, INC. AND PAUL | ) | |
| DUFFY, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

DEFENDANTS' MOTION FOR CONTEMPT, OR IN THE
ALTERNATIVE, FOR AN ORDER TO PRENDA LAW, INC. AND PAUL DUFFY
TO SHOW CAUSE WHY EACH SHOULD NOT BE HELD IN CONTEMPT

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and through counsel, and hereby move the Court for an order holding in contempt Prenda Law, Inc. and Paul Duffy for their failure to pay the sanctions awarded on February 3, 2014, to Godfread and Cooper. [ECF No. 59 and 60], or in the alternative, for an order to Prenda Law, Inc. and Paul Duffy to show cause why each should not be held in contempt for their failure to pay the sanctions, and in support thereof show the Court as follows:

I.      PROCEDURAL HISTORY AND RELEVANT FACTS

After a failed attempt to have this matter remanded to the Circuit Court of St. Clair County, case 1:14-cv-04341 was transferred to the Northern District of Illinois and these matters were consolidated. Prenda and Duffy then "renewed" their motion to remand to St. Clair County, advancing the same arguments rejected by Judge David R. Herndon in June of 2013. Defendants were able to show that Prenda had misled the St. Clair County clerk of court in an attempt to file an amended complaint with a sham plaintiff, Alpha Law, to destroy the Southern District's diversity jurisdiction over the case.

Duffy misrepresented the facts surrounding the filing of the sham amended complaint in St. Clair County to this Court. Duffy also lied to this Court, on the record, about Judge Herndon's ruling on Prenda's motion to remand. Defendants filed a motion for sanctions against Prenda and Duffy, which was granted on February 3, 2014. [ECF No. 59 and 60]

The Court awarded to Defendants sanctions "against Prenda Law, Inc. and Paul A. Duffy, pursuant to the Court's inherent authority to sanction, 28 U.S.C. § 1927, due to his unreasonable and vexatious conduct, and Federal Rule of Civil Procedure 11(c) for violating Rule 11(b)(1)(2), and (3)" and ordered Defendants to submit an itemized statement of attorney's fees occasioned by the misconduct of Prenda Law, Inc. and Paul A. Duffy." [ECF No. 60-11].

Counsel for Defendants filed their itemization of attorneys' fees on February 7, 2014. [ECF No. 61]. Prenda and Duffy were ordered to file their response by February 20, 2014, with Defendants' reply due on February 7, 2014. [ECF No. 58]. Neither Prenda nor Duffy filed their response by February 20, 2014. On February 27, 2014, Defendants filed a reply, informing the Court that no response had been filed. [ECF No. 62].

On March 4, 2014, Prenda filed its Opposition to Petition for Attorney Fees, along with a motion for leave to file it *instanter*. [ECF No. 63]. The document is entitled "Prenda Law, Inc.'s Opposition to Attorneys' Fees Itemization". Prenda's opposition consists of an introduction in which Duffy apologizes for misleading the Court, an argument that Defendants should not be entitled to fees for opposing Prenda's attempt to renew their motion to remand because Prenda said they would withdraw it, an argument about monetary Rule 11 sanctions being disfavored (despite the fact that Prenda and Duffy were sanctioned not just for violating Rule 11, but also based on the Court's inherent authority to sanction and §1927), that the fees Defendants were seeking were "exorbitant", and attempting to cast blame for Prenda's actions in St. Clair County on their local counsel, Kevin Hoerner, and asking that the Court reduce any sanction imposed against Duffy under §1927 to the extent the sanctions related to acts or omissions by Hoerner.

Prenda's Motion Opposing Attorneys' Fees was denied on June 12, 2014. [ECF No. 68]. The Court held that Defendants' fees would be awarded only "related to the conduct that occurred in this Court." Sanctions were awarded in the amount of $11,758.20. [ECF No. 68].

