IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL DUFFY, )
)
Plaintiff, )
)
)
-vs- ) Case No. 13 C 1569
)
) Chicago, Illinois
PAUL GODFREAD, ALAN COOPER and ) September 4, 2014
JOHN DOES 1-10, ) 9:30 o'clock a.m.
)
Defendants. )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOHN W. DARRAH

APPEARANCES:

For the Plaintiff: MR. PAUL A. DUFFY (via telephone)
2 North LaSalle Street
Chicago, Illinois 60602

For the Defendants: THE RUSSELL FIRM
BY: MS. ERIN KATHRYN RUSSELL
233 South Wacker Drive
84th Floor
Chicago, Illinois 60606

Mary M. Hacker, CSR, FCRR
Official Court Reporter
United States District Court
219 South Dearborn Street, Suite 1212
Chicago, Illinois 60604
Telephone: (312) 435-5564

(Proceedings had in open court:)

THE CLERK: 13 C 1569, Duffy versus Godfread.

MS. RUSSELL: Good morning, your Honor. Erin Russell for defendants Paul Godfread and Alan Cooper.

THE COURT: Good morning, Ms. Russell.

(Brief pause.)

MR. DUFFY (via telephone): Paul Duffy.

THE COURT: Good morning.

MR. DUFFY: Hello?

THE COURT: This is --

MR. DUFFY: Good morning, your Honor.

THE COURT: This is Judge Darrah. We're here in open court. I'm calling for Paul Duffy.

MR. DUFFY: This is he, your Honor. Good morning.

THE COURT: Good morning, Mr. Duffy. Ms. Russell is here with us in open court.

Ms. Russell, what's the status of this?

MS. RUSSELL: Well, your Honor, we filed our motion for default last week and delivered a courtesy copy a week ago today and no responsive pleading has been filed on our counterclaims.

THE COURT: What about that, Mr. Duffy?

MR. DUFFY: Your Honor, the Court, as you recall, had previously struck the counterclaim. I had filed a motion to dismiss --

THE COURT: When was the -- hold it. Wait, wait, wait.

When was the counterclaim stricken?

MS. RUSSELL: Your Honor, he's --

MR. DUFFY: The counterclaim was --

MS. RUSSELL: Mr. Duffy is mistaken. We filed our first amended counterclaims, which were stricken. We filed a second amended counterclaim on April 4th of this year. We appeared before you for status on May 8th. On that date we informed you that the second amended counterclaim had been filed, and Mr. Duffy indicated that he was planning to file a motion to dismiss.

THE COURT: What about that, Mr. Duffy?

I'm going to ask you to be extremely cautious in the representations you make to this Court, Mr. Duffy. Do you understand that?

MR. DUFFY: Yes, I understand -- yes, I do, your Honor.

THE COURT: All right.

MR. DUFFY: I have previously --

THE COURT: You have --

MR. DUFFY: I previously filed a motion to dismiss the first amended counterclaim. The Court struck the first amended counterclaim and, in the process, struck my motion to dismiss it.

I intended to re-file and rest upon the prior motion to dismiss because the same legal issues were at play --

THE COURT: Hold on a second.

MR. DUFFY: I --

THE COURT: Wait. Stop.

There is on file a second amended counterclaim, is that right, Ms. Russell?

MS. RUSSELL: Yes, your Honor.

THE COURT: No responsive pleading has been filed to that second amended counterclaim, is that correct, Ms. Russell?

MS. RUSSELL: That's correct, your Honor.

THE COURT: Do you agree with that, Mr. Duffy?

MR. DUFFY: Yes.

THE COURT: Ms. Russell seeks to default you because no answer has been -- responsive pleading has been timely filed. What is your response to that motion to default?

MR. DUFFY: I would like an opportunity to stand upon the prior motion to dismiss that I filed.

THE COURT: I'm not going to -- no, you're not going to stand on anything.

Do you want to file a -- are you moving for time to file a responsive pleading to the second amended

counterclaim?

