**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1569 |
| | ) | |
| | ) | Consolidated with: |
| | ) | |
| | ) | Case No. 13-cv-4342 |
| | ) | |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO MOTON FOR CONTEMPT**

Plaintiffs/Counterdefendants PRENDA LAW, INC. and DUFFY oppose the Motion for Contempt filed by Defendants for three (3) independent reasons. *First,* the Court in its June 12, 2014 Order did not impose a monetary sanction against Duffy; it held "Sanctions are awarded to Defendants against Prenda Law, Inc., pursuant to the Court's inherent authority…" *Second,* while the February 3, 2014 Order did sanction Duffy, it did not impose a monetary sanction; the grounds for imposing a sanction differed in the June 12 Order from the February 3 Order in ways Plaintiffs believe are significant; only the June 12 Order imposed a monetary sanction, and it was imposed against Prenda. *Third,* Prenda's non-payment of the sanction imposed upon it is a function of its inability to pay; it no longer transacts business, has no clients, has no bank accounts and it no longer has liquid assets. For those reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Contempt.

This matter is extremely serious. In its February 3, 2014 Order (Case 13-cv-4341, ECF Docket #60), the Court sanctioned Prenda and Duffy. It did not impose costs in that Order, and the Court granted Defendants leave to submit documents supporting its alleged costs. In the June 12, 2014 Order (ECF #69), the Court concluded as follows: "Sanctions are awarded to Defendants against Prenda Law, Inc., pursuant to the Court's inherent authority to sanction, in the amount of $11,758.20." The Court did not state that it had imposed a monetary sanction against Duffy. While Defendants argue that the June 12 Order should be read to impose the same monetary sanction against Duffy as it imposed upon Prenda, the Order simply does not state that.

Only the violation of an unambiguous court order is punishable as a contempt of court. *See, e.g., SEC v. Hyatt*, 621F.3d 687, 692 (7th Cir. 2010); *Prima Tek II, L.L.C. v. Klerk'sPlastic Industries, B.V.*, 525 F.3d 533, 542 (7th Cir. 2008); *Goluba v. School District of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995); *Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 442 (D.C. Cir. 2010); *In re Grand Jury Investigation*, 545 F.3d 21, 25 (1st Cir. 2008). Here, the June 12, 2014 Order was unambiguous: It imposed the monetary sanction on Prenda alone. It did not state that that Duffy was sanctioned in any amount of money. The February 3, 2014 Order sanctioned Duffy, but did not impose a monetary sanction. The sanction arising from the February 3 Order was substantial. But it did not direct Duffy to pay an amount.

Furthermore, Defendants' attempt to conflate the June 12, 2014 Order with the February 3, 2014 Order fails because the basis for the two orders differed. While each Order, of course, speaks for itself, the Court in its February 3, 2014 Order indicated that it was based upon Federal Rule of Civil Procedure 11 and 28 U.S.C. 1927, as well as its inherent authority. The June 12, 2014 Order imposing a monetary sanction was not and, in fact, the Court stated that it was imposing the sanction (against Prenda) "pursuant to the Court's inherent authority to sanction…"

The June 12 Order did not state that it was issuing a sanction pursuant to Rule 11. Given the different legal grounds stated in the June 12 Order than those stated in the February 3 Order, Plaintiffs were justified in concluding that the Court intended what it wrote on June 12: that monetary sanctions were awarded against Prenda. The Order did not state that it awarded sanctions against Duffy.

Prenda's September 2014 motion (which the Court denied) sought a stay of payment of the sanction until the conclusion of the matter, and it was based upon Prenda's inability to pay. (Case No. 13-cv-4341, ECF #70.) And as set forth in the declaration supporting that motion (ECF #70-1, also attached here) Prenda does not have assets with which to satisfy the sanction. It dissolved voluntarily on July 26, 2013; discontinued operations; and has not represented any client in any action commenced since mid-2013. (*See* attached declaration.) It has no bank or checking accounts. It has no liquid assets. (*Id.*) Prenda undertook this litigation in order to recover damages caused to it through Defendants' conduct; the potential proceeds from this litigation are the only asset it appears to have now. Prenda now has a complete inability to pay the sanction against Penda set forth in the June 12 Order.

For the reasons stated in the Motion, Plaintiffs respectfully request that the Court deny Defendants' motion for contempt, and grant any and all further relief reasonable and appropriate under the circumstances.

Respectfully submitted,

PRENDA LAW, INC. and PAUL DUFFY

By: /s/ Paul Duffy
     One of their attorneys

Paul A. Duffy
321 N. Clark Street, 5th Floor

Chicago, IL  60654
Telephone:  (312) 952-6136
E-mail:  pduffy@pduffygroup.com
Dated:  September 11, 2014

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on October 17, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy
Paul Duffy