UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, ) | Case No. 1:13-cv-01569 |
| ) | Honorable John W. Darrah |
| Plaintiff, ) | Removed from: |
| ) | Circuit Court of Cook County, IL |
| v. ) | No. 13-L-001656 |
| ) | |
| PAUL GODFREAD, ALAN COOPER, ) | Consolidated with: |
| and JOHN DOES 1-10, ) | Prenda Law, Inc. v. Godfread, et al, |
| ) | No. 1:13- cv-04341 (N.D. Ill.) |
| Defendants. ) | |
| ) | |
| PAUL GODFREAD and ALAN ) | |
| COOPER, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PRENDA LAW, INC. and PAUL ) | |
| DUFFY, ) | |
| ) | |
| Counter-Defendants. ) | |

GODFREAD AND COOPER'S OPPOSITION TO
PRENDA AND DUFFY'S MOTION TO DISMISS SECOND AMENDED
COUNTERCLAIMS

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and

through counsel, and in response to Plaintiffs/Counter-Defendants Prenda and Duffy's Motion to

Dismiss the Second Amended Counterclaims show the Court as follows:

INTRODUCTION

The facts of this case are well known to this Court. Plaintiff Prenda Law, Inc., a now-

dissolved Illinois corporation operated by John Steele, Paul Hansmeier, and Plaintiff/Counter-

Defendant Paul Duffy, engaged in a nationwide spree of mass subpoena litigation designed to target anonymous internet users in an effort to extort large settlements from them. As part of that scheme, Prenda and its principals Duffy, Steele and Hansmeier used documents, including a document purporting to be a copyright assignment, bearing a forgery of the name of Defendant/Counter-Plaintiff Alan Cooper. Prenda came to an ignominious end after a series of federal courts found, among other specific instances of fraud and wrongdoing, that Mr. Cooper's signature had been forged, and that Prenda and its principals had stolen his identity and used it to advance their litigation scheme.

After learning of Prenda's scheme, Mr. Cooper hired an attorney, Defendant Paul Godfread, and asked him to investigate the matter. After his inquiries regarding the use of Mr. Cooper's name were rebuffed, Godfread filed an identity theft suit on behalf of his client, Cooper, against Prenda, two of its sham enterprises, and John Steele in a Minnesota court. Shortly thereafter, as a federal court in California was bearing down on Prenda and its principals in a crushing sanctions proceeding, Prenda and Duffy sued Mr. Cooper, and his young attorney, in three separate state court defamation lawsuits, two of which would later be removed and consolidated into what now stands as the instant case. The design of these lawsuits is manifestly clear. Prenda and Duffy intended to silence Cooper and Godfread in an attempt to keep Cooper from pursuing the Minnesota identity theft case, and to keep Mr. Cooper from testifying against Prenda and its principals, including Duffy, in the sanctions proceeding in California.

Prenda and Duffy have already been sanctioned in this matter for their dishonest and abusive conduct, highlighting the lengths to which they are willing to go to silence Mr. Cooper and Mr. Godfread. They now seek to dismiss the Second Amended Counterclaims filed against them. However, their Motion to Dismiss the Second Amended Counterclaims consists of little

more than a brief statement of law, a brief misstatement of law, several pages of personal attacks on Cooper, Godfread and their counsel. The Motion to Dismiss the Second Amended Counterclaims simply must fail.

STANDARDS OF REVIEW

A.  Standard of Review on a Motion to Dismiss Counterclaims.

Courts apply the same legal standard of review for motions to dismiss counterclaims as they do for motions to dismiss complaints. McLaughlin v. Chi. Transit Auth., 243 F.Supp.2d 778, 779 (N.D. Ill. 2003). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the counterclaim, not to decide the merits of the case. Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990); Anchorbank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). Pursuant to Rule 8(a) (2), a counterclaim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if the counterclaim lacks "enough facts to state a claim to relief that is plausible on its face" and that "raises a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). See also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

