| | |
|---|---|
| PRENDA LAW, INC. and PAUL DUFFY, </br></br>　　　　Plaintiffs, </br></br>v. </br></br>PAUL GODFREAD, ALAN COOPER and JOHN DOES 1-10, </br></br>　　　　Defendants. </br></br>PAUL GODFREAD and ALAN COOPER, </br></br>　　　　Counterclaimants, </br></br>v. </br></br>PRENDA LAW, INC. and PAUL DUFFY, </br></br>　　　　Counterdefendants. | Case No. 13-cv-1569-JWD </br></br>Removed from: </br>The Circuit Court of Cook County, IL </br>No. 13-L-001656 </br></br>Consolidated with: </br>No. 13-cv-00207-DRH (S.D. Ill.) </br>No. 13-cv-04341-JWD (N.D. Ill.) |

### DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO THE MINNESOTA ANTI-SLAPP ACT, MINN. STAT. § 554.01, *et al*. PROMPTED BY A CHANGE IN LAW

Defendants, Attorney Paul Godfread ("Godfread") and his client Alan Cooper ("Cooper"), by and through counsel, renew their motion to dismiss all counts of Plaintiffs', Prenda Law ("Prenda") and Paul Duffy ("Duffy"), Complaints pursuant to the Minnesota anti-SLAPP Act, Minn. Stat. § 554.01, *et al*.

Plaintiffs' defamation claims are brought against Godfread and Cooper for statements made in a complaint filed in a Minnesota state court ("MN Complaint"). In short, Plaintiffs' retaliatory actions were taken against Godfread and Cooper for exercising their First Amendment right to petition the courts, and as such are subject to the protection afforded by the anti-SLAPP statute. *Middle-Snake-Tamarac Watershed v. Stengrim*, 784 N.W.2d 834, 839 (Minn. 2010) (Minnesota's anti-SLAPP statute seeks to vindicate the important constitutional right to publicly participate in government).

In denying Godfread and Cooper's initial anti-SLAPP motion, the Court relied on a June 3, 2013 decision in *Leiendecker* for the supposition that the "clear and convincing evidence"

requirement of the anti-SLAPP statute could be satisfied through reliance on the allegations of the Complaints alone. Doc. 28 at 8, 13-cv-1569[1] (*citing Leiendecker v. Asian Women United of Minnesota*, 834 N.W.2d 741, 750 (Minn. App. Ct. 2013)).

On June 25, 2014, this interpretation of the statute was abrogated by the Minnesota Supreme Court. *Leiendecker v. Asian Women United of Minnesota*, 848 N.W.2d 224 (Minn. 2014). Therein, the court held: 1) allegations of a complaint are not evidence; 2) the burden is on the responding party to actually produce proof in order to satisfy the burden of "clear and convincing evidence"; and 3) the court is required to dismiss the claim if the responding party has failed to carry its burden. *Id.* at 231. (concluding that under the anti-SLAPP statute, "the responding party carries three distinct burdens on the motion 1) the burden of proof, 2) the burden of production, and 3) the burden of persuasion. The burden or persuasion, in particular, describes the obligation to persuade the Trier of Fact of the truth of a proposition.").

Accordingly, Godfread and Cooper renew their anti-SLAPP motion.

**Relevant Facts & Procedural History**

Godfread and Cooper hereby adopt and incorporate by reference the relevant facts and procedural history as stated in their initial Motion to Dismiss. Doc. 11 pp. 1-6, 13-cv-1569.

Beginning in 2011, Prenda Law and its Principals, John Steele ("Steele"), Paul Hansmeier ("Hansmeier") and Duffy began filing suits on behalf of several offshore sham entities for their personal financial gain while attempting to insulate themselves from personal liability for their actions.[2] To further those goals, they used the alias 'Alan Cooper' to conceal their ownership of the corporations and control over the settlement proceeds.

