UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, INC. and PAUL DUFFY,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>PAUL GODFREAD, ALAN COOPER<br>and JOHN DOES 1-10,<br><br>　　　　　　Defendants.<br><br>PAUL GODFREAD and ALAN COOPER,<br><br>　　　　　　Counterclaimants,<br><br>v.<br><br>PRENDA LAW, INC. and PAUL DUFFY,<br><br>　　　　　　Counterdefendants. | Case No. 13-cv-1569-JWD<br><br>Removed from:<br>The Circuit Court of Cook County, IL<br>No. 13-L-001656<br><br>Consolidated with:<br>No. 13-cv-00207-DRH (S.D. Ill.)<br>No. 13-cv-04341-JWD (N.D. Ill.) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION**

**I. Plaintiffs' Opposition Fails to Cite Proper Authority and Thus Forfeits Any Arguments.**

Plaintiffs' opposition is waived for failure to adequately develop their arguments. Plaintiffs' opposition is cursory, does not set forth a standard of review, case citations or legal arguments in support thereof. This lack of authority or legal argument forfeits any issues asserted by the Plaintiffs. *See United States CFTC v. Lake Shore Asset Mgmt.*, 540 F.Supp.2d 994, 1007 (N.D. Ill. 2008) (*citing Weinstein v. Schwartz,* 422 F.3d 476, 477 n. 1 (7th Cir. 2005)); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived…") (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). More so, Plaintiffs' deficient opposition was submitted after Plaintiffs were on notice in another matter that the practice of submitting cursory filings was unacceptable. *See e.g., Lightspeed Media Corp. v. Smith*, No. 12-cv-00889, ECF No. 186 (S.D. Ill. Oct. 20, 2014) (*citing Doe, By and Through G.S. v. Johnson*, 52 F. 3d 1448, 1457 (7th Cir. 1995)).

To the extent a Reply is warranted, Godfread and Cooper state as follows:

## II. Prenda's Principals Did Not Accord Separation Between Themselves and the Corporation. Neither Should the Court.

Duffy repeatedly states in his Complaint that "at all times relevant hereto, [he] was the sole officer [and employee] of Prenda." Compl. ¶¶ 1, 5, & 13. And as such, it followed that "Defendants' statements regarding Prenda are also, by definition, directed at [him]." *Id.* ¶ 1. Duffy now argues that for purposes of sanctions, he and Prenda are to be treated as separate and distinct entities.[1] Namely, Plaintiffs contend the June 12 Order does not apply to Duffy as it 1) names only Prenda; and 2) "did not state that it was issuing a sanction pursuant to Rule 11."

> "Counsel's willingness to shift positions depending on the argument of the moment gave his contentions an undesirable *Alice in Wonderland* quality as various facts faded in and out of view like the Cheshire Cat's grin. Needless to say, … this litigation tactic did not advance his … cause and diminished counsel's credibility with the court."

*United States CFTC*, 540 F.Supp.2d at 1008. Factual inconsistencies aside, these arguments are also without merit. *First*, the Court has already made it clear "that order awarded sanctions against both [Duffy] and Prenda. Doc. 60-1 at 7:23-24. *Second*, the Court's inherent authority includes imposing Rule 11 sanctions. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987).[2]

Even if the Court were to accept Duffy's contention, the fiction of Prenda's separate corporate existence should be disregarded.

> Under Illinois law, … a corporate entity will be disregarded and the veil of limited liability pierced when two requirements are met: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."

*Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985) (*quoting Macalusco v. Jenkins*, 420 N.E.2d 251, 255 (Ill. App. Ct. 1981)). A party who prevails over a corporation is "entitled to pierce the corporate veil and levy on the owners' personal assets to the full extent of his judgment; in the jargon of corporate law, the corporation was not a separate entity from its owners but merely their 'alter ego.'" *Brandon v. Anesthesia & Pain Mgmt. Assocs., Inc.,* 419 F.3d

---

[1] Once the "sole officer", Duffy now puts himself forth as "an officer." Doc. 62-1 ¶ 2, 13-cv-01569.

[2] A court has inherent authority to assess attorney's fees as part of a fine imposed on a party and/or counsel to sanction the "'willful disobedience of a court order.'" *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258 (1975) (*quoting Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718 (1967)); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991) (inherent authority extends to counsel as well as parties).

