IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL DUFFY. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-cv-1569 |
| | ) | |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | Judge: Hon. John W. Darrah |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Alan Cooper and Paul Godfread (collectively, the "Defendants") ask the Court to hold third-parties jointly and severally for monetary sanctions this Court imposed on Prenda Law, Inc. (Dkt. 66.) Defendants also ask the Court to impose joint and several liability on these third-parties for, "any award that may be granted Godfread and Cooper on their conspiracy and anti-SLAAP counterclaims." (*Id.* at 5.)

The Court should deny these requests for at least five reasons: (1) Defendants' requests are non-justiciable; (2) Defendants cannot use motion practice to circumvent their obligations to plead and prove claims; (3) Defendants' issue preclusion arguments are improperly raised and irrelevant; (4) the Court has already declined to sanction pre-August 14, 2013 conduct; and (5) Defendants have not satisfied the requirements for joint and several liability.

I. <u>Defendants' Requests Are Non-Justiciable</u>.

   A. <u>Legal Standard</u>.

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject matter jurisdiction) …." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). *See also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.") (citations omitted). All courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

The Constitution allows the judicial power of the United States to extend to cases involving "Controversies … between Citizens of different States." U.S. Const. art III, § 2. Congress effectuated this provision in 28 U.S.C. § 1332(a)(1).

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States.

28 U.S.C. § 1332(a)(1). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). In addition to the requirement of complete diversity, 28 U.S.C. § 1332 also requires an amount in controversy above $75,000. Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts, either as an original action or by way of removal, has the burden of proving its existence under the legal certainty test. *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

B.     Defendants' First Request is Non-Justiciable.

Defendants ask the Court to hold Paul Duffy and two non-parties (John Steele and Paul Hansmeier) jointly and severally liable for a monetary sanctions order entered against Prenda Law, Inc. in the amount of $11,785.20. (*See* Dkt. 66 at 2.) This request is non-justiciable because it falls outside of the Court's subject matter jurisdiction.

No claims involving questions of federal law have been asserted in this litigation; the Court's jurisdiction is based solely on diversity. (*See* Dkt. 1 at 2.) The requirements of diversity jurisdiction are: (1) no plaintiff and no defendant who are citizens of the same state; and (2) an amount-in-controversy exceeding $75,000. 28 U.S.C. § 1332. Defendants' request fails both tests.

Defendants' request fails the complete diversity test. Defendants are citizens of the State of Minnesota. So is Paul Hansmeier, who is not even a party to this case, but is nevertheless designated as a respondent to Defendants' motion. The Court's diversity jurisdiction does not extend to cases and controversies between citizens of the same state. It certainly does not extend to disputes between citizens of the State of Minnesota.

Defendants' request also fails the amount-in-controversy test. The monetary sanction is fixed in the amount of $11,785.20. This amount is far below the $75,000 statutory threshold.

The Court's existing diversity jurisdiction does not in any way extend to cover Defendants' request. *See DaimlerChrysler Corp. v. Cuno*, 546 U.S. 332, 351 (2006). In *DaimlerChrysler*, the Supreme Court stated that district courts lack jurisdiction over claims asserted against nondiverse parties when the court's jurisdiction arises from diversity. *See id.* (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)). Thus, Defendants

cannot bootstrap the Court's existing diversity jurisdiction to cover claims between non-diverse parties, as Defendants attempt to do here.

The Supreme Court also stated that district courts lack supplemental jurisdiction over claims that do not independently satisfy the statutory amount-in-controversy requirement. *See id.* (citing *Finley v. United States*, 490 U.S. 545 (1989)). Thus, Defendants cannot bootstrap whatever amount is currently in controversy to supplement the sanction order, which totals far less than $75,000.

Defendants' decision to request relief in a motion does not alter the jurisdictional analysis. No action of the parties can confer subject-matter jurisdiction on a federal court. *Insurance Corp. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The consent of the parties is irrelevant, principles of estoppel do not apply and a party cannot waive the requirement. *Id.* Defendants cannot manufacture jurisdiction by requesting relief in a motion, rather than in claims asserted in a complaint. *Cf. id.*

      C.     <u>Defendants' Second Request is Non-Justiciable</u>.

Defendants' ask the Court to impose joint and several liability on Paul Duffy and two non-parties for, "any award that may be granted Godfread and Cooper on their conspiracy and anti-SLAAP counterclaims." (*Id.* at 5.) Defendants' second request is non-justiciable for two reasons. First, Defendants' request fails the complete diversity requirement because Alan Cooper and Paul Godfread are non-diverse from the parties subject to the motion, putting the matter beyond the Court's diversity jurisdiction. *See* Section I.B., *supra*.

Further, Defendants' request is not ripe. "Ripeness is predicated on the 'central perception … that courts should not render decisions absent a genuine need to resolve a real dispute.'" *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751 (7th Cir. 2008) (quoting *Lehn v.*

4

*Holmes*, 364 F.3d 862, 867 (7th Cir. 2004). The Supreme Court has articulated the ripeness standard, stating, "basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the [relief requested]." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Here, the very words of Defendants' second request make clear that neither immediacy nor reality is associated with their request. Defendants ask the Court to declare that certain third-parties will be liable <u>if</u> an award is granted to Godfread and Cooper on their conspiracy and anti-SLAAP counterclaims. In other words, Defendants ask the Court to issue an advisory opinion on how it would rule on yet-to-be-asserted claims for vicarious liability if (and only if) Godfread and Cooper obtain a monetary recovery on their conspiracy and anti-SLAPP counterclaims, which have already twice been dismissed/stricken for failure to state a claim. The Court has no jurisdiction to issue such an opinion. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006).

