UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| PAUL GODFREAD, ALAN COOPER, ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 13-cv-1569 |
| ) | |
| PAUL GODFREAD and ) | Judge John W. Darrah |
| ALAN COOPER, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| v. ) | |
| ) | |
| PRENDA LAW INC. and ) | |
| PAUL DUFFY, ) | |
| ) | |
| Counter-Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Duffy filed suit against Defendants, Paul Godfread, Alan Cooper, and ten John Doe Defendants in the Circuit Court of Cook County, Illinois, on February 15, 2013. Godfread and Cooper removed this action to the Northern District of Illinois on February 28, 2013, pursuant to 28 U.S.C. 1332(a), on the basis of complete diversity among the parties. Godfread and Cooper filed an Answer, Affirmative Defenses, and Counterclaim on March 21, 2013. Duffy moved to dismiss the Counterclaim. That motion was granted without prejudice on August 14, 2013, due to lack of clarity in the Counterclaim. Godfread and Cooper filed an Amended Counterclaim on September 16, 2013. The Amended Counterclaim was struck on March 5, 2014 for failure to conform with the Federal Rules of Civil Procedure.

Godfread and Cooper filed their Second Amended Counterclaim on April 4, 2014. Duffy again filed a Motion to Dismiss [56] the Second Amended Counterclaim under Rule 12(b)(6). The parties were given the opportunity to fully brief the motions, though Duffy failed to file a reply brief in support of his Motion to Dismiss the Second Amended Counterclaim.

## BACKGROUND

The following facts are taken from the Complaint and Counterclaim, which are accepted as true for purposes of resolving the Motions to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763(7th Cir. 2010.) According to the Complaint, Duffy is the sole officer of Prenda Law, LLC ("Prenda"), a law corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 5.) Godfread is a Minnesota attorney. (Compl. ¶ 6.) Cooper is a Minnesota citizen and a client of Godfread. (Compl. ¶ 7.)

Prenda pursues civil claims for copyright infringement and for computer hacking. (Compl. ¶¶ 13, 25.) In his Complaint, Duffy lists sixty-six examples of purportedly libelous statements posted on the Internet about Prenda and its agents, including Duffy. (Compl. ¶¶ 33-99.) Duffy asserts Godfread and Cooper made allegations in a complaint filed in the District Court for the Fourth Judicial Circuit of Minnesota that are patently false. (Compl. ¶¶ 6-7.) Duffy further alleges that these false and defamatory statements from the complaint appeared on Internet websites before the Minnesota complaint was filed. (Compl. ¶ 6.) The Minnesota complaint identifies Cooper as a plaintiff, represented by Godfread, and sues John Steele; Prenda Law Inc.; AF Holdings, LLC; and Ingenuity 13, LLC. (Notice of Removal, Ex. B.) Duffy asserts six claims against Defendants: (1) libel *per se* by making false allegations of criminal

2

offenses; (2) libel *per se* by making false allegations of Duffy's (and Prenda's) want of integrity in his employment; (3) libel *per se* by making false allegations imputing Duffy's (and Prenda's) lack of ability in the legal profession; (4) libel *per se* by making false allegations of Duffy (and Prenda's agents) committing fornication and adultery; (5) false light and defamation; and (6) tortious interference with contractual relationships.

In the Second Amended Counterclaim, Cooper alleges he was a caretaker for a property owned by Steele and asserts that Steele is a principal of Prenda. (Second Am. Countercl. ¶ 1.) Cooper learned his name was being used in various copyright infringement lawsuits as CEO of AF Holdings, LLC, a client of Prenda, without his knowledge or permission. (*Id.* at ¶¶ 5-6.) Cooper hired Godfread to find out whether Prenda was using Cooper's name without permission. (*Id.* at ¶ 8.) Duffy responded to Godfread's request for information by indicating that AF Holdings would not answer questions about the identity of their CEO and denied any knowledge of Cooper. (*Id.* at ¶ 11.) After Cooper filed suit in the Minnesota court, Prenda and Duffy filed three state-court defamation cases in Illinois and Florida against Godfread, Cooper, and John Does 1-10. (*Id.* ¶ 16.)

