UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRENDA LAW INC. and PAUL DUFFY, ) ) ) Plaintiffs, ) v. ) ) PAUL GODFREAD, ALAN COOPER, ) and JOHN DOES 1-10, ) ) Defendants. ) ) ) PAUL GODFREAD and ) ALAN COOPER, ) ) Counterclaimants, ) v. ) ) PRENDA LAW INC. and ) PAUL DUFFY, ) ) Counterdefendants. ) | Case No. 13-cv-1569 Judge John W. Darrah |

## ORDER

Counterclaimants Alan Cooper and Paul Godfread have moved to impose any liabilities of Counterdefendant Prenda Law, Inc. for monetary sanctions and/or potential conspiracy and anti-SLAPP counterclaims jointly and severally upon Counterdefendant Paul Duffy and non-parties, John Steele and Paul Hansmeier. For the reasons stated below, Counterclaimants' Motion to Impose Liabilities [66] is denied.

## STATEMENT

Counterclaimants seek to impose joint and several liabilities against two non-parties, Hansmeier and Steele. "'It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). John Steele and Paul Hansmeier have not been designated parties to the present litigation, nor have they been made parties by service of

process. As such, this Court has not gained jurisdiction over Steele and Hansmeier. Further, if Hansmeier and Steele were made parties, it would destroy diversity jurisdiction, as Counterclaimants and Hansmeier are citizens of Minnesota. Claims cannot be "asserted against nondiverse parties when jurisdiction was based on diversity." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).

Counterclaimants also seek to impose joint and several liability on Paul Duffy. Duffy was previously found to be jointly and severally liable for the imposed monetary sanctions in this Court's January 22, 2015 order in the related case 13-cv-4341. Liability for future monetary sanctions will be considered if further sanctions are required. As to imposing liability for conspiracy and anti-SLAPP counterclaims, it is unnecessary at this time. Duffy and Prenda's liabilities for any conspiracy and anti-SLAPP counterclaims will be determined, if necessary, after judgment is entered on those counterclaims.

Therefore, Counterclaimants' Motion to Impose Liabilities [66] is denied.

Date:     April 9, 2015

JOHN W. DARRAH
United States District Court Judge