UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY and PRENDA LAW, INC., ) ) ) | |
| Plaintiffs, ) | Case No. 13-cv-1569 |
| v. ) ) | Judge John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and JOHN DOES 1-10, ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Paul Duffy and Prenda Law, Inc., filed suit against Defendants Paul Godfread, Alan Cooper, and ten John Doe Defendants in the Circuit Court of Cook County, Illinois, on February 15, 2013. Godfread and Cooper removed this action to the Northern District of Illinois on February 28, 2013, pursuant to 28 U.S.C. 1332(a), on the basis of complete diversity among the parties. On April 16, 2013, Defendants filed a Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP (Strategic Lawsuit Against Public Participation) Act. That motion was denied on August 14, 2013, because Godfread and Cooper failed "to make a threshold showing that Duffy's claims of their defamation involved public participation or were otherwise 'aimed in whole or in part at procuring favorable government action.'" (Dkt. No. 28 at p. 8.) Defendants renewed their Motion to Dismiss Pursuit to the Minnesota Anti-SLAPP Act on October 30, 2014. For the reasons set forth below, Defendants' Renewed Motion to Dismiss [67] is granted.

### BACKGROUND

The following facts are taken from the Complaint, which is accepted as true for purposes of resolving the Motions to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763

(7th Cir. 2010.) According to the Complaint, Duffy is the sole officer of Prenda Law, Inc. ("Prenda"), a law corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 5.) Godfread is a Minnesota attorney. (*Id.* at ¶ 6.) Cooper is a Minnesota citizen and a client of Godfread. (*Id.* at ¶ 7.)

Prenda pursues civil claims for copyright infringement and for computer hacking. (*Id.* at ¶¶ 13, 25.) In his Complaint, Duffy lists sixty-six examples of purportedly libelous statements posted on the Internet about Prenda and its agents, including Duffy. (*Id.* at ¶¶ 33-99.) Duffy asserts Godfread and Cooper made allegations in a complaint filed in the District Court for the Fourth Judicial Circuit of Minnesota that are patently false. (*Id.* at ¶¶ 6-7.) Duffy further alleges that these false and defamatory statements from the complaint appeared on Internet websites before the Minnesota complaint was filed. (*Id.* at ¶ 6.)

The Minnesota complaint identifies Cooper as a plaintiff, represented by Godfread, and sues John Steele; Prenda Law, Inc.; AF Holdings, LLC; and Ingenuity 13, LLC. (Notice of Removal, Ex. B.) Duffy asserts eight claims against Defendants: (1) libel *per se* by making false allegations of criminal offenses; (2) libel *per se* by making false allegations of Duffy's (and Prenda's) want of integrity in his employment; (3) libel *per se* by making false allegations imputing Duffy's (and Prenda's) lack of ability in the legal profession; (4) libel *per se* by making false allegations of Duffy (and Prenda's agents) committing fornication and adultery; (5) false light and defamation; (6) tortious interference with contractual relationships; (7) tortious interference with a prospective business relationship; and (8) civil conspiracy.

2

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

Plaintiffs failed to respond to Defendants' Motion to Dismiss, despite being given multiple chances to do so. "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

**ANALYSIS**

Defendants move to dismiss the Complaint pursuant to the Minnesota Anti-SLAPP Act. The Minnesota Anti-SLAPP Act "applies to any motion in a judicial proceeding to dispose of a judicial claim on the grounds that the claim materially relates to an act of the moving party that involves public participation." MINN. STAT. § 554.02, Subd. 1. Public participation is defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." MINN. STAT. § 554.01, Subd. 6. Speech aimed at procuring "favorable government action" is protected speech, unless the speech is tortious or violates an individual's constitutional rights. MINN. STAT. § 554.03. In his Complaint, Duffy asserts that "Godfread has made both written and oral statements to Plaintiff and its agents that are libelous with respect to Plaintiff . . . [and] those statements have appeared, or been incorporated, in comments on . . . Internet sites . . . ." (Compl. ¶ 6.) These defamatory statements, Duffy alleges, were provided to Godfread by Cooper, and "[a]s such, Cooper's false statements, when published to third parties, constitute defamation *per se*." (Compl. ¶ 7.)

