UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, | ) |
| Plaintiff, | ) |
| v. | ) |
| PAUL GODFREAD, ALAN COOPER, | ) Case No. 1:13-cv-04341 |
| and JOHN DOES 1-10, | ) |
| Defendants. | ) |
| PAUL GODFREAD AND ALAN COOPER, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) Honorable John W. Darrah |
| PRENDA LAW, INC. AND PAUL DUFFY, | ) |
| Counter-Defendants. | ) |

DEFENDANTS' MINNESOTA ANTI-SLAPP DAMAGES MEMORANDUM

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and through counsel, and in support of their claim for damages pursuant to the Minnesota Anti-SLAPP Act, show the Court as follows:

I. PROCEDURAL HISTORY AND RELEVANT FACTS

On October 30, 2014, Defendants filed their Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act. [ECF No. 67]. Plaintiffs were to respond by December 1, 2014, but failed to do so. The Court granted Plaintiffs an extension of time in which to file a response,

ordering them to do so no later than February 19, 2015. No response was filed, and on April 9, 2015, the Court issued its Memorandum Opinion granting Defendants' Motion. [ECF No. 81].

As the Court noted in its ruling, Prenda and Duffy have consistently throughout this litigation ignored clear court orders and failed to fully brief motions. [ECF No. 81 at p. 6]. This was only further evidence that Plaintiffs never had any intention of prosecuting their specious claims, and filed these lawsuits, and another identical one in Florida, to harass and intimidate Defendants and to interfere with their constitutional rights and their rights of redress before the court in Alan Cooper's case against Prenda Law, Inc. An award of attorneys' fees and costs, as well as an award of punitive damages, is appropriate.

II. LEGAL STANDARD

Defendants prevailed on their Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act, and as such, are entitled to an award of attorneys' fees and costs, and actual damages, which in this matter are Defendants' attorney's fees and costs. Minn. Stat. 554.04. The Court may also award punitive damages pursuant to Minn. Stat. 554.04 (b). Defendants respectfully request that the Court enter an Order awarding them all of their attorney's fees, and punitive damages in an amount sufficient to deter similar future conduct.

III. ARGUMENT AND CITATION TO AUTHORITY

A. Defendants Are Entitled To An Award of Attorneys' Fees For The Cost of Bringing This Motion.

The Minnesota Anti-SLAPP Act expressly provides that a party who prevails on an Anti-SLAPP Motion to Dismiss is entitled to an award of the attorneys' fees and costs associated with bringing the Anti-SLAPP motion. *State Bank of Bellingham v. BancInsure, Inc.*, 2014 U.S. Dist. LEXIS 136849, *45-48 (Dist. of Minn. September 29, 2013). Defendants are prepared to present to the Court detailed invoices supporting their claim for attorney's fees associated with the filing

2

of their Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act and will do so promptly upon order of the Court.

B. <u>Defendants Are Entitled to an Award of Actual Damages.</u>

The Minnesota Anti-SLAPP Act also expressly provides that if Defendants demonstrate that Plaintiffs brought these cases for the purpose of harassment, to inhibit their public participation, to interfere with their exercise of protected constitutional rights, or to otherwise wrongfully injure Defendants, the Court shall award actual damages. Minn. Stat. 554.04(2)(b). *State Bank of Bellingham v. BancInsure, Inc.*, 2014 U.S. Dist. LEXIS 136849, *45-48 (Dist. of Minn. September 29, 2013). Defendants have suffered actual damages in the form of attorneys' fees and costs in defending Plaintiffs' specious claims.

There can be little dispute that Plaintiffs filed these cases to interfere with Defendants' right of public participation. The Prenda principals taunted and threatened Defendants from the moment they learned Defendant Cooper might testify against them in the now-infamous Central District of California Ingenuity 13 case in which Judge Wright issued a massive sanctions order against Prenda and each of its principals; Paul Hansmeier, John Steele and Paul Duffy. Hansmeier, Steele and Duffy were ordered to appear before Judge Wright to provide testimony regarding the falsified signature of Defendant Alan Cooper on a copyright assignment used to support a massive scheme of fraudulent copyright infringement litigation across the country. Hansmeier, Steele and Duffy all appeared before Judge Wright and exercised their Fifth Amendment right against self-incrimination. (Ex. A).

Defendants described in detail the pattern of abusive and harassing conduct by the Prenda principals, both in the time leading up to and since the filing of the instant matters, in their Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act [ECF No. 67], in

their Second Amended Counterclaims [ECF No. 50], and in their Motion for Sanctions [ECF No. 60]. Defendants adopt and incorporate those documents herein to the extent they describe the course of conduct by Plaintiffs and their principals in their campaign of harassment against Defendants.

