**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL DUFFY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1569 |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| PRENDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-4341 |
| | ) | Judge: Honorable John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPPOSITION TO MOTION FOR ANTI-SLAPP DAMAGES**

Defendants' anti-SLAAP damages memorandum falls well short of the evidentiary burden necessary to establish an award of attorneys' fees, to prove actual damages or to establish an entitlement to and/or an amount of an award of punitive damages. The defining feature of Defendants' memorandum is the total lack of any probative evidence supporting it. Under Minnesota law, *i.e.,* the law that this Court has applied to Defendants' anti-SLAPP efforts to date, Defendants have clear evidentiary burdens associated with their requests. Defendants utterly fail to meet those burdens. The Court should dismiss Defendants' requests for attorneys' fees, actual damages and punitive damages in their entirety.

**ARGUMENT**

A. **Defendants' Request For Attorneys' Fees Fails To Satisfy The Burden Associated With Their Request.**

Defendants' request for attorneys' fees is an abstraction. Defendants claim to be in possession of "detailed invoices supporting their claim for attorneys' fees," (Dkt. 83, at 2), but for reasons left unexplained did not present those invoices in connection with their memorandum. Defendants' failure to articulate what amount they believe they are entitled to and/or present evidence supporting the amounts they may one day theoretically demand leave this Court with no option other than to ignore or deny Defendants' request for attorneys' fees. *See, e.g.,* Minn. R. Gen. Prac. 119 (requiring a request for attorneys fees to be accompanied by, *inter alia*, an affidavit of any attorney of record with a detailed itemization of time incurred); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 518 (7th Cir. 1993) ("The party requesting fees has the burden of substantiating the reasonableness of the hours expended and the hourly rate").

B. **Defendants' Request For Actual Damages Fails To Satisfy The Burden Associated With Their Request.**

While Defendants are correct that a party is theoretically entitled to recover actual damages under Minnesota's anti-SLAPP statute, Defendants appear to miss the point that damages must have actually occurred, and that proof of those damages must be made. *See State Bank of Bellingham v. BancInsure, Inc.*, No. 13-cv-900-SRN-JJG (D. Minn. Sept. 29, 2014), at *23 (applying Minnesota anti-SLAPP statute). Specifically, Defendants are required to "demonstrate [with evidence] that the responding party brought the underlying claim for purposes of harassment, inhibiting public participation, interfering with the exercise of

constitutional rights, or otherwise wrongfully injuring the moving party." *Id.* citing Minn. Stat. § 554.04, subd. 1.

The only damages identified by Defendants are the attorneys' fees and costs they "incurred" in defending against Plaintiffs' claims.[1] Yet, to the extent that Defendants have incurred costs and fees in defending against Plaintiffs' claims, those costs and fees are already recoverable under Minnesota's anti-SLAPP statute. Defendants cannot recover their costs and fees twice; attorneys' costs and fees do not qualify as actual damages under Minnesota's anti-SLAPP statute. Further, Defendants do not specify, for example, what amount of actual damages they believe they are entitled to or present evidence substantiating the as-of-yet unknown claimed amount. There is really nothing for Plaintiffs to do other than indicate their objection to Defendants' abstract request for actual damages.

### C. Defendants' Request For Punitive Damages Fails To Satisfy The Burden Associated With Their Request.

Defendants claim $12,000,000 (!!) in punitive damages, but fail to substantiate their entitlement to punitive damages, or apply a proper legal analysis to their claim.

#### 1. Legal Standard.

"An award of punitive damages is permissive and can only be awarded if the moving party satisfies the requirements of Minnesota Statutes section 549.191. One such requirement is meeting the standard in section 549.20." *State Bank of Bellingham*, No. 13-cv-900, at *32. Section 549.20 provides:

> (a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

---

[1] Counter-plaintiff Alan Cooper has testified under oath on at least two prior occasions that he is being represented for free in this case.

    (b)    A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of the facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:

        (1) Deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or

        (2) Deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Id. § 549.20, subd. 1.

    **2.**    **<u>Defendants Have Not Proven By Clear And Convincing Evidence That Plaintiffs Acted In Deliberate Disregard Of Defendants' Rights.</u>**

Defendants argue that the standard set forth in Minn. Stat. § 549,20, sub. 1, is met because, as Defendants allege:

- Plaintiffs misappropriated Alan Cooper's identity to conceal their ownership in no less than AF Holdings, Ingenuity13, Guava LLC; VPR, Inc.; Arte de Oxaca; and Quad International;

- Prenda retaliated against Cooper by filing several concurrent and meritless suits against him in state courts throughout the country;

- Prenda filed baseless affidavits disparaging Cooper in related matters; and

- Prenda made repeated threats and harassing communications to Defendants.

While Defendants suggest that the "record is replete with evidence" that establishes their allegations, they do not actually cite to any. If a record is "replete" with evidence, could they not cite one example of it? Nor could they, because their allegations are false.

