UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DUFFY and | ) | |
| PRENDA LAW, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 13-cv-1569 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| PAUL GODFREAD, ALAN COOPER, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs, Paul Duffy and Prenda Law, Inc. ("Prenda"), filed suit against Defendants

Paul Godfread, Alan Cooper, and ten John Does, in the Circuit Court of Cook County, Illinois,

on February 15, 2013.  Godfread and Cooper removed this action to the Northern District of

Illinois on February 28, 2013, pursuant to 28 U.S.C. § 1332(a), on the basis of complete diversity

among the parties.  On October 30, 2014, Defendants filed a Renewed Motion to Dismiss

Pursuant to the Minnesota Anti-SLAPP (Strategic Lawsuit Against Public Participation) Act

which was granted on April 9, 2015.  Defendants have now filed a memorandum for damages

pursuant to Minnesota's Anti-SLAPP Act.

**BACKGROUND**

The following facts come from Defendants' Minnesota Anti-SLAPP Memorandum [83],

Defendants' Second Amended Counterclaims [50] and Duffy's cCmplaint [50, Ex. A].

Defendant Cooper was caretaker of a property in Minnesota owned by John Steele from 2006 to

2012.  (Countercl., ¶ 1.)  John Steele was, at some point, a principal officer of Prenda and

operating on their behalf. (*Id.* at ¶¶ 1-2.) *See also Lightspeed Media Corp. v. Smith*, No. 12-889-GPM, 2013 WL 6225093, at *3 (S.D. Ill. Nov. 27, 2013); *AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 5701104, at *2-3 (N.D. Cal. Sept. 16, 2013); *Ingenuity 13 LLC v. Doe*, No. 12-CV-8333-ODW, 2013 WL 1898633, at *2 (C.D. Cal. May 6, 2013). Cooper was told to contact Steele if anyone asked Cooper about Prenda. (Countercl. ¶ 3.)

On or about November 22, 2012, Cooper learned that Prenda was filing copyright infringement lawsuits in the name of AF Holdings[1] and that this entity claimed to have a CEO named Alan Cooper. (*Id.* ¶ 5.) Concerned about identity theft, Cooper contacted an attorney, Godfread, to assist in investigating this possible fraud. (*Id.* ¶ 8.) Godfread contacted AF Holdings' local counsel, Michael Dugas, to inquire about the supposed Alan Cooper serving as officer of AF Holdings, but Godfread received no response. (*Id.* ¶¶ 9-10.) Almost immediately after Godfread contacted Dugas, Steele began calling Cooper, asking Cooper if he had been consulting attorneys. (*Id.* ¶ 10.) Godfread never heard from Dugas, but rather from Duffy, who stated that he would not provide any information. (*Id.* ¶ 11.) Duffy further instructed Godfread to never contact Duffy's office again. (*Id.*) After trying unsuccessfully to garner information about the alleged Alan Cooper's identity, Godfread and Cooper served a complaint against Steele on January 25, 2013, in Hennepin County, Minnesota. (*Id.* ¶¶ 12-14.)

Within a few weeks of being served with the Minnesota complaint, Duffy, Prenda, and Steele filed complaints against Godfread and Cooper in Cook County, Illinois;

---

[1] AF Holdings, along with Ingenuity 13 and various other entities, has been found by courts to have been created by Duffy, Steele, and other individuals in order to further their copyright litigation. *See, e.g.*, *Ingenuity 13 LLC v. Doe*, No. 2:12-CV-8333-ODW, 2013 WL 1898633, at *2 (C.D. Cal. May 6, 2013).

St. Clair County, Illinois; and Miami-Dade County, Florida.[2]  (*Id.* ¶ 16.)  These substantially similar complaints alleged various claims, including defamation.  (Compl. ¶ 6.)  Duffy's complaint cited the Minnesota complaint as a basis for defamation.  (*Id.*)  Steele additionally threatened Cooper via a phone message, where he alluded to Cooper that his life was going to get "complicated" due to the extensive litigation.  (Countercl. ¶ 23.)  Steele, Duffy, and Prenda sought to conceal their copyright litigation scheme and their use of Cooper's name from Cooper and Godfread through this and other litigation.  (*Id.* ¶ 46.)

## LEGAL STANDARD

Defendants moved to dismiss Plaintiffs' Complaint pursuant to the Minnesota Anti-SLAPP Act ("the Act").  Minn. Stat. § 554.01, *et al.*  The Act permits a party who prevails on a motion to dismiss under the Act to be awarded damages.  Minn. Stat. § 554.01.

