UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DUFFY, | ) |
| Plaintiff, | ) |
| v. | ) |
| PAUL GODFREAD, ALAN COOPER, | ) Case No. 1:13-cv-01569 |
|  | ) (consolidated with 1:13-cv-04341) |
| and JOHN DOES 1-10, | ) |
| Defendants. | ) |
| PAUL GODFREAD AND ALAN COOPER, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) Honorable John W. Darrah |
| PRENDA LAW, INC. AND PAUL DUFFY, | ) |
| Counter-Defendants. | ) |

DEFENDANTS' DAMAGES STATEMENT

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and through counsel, and in support of their claim for actual and punitive damages pursuant to the Minnesota Anti-SLAPP Act, show the Court as follows:

I. INTRODUCTION

"Welcome to the big leagues."
– Paul Hansmeier, Prenda Law, Inc.

Thus began a pattern of harassment and intimidation by a group of attorneys against an attorney and his client. Prenda Law, Inc., through its principals John Steele, Paul Hansmeier, and Paul Duffy, stole Alan Cooper's identity and used it as part of an effort to cloak their participation in and operation of a nationwide copyright infringement litigation scheme through which they collected millions of dollars in settlements.

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

On October 30, 2014, Defendants filed their Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act. [ECF No. 67]. Plaintiffs were to respond by December 1, 2014, but failed to do so. The Court granted Plaintiffs an extension of time in which to file a response, ordering them to do so no later than February 19, 2015. No response was filed, and on April 9, 2015, the Court issued its Memorandum Opinion granting Defendants' Motion. [ECF No. 81].

As the Court noted in its ruling, Prenda and Duffy have consistently throughout this litigation ignored clear court orders and failed to fully brief motions. [ECF No. 81 at p. 6]. This was only further evidence that Plaintiffs never had any intention of prosecuting their specious claims, and filed these lawsuits, and another identical one in Florida, to harass and intimidate Defendants and to interfere with their constitutional rights and their rights of redress before the court in Alan Cooper's case against Prenda Law, Inc. On August 20, 2015, this Court entered issued an Opinion in favor of Cooper and Godread in which it awarded attorneys' fees and costs for the filing of the Anti-SLAPP Motion, attorney's fees and costs as actual damages, as well as an award of punitive damages. [ECF No. 92].

## III. STANDARD

The standard for punitive damages under the Minnesota Anti-SLAPP Act is as follows:

> 1. Standard. (a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the

> defendant show deliberate disregard for the rights or safety of others. (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and: (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. 549.20 (2015)

Moreover, the Minnesota punitive damages statute provides that any award of punitive damages shall be measured by those factors which justly bear upon the purpose of punitive damages, including the seriousness of the hazard to the public arising from the defendant's conduct, the profitability of the misconduct to the defendant, the duration of the misconduct and any concealment of it, the degree of the defendant's awareness of the hazard and of its excessiveness, the attitude and conduct of the defendant upon discovery of the misconduct, the number and level of employees involved n causing or concealing the misconduct, the financial condition of the defendant, and the total effect of other punishment likely to to be imposed upon the defendant as a result of the misconduct, including compensatory and punitive damage awards to the plaintiff and other similarly situated persons, and the severity of any criminal penalty to which the defendant may be subject. Minn. Stat. §549.20(3) (2015).

IV. ARGUMENT

The conduct of Prenda and its principals preceding the filing of Cooper's Minnesota identity theft case and continuing thereafter has been nothing short of reprehensible. At every turn, Prenda, through John Steele, Paul Duffy and Paul Hansmeier, have sought to engage in a course of intimidation and frivolous litigation designed to deprive Cooper and Godfread of their right to public participation. They also sought to conceal their involvement in a nationwide fraudulent

copyright litigation scheme. In order to facilitate their plan, Duffy, Steele and Hansmeier filed frivolous lawsuits against Cooper and Godfread, harassed them by telephone and email, tried to frustrate the progress of the defense of their meritless defamation cases against Cooper and Godfread by manufacturing a fraudulent amended complaint in St. Clair County, Illinois in an attempt to thwart diversity jurisdiction, made misrepresentations of fact to this Court, on the record, on numerous occasions, and filed documents with this Court containing false statements. Prenda and Paul Duffy were sanctioned for their conduct before this Court and to date, despite several court orders and admonitions, those sanctions have not been paid.

