FILED

EC SEP 24 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

2018 SEP 24  PM 12: 19

CLERK
U S. DISTRICT COURT

PRENDA LAW, INC. AND PAUL
DUFFY,

        *Plaintiffs*,

v.

PAUL GODFREAD AND ALAN
COOPER,

        *Defendants.*

Case No. 1:13-cv-1569

*Consolidated with*

Case No. 1:13-cv-4341

## NON-PARTY PAUL HANSMEIER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO SUBSTITUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25

Non-party Paul Hansmeier ("Hansmeier") respectfully opposes Defendants'

motion to substitute pursuant to Federal Rule of Civil Procedure 25.

### BACKGROUND

On August 20, 2015, this Court issued a Memorandum Opinion holding plaintiffs

Paul Duffy and Prenda Law, Inc. jointly and severally liable for attorneys' fees and

damages pursuant to Minnesota's anti-SLAPP statute. Defendants now move the Court to

add Hansmeier to the judgment pursuant to Federal Rule of Civil Procedure 25(c) in an

attempt to subject Hansmeier to liability for the amount awarded by the Court. As this

Court has noted in its prior orders, Hansmeier cannot be subject to liability for the

judgment against Paul Duffy and Prenda Law, Inc. because, *inter alia*, Hansmeier's

participation in this litigation would destroy diversity jurisdiction—thus depriving the

Court of subject matter jurisdiction. If Defendants wish to pursue damages from Hansmeier, then they are entitled to bring suit against Hansmeier in Minnesota state court.

## ARGUMENT

Defendants' motion should be denied for at least four reasons: (1) Defendants have not made a showing of a "transfer of interest;" (2) Defendants are estopped from contending that Hansmeier is liable for the judgment against Plaintiffs; (3) Defendants cannot satisfy the requirements of subject matter jurisdiction; and (4) new developments in the law weigh against the Court's exercise of its discretion in the manner requested by Defendants.

## I.     Defendants have not made a showing of a "transfer of interest."

Defendants' motion should be denied because they have submitted no evidence of a transfer of interest from the Plaintiffs to Hansmeier.

### A.     Standard of review.

Rule 25(c), "Substitution of Parties," states, in relevant part:

> Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). "Although granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court, such discretion may not be abused by allowing substitution in the absence of a transfer of interest." *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (citation omitted) (reversing district court's

Rule 25(c) substitution; "[f]or Society to be substituted for State Bank, there must have been a transfer of interest from it to Society. Here there was none."); *see also Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, 2010 U.S. District LEXIS 125426, at *9 (S.D.N.Y. Nov. 29, 2010) ("It would be an abuse of discretion for a court to allow a substitution in the absence of a transfer in interest.") (internal quotation marks omitted). A "transfer of interest" does not occur in the corporate context unless "one corporation becomes the successor to another by merger or other acquisition of the interest the original party had in the lawsuit." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (emphasis added).

## B. There has been no "transfer of interest."

Defendants' motion should be denied because there has been no transfer of interest. Hansmeier is not a successor to either of the plaintiffs by virtue of a merger or other acquisition. Nor has Hansmeier acquired an interest in this lawsuit from either of the plaintiffs. The basic threshold requirement of Rule 25(c) has not (and cannot) been satisfied because Defendants have offered zero proof of a transfer of interest.

## II. Defendants are estopped from bringing their motion.

Defendants are estopped from bringing their motion. Both this Court and the U.S. Bankruptcy Court for the District of Minnesota had held that Hansmeier is not liable for the judgment entered against Plaintiffs. This Court previously denied a motion brought be defendants to impose joint and several liability against Hansmeier for the judgment entered against Plaintiffs—which, in substance, is precisely what Defendants are asking the Court to do now. Similarly, Defendants filed claims in Hansmeier's bankruptcy case

- 3 -

for the full amount of the judgment entered in this case. The U.S. Bankruptcy Court for the District of Minnesota rejected those claims and sanctioned Defendants and their counsel for knowingly filing false claims. Having failed in Minnesota, Defendants now return to this Court.

Defendants have had more than a full and fair opportunity to litigate Hansmeier's liability for the judgment before this Court and the U.S. Bankruptcy Court for the District of Minnesota. Defendants are estopped from seeking the same relief all over again. In the alternative, the Court may observe the "law of the case doctrine," which embodies the notion that a "court ought not to revisit an earlier ruling in the case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). Denying Defendants' motion to substitute will preserve the Court's prior ruling as well as the ruling from the U.S. Bankruptcy Court for the District of Minnesota.

### C. **Defendants cannot satisfy the requirements of subject matter jurisdiction.**

Defendants cannot satisfy the requirements of subject matter jurisdiction. At all times relevant to this litigation Hansmeier has been a citizen of Minnesota. The same is true for Paul Godfread and Alan Cooper. This Court previously ruled that adding Hansmeier to this litigation would destroy diversity jurisdiction, and nothing about that analysis has changed.

**D.** **New developments in the law weigh against the Court's exercise of its discretion in the manner requested by Defendants**

New developments in the law weigh against the Court's exercise of its discretion in the manner requested by Defendants. Defendants obtained judgment against Plaintiffs pursuant to Minnesota's anti-SLAPP statute. Minn. Stat. § 554.02. There have been two pertinent developments concerning Minnesota's anti-SLAPP statute.

First, federal courts in the District of Minnesota agree that Minnesota's anti-SLAPP statute cannot be applied in federal court because it conflicts with Federal Rule of Civil Procedure 56. *See, e.g., Healthcare, Inc. v. Cnty. of Hennepin,* No. 14-cv-114 (JNE/JJK), 308 F.R.D. 537, 540 (D. Minn. 2015). Second, Minnesota's anti-SLAPP statute was recently struck down as unconstitutional, because it violates an individual's right to a jury trial. *See Leiendecker v. Asian Women United of Minn.,* 895 N.W. 2d 623 (Minn. 2017). The new developments in the law weigh against the Court's exercise of its discretion to apply a judgment which, according to subsequent decisions, arises from a law whose validity and application in federal court is subject to serious question.

## CONCLUSION

The Court should deny Defendants' motion to substitute.

Dated: September 19, 2018     /s/ Paul R. Hansmeier
                              Paul R. Hansmeier
                              9272 Cortland Alcove
                              Woodbury, MN 55125
                              E-mail: prhansmeier@gmail.com
                              Phone: 651-399-1583
                              *Pro Se*

- 5 -