UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, INC. and PAUL DUFFY, ) </br> ) </br> Plaintiffs/Counterdefendants, ) </br> ) </br> v. ) </br> ) </br> PAUL GODFREAD and ALAN COOPER, ) </br> ) </br> Defendants/Counterplaintiffs. ) </br> ) | Civil Action No. 1:13-cv-01569 </br> *consolidated with* </br> Civil Action No. 1:13-cv-04341 </br> </br> </br> Hon. Gary R. Feinerman |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JOINDER/SUBSTITUTION OF PARTIES PURSUANT TO Fed.R.Civ.P. 25(c) AND ENTRY OF AN AMENDED JUDGMENT**

COME NOW Defendants/Counter-Plaintiffs Cooper and Godfread and in support of their Motion for Joinder/Substitution of Parties Pursuant to Fed.R.Civ.P.25(c), state as follows:

**I. The lack of authority or legal argument forfeits any issues asserted in the opposition.**

Hansmeier provides neither the necessary caselaw, facts nor reasoned analysis to support his opposition. Rather, Hansmeier asks the Court to do one of two things: 1) mine the record of several proceedings and decades of legal precedent to confirm the validity of his arguments or 2) accept what he says as gospel—and there is no reason for the Court to do either. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Bank of Am., N.A. v. Veluchamy,* 643 F.3d 185, 189 (7th Cir. 2011) (citation omitted); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived…") (citation omitted)).

More so, Hansmeier already knows that the practice of submitting such cursory filings in a court of this Circuit is unacceptable.

> [The] renewed motion does not set forth a standard of review, case citations or legal arguments in support thereof. The lack of authority or legal argument forfeits any issues asserted by Hansmeier.

Order, *Lightspeed Media Corp. v. Smith*, No. 12-cv-00889, ECF No. 186 at 2 (S.D. Ill. Oct. 20, 2014) (citation omitted).

1

## II. Hansmeier's guilty plea is proof that assets were transferred from Prenda Law to himself.

Hansmeier's affirmative plea of guilt as to his control and ownership of Prenda Law, and his use of Under the Bridge LLC to funnel assets from Prenda Law to himself, is proof that a transfer of assets occurred. *See* Doc. 110-7. *See also* Doc. 68 at 3–4 (illustrating the flow of assets from Prenda Law to Hansmeier).

> In this circuit, a criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted.

*Appley v. West,* 832 F.2d 1021, 1026 (7th Cir. 1987) (citation omitted). Thus, When Hansmeier pleaded guilty to conspiring with John Steele to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349 and money laundering in violation of 18 U.S.C. § 1956(h), he pleaded guilty to all material facts alleged in the complaint. *Id.* (precluding reexamination of the facts behind the guilty plea). This included:

> In or about November 2011, in order to distance themselves from the fraudulent copyright infringement lawsuits and any potential fallout, defendants caused Prenda Law to be created. Although [Paul Duffy] nominally owned Prenda Law, and at times provided assistance to HANSMEIER and STEELE in filing and overseeing the copyright litigation, HANSMEIER and STEELE exerted *de facto* control over Prenda Law, including the primary direction of its employees and dispensation of its finances. Despite controlling Prenda Law, and at various times filing appearances for or in connection with Prenda Law, HANSMEIER and STEELE on multiple occasions falsely denied to various courts any direct involvement with or control over Prenda Law.

Doc. 110-1 at ¶ 25; *see also* Doc. 110-8 at 3–4.

> In or about 2012, the defendants created a company, Under the Bridge Consulting, that they intended to and did use to collect "consulting fees" after transferring the operations of Steele Hansmeier PLLC to P.D. (through Prenda Law). The defendants thereafter transferred approximately $1,000,000 of the proceeds of the fraudulent scheme to Under the Bridge Consulting, and distributed those monies to HANSMEIER and Steele. The defendants' use of Under the Bridge Consulting was designed in whole or in part to conceal or disguise the nature, source, ownership, and control of the proceeds of their fraudulent scheme.

Doc. 110-8 at 6.