On August 27, 2014, counsel for Defendants revealed to this Court that the sanctions remained unpaid. As of that date, 76 days had passed without any action or payment by Prenda and Duffy. On the date, Duffy informed the Court that a motion to stay payment of sanction due to inability to pay would be filed on behalf of Prenda. That motion was filed on September 2, 2014. [ECF No. 71]. The motion to stay was denied by this Court on September 4, 2014.

II.     LEGAL STANDARD

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt filing, the moving party must establish by clear and convincing evidence that: 1) a court order sets forth an unambiguous command; 2) the alleged contemnor violated that command; 3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and 4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

"All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes [it] is incorrect, the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Thomas v. City of Evanston*, 636 F.Supp. 587, 588-89 (N.D. Ill. 1986) (quoting *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975)) (internal edit omitted).

Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the continuancy. *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). Remedial sanctions compensate the complainant for the contemptuous conduct. *Id.* Coercive sanctions aim to coerce the contemnor's compliance with a court order. *Id.* A coercive sanction must afford the contemnor the opportunity to "purge" the contempt, to avoid punishment by complying with the order. *Id.* The factors to be considered in imposing a civil contempt sanction include: 1) harm from noncompliance; 2) probable effectiveness of the sanction; 3) contemnor's financial resources and the burden the sanctions may impose; and 4) contemnor's willfulness in

disregarding the court's order. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). The court must "consider the character and magnitude of the harm threatened by continued contumacy…". *Id.* at 304.

### III.     ARGUMENT AND CITATION TO AUTHORITY

Prenda and Duffy should be held in contempt. Moreover, Prenda and Duffy should be subject to both remedial and coercive sanctions for civil contempt.

### A.     Defendants can Show by Clear and Convincing Evidence That Prenda and Duffy Should be Held in Contempt.

Defendants can and have shown by clear and convincing evidence that they can meet the standard for civil contempt. This Court's Sanctions Order is clear and unambiguous. Prenda was sanctioned because "despite the deception regarding the Amended Complaint, counsel or Prenda moved for remand in the Southern District of Illinois based on the purported Amended Complaint. After the case was transferred to the Northern District of Illinois, Prenda again moved to remand, filing essentially the same motion that the Court of the Southern District of Illinois had denied. Prenda had no legal basis for 'renewing' this previously rejected motion." [ECF No. 60-7]. The Court also noted that "in a final act of audacity, Prenda, in response to Defendant's Motion for Sanctions, contends that the 'Court should award Prenda the fees it incurred in defending against Defendants' patently frivolous motion." [ECF No. 60-10].

Duffy was sanctioned after he admitted at the remand hearing on August 14, 2013, that "he filed substantially the same motion in the Southern District." [ECF No. 60-8]. When asked what the Southern District of Illinois said about the motion, Duffy claimed Judge Herndon had "indicated on the four corners of the complaint, it stated that it was a Minnesota corporation. However, the complaint also states that its principal place of business is in Minnesota". [ECF No. 60-8]. This Court accurately noted "the Southern District of Illinois Court said nothing of the

sort. Duffy had the opportunity to address this lie in his response to the Motion for Sanctions and did not. To fabricate what a federal judge said in a ruling before another court falls well outside the bounds of proper advocacy and demonstrates a serious disregard for the judicial process." [ECF No. 60-8]. "Following this duplicitous behavior before the Court, Duffy sought to withdraw the renewed motion for remand, generously explaining that the reason for the withdrawal was 'due to the apparent confusion arising from [the] motion." [ECF No. 60-8].

On June 12, 2014, after briefing by the parties on the amount of the sanctions to be awarded, and in response to Prenda's objection to Defendants' itemization of costs, the Court entered an Order awarding $11,578.20. [ECF No. 68].