MR. DUFFY: Yes, your Honor.

THE COURT: How much time do you need?

MR. DUFFY: Seven days, please.

THE COURT: Seven days it is.

I'll show your motion as denied at this point, Ms. Russell.

This is going to move to some conclusion quickly and efficiently and fairly. That responsive pleading must be on file within seven days. Your failure to do so will invite another motion from Ms. Russell that might be resolved favorably for her.

Do you understand that, Mr. Duffy?

MR. DUFFY: Yes, your Honor.

THE COURT: Now, there's also this issue of -- motion to stay payment of the sanctions that I entered against you previously.

MR. DUFFY: Yes.

THE COURT: In essence, you're asking that the payment be stayed because Prenda doesn't have the resources.

What's your response to that, Ms. Russell?

MS. RUSSELL: Well, first, your Honor, we're going to be filing a motion for sanctions in the next couple of days. It's Mr. Duffy's position that your sanction order only applies to Prenda and not personally to him. He made

that representation here in open court a week ago today.

In fact, your sanctions order does award sanctions against both Prenda and Mr. Duffy.

THE COURT: Jointly and severally?

MS. RUSSELL: Well, you know, I'm not sure that it says jointly and severally in your order. But in your order dated February 3rd of this year you specifically held that the sanctions be against Prenda and Mr. Duffy. Those are docket Nos. 59 and 60.

THE COURT: Okay. The motion to --

MS. RUSSELL: Only --

THE COURT: The motion -- I'm sorry.

MS. RUSSELL: Only Prenda objected to -- we submitted our invoices and our bills for our legal fees and only Prenda objected. There was briefing on that, and you entered an award in June of this year affirming the -- $11,000 and change in sanctions. In the order it only mentions Prenda but only Prenda had objected.

So since you entered your sanctions order in February, Mr. Duffy never objected to any of it personally and has not paid.

THE COURT: Mr. Duffy --

MR. DUFFY: Your Honor, might I --

THE COURT: No. Your motion to stay payment of sanctions is denied.

Do you anticipate filing a rule to show cause, Ms. Russell?

MS. RUSSELL: I do, your Honor.

THE COURT: Okay. Why don't we put it over for two weeks for hearing on any motions that are timely filed.

Mel?

THE CLERK: September 18th at 9:30.

THE COURT: Mr. Duffy, this is not a game. Do you understand that?

MR. DUFFY: I understand, yes.

THE COURT: Very well.

MR. DUFFY: May I make one statement, your Honor?

THE COURT: Sure.

MR. DUFFY: My statement was based on the June 12th order which awarded sanctions to -- against Prenda in the amount of 11,000 --

THE COURT: Now, that -- I don't have the file in front of me but I don't believe that's accurate.

I believe the order that awarded sanctions awarded sanctions well before that June date.

Is that right, Ms. Russell?

MS. RUSSELL: That's correct, your Honor. And --

THE COURT: And I believe that order awarded sanctions against both you and Prenda. Now --

MR. DUFFY: If I misunderstood, your Honor, I

apologize.

THE COURT: Well, I cautioned you about making these kind of statements. These kind of statements have led you to be the subject of sanctions in excess of $10,000 up to this date.

Now, what you just said is wrong, and I'll ask you to avoid doing that.

MR. DUFFY: I apologize, your Honor.

THE COURT: Okay. And I'll ask you to appear here in court in two weeks.

Mel?

THE CLERK: September 18th at 9:30.

THE COURT: We'll see you then.

Is that a good date for you, Ms. Russell?

MS. RUSSELL: It is, your Honor.

THE COURT: September 18th, Mr. Duffy.

MR. DUFFY: Thank you, your Honor.

THE COURT: You're welcome.

MS. RUSSELL: Thank you, your Honor.

THE COURT: Thank you.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ ***Mary M. Hacker*** ***September 10, 2014***

Mary M. Hacker
Official Court Reporter

Date