A sufficient counterclaim must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, at 555; Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618-19 (7th Cir. 2007). The counterclaim must "present a story that holds together." Swanson, at 404; Smith v. Medical Benefit Adm'rs Group, Inc., 639 F.3d 277, 281 (7th Cir. 2011). These requirements ensure that a counter-defendant receives "fair notice of what the … claim is and the grounds upon which it rests." Twombly, at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In evaluating a motion to dismiss a counterclaim, a court must accept all well-pleaded allegations as true and draw all reasonable inferences in a counter-plaintiff's favor. Fed.R.Civ.P. 12 (b)(6); Tamayo v. Blagojevich, 526 F.3d 1074, 1081

(7th Cir. 2008). See also <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Thompson v. Ill. Dep't of Prof'l Regulation</u>, 300 F.3d 750, 753 (7th Cir. 2002); <u>Cole v. Milwaukee Area Tech. Coll. Dist.</u>, 634 F.3d 901, 903 (7th Cir. 2011).

Thus, a counterclaim will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, at 679 (quoting <u>Twombly</u>, at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, at 678; <u>Tullis v. Dozier</u>, No. 12-cv-107, 2013 U.S. Dist. LEXIS 57581, *3-4 (S.D. Ill. Apr. 23, 2013).

B.  Standard of Review on a Motion to Strike Affirmative Defenses.

A motion to strike under Rule 12(f) is the appropriate means to challenge an "'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" <u>Delta Consulting Grp., Inc. v. R. Randle Const., Inc.</u>, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Such motions to strike affirmative defenses are generally disfavored because they are often employed for the sole purpose of causing delay. <u>Lyssenko v. Int'l Titanium Powder, LLC</u>, No. 07-cv-6678, 2010 U.S. Dist. LEXIS 74349, *10 (N.D. Ill. July 23, 2010).

> [M]otions pursuant to Fed. R. Civ. P. 12(f) are viewed by federal courts with healthy skepticism. Motions to strike are often considered to be dilatory, irksome or simply a device to accomplish unessential cosmetic surgery to the pleadings. For those reasons, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1381 (3d ed. 2004) ("Wright & Miller")); see also <u>Skube v. Williamson</u>, No. 12-cv-3185, 2013 U.S. Dist. LEXIS 34400, *8 (C.D. Ill. Mar. 12, 2013) (citing <u>United States v. 416.81 Acres of Land</u>, 514 F.2d 627, 631 (7th Cir. 1975) (motions to strike are dilatory tactic)); <u>Williams v. Jader Fuel Co., Inc.</u>, 944 F.2d 1388, 1400 (7th Cir. 1991) (citations omitted).

ARGUMENT

A.  Prenda and Duffy Provide No Legal Authority for Their Motions.

Prenda and Duffy move to dismiss and strike counterclaims, but provide the Court with no relevant law to guide these determinations. Were the Court to decide the question of dismissal or striking at this point, it would do so without the benefit of argument as to the applicable legal standards. Prenda and Duffy have cited no legal authority concerning the elements of either dismissal or striking in analogous circumstances. See e.g. Baruelo v. Comfort, No. 05-cv-6659, 2006 U.S. Dist. LEXIS 94309, *11 (N.D. Ill. Dec. 29, 2006). "While [Prenda and Duffy] may have some valid arguments on th[ese] point[s], [their] failure to provide necessary authority on th[ese] question[s] leaves the Court without the necessary points of departure for its decision." Tomic v. Sullivan, No. 89-cv-2054, 1992 U.S. Dist. LEXIS 2227, *39 (N.D. Ill. Feb. 28, 1992). Because Prenda and Duffy have not established that, as a matter of law, they are entitled to judgment on these questions, the Court should deny their motion. Id.

Even if the Court were to consider were to consider the pleading standard set forth by Prenda and Duffy as sufficient for purposes of deciding a motion to dismiss or strike, Prenda and Duffy have done no more than recite the "bare bones" legal standard, without applying the facts of the case, which is generally insufficient. Jackson v. Methodist Med. Ctr. of Ill., No. 06-cv-1235, 2007 U.S. Dist. LEXIS 2081 (C.D. Ill. Jan. 11, 2007) (citing Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989)).