Cooper was a caretaker from 2006-2012 for property Steele owned. Steele, once told Cooper that if he was ever contacted regarding "any of my law firm[s] or anything that has to do with me, don't answer and call me." Doc. 11-2 at 23:12-15, 13-cv-1569. Sometime thereafter, Steele's mother-

---

[1] In this motion, citations to the record will be in the form "Doc. ___, 13-cv-1569" for docket entries in *Duffy v. Godfread*; "Doc. ___, 13-cv-0207" for docket entries in *Prenda Law, Inc. v. Godfread*; and "Doc. ___, 13-cv-4341" for docket entries in *Prenda Law, Inc. v. Godfread*.

[2] This Court should apply issue preclusion to facts determined on the record in *Ingenuity 13* and *Lightspeed Media* establishing that Steele, Hansmeier, and Duffy own and control Prenda, act in concert in directing its litigation, and can be held jointly and severally liable for attorney's fees that Prenda defendants incur as a result. The *Navasca* court found that the *Ingenuity 13* sanctions order merits preclusive weight on related issues: "Issue preclusion bars AF, Steele, and Hansmeier from relitigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their alter ego relationship, their conduct, and their business model." Doc. 50-4 p. 10, 13-cv-1569.

2

in-law informed Cooper that his name was being used as an officer of AF Holdings and Ingenuity 13 —clients of Prenda Law. *AF Holdings, LLC v. John Does*, No.12-cv-01447, ECF No. 67 at 2:12 (D. Minn. Nov. 6, 2013).

In mid-November 2012, Cooper retained Godfread for purposes of confirming that it was a different 'Alan Cooper' who was an officer of AF Holdings and Ingenuity13, and not him. Doc. 11-3, 13-cv-1569. Godfread was not able to reach AF Holdings, but he eventually received a response from Duffy indicating that AF Holdings was not planning to answer his questions. Concerned about his potential personal liability in connection with the scores of pending lawsuits involving 'Alan Cooper', and faced with an entity and its law firm that were unwilling or unable to offer any substantive proof to refute Cooper's concerns, Cooper had little choice but to file suit.

In January 2013 Cooper, through Godfread, filed suit in Minnesota, alleging identity theft against Steele, Prenda, and two of the off-shore entities. Doc. 11-5, 13-cv-1569 (*Alan Cooper v. John Steele, et al.*, No. 27-cv-13-3463 (4th Dist., Hennepin Cty., MN) (Jan. 25, 2013)).

In February 2013 Steele, Hansmeier, Duffy and Prenda retaliated. Rather than file counterclaims for defamation in the Minnesota action, they colluded in three substantially identical state-court defamation lawsuits filed against Godfread and Cooper: the two cases consolidated in this court, with Duffy and Prenda as titular plaintiffs, and a third Steele filed in Florida but voluntarily dismissed upon removal. Doc. 5-7, 5-8 & 5-9, 13-cv-4341. Hoping to destroy diversity, they also twice sought to join Hansmeier's law firm, Alpha Law LLC, through a sham "amended complaint." Doc. 12, 13-cv-00207; Doc. 39, 13-cv-04341.

The paucity of substantive factual allegations in the Complaints against Godfread and Cooper betrays Plaintiffs' ulterior motives. When Plaintiffs' filed their duplicative state court actions, their goal was not to win on the merits but rather 1) to force Godfread and Cooper to expend costs and attorney fees in multiple state court proceedings; 2) to discourage opposition in the Minnesota action through delay, expense, and distraction; and 3) pursued to intimidate Cooper to from testifying in other courts about the forgery.

**Legal Standard**

Minnesota's anti-SLAPP statute was designed to prohibit lawsuits against parties engaged in public participation seeking favorable government action.[3] *Stengrim*, 784 N.W.2d at 838. Specifically, the statute protects "lawful conduct or speech that is genuinely aimed in whole or in part at procuring government action is immune from liability, unless the conduct or speech constitutes a tort or a violation of a person's constitutional rights." Minn. Stat. § 554.03.