594, 597-98 (7th Cir. 2005). "The owners' liability to [the prevailing party] is, moreover, joint and several." *Id.* at 598. The *Ingenuity 13* court, found Prenda was "owned and controlled by the Principals." Therefore, Prenda's liabilities extend to the Principals, who were identified as Paul Duffy, John Steele and Paul Hansmeier. Doc. 50-3 p. 4, 13-cv-1569.

Treating Prenda as genuinely distinct from Steele, Hansmeier, and Duffy would give sanction to their fraud and promote grave injustice. Courts across the country have concluded that Steele, Hansmeier, and Duffy used Prenda and its litigation to perpetrate fraud—chiefly, the fraud of misappropriating Cooper's identity.[3] They deliberately structured Prenda as a conduit to transfer settlement proceeds to their personal accounts, leaving nothing for injured parties to recover.[4] Indeed, Duffy, Steele and Hansmeier have such a unity of interest and ownership with Prenda that it cannot be said to have a separate existence.

> [T]he factors Illinois courts consider to determine whether a unity of interest and ownership exists [are]: inadequate capitalization; failing to issue stock; failing to observe corporate formalities; failing to pay dividends; corporate insolvency; nonfunctioning corporate officers; missing corporate records; commingling funds; diverting assets to an owner or other entity to creditor detriment; failing to maintain an arm's-length relationship among related entities; and whether the corporation is a mere façade for a dominant owner. … No single factor is determinative.

*Wachovia Securities*, 674 F.3d at 752 (citations omitted).

In 2012 Prenda reaped $1,931,977.09 in known litigation settlements. *Ingenuity 13 v. Doe*, No. 12-cv-08333, ECF No. 240-1 p. 13 (C.D. Cal. May 6, 2013); *Lightspeed*, ECF No. 135-20. Steele told *Forbes* that he had made "more than a few million" settling copyright lawsuits.[5] Between December 2010 and April 2013, Prenda, its business aliases and its predecessor Steele Hansmeier PLLC received more than $4.4 million in disbursements from just one of several companies used to process online settlements. *Lightspeed*, ECF No. 135 p. 3 & Ex. F thereto. $2,187,096.93 of that money was distributed to Prenda between November 11, 2011 and March 12, 2013. *Id.*

---

[3] Doc. 67 pp. 7-8, 13-cv-01569.

[4] Prenda is not the first law firm these gentlemen drained of assets and dissolved when sanctions loomed. On August 30, 2013 Hansmeier's Alpha Law Firm was sanctioned and held jointly and severally liable for $63,367.52 in costs and attorney's fees in *Guava v. Merkel*, and he dissolved the firm on that same day. Doc. 51-7, 13-cv-4341. Three months earlier, in the wake of the *Merkel* show-cause order, Hansmeier wrote himself an $80,000 Alpha check (for his "mortgage"), looting assets Alpha that could have used to satisfy the sanctions order. *See Lightspeed*, ECF No. 135-6 p. 9.

[5] Kashmir Hill, "How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) Porn Pirates," *Forbes* (Oct. 15, 2012) (available at http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/).

Internal Prenda financial documents in *Ingenuity 13* showing that in 2012 Prenda made "Payments to Old Owners" (that is, Steele, Hansmeier and Duffy) totaling $1,343,806.78, or 69.6% of its total receipts for the year. *Ingenuity*, ECF No. 240-1 p. 13.

> Hansmeier received $645,821.29 ($185,321.28 directly and $460,500.00 through Under the Bridge). Steele received $660,915.94 ($200,415.94 directly and $460,500.00 through Under the Bridge). This does not include tens of thousands of dollars in additional payments to or on behalf of Steele and Hansmeier for travel and entertainment, meals, credit card charges, and miscellaneous reimbursements, or payments to Steel's wife, Kerry Eckenrode Steele. It also does not include payments totaling $37,069.56 to Duffy or Duffy Law Group, also classified as "Payments to Old Owners." … Considering other payments to or for Steele, Hansmeier and Duffy, the total distributed to them likely exceeded 80% of receipts …

*Id.* "Under the Bridge," a company owned jointly by Steele and Hansmeier, "was being used as a conduit for funneling settlement money from Prenda to Steele and Hansmeier." *Id.* n.7. Combined, this massive diversion of assets left Prenda with a net *loss* of $487,791.20 for the year. *Id.* p. 13.