II. <u>Defendants Are Required to Plead and Prove Claims for Vicarious Liability</u>.

The procedures associated with Defendants' motion are not recognized by the Federal Rules of Civil Procedure or any other source of authority. While parties to a lawsuit may file motions seeking a wide variety of relief, i.e., dismissing claims, compelling discovery, obtaining summary judgment, granting relief from a judgment and many other forms of relief, imposing liability for an existing sanctions order or a hypothetical judgment against third-parties who are not even parties to a suit is simply not one of them.

Defendants have cited no authority that would support this Court imposing liability against third-parties who are not alleged to have committed any wrongdoing. The cases cited in

Defendants' legal standard section (Dkt. 66 at 2) are all cases in which a party pled and proved claims for vicarious liability against parties who were named and served with process. Defendants' motion is devoid of citations to provisions of the Federal Rules of Civil Procedure (or other authority, for that matter) which allow parties to seek vicarious liability on motion, when the parties have failed to prove and plead claims for vicarious liability in the first instance.

III.  Defendants' Issue Preclusion Arguments Are Improperly Raised and Irrelevant.

Defendants' issue preclusion arguments are improperly raised for the simple reason that they are asserted against persons who are not even parties to this lawsuit. *See Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000) ("Issue preclusion is an affirmative defense."). Defendants' issue preclusion arguments are improperly raised for the additional reason that they fail to identify what issue, specifically, they seek to have precluded. *See Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) (noting that an element of issue preclusion is that the issue was actually litigated in the prior litigation). Without an identification of the issues to be precluded, it is impossible for the Court to determine whether the elements of issue preclusion are satisfied.

To the extent that Defendants seek preclusive effect with respect to a finding of joint and several liability for the sanctions order and the hypothetical judgment, issue preclusion is irrelevant because that issue has never been litigated in prior litigation. The sanctions order arose out of conduct that was specific to this Court. The hypothetical judgment is just that: hypothetical. Thus, issue preclusion has no relevance in this context. *See id.*

IV.  The Court Has Already Declined To Sanction Pre-August 13, 2014 Conduct.

The factual basis for Defendants' request has already been rejected by the Court. In a flat-out misrepresentation of this Court's sanctions order, Defendants assert that each of Duffy, Steele and Hansmeier "acted on Prenda's behalf in the conduct that this Court has already

6

sanctioned." (*See* Dkt. 66 at 5.) Yet, the acts that Defendants attribute to Steele and Hansmeier were expressly *not* sanctioned by this Court. The Court's June 12, 2014 order could not be clearer: "[S]anctions were imposed only for Prenda's conduct in this Court. Accordingly, only the fees itemized which occurred *on or after the August 14, 2013 initial status hearing* will be awarded." *See Prenda Law, Inc. v. Paul Godfread*, No. 1:13-cv-4341 (N.D. Ill. Jun. 12, 2014), Dkt. 69 at 5–6 (emphasis added). All of the actions Defendants attribute to Steele and Hansmeier occurred prior to August 14, 2013 and before a different court. Thus, there is no factual basis to the Defendants' attempt to impose joint and several liability against Steele and Hansmeier. Further, Defendants' description of the Court's sanctions order is patently false. The Court should not ignore the similarity between the reason why sanctions were imposed against Prenda Law, Inc. and Defendants' instant misrepresentations.

As for Duffy, Duffy's liability for the monetary portion of the sanctions order has already been litigated. Although Duffy was the subject of substantial non-monetary sanctions, monetary sanctions were "awarded to Defendants against Prenda Law, Inc., pursuant to the Court's inherent authority to sanction, in the amount of $11,758.20." On the face of the order, monetary sanctions were not awarded against Duffy. If Defendants are disappointed with this result, they must file—and meet the high burden associated with—a motion for reconsideration or preserve the issue for appeal.

V. <u>Defendants Have Not Satisfied The Requirements Associated With Joint and Several Liability</u>.

Defendants have not satisfied even the most basic requirements associated with joint and several liability. In Illinois, joint and several liability is only available against defendants. *See* 735 Ill. Comp. Stat. 5/ 2-1117; *Miller v. Rosenberg*, 749 N.E.2d 946, 956 (Ill. 2001). Neither Steele nor Hansmeier are even parties to this suit. As for Duffy, joint liability is available in

Illinois for medically-related expenses. *See id.* All other liability is apportioned severally. *See id.* Defendants make no showing that any of their alleged "damages" are associated with medical injuries. Defendants' citations to cases decided in the context of federal law violations are irrelevant in this case.

          By:  /s Paul Duffy_____
               Paul A. Duffy, Esq.
               Duffy Law Group
               321 N. Clark Street 5th Floor
               Chicago, IL 60654
               312-952-6136
               Dated: December 1, 2014