Godfread and Cooper assert two counts against Duffy in the Second Amended Counterclaim: (I) a declaratory judgment that Duffy's claims are barred by the Minnesota Anti-SLAPP (or "Strategic Lawsuit Against Public Participation") Act, Minn. Stat. § 554.01, *et seq.*; and (2) civil conspiracy. Duffy moves to dismiss Godfread and Cooper's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

3

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a counterclaim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6); *See Rene v. G.F. Fishers, Inc.*, No. 11-cv-415, 2012 WL 5207612, at *1 (S.D. Ind. Oct 22, 2012). To defeat a motion to dismiss, a plaintiff must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The plaintiff must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *Count I - Anti-SLAPP*

The first count of Godfread and Cooper's Counterclaim is a claim under the Minnesota Anti-SLAPP Act. The Minnesota Anti-SLAPP Act "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation." MINN. STAT. § 554.02, Subd. 1. Public

participation is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." MINN. STAT. § 554.01, Subd. 6.

Speech aimed at procuring "favorable government action" is protected speech, unless the speech is tortious or violates an individual's constitutional rights. MINN. STAT. § 554.03. In his Complaint, Duffy asserts that "Godfread has made both written and oral statements to Plaintiff and its agents that are libelous with respect to Plaintiff . . . [and] those statements have appeared, or been incorporated, in comments on . . . Internet sites . . . ." (Compl. ¶ 6.) These defamatory statements, Duffy alleges, were provided to Godfread by Cooper, and "[a]s such, Cooper's false statements, when published to third parties, constitute defamation *per se*." (Compl. ¶ 7.)

The Minnesota Anti-SLAPP statute provides that if a motion under the statue is granted "and the moving party demonstrates that the respondent brought the cause of action in the underlying lawsuit for the purpose of harassment, to inhibit the moving party's public participation, to interfere with the moving party's exercise of protected constitutional rights, or otherwise wrongfully injure the moving party, the court shall award the moving party actual damages." MINN. STAT. § 554.04, Subd. 2(b). A motion under the statute includes "any motion to dismiss, motion for summary judgment, or any other judicial pleading filed to dispose of a judicial claim." MINN. STAT. § 554.01, Subd. 4.

Counterclaims do not dispose of a judicial claim; they are, in fact, new claims. However, Godfread and Cooper cite *Boley v. Minnesota Advocates for Human Rights*, No. 08-CV-5908, 2010 WL 346769, at *3 n.2 (D. Minn. Jan. 22, 2010), as recognizing the possibility of a counterclaim under the anti-SLAPP statute. The statute allows for a person to bring an action

5

seeking actual damages and reasonable attorney's fees and costs in state court against "a respondent who has brought a claim in federal court that materially relates to public participation by the person." MINN. STAT. § 554.045.

The question becomes whether this Court has jurisdiction over the state-law counterclaim. A compulsory counterclaim does not require an independent federal jurisdictional basis. *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir. 1982). "A counterclaim is compulsory, according to Rule 13(a) of the Federal Rules of Civil Procedure, 'if it arises out of the transaction or occurrence that is the subject matter" of the main suit.'" *Id.* This counterclaim necessarily arises out of the transaction or occurrence that is the subject matter of the main suit, as it is a state law protection potentially available to Godfread and Cooper for their alleged actions. Godfread and Cooper have sufficiently alleged a claim under Minnesota's Anti-SLAPP statute. Counter-Defendants' Motion to Dismiss Count I of the the Second Amended Counterclaim is denied.

*Count II - Conspiracy*

"To succeed in a claim of civil conspiracy under Illinois law, the plaintiffs must eventually establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). Under Minnesota law, a plaintiff must allege "sufficient facts to allow a reasonable

inference that defendants agreed to accomplish an unlawful purpose and took concerted actions to achieve that purpose." *Tatone v. SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 838 (D. Minn. 2012). The defendant's actions must be based on an underlying tort. *See Id.*

Cooper and Godfread allege each of the elements of a civil conspiracy under either Illinois or Minnesota law. Reading the Counterclaim liberally, and taking all reasonable inferences for the Counter-Plaintiffs, they have sufficiently alleged that the Counter-Defendants conspired to commit defamation and abuse of process. Counter-Defendants' Motion to Dismiss Count II of the Second Amended Counterclaim is denied.

## CONCLUSION

For the reasons discussed above, Counter-Defendants' Motion to Dismiss [56] is denied.

Date:    January 22, 2015                                 
                                                           JOHN W. DARRAH
                                                           United States District Court Judge