*Public Participation*

Initially, "[t]he defendant bears a 'minimal burden' of making a threshold showing that the plaintiff's underlying claim materially relates to an act of the defendant's that involved public participation." *Nexus v. Swift*, 785 N.W.2d 771, 782 (Minn. Ct. App. 2010) (citing *Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim*, 784 N.W.2d 834, 841 (Minn. 2010)). Though no published case has addressed the subject, the Court of Appeals of Minnesota has upheld a district court's ruling that public participation can take place through the judicial

4

branch.  *Leiendecker v. Asian Women United of Minnesota*, No. A12-1978, 2014 WL 7011061, at *3 (Minn. Ct. App. Dec. 15, 2014), review denied (Feb. 25, 2015).  Thus, any statements stemming from the lawsuit and complaint that Defendants filed in Minnesota would be immune from suit.  Those statements are clearly speech aimed at procuring a favorable government action.

However, "the mere fact that discrete communications are made in the context of public participation does not confer immunity."  *Freeman v. Swift*, 776 N.W.2d 485, 490 (Minn. Ct. App. 2009).  Whether statements are immune from suit under the anti-SLAPP statute "depends on the nature of the statement, the purpose of the statement, and the intended audience."  *Id.*  Statements "aimed at creating ill-will" towards individuals involved in a public controversy "cannot be said to have been 'genuinely aimed' at procuring favorable government action."  *Id.* at 491.  The Internet posts referenced in Plaintiff's Complaint are not genuinely aimed at procuring favorable government action.  The nature of the statements is largely deriding the conduct and professionalism of Prenda and Duffy, among others.  The intended audience is other members of the Internet community where the statements are being made and there is no discernable public purpose to the statements.  Thus, the Internet statements are not immune from suit under the anti-SLAPP statute.

While Plaintiffs make some allusion that the Internet statements come from the Minnesota lawsuit, the Complaint does not sufficiently allege that Godfread and Cooper made the Internet statements or were in any way responsible for them.  Defendants Godfread and Cooper have made the minimal threshold showing that their statements in the Minnesota lawsuit

5

involved public participation. Under the statute, the burden now shifts to Plaintiffs to show that the statements in the lawsuit were tortious or violated constitutional rights.

*Tortious Speech*

Speech aimed at procuring "favorable government action" is protected speech, unless the speech is tortious or violates an individual's constitutional rights. MINN. STAT. § 554.03. Once the public participation burden is met, the party responding to the motion must produce clear and convincing evidence that the moving party is not entitled to immunity. *Leiendecker v. Asian Women United of Minnesota*, 848 N.W.2d 224, 229 (Minn. 2014). The party responding to an anti-SLAPP motion must produce evidence, and allegations alone are not evidence. *Id.* at 230.

Plaintiffs have been given several chances at producing evidence to show that Godfread and Cooper's statements are not entitled to immunity. The renewed motion to dismiss pursuant to the anti-SLAPP act was filed on October 30, 2014. Plaintiffs were given until December 1, 2014, to respond but did not do so. The ruling date was scheduled for February 17, 2015. On February 12, 2015, Plaintiffs were given until February 19, 2015 to respond but, again, did not do so. Throughout this case and the companion case, 14-cv-4391, Prenda and Duffy have ignored clear court orders and failed to fully brief motions. Plaintiffs have not produced clear and convincing evidence that Godfread and Cooper's statements are not entitled to immunity. Therefore, Godfread and Cooper's statements in the Minnesota lawsuit must be found to be immune from suit. Those statements are the basis for all claims against

Godfread and Cooper in Plaintiffs' Complaint. Defendants' Motion to Dismiss is granted with prejudice as to all counts against Godfread and Cooper.

## Libel Per Se

In Counts I, II, III, and IV, Plaintiffs allege that the Internet statements are libel *per se*. Defendants argue that the Internet statements by Defendants John Does 1-10 were not tortious because they are opinions. As discussed in the Memorandum Opinion and Order on Defendants' first Motion to Dismiss, Illinois law applies to Plaintiffs' libel and defamation claims. (Dkt. 28, p. 6-7.) Under Illinois law, five types of statements are defamatory *per se*:

> (1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business. [*Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d 201, 206 (Ill. 1992).] These common law categories continue to exist except where changed by statute. The Slander and Libel Act (740 ILCS 145/1 *et seq.* (West 1992)) has enlarged the classifications enumerated above by providing that false accusations of fornication and adultery are actionable as a matter of law.

*Bryson v. News Am. Publications, Inc.*, 174 Ill. 2d 77, 88-89, 672 N.E.2d 1207, 1214-15 (1996).