C. <u>Defendants Are Entitled to an Award of Punitive Damages.</u>

The Anti-SLAPP statute provides for mandatory attorney's fees, but also for an award of actual or punitive damages where the action was brought "for the purpose of harassment, to inhibit the moving party's public participation, to interfere with the moving party's exercise of protected constitutional rights, or otherwise wrongfully injure the moving party." Minn. Stat. §554.04, subd. 2(b). Any award of punitive damages shall be measured by those factors which justly bear upon the purpose of punitive damages, including, *to wit*, the profitability of the misconduct to the responding party, the duration of the misconduct and any concealment of it, the degree of the responding party's awareness of the hazard and of its excessiveness, the attitude and conduct of the responding party upon discovery of the misconduct, and the financial condition of the responding party. Minn. Stat. §549.20.

Here, the record is replete with evidence that establishes Prenda and its principals, John Steele, Paul Hansmeier and Paul Duffy, misappropriated Alan Cooper's identity to conceal their ownership of straw plaintiffs and to repatriate the money allegedly transferred to those entities. These entities include AF Holdings/AF Films; Ingenuity13; Guava LLC; VPR, Inc.; Arte de Oxaca; and Quad International. Further, it is uncontested that when Cooper filed suit in Minnesota to clear his name, Prenda retaliated by filing several concurrent and meritless suits against him in state courts throughout the country; baseless affidavits disparaging Cooper in

related matters;—and making repeated threats and harassing communications to Defendants. These actions alone satisfy the standard in Minn. Stat. § 549.20.

    i. <u>Amounts at Issue.</u>

Prenda has collected $11,271,000 for three of Nevis-St. Kitts corporations alone, in which Prenda used Mr. Cooper's identity. Defendants therefore request that the Court award punitive damages in its favor in the amount of $12 million.

    i. *AF Holdings, LLC*

Upon available information on PACER, Prenda filed no fewer than 213 cases alleging infringement against an estimated 3,219 defendants for AF Holdings. Of that number, it named 68 individuals. If one subtracts those 68 from the 3,219 total, we are left with 3,151 defendants. Assuming Prenda was able to reach settlements with 30%[1] of those 3,151 defendants, that would bring the number to roughly 945 individuals. Multiplying 945 by the $3,400 settlement demand would mean Prenda collected in the neighborhood of $3,213,000.

    ii. *Ingenuity13, LLC*

Upon available information on PACER, Prenda filed no fewer than 70 cases alleging infringement against an estimated 1,400 defendants for Ingenuity13. Assuming Prenda was able to reach settlements with 30% of those 1,400 defendants, we are left with 420 individuals. Multiplying 420 by the $3,400 settlement demand would mean Prenda collected in the neighborhood of $1,428,000.

    iii. *Guava, LLC*

---

[1] See James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 U.C.L.A. Ent. L. Rev. 79, 82 (2012).
[2] Available at: http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-

> Upon available information on PACER, Prenda filed 11 cases alleging infringement against an estimated 6,500 defendants for Guava. Assuming Prenda was able to reach settlements with 30% of those 6,500 defendants, we are left with 1,950 individuals. Multiplying 1,950 by the $3,400 settlement demand would mean Prenda collected in the neighborhood of $6,630,000.

An interview with John Steele supports the allegations as to the amount collected and the notion that Prenda retains most, if not all, of these funds.

> [Prenda] has filed over 350 of these suits, and says he is currently suing approximately 20,000 people.

See, Kashmir Hill, *How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates'*, FORBES, Oct. 15, 2012.[2]

> [Defendants] have the opportunity to pay a settlement (usually around $3,000) to make the legal matter go away.

*Id*.

> I asked Steele … how many of these cases he has settled. He says a "fair number" is 5,000. … Doing the math, I suggest Steele has made $15 million settling these suits.
>
> "Maybe a little less. We don't track the amount we've recovered. More than a few million," [John Steele] says, declining to offer exact numbers.

*Id*.

## IV. CONCLUSION

Defendants prevailed on their motion for dismissal based on the anti-SLAPP statute and are entitled to an award of attorney's fees and costs associated with bringing the motion. Minn. Stat. § 554.04, subd. 1. Defendants are further entitled to actual damages as Plaintiff brought the

---

[2] Available at: http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/

underlying claims for purposes of retaliation, without basis and for the express purpose of harassing or otherwise injuring the Defendants. *Id.* § 554.04, subd. 2(b).

Lastly, punitive damages are also appropriate. Plaintiff filed several baseless, retaliatory suits throughout the country against the Defendants and made repeated threats via email and phone. Plaintiff's conduct demonstrates a continuous pattern of harassment—one that is unlikely to stop absent a stern punishment. It is therefore appropriate that Defendants be awarded attorney's fees, costs, and punitive damages in an amount that will deter Plaintiff from continuing their abusive litigation practices.

        Respectfully submitted,

        /s/ Erin K. Russell
        Counsel for Defendants and Counter-Plaintiffs
        Paul Godfread and Alan Cooper

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255


        /s/ Jason E. Sweet
        Counsel for Defendants and Counter-Plaintiffs
        Paul Godfread and Alan Cooper

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
admitted *pro hac vice*

CERTIFICATE OF SERVICE

  The undersigned certifies that on May 21, 2015, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

                 /s/ Erin Kathryn Russell