*Misappropriation of Alan Cooper's Identity*

Neither Prenda Law, Inc. nor Paul Duffy misappropriated Alan Cooper's identity. While Prenda Law, Inc. is aware that Alan Cooper claims that two companies, namely AF Holdings LLC and Ingenuity13 LLC, misappropriated his identity, Alan Cooper has come forward with

zero evidence linking Prenda Law, Inc. or Paul Duffy, to this alleged misdeed.[2] For example, in his testimony before Judge Otis D. Wright of the U.S. District Court for the Central District of California, when asked by the Court, "what about Mr. Paul Duffy, do you know him?" Cooper responded, "No. I do not." Tr. of Mar. 11, 2013 Order to Show Cause Hearing, at 35:24-36:2. As for Prenda Law, Inc., with one exception all of the misappropriations Alan Cooper has ever alleged occurred before Prenda Law, Inc. even came into existence. This Court may take judicial notice of Illinois Secretary of State Records showing that Prenda Law, Inc. was incorporated on November 7, 2013. With one exception the alleged misappropriations all occurred before this date. Duffy has never met or spoken with Cooper in his entire life, and had no idea who he was prior to Cooper making his frivolous allegation that Prenda Law, Inc. somehow misappropriated Cooper's identity. If Defendants have any evidence to the contrary they are welcome to present it.

*Prenda's Retaliation Against Cooper Through Baseless Suits; Disparaging Affidavits; And Harassing Communications*

While Defendants claim that Prenda Law, Inc. retaliated against Cooper by filing "baseless suits" in state courts around the country, filing affidavits disparaging Cooper and making harassing communications, that is all Defendants do.

Defendants do not specifically identify any of these actions and provide no explanation or evidence showing that these unidentified suits, affidavits, or communications warrant the labels assigned to them by Defendants. There is nothing for Plaintiffs to do other than express their disagreement with Defendants' opinion. Defendants' naked allegations fall well short of the "clear and convincing" evidence standard by which Defendants' allegations are measured. *See*

---

[2] Defendants provide no indication for why they believe Alan Cooper is linked to Guava LLC, Arte de Oxaca, or Quad International.

Minn. Stat. § 549.20. *See also State Bank of Bellingham*, No. 13-cv-900, at 33−34 (declining to award punitive damages where the moving party failed to provide clear and convincing evidence that the respondent acted in deliberate disregard of the moving party's rights by asserting a malicious prosecution counterclaim).

Perhaps most fundamental of all is that all of the misconduct alleged by Defendants has nothing to do with the conduct giving rise to Defendants' anti-SLAPP motion. Defendants are not entitled to recover punitive damages based on allegations that Plaintiffs harmed Defendants in a manner unrelated to this suit; instead, Defendants must link the conduct giving rise to their anti-SLAPP motion to the harm contemplated under Minnesota's anti-SLAPP statute. *See id.*

3. **<u>Defendants Misapply The Law Relating To Punitive Damages.</u>**

Even if Defendants had proven with clear and convincing evidence that punitive damages were available, and they have not, Defendants would still be required to demonstrate to the Court what amount of punitive damages, if any, are warranted. Defendants utterly fail to do so. An award of punitive damages is:

> measured by those factors which justly bear upon the purpose of punitive damages, including the seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved in causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject.

Minn. Stat. § 549.191, subd. 3.

Defendants' discussion of these factors is limited to Defendants' beyond-speculative[3] guesswork regarding the gross revenues Prenda Law, Inc.'s former clients: AF Holdings LLC; Ingenuity13 LLC; and Guava LLC[4] derived from the proceeds of lawsuits against computer criminals. The settlement proceeds these three companies obtained in suing computer criminals could hardly be less-related to the substance of Defendants' anti-SLAPP motion, namely Defendants' essential allegation that Plaintiffs engaged in improper retaliation against Cooper and Godfread. In short, Defendants' discussion is patently insufficient to form a basis for an award of punitive damages.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny each and every aspect of Defendants' motion for damages, in all respects, and grant any and all further relief that the Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

PAUL DUFFY

By: /s/ Paul A. Duffy

One of His Attorneys

---

[3] Plaintiffs are unable to recreate Defendants' assumptions. For example, Defendants assert that Ingenuity13 LLC filed "no fewer than 70 cases alleging infringement against an estimated 1,400 defendants." The 1,400 number is orders of magnitude in excess of anything shown on PACER, as is Defendants' suggestion that Guava LLC sued a whopping 6.500 defendants. Defendants do not substantiate their estimates with a printout of PACER records or anything else. Defendants' assumption that 30% of defendants settle is based on their misreading of a law review article, which in fact stands for the proposition that copyright holder clients retain an estimated 30% of settlement proceeds after attorneys' fees and costs are taken out. Defendants' assumption that an average settlement is made for $3,400 appears to be plucked out of thin air.

[4] Again, Defendants provide no explanation for including Guava LLC in their calculation.

Paul A. Duffy
345 E. Ohio Street, Fl. 5
Chicago, IL  60611
Telephone:  (312) 952-6136
E-mail:  pduffy@pduffygroup.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2015, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy

Paul Duffy