# ANALYSIS

### *Attorney's Fees and Costs*

When a party brings a motion to dismiss pursuant to the Act, "[t]he court shall award a moving party who prevails in a motion under this chapter reasonable attorney fees and costs associated with the bringing of the motion."  Minn. Stat. § 554.04, Subd. 1.  Defendants Cooper and Godfread filed their Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act [67] on October 30, 2014, which was granted on April 9, 2015.  Under the Act, a prevailing movant is automatically entitled to its fees and costs associated with the bringing of the motion. *See State Bank of Bellingham v. BancInsure, Inc.*, No. 13-CV-0900, 2014 WL 4829184, at *17

---

[2] Steele voluntarily dismissed the Florida suit after it was removed to federal court, and both Illinois suits have been removed and condensed into this action.  The claims by Prenda and Duffy against all Defendants were dismissed by this Court on April 9, 2015.  (Dkt. No. 81.)

(D. Minn. Sept. 29, 2014). As Cooper and Godfread prevailed on their motion, they are awarded reasonable attorney's fees and costs associated with bringing their Motion to Dismiss.

*Actual Damages*

The Act also allows the prevailing party to be awarded actual damages. Minn. Stat. § 554.04, Subd. 2(a). The statute provides that:

> [i]f a motion under this chapter is granted and the moving party demonstrates that the respondent brought the cause of action in the underlying lawsuit for the purpose of harassment, to inhibit the moving party's public participation, to interfere with the moving party's exercise of constitutional rights, or otherwise wrongfully injure the moving party, the court shall award the moving party actual damages.

*Id.* Defendants argue their actual damages consist of the attorney's fees and costs of litigating this action because Plaintiffs brought the underlying lawsuit for the purpose of harassment, as well as to inhibit Defendants' public participation. Defendants argue that Plaintiffs attempted to stifle their public participation after learning Cooper planned to testify against Plaintiffs in the Central District of California action regarding his stolen identity. They further argue that Plaintiffs have harassed Cooper and Godfread via phone calls and the filing of three lawsuits in the name of different parties in different jurisdictions.

Plaintiffs argue that attorney's fees and costs cannot be recovered as actual damages, as they are separately recoverable under the Act. *See* Minn. Stat. § 554.04, Subd. 1. However, the Act awards those attorney's fees and costs specifically in relation to the bringing of a motion to dismiss. *Id.* Plaintiffs further argue that attorney's fees and costs are not considered actual damages under the statute; however, they cite no authority supporting this proposition. Finally, Plaintiffs argue that Defendant have not submitted sufficient evidence to meet their burden of demonstrating Plaintiffs' harassing conduct or inhibition of public participation.

The purpose of the Minnesota Anti-SLAPP statute is to "protect[ ] citizens and organizations from civil lawsuits for exercising their rights of public participation in government." *Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim*, 784 N.W.2d 834, 839 (Minn. 2010). As previously stated by this Court, "public participation can take place through the judicial branch." *Duffy v. Godfread*, No. 13-CV-1569, 2015 WL 1727148, at *2 (N.D. Ill. Apr. 9, 2015) (citing *Leinendecker v. Asian Women United of Minnesota*, No. A12-1978, 2014 WL 7011061, at *3 (Minn. Ct. App. Dec. 15, 2014), review denied (Feb. 25, 2015)). And Defendants' filing in Minnesota of their complaint against Steele was protected as public participation, as it was aimed at procuring favorable government action. *See Duffy v. Godfread*, 2015 WL 1727148 at *2.

Plaintiffs' filing of three lawsuits within weeks of Cooper's filing his Minnesota complaint is not coincidence. Indeed, the complaints filed by Prenda, Duffy, and Steele referenced the Minnesota action as a basis for defamation. (Compl. ¶ 6.) Retaliation for filing a complaint is precisely the type of behavior the Anti-SLAPP act is designed to prevent. There is clear and convincing evidence that these lawsuits were filed in order to inhibit Defendants' public participation.

Along with the filing of lawsuits, Prenda and its associates made harassing phone calls to Cooper. Prenda's agent, Steele, made calls to Cooper after learning Cooper had consulted an attorney. (Countercl. ¶ 10.) After Cooper's lawsuit was filed, Steele threatened Cooper, stating in a voicemail that more lawsuits were coming and referenced that they were being filed in different jurisdictions around the country. (*Id.* ¶ 23.) Further, Duffy sent an email to Godfread after Godfread contacted AF Holdings' local counsel, Michael Dugas. (*Id.* ¶ 11.) Duffy's e-mail stated that AF Holdings would not be answering any questions and that his office was not to be

5

contacted again. (*Id.*) It is clear that these communications from Prenda and Duffy were for the purposes of harassment.

Rule 11 sanctions were awarded to Defendants on June 12, 2014, which covered some of Defendants' attorney's fees at that point in the litigation. (Case No. 13-cv-4341, Dkt. 69.) This does not, however, preclude a recovery of attorney's fees and costs under Minnesota's Anti-SLAPP statute. Minnesota's "anti-SLAPP law is not an exclusive remedy." *Zutz v. Nelson*, No. A14-0573, 2014 WL 7344058, at *5 (Minn. Ct. App. Dec. 29, 2014). Section 554.04 of the Act provides that "[n]othing in this chapter limits or precludes any rights the moving party or responding party may have under any other constitutional, statutory, case, or common law, or rule." Minn. Stat. § 554.05. Thus, Defendants are entitled to their attorney fees and costs as actual damages under this section of the Anti-SLAPP Act.