Punitive damages are warranted in this matter. There is ample clear and convincing evidence of the wrongdoing of Prenda and its principals. Moreover, there is ample evidence to support an award of punitive damages in favor of Cooper and Godfread requiring Prenda and its principals to disgorge their ill-gotten gains in an amount to deter these litigants, and future litigants, from such egregious conduct, and to sufficiently punish Prenda and its principals for their acts.

A. <u>Prenda and Duffy Filed Three Unfounded, Meritless Lawsuits in Three Separate Jurisdictions in an Effort to Harass and Threaten Cooper And Godfread</u>.

Prenda, through its principals Paul Duffy, John Steele and Paul Hansmeier, filed baseless, abusive lawsuits against Cooper and Godfread in Illinois and Florida in an attempt to interfere with Cooper's identity theft lawsuit against them in Minnesota, in violation of the Minnesota Anti-SLAPP Act. Punitive damages for this conduct are appropriate. This Court has already held that there is clear and convincing evidence that the lawsuits were filed to inhibit Cooper and Godfread's public participation. [ECF No. 92, p. 5].

In November of 2012, Cooper retained Godfread for the purpose of ascertaining whether his identity had been stolen and used by Prenda and Duffy to perpetrate a massive BitTorrent

litigation scheme in courts across the country. Prenda and Duffy refused to discuss the matter with Cooper or Godfread. Cooper was forced to file an identity theft case to protect his interests.

Eighteen days after the complaint in the Minnesota identity theft case filed by Cooper was served on Steele, Duffy and Prenda filed three state court claims against Godfread and Cooper, including the instant cases. The third case was filed by John Steele in Florida. It was known as *John Steele v. Paul Godfread, Alan Cooper & John Does 1-10*, No. 13-6680 CA 4 (11th Cir., Miami-Dade County)(filed Febraury 25, 2013). Godfread and Cooper removed the case to the Southern District of Florida on March 1, 2013, No. 13-cv-20744. Steele voluntarily dismissed the case on March 6, 2013.

The trio of state court actions filed by Duffy, Prenda and Prenda's principal were not filed to proceed on the merits, but rather to a) force Godfread and Cooper to expend funds on litigation and attorney's fees in multiple, distant jurisdictions; b) to discourage opposition in Godfread and Cooper's Minnesota action through delay, expense and distraction; and for an otherwise vexatious or retaliatory purpose in response to the commencement of the Cooper action in Minnesota.

A review of the complaint filed by Godfread on behalf of Cooper confirms that their conduct was genuinely aimed at procuring favorable government action, e.g. obtaining relief from the Minnesota court for the theft of Cooper's identity. (Countercl.¶12-14; ECF No. 92, p. 2).

The only allegations of defamation Prenda and Duffy directly attribute to Godfread and Cooper in their state court defamation complaints is the "allegations in a complaint filed in the District Court for the Fourth Judicial District of Minnesota". (Compl., ¶6-7).

B. <u>Prenda and Duffy Committed Fraud in an Attempt to Thwart Diversity Jurisdiction and Lied to This Court About the Fraud</u>.

On March 1, 2013, the undersigned removed the St. Clair County case to the United States District Court for the Southern District of Illinois. [ECF No. 1]. On that date, attorney Duffy contacted attorney Erin Russell via email and alleged that an amended complaint had been filed in St. Clair County in which an additional plaintiff had been added, destroying diversity. Mr. Duffy provided a copy of the amended complaint via email and threatened to file a motion seeking sanctions if the undersigned did not withdraw the removal. [ECF No. 39-3; 13-cv-4341].

The undersigned immediately commenced an investigation into the purported alleged complaint and ascertained that: a) it had been procured by deception, and without leave of court, making it a legal nullity; and b) it had been served on Defendants Godfread and Cooper after the case was removed to the Southern District and therefore was irrelevant to the removal analysis even if there was an error and the amended complaint had been properly filed.

1. <u>Prenda Made Material Misrepresentations to the Circuit Court of St. Clair County in an Attempt to File an Amended Complaint Without Leave of Court to Fraudulently Join Hansmeier's Alpha Law, LLC as a Party</u>.

The St. Clair County case was filed on behalf of Prenda on February 12, 2013. [ECF No. 11-9]. Mr. Godfread was served on February 15, 2013. [ECF No. 24-2; 13-cv-4341]. Mr. Cooper was served on February 20, 2013. [ECF No. 24-3; 13-cv-4341].