Hansmeier's admissions not only support the relevancy of the petition he challenges, but it also confirms that substitution or joinder is appropriate.

**III. There no valid argument in favor of estoppel.**

Hansmeier fails to meaningfully—or even comprehensibly—articulate an argument in favor of estoppel. The argument he does present is characterized by a reliance on irrelevant, conclusory, and often incoherent statements of which the following is a representative example: "The U.S. Bankruptcy Court for the District of Minnesota … sanctioned Defendants and their counsel for knowingly filing false claims." Doc. 117 at 4. Yet neither Defendants nor their counsel have ever been sanctioned by the U.S. Bankruptcy Court for the District of Minnesota, let alone in any matter by any court. Whether this comment is viewed as an unsubstantiated accusation or an unflattering characterization, it is completely irrelevant to the issues presented here.

Likewise, his assertion that "[b]oth this Court and the U.S. Bankruptcy Court for the District of Minnesota had held that Hansmeier is not liable for the judgment entered against Plaintiffs," suffers from the same lack of citation—because no such determination was ever made by either court. Doc. 117 at 4.

Lastly, his "law of the case" argument relies on a case of no relevance. In fact, the motion which Hansmeier refers to that was before this Court, was made under federal common law notions of joint and several liability [Doc. 66] and denied for reasons of service and diversity [Doc. 79]. It was not brought pursuant to Rule 25, and even if it had been, denial of a Rule 25(c) motion does not preclude the substitution of parties in actions to enforce the judgment. *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8, 22–28 (7th Cir. 1977); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

**IV. Diversity is not affected by substitution or joinder made pursuant to 25(c).**

Contrary to Hansmeier's assertion, the addition of a non-diverse party under Rule 25 does not defeat subject matter jurisdiction based on diversity of citizenship. 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.33[1], at 47 (3d ed. 2007). Federal courts examine jurisdictional facts as they exist at the time the case was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). If jurisdiction exists when the action is commenced, it is not divested by subsequent events. *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (substitution of a non-diverse plaintiff pursuant to Fed. R. Civ. P. 25(c) did not destroy diversity jurisdiction). *See also Fred Harvey, Inc. v. Mooney*, 526 F.2d 608, 611 (7th Cir. 1975) (*citing Hardenbergh v. Ray*, 151 U.S. 112, 118–19 (1894) ("When federal diversity jurisdiction has attached, as here, with the tenant as one

party, the substitution of the non-diverse landlord for the tenant in no way affects or defeats the jurisdiction.")).

## V. A subsequent change in the law does not warrant the relief Hansmeier seeks.

Once the time for an appeal has lapsed, the judgment of a court may not be altered by retroactive legislation. *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 627 n.1, 628–630 (7th Cir. 1997). *See also e.g., Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226 (1995). A court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to *res judicata* effect. This is because the "need for finality of judgments is an overarching concern." *Cincinnati Ins. Co.*, 131 F.3d at 628–630.

What federal courts in diversity cases attempt to do "is to make a studied effort to determine how a state's highest court would interpret the law in question." *Id.*, 131 F.3d at 628. The *Cincinnati* court stated that, of course, "as in any human endeavor, such predictions are not always accurate, but that does not mean that the decision of the federal court— where the prediction is rendered incorrect by a subsequent state supreme court decision—warrants being set aside under Rule 60(b)." *Id.*

> Since 1938, the Supreme Court's decision in *Erie Railroad Co. v. Tompkins* has required federal courts to apply and interpret substantive state law in diversity cases. The *Erie* doctrine assumes there will be times the federal courts will incorrectly predict what the state courts would decide. American Family is therefore correct in noting that a state court's later disagreement with a federal court's interpretation of state law is generally not enough to reopen a diversity case.
>
> The very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law. However, this aspect of our dual justice system does not mean that all diversity judgments are subject to revision once a state court later addresses the litigated issues. Such a rule would be tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in *Erie* or its progeny.
>
> * * *
>
> There is nothing in *Erie* that suggests that consistency must be achieved at the expense of finality, or that federal cases finally disposed of must be revisited anytime an unrelated state case clarifies the applicable rules of law. Attempting to obtain such a result through Rule 60(b)(6) is simply an improvident course that would encourage countless attacks on federal judgments long since closed.
>
> *DeWeerth v. Baldinger*, 38 F.3d at 1273–74; *see also Cincinnati Insurance*, 131 F.3d at 629 (*quoting DeWeerth*); *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1076 (7th Cir. 1997) ("Decisions constantly are being made by judges which, if reassessed in light of *later* precedent, might have been made differently; but a final judgment normally ends the quarrel. Indeed, the common law could not safely develop if the latest evolution in doctrine became the standard for measuring previously resolved claims. The finality of judgments protects against this kind of retroactive lawmaking.").