The parties appeared before this Court on August 27, 2014 at which time Duffy had the audacity to assert on the record that the sanctions had not been paid because Prenda did not have sufficient assets to do so, and that the Sanctions Order did not apply to Duffy personally. Attorney Russell noted on the record that sanctions had been granted against both Prenda and Duffy, but Duffy insisted that was false. The Court granted Prenda leave to file a motion regarding its inability to pay no later than August 29, 2014. [ECF No. 70]. On August 29, 2014, Duffy requested an extension of time to file the motion through September 2, 2014, and Attorney Russell agreed to the brief extension.

On September 2, 2014, Prenda filed its Motion to Stay Payment of Sanction Due To Inability To Pay. In it Prenda alleged, essentially, that its only asset is this case. [ECF No. 71]. The document was not filed on behalf of Duffy, and contains no argument regarding Duffy's ability to pay the sanctions award.

Duffy and Russell appeared before the Court again on September 4, 2014, at which time the sanctions issue was discussed again. At that time, Duffy had a full week from the previous

court appearance at which Russell had stated that Duffy was also subject to the Sanctions Order. He had a full week to investigate the matter and take action. Of course, in the span of that week, nothing was done. On September 4, 2014, the Court denied Prenda's motion to stay payment of the sanctions. (Ex. A, 6:24-35). After denying Prenda's motion to stay, the following colloquy occurred:

| | |
|---|---|
| THE COURT: | Do you anticipate filing a rule to show cause, Ms. Russell? |
| MS. RUSSELL: | I do, your Honor. |
| THE COURT: | Okay why don't we put it over for two weeks for hearing on any motions that are timely filed. |
| … | |
| THE COURT: | Mr. Duffy, this is not a game. Do you understand that? |
| MR. DUFFY: | I understand, yes. |
| THE COURT: | Very well. |
| MR. DUFFY: | May I make one statement, your Honor? |
| THE COURT: | Sure. |
| MR. DUFFY: | My statement was based on the June 12th order which awarded sanctions to – against Prenda in the amount of $11,000 – |
| THE COURT: | Now that – I don't have the file in front of me but I don't believe that's accurate. I believe the order that awarded sanctions awarded sanctions well before that June date. |
| | Is that right, Ms. Russell? |
| MS. RUSSELL: | That's correct, your Honor. And – |
| THE COURT: | And I believe that order awarded sanctions against both you and Prenda. Now – |
| MR. DUFFY: | If I misunderstood, your Honor, I apologize. |
| THE COURT: | Well, I cautioned you about making these kind of statements. These kind of statements have led you to be the subject of sanctions in excess of $10,000 up to this date. |
| | Now what you just said is wrong, and I'll ask you to avoid doing that. |
| MR. DUFFY: | I apologize, your Honor. |

(Ex. A; 7:1-8:8)

Defendants have shown by clear and convincing evidence that Prenda and Duffy should be held in contempt for their failure to obey the Court's Sanctions Order. Prenda opposed Defendants' itemization of fees, but after being ordered to pay sanctions in the June 12, 2014

order, did nothing. Duffy never objected to Defendants' itemization of attorneys' fees, and then failed to act after the June 12, 2014 order. Not a dollar has been paid, and no serious efforts have been made by Prenda or Duffy to remedy the situation.

    B.    <u>A Combination of Remedial and Coercive Sanctions is the Appropriate Remedy for Prenda and Duffy's Failure to Obey the Court's Sanctions Order.</u>

Both remedial and coercive civil contempt sanctions are the appropriate remedy. Prenda and Duffy have made no good faith efforts to comply with the Sanctions Order. In fact, they made no efforts at all. No payment was made, and it was not until seven months after the Sanctions Order was entered that any attempt to stay that order was made. The magnitude of the harm in this case is significant. The actions for which Prenda and Duffy were sanctioned are serious. Prenda's chicanery in St. Clair County and its willingness to advance untenable legal arguments grounded in falsehood and deception simply cannot be tolerated. Duffy's blatant disregard for the orderly administration of justice, his insistence on advancing arguments previously rejected by another court, misrepresentations regarding facts and even the holdings of other federal judges made not only in writing, but on the record while standing in the well of the Court are unbefitting an officer of the Court and simply cannot continue.