B.  Prenda and Duffy Fail to State Why a Motion to Strike is Appropriate.

Prenda and Duffy move to strike the Introduction and Conclusion sections of the amended counterclaims on the basis that "each contains allegations that are in dispute and neither is numbered as required in Federal Rule of Civil Procedure 10 and the Court's March 5 Order." ECF No. 56 at 3. As an initial matter, Fed.R.Civ.P. 10 in pertinent part and upon which the Court's March 5 Order is premised, requires only that claims or defenses appear in numbered paragraphs. Fed.R.Civ.P. 10(b). Second, the sections are merely reiterations of undisputed facts

and uncontested sections from prior pleadings. Third, striking the entire Introduction and Conclusion sections would be inappropriate in this case. The sections provide the background necessary for the Court to understand the full scope of the Prenda and Duffy' activities, and are nothing more than a series of background and informational paragraphs intended to contextualize defendant's conduct. Prenda and Duffy neither argue that the inclusion of the section is unduly prejudicial to their case nor claim that such prejudice would somehow be ameliorated if these sections were stricken. *See* e.g. Fed.R.Civ.P. 12(f)

Even if the unidentified 'disputed allegations' were "redundant, immaterial, impertinent, or scandalous matter," there exists no basis to strike them from the pleading.

> Despite the arguable irrelevance of these allegations, due to the liberal notice pleading standards of Fed. R. Civ. P. 8, the court in the exercise of its discretion denies plaintiff's motion to strike or dismiss allegations … from the facts section of defendant's counterclaim.

<u>Jones v. SABIS Educ. Sys.</u>, No. 98-cv-4252, 1999 U.S. Dist. LEXIS 19450, *7 (N.D. Ill. Dec. 10, 1999)

C.  Godfread Has Plead A Proper Anti-SLAPP Claim Against Prenda and Duffy

The Minnesota Anti-SLAPP statute expressly provides for the payment of attorneys fees and costs to a prevailing party, actual damages where the moving party can show that the opposing party brought the action for the purposes of harming the injured party, and punitive damages upon a showing by clear and convincing evidence that the opposing party acted with conscious disregard or showed deliberate indifference to the rights or safety of others. <u>State Bank of Bellingham v. BancInsure, Inc.</u>, 2014 U.S. Dist. LEXIS 136849, *45-48 (Dist. of Minn. September 29, 2014); Minn. Stat. §554.04, subd. 1-2; Minn. Stat. §549.191.

Prenda's assertion that Godfread has not plead a proper claim against them is comprised largely of sputtering and personal attacks. They fail to raise a single legal argument supporting this contention, and their argument should be disregarded. Godfread has gone to considerable trouble and expense to defend himself in these matters. He has a viable anti-SLAPP claim

against Prenda and Duffy and has properly plead it. The motion to dismiss any counterclaims by Godfread should be denied.

D.  Prenda and Duffy Present No Cognizable Basis for Dismissing the Anti-SLAPP Counterclaim.

Prenda and Duffy first argue that an anti-SLAPP claim must be brought as a separate motion, not as a counterclaim and certainly not as "declaratory" relief. ECF No. 56 at 4. See also 2014 Minnesota Statutes: Declaratory, Corrective and Administrative Remedies: Minn. Stat. § 554.01. However, Prenda and Duffy proffer an incomplete reading of the statute in support of their contention. ECF No. 56 at 4 (citing § 554.02(2)).

The statute defines a 'motion' as including "any motion to dismiss, motion for summary judgment, or any other judicial pleading filed to dispose of a judicial claim." Minn. Stat. § 554.01(4) (emphasis added). Counterplaintiffs argue that their counterclaim falls within this framework. See also <u>Boley v. Minnesota Advocates for Human Rights</u>, No. 08-cv-05908, at 3 n.2 (D. Minn. Jan. 1, 2010) (citing Minn. Stat. § 554.045) (recognizing that a counterclaim under the statute may be brought).

Prenda and Duffy next cite the Court's denial of Counterplaintiffs' initial anti-SLAPP motion as grounds for dismissing the anti-SLAPP counterclaim. ECF No. 56 at 5. See also ECF No. 28 at 8. Counterplaintiff is unaware of any precedent supporting such an assertion, and Prenda and Duffy provide none.