The immunity derived from this statute "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involved public participation." Minn. Stat. § 554.02 subd. 1; *Stengrim*, 784 N.W.2d at 841. Here, Godfread and Cooper need only make a threshold showing that the underlying "claim materially relates to an act of the moving party that involves public participation." Once the threshold showing is satisfied, the burden shifts to the Plaintiffs to show, by clear and convincing evidence, that Godfread and Cooper's statements in the underlying MN Complaint are not immune from liability. *Stengrim*, 784 N.W.2d at 839; *Leiendecker,* 848 N.W.2d at 230.

**Argument**

The procedural provisions of the anti-SLAPP statute set out "a unique procedural framework." *Stengrim,* 784 N.W.2d at 839; *see also* Minn. Stat. § 554.02 subd. 2. The statute places the "the burden of proof, of going forward with the evidence, and of persuasion on [an anti-SLAPP] motion" on the party responding to the motion—here, the Plaintiffs—rather than the party moving for dismissal—here, Godfread and Cooper. *Leiendecker,* 848 N.W.2d at 229; Minn. Stat. § 554.02 subd. 2(2).

Thus, under the anti-SLAPP statute, once Godfread and Cooper meet their minimal burden to show that the challenged statements were made in the course of public participation, Plaintiffs are required to produce clear-and-convincing evidence that the statements are not immune. *Leiendecker,* 848 N.W.2d at 230; Minn. Stat. § 554.02 subd. 2(3).

---

[3] This Court has already ruled that "the Minnesota anti-SLAPP statute must be applied with respect to Godfread's and Cooper's defense in this case." Doc. 28 at 7, 13-cv-1569.

**I.   Godfread & Cooper's Minnesota Complaint was Genuinely Aimed at Procuring Favorable Government Action.**

It cannot be disputed that Godfread and Cooper were targeted in the multiple state proceedings, including this one, for statements "made … in a complaint … that are patently false." Doc. 3-1 ¶¶ 6-7, 13-cv-01569; Doc. 2-1 ¶¶ 6-7, 13-cv-04341; Doc. 2-1 ¶¶ 6-7, 13-cv-00207 (collectively, "Compls.").

The purpose of the anti-SLAPP statute is to "protect citizens and organizations from lawsuits that would chill their right to publicly participate in government." *Marchant Investment & Management Co, Inc. v. St. Anthony West Neighborhood Organization, Inc.*, 694 N.W.2d 92, 94 (Minn. App. 2005); Minn. Stat. § 554.02(1) (A party may move "to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation."). "The defendant bears a '*minimal burden*' of making a threshold showing that the plaintiff's underlying claim materially relates to an act of the defendant's that involved public participation." *Stengrim*, 784 N.W.2d at 841; *Freeman v. Swift,* 776 N.W.2d 485, 488 (Minn. Ct. App. 2009), *review denied* (Minn. Mar. 16, 2010). The participation-in-government immunity provided under the anti-SLAPP statute explicitly requires the non-moving party to disprove the movant's immunity by clearly and convincingly establishing an underlying tort. *Swanlund v. Shiano Indus. Corp.*, 459 N.W.2d 151, 154 (Minn. App. 1990); *Stengrim*, 784 N.W.2d at 839.

"Public participation" is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." Minn. Stat. § 554.01 subd. 6. The anti-SLAPP statute states that:

> "Government" includes a branch, department, agency, official, employee, agent, or other person with authority to act on behalf of the federal government, this state, or any political subdivision of this state, including municipalities and their boards, commissions, and departments, or other public authority.

*Id.*, subd. 2. Whether a communication is entitled to immunity under the anti-SLAPP statute "depends on the nature of the statement, the purpose of the statement, and the intended audience." *Freeman*, 776 N.W.2d at 490.

Applying the *Freeman* principles here, it cannot be disputed that the MN Complaint was genuinely aimed at procuring favorable government action—namely, obtaining a determination that Cooper's identity was usurped by Plaintiffs for use in their fraudulent activities. Minn. Stat. § 554.01 subd. 6; *Freeman*, 776 N.W.2d at 490 (discussing statutory definitions of "genuinely," "aimed" and

"procuring," and concluding that "the statute is unambiguous and can be construed based solely on the plain language used in the statute"). Again, concerned about his potential personal liability in connection with the scores of pending lawsuits involving 'Alan Cooper', and faced with both an entity and its law firm that were unwilling or unable to offer any substantive proof to refute Cooper's concerns, Cooper had little choice but to file suit.