Prenda was inadequately capitalized even before Godfread and Cooper's November 2012 filings exposed the fraud at the heart of its litigation model.

> Illinois law has recognized that a corporate veil may properly be pierced in this situation: "If a corporation is organized and carries on business without substantial capital in such a way that the corporation is likely to have no sufficient assets available to meet its debts, it is inequitable that shareholders set up such a flimsy organization to escape personal liability…"

*Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1383, 1391 (7th Cir. 1994)) (*quoting Stap v. Chicago Aces Tennis Team Inc.*, 63 Ill.App.3d 23, 28-29 (1st Dist. 1978) (internal quotation omitted)). "Illinois law endorses veil piercing to avoid unfair enrichment, permitting the creator of a liability and cause of the inability to meet that liability to escape responsibility, and most apt to this case, allowing a corporation 'to keep assets in a liability-free corporation while placing liabilities on an asset-free corporation.'" *Wachovia Securities*, 674 F.3d at 756 (*quoting Hystro Prods.*, 18 F.3d at 1390).

Prenda was designed to serve as a shell company for its dominant owners. They did not accord respect to any formal separation between themselves and the corporate entity. Neither should the Court. It would be unjust if, after looting Prenda's coffers, Plaintiffs could escape personal liability for Prenda's obligations incurred through their wrongful course of conduct, and would defeat the Court's authority over matters before it.

**III. Plaintiffs Fail to State a Viable Inability to Pay Defense—for the Third Time.**

Once again, Plaintiffs regurgitate the same previously-rejected argument they raised in *Lightspeed*. Ex. A, 20:11-21:12.

> Plaintiff's counsel significantly violated an unambiguous order of the Court. They also failed meet their burden regarding their inability to pay defense. Accordingly, the Court finds plaintiff's counsel Paul Duffy, Paul Hansmeier, and John Steele in civil contempt and defendants' joint motion for contempt (Doc. 107) is **GRANTED**.

Doc. 60-2 at 13-14, 13-cv-01569. Still, Plaintiffs persist.

And as before, Plaintiffs provide no financials to support their argument. Nor do Plaintiffs explain why they waited more than 7 months to raise the issue. Plaintiffs were sanctioned on February 3, 2014, but did not raise an inability to pay defense until September 2, 2014. *See* Docs. 59, 60, 71 & 74, 13-cv-04341. Yet, as noted above, Prenda was purportedly insolvent long before Plaintiffs ever filed their Complaints.

Rather, Plaintiffs assert "the potential proceeds from this litigation are the only asset it appears to have now." Doc. 62 at 3, 13-cv-01569. Unfortunately, "potential proceeds" are not assets. A property interest only exists in a *judgment no longer subject to modification or review*. *Evans v. City of Chicago*, 689 F.2d 1286, 1296 (7th Cir. 1982). This does not include an expected or hoped for judgment. *Kyle v. Morton High Sch.,* 144 F.3d 448, 452 (7th Cir. 1998) (per curiam); *Cornelius v. LaCroix,* 838 F.2d 207, 210-12 (7th Cir. 1988); *Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 802 (7th Cir. 2000). In the present matter, Plaintiffs do not have a judgment against Godfread or Cooper, much less one "no longer subject to review or modification." Expectations do not create property rights. *Board of Regents*, 408 U.S. at 577; *Shlay v. Montgomery*, 802 F.2d 918, 921 (7th Cir. 1986).

Lastly, this Court rejected Plaintiffs' inability to pay defense not more than a month ago. Docs. 71 & 74, 13-cv-04341.

Dated: October 30, 2014
                                                           Respectfully submitted,

                                                           /s/ Jason E. Sweet
                                                           Booth Sweet, LLP
                                                           32R Essex Street
                                                           Cambridge, MA 02139
                                                           T: (617) 250-8619
                                                           F: (617) 250-8883
                                                           jsweet@boothsweet.com
                                                           BBO # 668596

/s/ Erin K. Russell<br>
The Russell Firm<br>
233 South Wacker Drive, 84th Floor<br>
Chicago, IL 60607<br>
T: (312) 994-2424<br>
F: (312) 706-9766<br>
erin@russellfirmchicago.com<br>
ARDC # 6287255<br>
<br>
Counsel for Defendants Paul Godfread and Alan Cooper

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2014, he caused the foregoing to be filed with the Court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Jason E. Sweet