Under Illinois law, even if a statement is defamatory, it is not actionable if it is a constitutionally protected expression of opinion. *Mittleman v. Witous*, 552 N.E.2d 973, 982 (Ill. 1989) (abrogated on other grounds by *Kuwik v. Starmark Star Marketing and Admin., Inc.*, 619 N.E.2d 129 (Ill. 1993)). "[A] statement is constitutionally protected under the first amendment only if it cannot be 'reasonably interpreted as stating actual facts.'" *Bryson*, 672 N.E.2d at 1220 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). When an "alleged defamatory statement lacks a specific factual context, the statement is not objectively verifiable and is a

nonactionable opinion." *Jacobson v. Gimbel*, 2013 IL App (2d) 120478, ¶ 27, 986 N.E.2d 1262, 1271 (Ill. App. Ct. 2013) (citations omitted). The emphasis is on whether or not a statement contains an objectively verifiable assertion. *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693 (2002) (citing *Milkovich*, 497 U.S. at19). Whether a statement is of an opinion or a fact is a question of law. *Moriarty v. Greene*, 732 N.E.2d 730 740 (Ill. App. Ct. 2000) (citing *Owen v. Carr*, 497 N.E.2d 1145 (Ill. 1986)).

The Internet statements cited in Plaintiffs' Complaint are opinions that do not contain an objectively verifiable assertion. Therefore, the statements are not libel *per se* but nonactionable opinions. Defendants' Motion to Dismiss Counts I, II, III, and IV is granted without prejudice as to Defendants John Does 1-10.

## False Lights

In Count V, Plaintiffs alleged that Defendants made statements that placed them in a false light before the public. In order to state a cause of action for false light:

> First, the allegations in the complaint must show that the plaintiffs were placed in a false light before the public as a result of the defendants' actions. Second, the court must determine whether a trier of fact could decide that the false light in which the plaintiffs were placed would be highly offensive to a reasonable person. Finally, the plaintiffs must allege and prove that the defendants acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false.

*Kolegas*, 607 N.E.2d at 209-10. Plaintiffs do not allege that any of the Internet statements were made with actual malice. Therefore, Defendants' Motion to Dismiss Count V is granted without prejudice as to Defendants John Does 1-10.

*Tortious Interference*

In Counts VI and VII, Plaintiffs allege tortious interference with contractual relationships and a prospective business relationship, respectively. In Illinois, the elements of tortious interference with contract are: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other caused by the defendant's wrongful conduct; and (5) damages." *Grund v. Donegan*, 700 N.E.2d 157, 160 (Ill. App. Ct. 1998). To show tortious interference with a prospective business relationship, "a plaintiff must plead and prove: '(1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.'" *Id.* (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991)).

For both of these claims, Plaintiffs make "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d at 666. Therefore, the allegations are not presumed to be true. *Id.* Defendants' Motion to Dismiss Counts VI and VII is granted without prejudice as to Defendants John Does 1-10.

*Civil Conspiracy*

In Count VIII, Plaintiffs allege that Defendants engaged in a civil conspiracy to defame Plaintiffs and commit other tortious acts. In Illinois, civil conspiracy is an intentional tort

9

defined as "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Reuter v. MasterCard Int'l, Inc.*, 921 N.E.2d 1205, 1216 (Ill. App. Ct. 2010) (quoting *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)). To state a claim for civil conspiracy, a plaintiff must allege facts establishing: (1) "an agreement to accomplish such a goal"; (2) "a tortious act committed in furtherance of that agreement"; and (3) "an injury caused by the defendant." *Reuter*, 921 N.E.2d at 1216 (internal citations omitted).

Again, Plaintiffs make "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam*, 709 F.3d at 666. Therefore, the allegations are not presumed to be true. *Id.* Defendants' Motion to Dismiss Count VIII is granted without prejudice as to Defendants John Does 1-10.

## CONCLUSION

For the reasons discussed above, Defendants' Renewed Motion to Dismiss [67] is granted. Defendants' Motion to Dismiss is granted with prejudice for all counts as to Defendants Godfread and Cooper. Defendants' Motion to Dismiss is granted without prejudice for all counts as to John Does 1-10. Plaintiffs are granted leave to amend their Complaint, if they can do so pursuant to Rule 11, within thirty days of this Order.

Date: _____April 9, 2015_____

JOHN W. DARRAH
United States District Court Judge

10