*Punitive Damages*

Last, the Minnesota Anti-SLAPP Act permits a court to award punitive damages in addition to those described above. Minn. Stat. § 554.04, Subd. 2(b). These damages must conform to § 540.20, which states, in relevant part:

> (a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.
> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> > (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn Stat. § 549.20, Subd. 1. The amount of punitive damages is assessed pursuant to several factors:

6

including the seriousness of hazard to the public arising from the defendant's misconduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved in causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject.

Minn Stat. § 549.20, Subd. 3. Under Minnesota law, "[p]unitive damages are an extraordinary remedy to be allowed with caution and within narrow limits." *J.W. ex rel. B.R.W. v. 287 Intermediate Dist.*, 761 N.W.2d 896, 904 (Minn. 2009). However, punitive damages for conduct outside of the present litigation are inappropriate. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation.").

Defendants argue that punitive damages in the amount of $12 million should be awarded due to harassment and the misappropriation of Cooper's identity. Defendants claim that this amount is a fair approximation of the funds that Plaintiffs have received from their copyright litigation. Plaintiffs argue that Defendants have not provided clear and convincing evidence that Prenda and Duffy's actions show deliberate disregard for the rights and safety of others as required by Minnesota law. Minn. Stat. § 549.20, Subd. 1(a). Plaintiffs deny a link between the misappropriation of Cooper's identity and the actions of Prenda and Duffy and, thus, claim there is no basis to award punitive damages.

Plaintiffs were previously sanctioned due to misconduct and misrepresentations before this Court, including: concealment and misstatements of the St. Clair County proceedings, as

7

well as fabricating statements made by a federal judge, which were "well outside the bounds of proper advocacy and demonstrates a serious disregard for the judicial process." (Case No. 13-cv-4341, Dkt. 69.) Prenda and Duffy have ignored clear court orders and failed to fully brief motions.

Several courts have levied sanctions on Duffy, Prenda, and related persons and entities. A Minnesota court, in reference to Michael Dugas and the Alpha Law Firm, who are known associates of Prenda, stated that it "'was presented with virtually no factual evidence during the pendency of this 'litigation'" and that "'Dugas lacks any credibility . . . based upon the actions he has taken in this matter.'" *Guava LLC v. Merkel*, No. A13-2064, 2014 WL 3800492, at *1, 5 (Minn. Ct. App. Aug. 4, 2014). A District Court of Minnesota stated that "Paul Duffy has no credibility with this Court. This Court finds that the Prenda Law Firm is or has been conducting fraudulent business." *Cooper v. Steele*, No. 13-CV-2622, 2014 U.S. Dist. LEXIS 103095, at n.1 (D. Minn. July 29, 2014). The Northern District of California found the litigation of copyright cases by a Prenda-related entity to be "frivolous and objectively unreasonable." *AF Holdings LLC*, 2013 WL 3815677, at *1. When issuing sanctions against Duffy, Prenda, and others, the Central District of California stated that "Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared." *Ingenuity 13 LLC*, 2013 WL 1898633, at *3. That court further stated Prenda actors' "web of disinformation is so vast that the Principals cannot keep track - their explanations of their operations, relationships, and financial interests constantly vary." *Id.* at *5.

In *Ingenuity 13*, the court made several findings of fact, including that Steele, Paul Hansmeier, and Duffy are principals of Prenda Law, and established AF Holdings and Ingenuity 13 as shell plaintiffs in order to pursue copyright litigation. *Id.* at *2. Further, the

court found that Steele and Duffy stole Cooper's identity when they fraudulently signed documents with his signature without authorization and that there is no Alan Cooper working at those entities. *Id.* at *3. The theft of Cooper's identity is a demonstration of Plaintiffs deliberate disregard for Cooper's rights, especially when followed by three frivolous lawsuits against Cooper in different jurisdictions. Given these circumstances, punitive damages are appropriate. However, the damages that Defendants ask for include punishment for conduct outside of the present litigation. While Plaintiffs allegedly stole Alan Cooper's identity to further their copyright litigation, the Anti-SLAPP Act authorizes punitive damages in the context of the current civil action.

## CONCLUSION

For the reasons provided above, Defendants are awarded reasonable attorney's fees and costs for the entirety of this lawsuit. Defendants, within thirty days, shall submit a petition for itemized attorney's fees and costs incurred, excluding those previously awarded; a statement of actual damages; and a statement of punitive damages related to this action, pursuant to the statutory factors listed above.

Date: _____August 20, 2015_____

9