On February 21, 2013, Kevin Hoerner, counsel for Prenda and a partner in a Belleville, Illinois law firm, personally delivered to the St. Clair County Circuit Court Clerk's office an "amended complaint"[1] and asked that it be accepted and filed. [ECF No. 12-1; 13-cv-4341], (Ex.

---

[1] The "amended complaint" purports to add a plaintiff, Alpha Law, LLC, a Minnesota law firm owned and operated by Prenda principal Paul Hansmeier. However, there is not a single substantive difference between the sham amended complaint and the original complaint other than counsel for Plaintiff having slapped the name Alpha Law on to the caption of the case and at the beginning of the document as a party. Not a single factual allegation was changed or added to reflect any reason for Alpha to be added as a party. This supports Defendants' position, and a

6

C). However, no motion for leave to amend the complaint had been filed, nor had any St. Clair County judge entered an order granting leave to amend[2].

According to representatives at the Clerk's office, the clerk's office employee at the window expressed reservations about accepting an amended complaint without an order granting a motion to amend. Judy Kent, a supervisor in the Small Claims and Civil Division of the St. Clair County Circuit Clerk's Office, was brought in to look at the document and make a determination as to whether it would be accepted.

In response to questioning by Ms. Kent as to why there was no motion for leave to amend or order granting such a motion, Attorney Hoerner falsely represented to her that no motion to amend was required because none of the defendants had yet been served. [ECF No. 34, Ex. C].

However, as is evident from the affidavits of service, both Defendant Godfread and Defendant Cooper had been served the original complaint at the time Mr. Hoerner made his representations to Ms. Kent. [ECF No. 24-2 and 3; 13-cv-4341].

At the time the false representations were made to Judy Kent in order to convince her to accept its "amended complaint", Prenda <u>knew</u> service of the original complaint had been achieved, at least as to service on Godfread. Prenda attorney John Steele called Godfread on

---

very obvious conclusion, that the sham amended complaint was hustled through the St. Clair County Circuit Clerk's Office in an attempt at fraudulently joining a non-diverse party. Since the amended complaint is a legal nullity.

[2] Under Illinois law, leave to amend a complaint is always required. An amendment to a pleading made without leave of court is a nullity. *Moyer v. Southern Illinois Hospital Service Corp.,* 327 Ill.App.3d 889, 895 (Ill.App.3d 2002); *Kurczaba v. Pollock*, 742 N.E.2d 425, 439 (Ill. App.3d 2000) (collecting cases) ("while a filing is a part of the public record upon its submission and acceptance by the circuit court, it is not a part of a judicial proceeding, e.g., a valid filing, until leave to file has been granted."); *Midwest Bank & Trust Co. v. Village of Lakewood*, 447 N.E.2d 1358, 1362 (Ill. App.3d 1983) (a pleading filed without leave of court must be disregarded on review). There is not an absolute right to amend and whether to allow amendment is a matter addressed to the court's sound discretion. Amendments to the pleadings are regulated by 735 ILCS 5/2-616. *Westfield Ins. Co. v. Birkey's Farm Store*, 924 N.E.2d 1231, 1247 (Ill. App.3d 2010) ("A party's right to amend pleadings … is not absolute or unlimited"). 735 ILCS 5/2-616, in contrast to FRCP 15, contains no period of time during which an amendment to the pleadings made without leave of court.

February 15, 2013, within an hour of Godfread being served, and left the following voice mail message:

> "Mr. Godfread. This is John Steele calling. I understand that you just got served. So, I do need to know if you are going to be representing Mr. Cooper in this suit as well. Obviously there is a conflict of interest that I can see but obviously I'm going to have to defer that decision about whether you are going to represent your co-defendant to you. Uhm and I leave the question as to the other suits that are coming your way in the next few days, I'll just wait until you actually get served before I bringing those up, but at least on this issue, this suit, I do need to know if I may contact Mr. Cooper directly or if I will be working through you. All right. Thank you."

Ms. Kent could not have known both Defendants had already been served copies of the original complaint. She checked the computers at the Clerk's office and saw no affidavits of service. (ECF No. 34, Ex. C). The acceptance of the amended complaint was predicated solely on the misrepresentations made by Kevin Hoerner on behalf of Prenda. Steele clearly knew not only that the amended complaint had been filed, but also that it had been served.

    2.    <u>Prenda and Duffy Presented the Sham Amended Complaint to The Southern District in Their Motion to Remand</u>.