*Schmitt v. American Family Mut. Ins. Co.*, 187 F.R.D. 568, 571 (S.D. Ind. 1999).

This same analysis is appropriate in this case. Prenda Law sought the diversity jurisdiction of this Court when it filed its state law claims herein and made a deliberate choice not to appeal the resulting judgment.[1] The intervening change in law has not made this Court's judgment unjust. *Cincinnati Ins. Co.*, 131 F.3d at 630.

Nor is it unfair to Hansmeier. *American Renaissance Lines, Inc. v. Saxis S.S. Co.*, 71 F.R.D. 703 (E.D.N.Y. 1976). Whether it is joinder or substitution that is ordered under Rule 25(c), the respective substantive rights of the transferrer or transferee are not affected. 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.32, at 45 (3d ed. 2007); *ISI Int'l v. Borden Ladner Gervais, LLP*, 2002 U.S. Dist. LEXIS 2406, *10–11 (N.D. Ill. Feb. 14, 2002). Indeed, the court may join a defendant simply because it owns the assets that could be used to satisfy judgement. *Minnesota Mining & Mfg. Co. v. Eco-Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985); *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003). The new party steps into the procedural position of the original party and the substituted party is bound by any actions already taken by the predecessor and by any orders in the case. *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995). may leave one or more parties of earlier litigation with the feeling that they have been treated unfairly, but this must be balanced with the need for finality of litigation.

## CONCLUSION

Hansmeier's admittance as to his ownership and control over Prenda Law removes any doubt as to whether he may be held individually liable for the judgment against Prenda Law.

WHEREFORE, the Defendants request that the Court substitute John Steele and Paul Hansmeier under Rule 25(c) and amend the judgment against Prenda Law to hold them jointly and severally liable.

---

[1] *See Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1076 (7th Cir. 1997) (denying relief from judgment based on an intervening change of law when the losing party has failed to appeal; noting that Rule 60(b) "cannot be used to obtain a belated appeal."); *Brown v. Clark Equipment Co.*, 96 F.R.D. 166, 173 (D. Me. 1982) (failure to appeal an adverse judgment unquestionably requires denial of relief from judgment). *See also* Fed.R.Civ.P. 60(c)(1) (A motion for relief from a judgment must be made "no more than a year after the entry of judgment.").

Dated: October 12, 2018                                         Respectfully submitted,

                                                                /s/ Jason E. Sweet
                                                                BOOTH SWEET LLP
                                                                32R Essex Street
                                                                Cambridge, MA 02139
                                                                Tel.: (617) 250-8602
                                                                Fax: (617) 250-8883
                                                                jsweet@boothsweet.com
                                                                BBO# 668596

                                                                /s/ Erin K. Russell
                                                                The Russell Firm, LLC
                                                                650 W Lake Street, Suite 210A
                                                                Chicago, IL 60661
                                                                T: 312-994-2424
                                                                F: 312-706-7966
                                                                erin@russellfirmip.com
                                                                ARDC # 6287255

                                                                *Counsel for Defendants and Counter-Plaintiffs*
                                                                *Paul Godfread and Alan Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, notice of the foregoing document, will be served via mail to:

Paul R. Hansmeier                                               John Steele
9272 Cortland Alcove                                            18871 N. 69th Ave.
Woodbury, MN 55125                                              Glendale, AZ 85308


                                                                /s/ Jason Sweet