Prenda and Duffy have flagrantly ignored the Court's Sanctions Order as part of a continuing pattern of deception and delay for which remedial and coercive civil contempt sanctions are appropriate, and likely necessary in order to maintain the orderly administration of justice in this matter.

Both Prenda and Duffy come to the Court on the instant case experienced in being at the short end of the civil contempt stick, and yet they continue to raise untenable arguments and make misrepresentations to this Court. They should be ordered to pay, with additional interest as permitted by law *and* a daily fine for any continued failure to pay as ordered by this Court. Such

sanctions have been effective in compelling Prenda and Duffy to comply with sanctions orders in the past. *See Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333-ODW-JC (C.D. Cal. entered May 21, 2013) (In which the Prenda principles, including Duffy, among others, failed to properly seek a stay of an attorney's fee award against them and were ordered to pay $1,000 per day, per person, per entity, until the attorney's fee award was paid or a bond for the amount due was posted). *See also Zivitz v. Greenberg*, NO. 98-5350, 2000 U.S. Dist. LEXIS 7842, at *10 (N.D. Ill. Jun. 5, 2000) (as a civil contempt remedy, imposing a daily fine of $250 per day for seven days following contempt order, $500 per day for seven days after that, and $1,000 per day thereafter).

Similarly, on March 24, 2014, Prenda and Duffy were held in contempt for failure to pay sanctions in a matter in the Southern District of Illinois. *See Lightspeed Media Corp. v. Anthony Smith, et al.*, No. 3:12-cv-889-DRH-SCW. [ECF No. 136]. In *Lightspeed*, Prenda and Duffy assumed the same recalcitrant posture they assume in the case before this Court. Judge Herndon entered an order awarding more than $261,000 in attorneys' fees to counsel for Mr. Smith, Comcast and AT&T. (Ex. B, p. 3). The same arguments regarding inability to pay were made on behalf of Prenda, and rejected not only by Judge Herndon, but later by the Seventh Circuit Court of Appeals. (Ex. C).

Defendants have shown that both remedial and coercive contempt sanctions are appropriate and likely necessary to bring Prenda and Duffy to heel with regard to obeying this Court's Sanctions Order. At a minimum, the Court should issue an order requiring Prenda and Duffy to show cause why they should not be held in contempt and sanctioned further.

IV.     CONCLUSION

Defendants respectfully request that the Court grant their motion and hold Prenda and Duffy in contempt of court and award both remedial and coercive sanctions for any failure to obey the Court's Sanctions Order. In the alternative, Prenda and Duffy should be ordered to show cause as to why they should not be held in contempt. The current course of conduct by Prenda and Duffy in this case must end. The Court has issued numerous warnings from the bench. They have fallen on deaf ears. The Court entered an order sanctioning Prenda and Duffy for their conduct seven months ago, and yet they continue to advance untenable arguments and make misrepresentations to the Court unabated. Delay, deny, do nothing. It would appear from the evidence that is the Prenda Way. It would also appear that only a finding of contempt, with sufficient sanctions to repair the harm and to coerce compliant conduct from Prenda and Duffy, will remedy the current situation.

Defendants also seek their attorney's fees incurred in seeking a finding of contempt through this motion, which fees have been necessitated only as a result of Prenda and Duffy's defiance of the Court's Sanctions Order, as well as interest and additional daily fines for each day Prenda and Duffy fail to make payment as ordered.

Respectfully submitted,

/s/ Erin K. Russell
Counsel for Defendants and Counter-Plaintiffs
Paul Godfread and Alan Cooper

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

/s/ Jason E. Sweet
Counsel for Defendants and Counter-Plaintiffs
Paul Godfread and Alan Cooper

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
admitted *pro hac vice*

CERTIFICATE OF SERVICE

The undersigned certifies that on September 12, 2014, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Erin Kathryn Russell