More so, in denying the anti-SLAPP motion, the Court relied on a June 3, 2013 decision in <u>Leiendecker</u> for the supposition that the "clear and convincing evidence" requirement of the anti-SLAPP statute could be satisfied through reliance on the allegations of the complaint alone. Id. (citing <u>Leiendecker v. Asian Women United of Minnesota</u>, 834 N.W.2d 741, 750 (Minn. App. Ct. 2013)). On June 25, 2014, this interpretation of the statute was abrogated by the Minnesota Supreme Court. <u>Leiendecker v. Asian Women United of Minnesota</u>, 848 N.W.2d 224 (Minn. 2014). Therein, the court held that: 1) the allegations of a complaint are not evidence; and

2) a party must actually produce proof in order to satisfy the burden of "clear and convincing evidence." Leiendecker, 848 N.W.2d at 228 (concluding that under the anti-SLAPP statute, "the responding party carries three distinct burdens on the motion 1) the burden of proof, 2) the burden of production, and 3) the burden of persuasion. The burden or persuasion, in particular, describes the obligation to persuade the Trier of Fact of the truth of a proposition."). See also State Bank of Bellingham v. BancInsure, Inc., No. 13-cv-0900, 2014 U.S. Dist. LEXIS 136849, *38 (D. Minn. Sept. 29, 2014) (same).

Accordingly, this recent clarification of existing law warrants against dismissing the counterclaim and for a renewed motion to dismiss under the statute.

E.  Civil Conspiracy

Godfread and Cooper allege that Prenda and Duffy engaged in a conspiracy to commit identity theft against Cooper and to pursue shame litigation against them in retaliation for the filing of the identity theft lawsuit against Prenda and Steele in Minnesota. Godfread and Cooper have shown ample evidence of that conspiracy. A civil conspiracy may be demonstrated by circumstantial evidence. House v. Belford, 956 F.2d 711, 721 (7th Cir. 1992).

The Second Amended Counterclaims contain more than enough to satisfy the pleading requirement for conspiracy. Godfread and Cooper specifically alleged that Duffy and Prenda conspired to steal Cooper's identity to advance their litigation scheme for their own profit, that Prenda and Duffy conspired to use a forged copyright assignment to conduct litigation on behalf of at least two of Prenda's alter egos, including AF Holdings and Ingenuity 13, and that they conspired and agreed to attempt to silence Cooper and Godfread by filing sham defamation cases, including the instant consolidated case, against them. (ECF No. 50, ¶ 39-41). At least two federal judges have already made specific findings of fact that the conspiracy to steal Cooper's identity existed, and was perpetrated by Prenda and its principals, including, Duffy. (See discussion of the holdings of Judge Wright and Judge Vadas, ECF No. 50, ¶42-43). Prenda also attempted to add a sham party to the instant case before it was transferred to this Court from the

Southern District of Illinois. The conduct of Prenda and Duffy in this regard is well known to this Court, as it was the subject of numerous motions and a great deal of briefing that consumed the better part of a year of the Court's time. In the interest of judicial economy, Godfread and Cooper will not reiterate those facts here, but rather will let those facts as reflected in the briefing on the motion for sanctions and the recent motion for a rule to show cause speak for themselves.

Prenda and Duffy attempted to hide their activities with regard to the theft of Cooper's identity both in court before Judges Wright and Vadas, and when Godfread initially contacted Prenda to inquire about their use of the name "Alan Cooper". [ECF No. 50, ¶46-47].

Godfread and Cooper's counterclaim for conspiracy is more than sufficiently plead. Prenda and Duffy's motion to dismiss the conspiracy claim should be denied.

CONCLUSION

Prenda and Duffy have failed to raise a single legally cognizeable argument in favor of their motion to dismiss the Second Amended Counterclaims. The counterclaims are plead with more than enough specificity to survive even a properly-plead motion to dismiss. Their motion to dismiss should be denied, and Godfread and Cooper should be awarded their attorney's fees incurred in responding to it.

Dated: September 18, 2014                    Respectfully submitted,

/s/ Jason E. Sweet
Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
BBO # 668596

Counsel for Defendants Paul Godfread and
Alan Cooper

/s/ Erin K. Russell
The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

Counsel for Defendants Paul Godfread and
Alan Cooper

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2014, she caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Erin K. Russell