"The First Amendment of the Constitution protects the right of the people 'to petition the Government for a redress of grievances.'" *Nielsen v. Bohnen*, No. 82-cv-10-6694, 2012 Minn. Dist. LEXIS 111, *21 (Minn. Dist. Ct. 2012); *Associated Contract Loggers, Inc. v. U.S. Forest Serv.*, 84 F.Supp.2d 1029, 1035 (D. Minn. 2000) *aff'd*, 10 Fed. Appx. 397 (8th Cir. 2001). A complaint is "the initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim and the demand for relief. In some states, this pleading is called a *petition*." *Black's Law Dictionary* 279 (7th ed. 2001) (emphasis in original).

Furthermore, the appellate court in *Nexus* broadened the reach of anti-SLAPP protection, holding that it applies even to Internet postings, if they are "genuinely aimed" at procuring favorable government action. *Nexus v. Swift*, 785 N.W.2d 771, 786 (Minn. Ct. App. 2010). In remanding the case, the appellate court confirmed a defendant need only make the threshold showing that its communications were genuinely aimed at procuring favorable government action, and then the burden shifted to the plaintiff to establish by clear and convincing evidence that the statements were not. *Id.* Thus, *Nexus*, like *Freeman*, supports a finding that *even if* "these [unidentified] false and defamatory statements from the Complaint appeared on Internet websites before the Minnesota Complaint was filed" they are immune under anti-SLAPP. Compls. ¶ 6.

Here, anti-SLAPP immunity turns on the fact that the MN Complaint was genuinely aimed at procuring favorable government action to protect Cooper's rights, and therefore satisfies the threshold showing that it qualifies for protection. The burden therefore shifts to Plaintiffs to rebut this threshold showing with clear and convincing evidence—a burden Plaintiffs cannot meet. *See Nexus*, 785 N.W.2d at 783. Accordingly, the record shows that Godfread and Cooper meet their "minimal burden" of demonstrating that the MN Complaint meets the public participation requirement.

**II.    Plaintiffs Fail to Produce Clear-and-Convincing Evidence of Godfread and Cooper's Defamatory Statements.**

**A.    Plaintiffs Fail to State an Actionable Defamation Claim.**

As an initial matter, Plaintiffs fail to state an actionable defamation claim. In this case, the alleged defamatory statements made by Godfread and Cooper arise out of the MN Complaint. Compls. ¶ 6. This is the *only* instance of supposed defamation which Plaintiffs specifically attribute to Godfread and Cooper.

To sufficiently plead defamation in Illinois federal courts, plaintiffs are required to recite the precise language alleged to be defamatory. *Simons v. Ditto Trade, Inc.*, No. 14-cv-309, 2014 U.S. Dist. LEXIS 109601, *15 (N.D. Ill. Aug. 8, 2014); *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 707 (N.D. Ill. 1990) (noting that both federal courts in the Northern District of Illinois and state courts in Illinois apply the same "precise language" requirement in pleading a cause of action for defamation); *Doherty v. Kahn*, 682 N.E.2d 163, 172 (Ill. App. Ct. 1997) (holding that under Illinois law, the allegedly defamatory statement itself must be set forth with specificity); *Walls v. Jerome*, No. 99-cv-3016, 2000 U.S. Dist. LEXIS 6579, *6-7 (N.D. Ill. May 9, 2000) (citing *Richardson Electronics, Ltd. v. Video Display Corp.*, No. 89-cv-3588, 1989 U.S. Dist. LEXIS 11441,*3 (N.D. Ill. Sept. 26, 1989) ("vague and general assertions will not sustain a claim for defamation; neither will mere conclusory allegations"); Fed. R. Civ. P. 9(g).[4]

Here, Plaintiffs fail to allege the defamatory statements with the requisite specificity. Reviewing paragraphs six and seven of the Complaints, Plaintiffs have failed to identify *any* language of the MN Complaint alleged to be "patently false." Nor can they. Courts across the country have concluded that Steele, Hansmeier, and Duffy used Prenda and its litigation to perpetrate fraud—chiefly, the fraud of misappropriating Cooper's identity—so any statements to that effect are true:[5]

- "The Principals [Steele, Hansmeier, and Duffy] **fraudulently signed the copyright assignment** for 'Popular Demand' using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings." Doc. 16-2 at 5, 13-cv-01569 (*Ingenuity 13* Order).