On April 10, 2013, attorney Duffy, as counsel for Prenda, filed a Motion to Remand the Southern District case back to St. Clair County. [ECF No. 12; 13-cv-4341]. In response, Defendants filed their Opposition to Motion to Remand, in which they provided the court with information regarding how Prenda obtained the amended complaint by deception, showed that the amended complaint was not timely served on Godfread and Cooper and would have been irrelevant to the removal analysis even if it had not been a sham and a legal nullity, and also showed the court that the motion to remand was not timely filed. [ECF No. 24].

The Motion to Remand also includes an assertion that the undersigned appeared for Defendants in the St. Clair County case. This assertion is false. A simple review of the docket for

8

the Circuit Court of St. Clair County reveals that neither attorney Russell nor attorney Sweet (who is not licensed to practice law in Illinois) appeared for Defendants in that matter. [ECF No. 24-6; 13-cv-4341]. (*See also* Declaration of Erin Kathryn Russell, attached hereto as Exhibit L).

On June 6, 2013, the Honorable David R. Herndon issued a ruling on Defendants' pending motion to transfer the Southern District case to the Northern District of Illinois. [ECF No. 29]. In a footnote to that ruling, Judge Herndon adopted the factual assertions made by Defendants and denied Prenda's Motion to Remand. [ECF No. 29, n. 1].

This is significant to Defendants' punitive damages claim because it shows a continuous pattern of deception and fraudulent conduct by Prenda and Duffy from the time they filed the St. Clair County case, through its removal to the Southern District of Illinois, and ultimately after the case was transferred to the Northern District of Illinois and consolidated, as further set forth herein.

    3.    <u>Prenda and Duffy Opposed Defendants' Motion to Transfer and Consolidate by Advancing the Preposterous Argument That The two Cases Were not Related</u>.

On June 13, 2013, Defendants filed their Motion to Transfer and Consolidate the related cases. [ECF No. 19]. The case removed from Cook County was assigned to the Honorable John W. Darrah with docket number 1:13-cv-1569. The case transferred from the Southern District of Illinois was assigned to the Honorable Matthew F. Kennelly with docket number 1:13-cv-04341.

As the complaints in the two related cases were virtually identical, it was Defendants' position that transfer and consolidation would be appropriate. The Motion to Transfer and Consolidate was noticed for presentment on June 19, 2013. [ECF No. 21]. On June 18, 2013, Courtroom Deputy Melanie Foster emailed the undersigned and attorney Paul Duffy and asked if there would be any objections to the motion. [ECF No. 34, Ex. J]. Mr. Duffy wrote in response

9

that he objected to the motion and wanted a briefing schedule. Ms. Foster then wrote informing us that we should appear the following day[3]. [ECF No. 34, Ex. J].

The parties appeared on Defendants' Motion to Transfer and Consolidate on June 25, 2013. On that date, Duffy represented to the Court that he objected to the reassignment because he disagreed with Defendants' position that the cases are identical. (ECF No. 34, Ex. A).

At that time, the Court reminded Duffy of his obligations under Rule 11 in the following colloquy:

>THE COURT: Any objection to the reassignment –
>
>MR. DUFFY: Yes, I have objections. These cases are not identical. They –
>
>THE COURT: Counsel, I'm going to let you file a response.
>
>MR. DUFFY: May I have –
>
>THE COURT: I'm very familiar now with these issues. You can file a response. I caution you, though, that your response must comply with Rule 11's requirements.
>
>If you're representing to me that there is a material difference between this case and the case pending before Judge Kennelly, I'll let you put that in writing. How much time do you need to do that?
>
>MR. DUFFY: May I have seven days?
>
>THE COURT: Seven days it is.

Transcript of Proceedings, June 25, 2013; p. 3; lines 5-19 [ECF No. 34, Ex. A].

After being warned that his objection would need to satisfy the requirements of Rule 11, Duffy notified the Court that his objection was withdrawn. The Motion to Transfer and Consolidate was granted. (*See* June 28, 2013 minute order, ECF No. 26.)

---

[3] On the following day the undersigned was delayed in another courtroom and arrived late for this Court's motion call. The matter was reset for June 25, 2013.

1

  4.  <u>Prenda and Duffy Renewed Their Motion to Remand Based on the Fraudulent Amended Complaint</u>.