---

[4] *See also Green v. Rogers*, 917 N.E.2d 450, 461 (Ill. 2009) (defamation *per se* must be pled with a heightened level of precision and particularity); *Mittelman v. Witous*, 552 N.E.2d 973, 987-88 (Ill. 1989) (the substance of the statement must be pled with sufficient precision and particularity so as to permit judicial review of its defamatory content); *Krueger v. Lewis,* 794 N.E.2d 970, 972 (Ill. App. Ct. 2003) (precision and particularity are necessary so defendant may properly formulate an answer and identify any affirmative defenses).

[5] Truth is an absolute defense to a defamation claim. *Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 255 (Minn. 1980).

7

- "Navasca has established that Steele and/or Hansmeier forged Cooper's signature on the Assignment and continued to misrepresent Cooper's involvement in AF's business activities … The undersigned finds that there is ample evidence before the court that Steele and Hansmeier engaged in bad faith conduct, and **perpetrated fraud upon the court**." Doc. 50-4 at 13-14, 13-cv-1569 (*Navasca* Report & Recommendation).

- "Paul Duffy has no credibility with this Court. This Court finds that the Prenda Law Firm is or has been **conducting fraudulent business**; therefore, Paul Duffy, as agent of the Prenda Law Firm, is entirely incredible and his Affidavit will not be considered for any purpose." *Cooper v. Steele*, No. 13-cv-2622, 2014 U.S. Dist. LEXIS 103095, *10 n.1 (D. Minn. July 29, 2014) (quoting Hennepin County District Court).

- "[T]he district court had ample reason to find the Prenda/Alpha distinction illusory at best, **fraudulent** at worst." Doc. 60-3 at 8, 13-cv-01569 (*Lightspeed Media* 7th Cir. Opinion).

- "While the Court was unable to nail down any specific lies due, in significant part, to plaintiff's counsel excellent "attorney speak", the **misrepresentations and half-truths** presented indicate plaintiff's counsel's clear disrespect of the Court." Doc. 60-2 at 9, 13-cv-01569 *(Lightspeed Media* Contempt Order).

- "The [principals of Prenda] have shown **a relentless willingness to lie** to the Court on paper and in person …" *AF Holdings, LLC v. Does 1-1,058*, 752 F.3d 990, 992-93 (D.C. Cir. 2014) (quoting *Lightspeed*).

- "This action appears to be markedly similar to **a fraudulent scheme** as found [in *Ingenuity 13*]." Doc. 51-7 at 6 n.2, 13-cv-4341 (*Guava v. Merkel* memorandum order sanctioning Alpha, its attorney, and shell company Guava LLC for bad faith litigation in case involving Prenda, Duffy, and Hansmeier).

Plaintiffs' claims do not meet the pleading requirements of Rule 9(g), nor do they survive the scrutiny of being anything other than truthful. Indeed, Plaintiffs fail to allege any set of facts that would support its clear and convincing burden, or even permit exploratory discovery on the issue. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558 (2007) (stating that a party cannot rely on future discovery to reveal a case, and if a party has not pleaded facts entitling it to relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court."). Further leave to amend would be futile. Plaintiffs' pleading already states the MN Complaint as the basis for their claims, and Defendants have provided the Court with a copy, which, on its face, shows that it was genuinely aimed at procuring favorable government action to enforce Cooper's rights. Godfread and Cooper's MN Complaint is therefore protected under anti-SLAPP.