Despite Judge Herndon's ruling, in which he adopted the assertions and reasoning provided by Defendants in their opposition to Plaintiff's motion to remand in the Southern District, Duffy filed a Renewed Motion to Remand in this Court on behalf of Prenda, asking the Court to remand the Prenda case back to St. Clair County. [ECF No. 39; 13-cv-4341]. The Renewed Motion to Remand is virtually identical to the version filed in the Southern District of Illinois and denied by Judge Herndon. [ECF No. 12; 13-cv-4341]. The Renewed Motion to Remand contains no explanation or acknowledgment of the allegations concerning the circumstances of the filing of the amended complaint in St. Clair County, nor any additional facts or legal reasoning.

On August 14, 2013, attorney Russell emailed Duffy and informed him of Defendants' position that the Renewed Motion to Remand lacked merit and contained false statements. Attorney Russell warned Duffy that if he proceeded with the motion, she would move for sanctions and attorney's fees. (Ex. M). On that date the parties appeared for a status hearing, and Duffy presented Prenda's Renewed Motion to Remand. [ECF No. 40; 13-cv-4341]. The transcript of the hearing is attached hereto as Exhibit B. During the hearing, Duffy made numerous false statements.

Duffy admitted that he had filed substantially the same motion in the Southern District, and that his motion had been denied. (Ex. B; 4:15-18). He then went on to misrepresent Judge Herndon's ruling on the motion to remand, claiming that Judge Herndon had indicated that "on the four corners of the complaint, it stated that it was a Minnesota corporation." Judge Herndon made no such comment in the ruling on Plaintiff's motion to remand. The ruling was made in a footnote to the court's order granting Defendants' motion to transfer this matter to the Northern

1

District of Illinois. [ECF No. 29, n. 1; 13-cv-4341]. There is no mention in that footnote of the four corners of anything. In fact, the ruling on Prenda's motion to remand, in its entirety, reads as follows:

> Most notably, plaintiff has filed a motion to remand. The Court adopts the reasoning and assertions of defendants' response in opposition to remand and accordingly DENIES plaintiff's motion to remand.

[ECF No. 29, n. 1; 13-cv-4341].

The Court then questioned Duffy about the fact that he altered the caption of this case on the Renewed Motion to Remand by including Alpha Law, LLC as a party. Duffy again dishonestly represented to the Court that an amended complaint had been filed in St. Clair County prior to the removal of that case to the Southern District and that Alpha Law was a party to this case. [ECF No. 34, Ex. B; 5:11-22].

The Court then asked attorney Erin Russell about the amended complaint. Ms. Russell informed the Court of her investigation into the purported amended complaint, and the fact that Ms. Kent had provided an affidavit explaining the misrepresentations made to her office that caused her to accept the document for filing despite the fact that no court order permitting that filing had been entered. [ECF No. 34, Ex. B; 6:6-7:11].

The Court asked attorney Russell to file a response to the Renewed Motion to Remand, expressly requesting information regarding the docketing activity in St. Clair County. [ECF No. 34, Ex. B; 7:12-8:12]. Duffy asked for one or two days to reply, and was given seven. [ECF No. 34, Ex. B; 7:23-8:2].

Within hours of the August 14, 2013 status hearing described above, Duffy filed a Motion to Withdraw Prenda's Renewed Motion to Remand. [ECF No. 41]. In its Motion to Withdraw, Duffy and Prenda wrote that Prenda "vehemently disagrees" with the statements

1

made by attorney Russell at the August 14, 2013 hearing, and again affirmatively asserted that the amended complaint had been properly filed in St. Clair County, that Alpha Law had been properly added as a party in St. Clair County, and that diversity jurisdiction was lacking.

Pursuant to the Court's instructions, Defendants filed their opposition to the Renewed Motion to Remand on August 20, 2013. [ECF No. 44]. In their opposition brief, Defendants set forth for the Court the sequence of events starting in St. Clair County and continuing through the case's time in the Southern District of Illinois, including the fraudulent means by which the amended complaint was filed, Judge Herndon's ruling, the fact that the amended complaint was untimely served on Defendants, and the fact that Prenda's motion to remand in the Southern District had been untimely.

On August 20, 2013, the parties appeared and Duffy presented Prenda's Motion to Withdraw the Renewed Motion to Remand. On that date, the Court inquired as to whether Defendants would be filing a Rule 11 motion, which attorney Russell answered in the affirmative.