### B. Anti-SLAPP Immunity Broadly Extends even to Internet Postings.

Likewise, Plaintiffs' claims of online comments by Godfread and Cooper fail for similar reasons. Plaintiffs' claims that—Godfread and Cooper have "made both [defamatory] written and oral statements to Plaintiff[s] and its agents … [and] those statements have appeared, or been incorporated, in comments on … Internet sites …"—is insufficient. Compls. ¶ 6.

*First*, although the allegations cite more specific statements, simply alleging the statements were "false" or "communicated" focuses on the import or significance of the words, and not the allegedly defamatory words themselves.

*Second*, the allegations do not identify who, if anyone, the "published false statements" were given to, Plaintiffs' failure to specify *to whom* the "published false statements" was communicated further renders the claims insufficient. *See, e.g., Edelman, Combs & Latturner*, 338 Ill.App.3d at 168 (memorandum published to "John Doe" insufficient because "it cannot be determined to whom or under what circumstances the allegedly libelous statements were communicated"); *Lykowski v. Bergman*, 299 Ill.App.3d 157, 164 (1998) (holding a complaint was factually deficient because "allegations that the libelous statements were transmitted 'to the newspapers'… is not particularly helpful in this regard").

*Third*, even if the MN Complaint were the source of the alleged "false and defamatory" statements appearing "on Internet sites," *Nexus* broadened the reach of anti-SLAPP protection to Internet postings. *Nexus*, 785 N.W.2d at 786; Compls. ¶¶ 6-7.

*Fourth*, Plaintiffs identify 103 defamatory postings made by no fewer than 36 distinct individuals, yet identify none of the postings as being made by Godfread or Cooper. *Hadley v. GateHouse Media Freeport Holdings, Inc.*, No. 12-cv-1548, 2012 U.S. Dist. LEXIS 98674, *6-7 (N.D. Ill. 2012) (alleging defamatory comments were posted online anonymously via a fictitious name is nothing more than "sheer speculation.").

*Fifth*, placed in their proper context, *i.e.* websites discussing copyright trolls, the postings complained of cannot be considered anything more than opinion.

> *"I'm considered the original copyright troll, says John Steele."*

Kashmir Hill, "How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) Porn Pirates," *Forbes* (Oct. 15, 2012).[6] *See also Thomas v. UnitedHealth Group, Inc.*, No. 12-cv-47, 2014 U.S. Dist. LEXIS 148890, *58 (D. Minn. Sept. 16, 2014) (citation omitted) ("[N]umerous courts, including the Minnesota Supreme Court, have held that expressions of opinion, even if defamatory, are constitutionally protected."); *Marchant*, 694 N.W.2d at 95 ("[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable.").

As pled, no court could find the postings defamatory or that Godfread or Cooper made them.

### III. Because Plaintiffs Fail to Carry their Burden Under the Statute, the Court is Required to Dismiss their Claims.

Here, because the anti-SLAPP statute applies, there is a presumption of immunity for Godfread and Cooper. The burden is on the Plaintiffs to show by clear and convincing evidence that Godfread and Cooper's statements are tortious.

Clear and convincing evidence "requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978). This standard is met when the matter sought to be proved is 'highly probable.'" *State v. Kennedy*, 585 N.W.2d 385, 389 (Minn. 1989). Thus, on a motion to dismiss under the Minnesota anti-SLAPP statute, Plaintiffs as the the responding party bear a heightened burden of showing that the statements were highly probably defamatory. "The Minnesota Supreme Court has described this standard as a heavy burden." *Hoyt v. Goodman*, No. 10-cv-3680, 2011 U.S. Dist. LEXIS 142508, *14 (D. Minn. Dec. 12, 2011) (*citing Stengrim*, 784 N.W.2d at 839)).

In denying Godfread and Cooper's initial anti-SLAPP motion, the Court relied on *Leiendecker*, 834 N.W.2d at 750 for the supposition that 1) the burden of persuasion is on Godfread and Cooper as the moving parties; and 2) Plaintiffs could satisfy the "clear and convincing evidence" requirement of the statute through reliance on the allegations of the Complaints alone. Doc. 28 at 8, 13-cv-1569. *See also* Minn. Stat. § 554.02 subd. 2(2-3).