Defendants' Motion for Sanctions was granted on February 3, 2014. [ECF No. 59, 60; 1:13-cv-04341]. To date, neither Prenda nor Duffy have made payment, despite several Orders issued by this Court requiring them to do so, and despite Duffy's repeated assurances on the record that arrangements were being made.

C. DUFFY MADE UNTRUTHFUL STATEMENTS TO THE COURT ON HIS BEHALF AND ON BEHALF OF PRENDA, FOR WHICH BOTH WERE SANCTIONED

Duffy made numerous untruthful statements to this Court, for which he and Prenda were sanctioned. In the interest of judicial economy, Defendants adopt and incorporate their motions for sanctions, Prenda and Duffy's responses and the Court's Orders pertaining to sanctions against Prenda and Duffy as if fully set forth herein.

1

D. PRENDA PRINCIPALS STEELE AND HANSMEIER HARASSED COOPER AND GODFREAD BY TELEPHONE AND EMAIL

John Steele, an agent of Prenda, contacted Cooper directly and issued the following threat via voice mail:

> "I can assure you that just ignoring legal matters, it's not going to go away. So I highly recommend you, at least, you know, follow the rules of Minnesota, Illinois, Florida and some other states' rules of civil procedure because, otherwise, your life is going to get real complicated. And I'm saying this as a friend, as well as opposing counsel."[4]

This message was left for Cooper after it was known that he was represented by Godfread. [ECF No. 6, ¶39.1]

Paul Hansmeier chimed in on February 21, 2013, only days after Steele was served his copy of the Cooper identity theft case, with a letter to Godfread in which he claimed to have been retained by Livewire Holdings, LLC to sue Cooper for defamation in Minnesota. After threatening extended litigation and insults, Hansmeier closed with the now infamously silly and boastful "Welcome to the big leagues." [ECF No. 6, ¶40.1].

Defendants described in detail the pattern of abusive and harassing conduct by the Prenda principals, both in the time leading up to and since the filing of the instant matters, in their Renewed Motion to Dismiss Pursuant to the Minnesota Anti-SLAPP Act [ECF No. 67], in their Second Amended Counterclaims [ECF No. 50], and in their Motion for Sanctions [ECF No. 60]. Defendants adopt and incorporate those documents herein to the extent they describe the course of conduct by Plaintiffs and their principals in their campaign of harassment against Defendants.

---

[4] Godfread and Cooper will lodge the audio recording of the voice mail message left by Steele with the Court in the very near future.

1

V. CONCLUSION

The Anti-SLAPP statute provides for mandatory attorney's fees, but also for an award of actual or punitive damages where the action was brought "for the purpose of harassment, to inhibit the moving party's public participation, to interfere with the moving party's exercise of protected constitutional rights, or otherwise wrongfully injure the moving party." Minn. Stat. §554.04, subd. 2(b). Any award of punitive damages shall be measured by those factors which justly bear upon the purpose of punitive damages, including, to wit, the profitability of the misconduct to the responding party, the duration of the misconduct and any concealment of it, the degree of the responding party's awareness of the hazard and of its excessiveness, the attitude and conduct of the responding party upon discovery of the misconduct, and the financial condition of the responding party. Minn. Stat. §549.20.

In its August 20, 2015 memorandum opinion, this Court awarded Cooper and Godfread attorney's fees and costs for the filing of their Anti-SLAPP motion to dismiss (as permitted by statute), actual damages in the form of Cooper and Godfread's costs and attorney's fees in this action (also as permitted by statute) and punitive damages, as permitted by the Minnesota Anti-SLAPP Act. To that end, Cooper and Godfread have incurred costs and attorney's fees totaling $165,448.74. (Exhibit A). Cooper and Godfread respectfully suggest that as to punitive damages, an approximate triple multiplier of their attorney's fees would be appropriate, and thus respectfully request that the Court award punitive damages in the amount of $500,000.00.

Respectfully submitted,

/s/ Erin K. Russell
Counsel for Defendants and Counter-Plaintiffs
Paul Godfread and Alan Cooper

1

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

/s/ Jason E. Sweet
Counsel for Defendants and Counter-Plaintiffs
Paul Godfread and Alan Cooper

Booth Sweet, LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
jsweet@boothsweet.com
admitted pro hac vice


CERTIFICATE OF SERVICE

   The undersigned certifies that on September 29, 2015, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Erin Kathryn Russell

1