This interpretation of the statute has been abrogated. *Leiendecker v. Asian Women United of Minnesota*, 848 N.W.2d 224, 228 (Minn. 2014) (reversing district court's denial of defendant's anti-

---

[6] Available at: http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/.

SLAPP motion wherein plaintiffs "produce[d] no evidence in response but rel[ied] solely on the allegations of their complaint.").

> Two statutory provisions are relevant to the question of whether a responding party must produce evidence to defeat an anti-SLAPP motion.
>
> The first is Minn. Stat. § 554.02, subd. 2(2), which places "the burden of proof, of going forward with the *evidence,* and of persuasion on the [anti-SLAPP] motion" on the responding party. (Emphasis added). A burden of going forward with the evidence is another way to refer to a burden of production: "the obligation of a party to come forward with sufficient evidence to support its claim or the relief requested." *Braylock v. Jesson,* 819 N.W.2d 585, 590 (Minn. 2012). A party cannot satisfy a "burden … of going forward with the evidence" without actually producing some evidence. *See, e.g., Aguilar v. Atl. Richfield Co.,* 24 P.3d 493, 510 (Cal. 2001) ("A burden of production entails only the presentation of 'evidence.'").
>
> The second provision, Minn. Stat. § 554.02, subd. 2(3), removes any remaining doubt about whether the party responding to an anti-SLAPP motion must produce evidence. That provision requires the district court to dismiss the challenged claim "unless the court finds that the responding party has *produced clear and convincing evidence* that the acts of the moving party are not immunized from liability under section 554.03." Minn. Stat. § 554.02, subd. 2(3) (emphasis added). Two aspects of the statute unambiguously require a party responding to an anti-SLAPP motion to produce evidence. One is the use of the term "produce[]," which means "[t]o bring forth" or "exhibit." *The American Heritage Dictionary of the English Language* 1406 (5th ed. 2011). The other is what the statute requires the responding party to produce: clear and convincing evidence. "Evidence" is the "means by which an allegation may be proven, such as oral testimony, documents, or physical objects," *id.* at 616, so it follows that allegations, standing alone, are not "evidence." Indeed, courts have long held that mere allegations in a complaint are not evidence. *See Nisenbaum v. Milwaukee Cnty.,* 333 F.3d 804, 810 (7th Cir. 2003); *Lundgren v. Freeman,* 307 F.2d 104, 118 (9th Cir. 1962).

*Id.* at 229-30.

> Under the anti-SLAPP statutes, therefore, the court is *required* to dismiss the claim, even in the face of genuine issues of material fact, if the responding party has failed to carry its burden of persuasion that the moving party is not immune by clear and convincing evidence.

*State Bank of Bellingham v. BancInsure, Inc.*, No. 13-cv-0900, 2014 U.S. Dist. LEXIS 136849, *38 (D. Minn. Sept. 29, 2014) (citing *Leiendecker,* 848 N.W.2d at 231) (emphasis in the original).

Here, the Plaintiffs allege Godfread and Cooper made statements "in a complaint filed in the District Court for the Fourth Judicial District of Minnesota that are patently false." Compls. ¶¶ 6-7. Rather than quote or attach the actual complaint, or even paraphrase the factual allegations made, Plaintiffs instead simply characterize the contents of the MN Complaint as "patently false." *Id.* This allegation fails to properly plead a defamatory statement: the terms "patently false" are the Plaintiffs' characterizations. Without pleading the statement itself, or even paraphrasing its factual allegations,

the Court cannot determine whether the comments were communicating opinion or fact, and thus cannot find the statements are clearly and convincingly defamatory. *Leiendecker,* 848 N.W.2d at 233.

Here, Plaintiffs' defamation claims fail to survive because Plaintiffs have not, nor can they, produce clear-and-convincing evidence sufficient to show:

1) that the MN Complaint contains any false statements;

2) that regardless of falsity, the statements are not immune from liability;

3) that regardless of falsity, Godfread or Cooper even made any of the online postings; and

4) that the comments somehow further harmed Plaintiffs' already besotted reputations.

Accordingly, the anti-SLAPP statute requires the Court to dismiss the claim. *Leiendecker,* 848 N.W.2d at 231; *State Bank,* 2014 U.S. Dist. LEXIS at *38.

IV.    **Plaintiffs' Remaining Claims are Barred by Minnesota's Anti-SLAPP Statute.**

It is a general principal that one particular set of operative facts may create more than one cause of action. Defamatory statements may in themselves give rise to a cause of action and, at the same time, become the means by which other torts are committed. *Exciting World of Fashion v. Dun & Bradstreet*, 16 Ill. App.3d 709, 714 (1973).

Plaintiffs' claims of false light, interference with contractual relationships, interference with prospective economic advantage and civil conspiracy are all pendant upon their defamation claims since the means allegedly used to interfere was defamation.[7] *Mittleman*, 552 N.E.2d at 987-88 ("The defamation and tortious interference counts are analytically intertwined in our view.").

> "The defamation which is the means used to interfere with his business relationships action is the same defamation that [plaintiff] seeks to recover damages for under his defamation claim. It seems to us that, regardless of what the suit is labeled, the thing done to cause any damage to [plaintiff] eventually stems from and grew out of the defamation. Business interests may be impaired by false statements about the plaintiff which, because they adversely affect his reputation in the community, induce third persons not to enter into business relationships with him. We feel this phase of the matter has crystallized into the law of defamation and is governed by the special rules which have developed in that field. Defamation provides a much broader scope of recovery than wrongful interference with business relationships. Under present defamation law, a victim of defamation may recover, under proper circumstances, general damages; special damages, including among others, loss of business relationships; and possibly punitive damages."

---

[7] In addition, each these claims are insufficiently pled. For example, under Illinois law a corporation cannot assert a false light claim, therefore Prenda's false light claim is barred. *Pope v. Chronicle Publ. Co.*, 95 F.3d 607, 612 (7th Cir. 1996).

12

*Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn. 1975). *See also Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 310 (Minn. 2007) ("Regardless of the label, [Plaintiffs'] claims are in essence defamation claims; they are claims that arise as a consequence of [Godfread and Cooper's] purported defamatory statements."); *Marchant*, 694 N.W.2d at 94 (applying the anti-SLAPP statute to defamation and other arising claims).

**Conclusion**

In the almost two years since Plaintiffs initiated this retaliatory litigation, the record has been marred with Plaintiffs' "relentless willingness to lie" to the Court, duplicitous pleadings, and sanctioned conduct. All done in an effort to enforce claims void of "clear and convincing evidence" to the contrary.

For the foregoing reasons, Plaintiffs' claims should be dismissed and attorney fees and costs awarded pursuant to Minn. Stat. § 554. Godfread and Cooper respectfully request:

1) Dismissal of Plaintiffs' claims in their entirety with prejudice;

2) Judgment in favor of Godfread and Cooper ordering Plaintiffs to reimburse Godfread and Cooper for all reasonable attorney fees and costs incurred in defending against Plaintiffs' claims pursuant to Minn. Stat. § 554.045;

3) Judgment in favor of Godfread and Cooper awarding actual and punitive damages pursuant to Minn. Stat. § 554.045;

4) Any and all liabilities of Counterdefendant Prenda Law, Inc. be imposed upon John Steele, Paul Hansmeier, and Counterdefendant Paul Duffy jointly and severally; and

5) Any judgment in favor of Godfread and Cooper to be satisfied within thirty (30) days of the Court's order, with a penalty of $1,000.00 per day for each day in excess.

Dated: October 30, 2014

Respectfully submitted,

/s/ Jason E. Sweet
Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
BBO # 668596

/s/ Erin K. Russell
The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, IL 60607
T: (312) 994-2424
F: (312) 706-9766

erin@russellfirmchicago.com  
ARDC # 6287255

Counsel for Defendants Paul Godfread and Alan Cooper

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2014, he caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Jason E. Sweet