

**FILED**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NOV – 1 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PRENDA LAW, INC.; and PAUL
DUFFY,

   *Plaintiffs,*

v.

PAUL GODFREAD; and ALAN
COOPER,

   *Defendants.*

Case No. 1:13-cv-1569

*Consolidated with*

Case No. 1:13-cv-4341

## NON-PARTY PAUL HANSMEIER'S BRIEF IN LIEU OF ORAL ARGUMENT

  Non-party Paul Hansmeier ("Hansmeier") respectfully submits this brief in lieu of attending oral argument.

### INTRODUCTION

  The defendants in this case have moved the Court pursuant to Rule 25(c) of the Federal Rules of Civil Procedure to substitute Hansmeier and non-party John Steele in place of Prenda Law, Inc. on the judgment that has been entered in this case. Hansmeier has been planning to attend oral argument in this case, but defendants have now twice scheduled and canceled their hearing. The next hearing is scheduled for October 30, 2018, but given past cancelations, there is no guarantee that the hearing will go forward. Out of an abundance of caution, Hansmeier respectfully submits the following brief and evidence in lieu of attending oral argument. The following statements summarize what Hansmeier intended to present at oral argument.

**STATEMENT**

On April 9, 2015, the district judge who was then presiding over this case entered an order denying Cooper and Godfread's motion to impose joint and several liability against Hansmeier and Steele for any judgment that was entered against Prenda Law, Inc. Dkt. 178. The court reasoned that neither Hansmeier nor Steele were designated as parties to this case or had been served with process. *Id.* The court further noted that Hansmeier's addition to this case would destroy diversity jurisdiction. *Id.* The arguments raised by Cooper and Godfread in support of that motion were quite similar to the arguments Cooper and Godfread now raise in support of their Rule 25(c) motion.

On July 13, 2015, Hansmeier filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code. Hansmeier's case was subsequently converted to Chapter 7. Cooper and Godfread filed claims in Hansmeier's bankruptcy case arising from the judgment in this case. *See* Declaration of Paul Hansmeier ("Hansmeier Decl."), October 26, 2018, Exhibit 1 (at Exhibits 4-5 to Exhibit 1). *Id.* Each of the claims was in the amount of $679,651.65. By submitting these claims, Cooper and Godfread submitted themselves to the jurisdiction of the U.S. Bankruptcy Court for the District of Minnnesota for the purposes of determining what liability, if any, Hansmeier had on the judgment that was entered in this case.

The Chapter 7 Trustee objected to Cooper and Godfread's claims, arguing that Hansmeier did not have any liability for the judgment that was entered in this case as a result of the Court's April 9, 2015 order. Hansmeier Decl. Ex. 1. Cooper and Godfread opposed the Chapter 7 Trustee's objection, arguing that Hansmeier was Prenda Law's

alter ego and that he was thus liable for any judgment entered against Prenda Law. Hansmeier Decl. Ex. 2. The Bankruptcy Court disallowed Cooper and Godfread's claims, thus holding that Hansmeier was not liable for the judgment entered against Prenda Law in this case. Hansmeier Decl. Ex. 3. Now, Cooper and Godfread are back before the court for a third attempt at somehow making Hansmeier liable for the judgment that has been entered in this case.

Jason Sweet and Dan Booth of the Booth Sweet LLP ("Booth Sweet") are representing Godfread and Cooper in this case. For the past five years, Booth Sweet have been attempting to profit from the severe reputational injury that was caused by the district court's order in the *Ingenuity13* matter referenced throughout the briefs in this case. For example, Booth Sweet obtained a judgment against Hansmeier in the U.S. District Court for the District of Massachusetts without naming Hansmeier as a party or serving Hansmeier with process. Booth Sweet were essentially able to persuade a very senior district judge that he should dispense with the due process requirement of service. The judgment was subsequently reversed by the U.S. Court of Appeals for the First Circuit. Hansmeier Decl. Ex. 4. Booth Sweet attempted a similar effort in the District of Connecticut. An alert district judge rejected their attempt. Similarly, Booth Sweet were able to persuade a district judge in the Southern District of Illinois to impose a criminal contempt sanction pursuant to its inherent authority without providing any of the due process protections applicable to criminal proceedings. The Seventh Circuit reversed that judgment. Booth Sweet filed millions of dollars of false claims in Hansmeier's

bankruptcy case. Booth Sweet was found by the U.S. Bankruptcy Court for the District of Minnesota to have knowingly filed false claims.

In every case, Booth Sweet's typical tactic is to reference the punitive findings in the *Ingenuity13* case, and ask for relief which uniformly has no basis in law or fact. For example, Booth Sweet filed a motion to stay the enforcement of a judgment Hansmeier obtained against them pending the resolution of an appeal of that judgment. The district court—sitting in appellate jurisdiction over a judgment entered in a bankruptcy proceeding—denied that motion, noting that Booth Sweet had not provided argument that was relevant to the factors a court weighs in deciding whether to issue a stay. Instead, Booth Sweet's motion to stay was essentially a compendium of adverse statements that courts had made with respect to Hansmeier and others.

Hansmeier's position in this case is that defendants' Rule 25(c) motion should be denied because: (1) defendants have not shown a transfer of interest; (2) defendants are estopped from contending that Hansmeier is liable for the judgment entered in this case; (3) defendants cannot satisfy the requirements of subject matter jurisdiction; and (4) new developments in the law weigh against the Court's exercise of its discretion in the manner requested by defendants.

Defendants have not shown a transfer of interest that would trigger the application of Rule 25(c). Hansmeier would draw the Court's attention to Chief Judge Castillo's order denying a motion to substitute pursuant to Rule 25(c). *Valerio v. Total Taxi Repair & Body Shop, LLC*, No. 12-cv-9985 (N.D. Ill. June 25, 2015). In *Valerio*, the plaintiff moved the court pursuant to Rule 25(c) to substitute a third-party in place of one of the

judgment debtors. The plaintiff argued that the defendants had shut down one of the judgment debtors and reopened a new company in a transparent effort to avoid paying the judgment. While the court was sympathetic to the plaintiff's concern that the defendants were operating an "an unethical manner to defendant th[e] [c]ourts hard fought judgment…" the court nevertheless denied the Rule 25(c) motion, holding, "Plaintiffs simply fail to allege any transfer of interest that would trigger the operation of Rule 25(c). Mere speculation without any evidence is simply not enough to satisfy Rule 25(c)." That is exactly the case here. At most, defendants have speculated without any probative evidence that a transfer of interest occurred in this case. Hansmeier does not believe that a "transfer of interest" occurred here as the term is defined under substantive law. Defendants insinuations to the contrary are insufficient.

Another case concerning Rule 25(c) merits this Court's attention: *Rouben v. Parkview Hosp., Inc.*, No. 1:10-cv-397 (N.D. Ind. Jan. 30, 2013). *Rouben* is germane to this case because it makes the point that Rule 25(c) has no application to interests transferred *prior* to commencement of an action. *Id.* (citing *F.D.I.C. v. Deglau*, 207 F.3d 153, 159 n.2 (3d Cir. 2000) (noting that Rule 17(a) governs transfers prior to the filing of a lawsuit while Rule 25(c) governs transfers after the lawsuit begins)). Defendants are free to correct Hansmeier if he is wrong, but based on his review of his financial records, Hansmeier did not receive any money from Prenda after the commencement of this suit. Defendants have access to Hansmeier's financial records via discovery they have received in other cases. Thus, even if the receipt of money from a company constituted a "transfer of interest" under applicable law—and it does not—there would be no factual

basis for concluding that Hansmeier received a "transfer of interest" after the commencement of this lawsuit sufficient to trigger the application of Rule 25(c).

Defendants are estopped from contending that Hansmeier is liable for the judgment entered against the plaintiffs. Defendants have failed before this court and the U.S. Bankruptcy Court for the District of Minnesota in their efforts to impose liability against Hansmeier in this case. A bankruptcy order disallowing a proof of claim—such as the bankruptcy order entered against defendants—is a final judgment on the merits by a court of competent jurisdiction and is a predicate for *res judicata*. *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 625 (2nd Cir. 2007); *In re Residential Capital, LLC*, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015); *Moore v. Wiz*, 2008 WL 2357406, *1 (E.D.N.Y. Jun. 4, 2008). As explained in *Warner v. CMG Mortg. Inc.*, 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (footnotes and internal citations omitted) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy):

> ... Defendants moved....to dismiss....they argue plaintiff unsuccessfully raised her current claim in bankruptcy court and is therefore now barred under the doctrine of res judicata from further pursuing the claim before this Court.....
>
> Res judicata, or claim preclusion, operates to bar subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." ..... If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter res judicata precludes re-litigating those claims....Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."....Because "[r]es judicata prevents litigation of all

grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." .....

Here, the bankruptcy court addressed in detail and dismissed claims arising from the same transactions at issue in the instant complaint; indeed, the court addressed the same claims asserted here...."[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.")....

...[Defendant's] Rule 12(b)(6) motion to dismiss is premised primarily on two grounds: (1) that judicial estoppel bars plaintiff's claim where she affirmed in her personal bankruptcy proceedings under penalty of perjury that she had no claims against her creditors; and (2) that her claims are barred by the doctrine of res judicata based on the Southern District of New York decision..... Because dismissal is proper under the second ground for the same reasons noted with respect to the analysis of the Ally Defendants' motion, CMG's motion is Granted and the claims against CMG are Dismissed With Prejudice....

Here, defendants voluntarily submitted themselves to the jurisdiction of the U.S. Bankruptcy Court for the District of Minnesota and their claim arising from this case was disallowed. Res judicata prevents defendants from relitigating their failed claim for a third time in this court.

Defendants cannot satisfy the requirements of subject matter jurisdiction. At all times relevant to this litigation Hansmeier has been a citizen of Minnesota. The same is true for Paul Godfread and Alan Cooper. This Court previously ruled that adding Hansmeier to this litigation would destroy diversity jurisdiction, and nothing about that analysis has changed.

New developments in the law weigh against the court's exercise of its discretion to apply Rule 25(c) in this case. Rule 25(c) is discretionary. Thus, even if the court concludes that the requirements of Rule 25(c) have been met, the court nevertheless has the power to decline to apply the Rule. New developments in the law strongly suggest that defendants improperly obtained a judgment in this matter. These developments, which were detailed in Hansmeier's memorandum in opposition to defendants' motion to substitute, include holdings that Minnesota's anti-SLAPP law does not apply in federal court and is otherwise unconstitutional.

## CONCLUSION

The Court should deny Defendants' motion to substitute.

Dated: October 26, 2018

/s/ Paul R. Hansmeier
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125
E-mail: prhansmeier@gmail.com
Phone: 651-399-1583
*Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PRENDA LAW, INC.; and PAUL
DUFFY,

        *Plaintiffs,*

v.

PAUL GODFREAD; and ALAN
COOPER,

        *Defendants.*

Case No. 1:13-cv-1569

*Consolidated with*

Case No. 1:13-cv-4341

## DECLARATION OF PAUL HANSMEIER

1.    Attached hereto as Exhibit 1 is a true and correct copy of the Chapter 7 Trustee's motion objecting to claims submitted by Godfread and Cooper relating to this case.

2.    Attached hereto as Exhibit 2 is a true and correct copy of Godfread and Cooper's response to the Chapter 7 Trustee's claim objection.

3.    Attached hereto as Exhibit 3 is a true and correct copy of the Bankruptcy Court's order disallowing Cooper and Godfread's claims.

4.    Attached hereto as Exhibit 4 is a true and correct copy of the First Circuit's mandate vacating an entry of judgment against Hansmeier.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2018

                          /s/ Paul Hansmeier
                          Paul Hansmeier

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                          BKY No. 15-42460
                                                                Chapter 7 Case

Paul R. Hansmeier,

        Debtor.

### NOTICE OF HEARING AND MOTION OBJECTING TO CLAIMS

1.      Randall L. Seaver, the duly appointed Chapter 7 trustee herein ("Trustee")
moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing on this motion at 10:30 a.m. on December 21,
2016 in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis,
MN 55415.

3.      Any response to this motion must be filed and served by delivery not later than
December 16, 2016 which is five days before the time set for the hearing (including
Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS
TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This bankruptcy case was commenced as a Chapter 13 on July 13, 2015. It
converted was to a case under Chapter 7 on December 3, 2015. The case is now pending in
this court.

5.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and
1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.

6.    This motion arises under 11 U.S.C. §§ 501, 502, 704(5) and 726 and Fed. R.

Bankr. P. 3007(1). This motion is filed under Bankruptcy Rule 9014 and Local Rule 3007-1.

**Movant objects to the following claims:**

| Claim No. | Claimant | Claim Amount | Exhibit # |
|---|---|---|---|
| 9 | Paul Godfread | $678,865.97 | 1 |
| 10 | Alan Cooper | $678,865.97 | 2 |
| 11 | Alan Cooper | $255,000.00 | 3 |
| 15 | Alan Cooper | $679,651.65 | 4 |
| 16 | Paul Godfread | $679,651.65 | 5 |
| 18 | Alan Cooper | $255,000.00 | 6 |

The preliminary pages of each claim are attached as the Exhibit # identified above.

7.    Claim Nos. 9, 10, 15, and 16 are essentially identical claims, arising from the

same litigation. Claim Nos. 11 and 18 are identical claims.

**Claims 9, 10, 15, and 16**

8.    Claims 9, 10, 15 and 16 purportedly arise out of litigation in the U.S. District

Court for the Northern District of Illinois, Case No. 13-cv-1569. According to the Proof of

Claims filed by the creditors, the basis for the claims is "judgment against debtor". In fact,

there has been no judgment entered against the debtor Paul Hansmeier on the asserted

claims.

9.    On April 9, 2015, United States District Court Judge, John W. Darrah entered

an order denying the claimants Cooper and Godfread's request to impose joint and several

liabilities against the debtor and his business partner. Attached hereto as Exhibit 7 is a true

and correct copy of the April 9, 2015 Order. The court denied the claimant's request due to

the fact that the parties were not designated parties to the litigation, and apparently had not

been made parties by service of process. The court also noted jurisdictional issues. See Exhibit 7 at 2.

10.    On December 23, 2015, Claimants Cooper and Godfread filed a motion to lift the automatic stay in this bankruptcy case in order to pursue their claims against the Debtor in the District Court litigation pending in the Northern District of Illinois. The Debtor opposed the motion.

11.    At the January 14, 2016, hearing on the claimants Cooper and Godfread's motion to lift the automatic stay, the claimants agreed to withdraw their motion, with an apparent intent to re-file with further evidence supporting "cause" to lift the automatic stay. See Doc. 98. Ten months have passed since the withdrawal of the stay relief motion, and no subsequent motion has been filed.

12.    The Trustee objects to Proof of Claims 9, 10, 15 and 16 as the District Court for the Northern District of Illinois has specifically stated that the Debtor is not liable on the judgment obtained by claimants Cooper and Godfread, and claimants have taken no further action to assess liability against the Debtor.

**Claims 11 and 18**

13.    Claims 11 and 18, appear to be based on an Order for Judgment, which claimant Cooper attached as an exhibit Proof of Claim 11 and 18. Attached hereto as Exhibit 8 is a true and correct copy of the July 15, 2015 Order for Judgment.

14.    The July 15, 2015 Order for Judgment is a judgment against John Steele and Prenda Law, LLC. The debtor's name does not appear in the Order for Judgment.

15.    The claimant Cooper may believe that the District Court's holding provides an

avenue for him to seek liability against the Debtor; however; the claimant has not obtained

stay relief to liquidate any such claim. Therefore, the Trustee objects to Proof of Claims 11

and 18.

WHEREFORE, the Trustee requests an order of the court:

1.    Denying Proofs of Claim 9, 10, 11, 15, 16 and 18 in their entirety.

2.    Such other relief as the court deems just and equitable.

FULLER, SEAVER,
SWANSON & KELSCH, P.A.

Dated: November 16, 2016                 By:/e/    Matthew D. Swanson
                                              Matthew D. Swanson        390271
                                              Randall L. Seaver         152882
                                              12400 Portland Avenue South, Suite 132
                                              Burnsville, MN 55337
                                              (952) 890-0888

                                              Attorneys for Randall L. Seaver, Trustee

## VERIFICATION

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the
moving party named in the foregoing notice of hearing and motion, declare under penalty of
perjury that the foregoing is true and correct according to the best of my knowledge,
information and belief.

Executed on November 16, 2016              /e/ Randall L. Seaver
                                           Randall L. Seaver, Trustee

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 15 of 49 PageID #:2120

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 9-1   Dned 11/09/15 Page 5cMain Document   Page 1 of 55

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>Paul Robert Hansmeier | Case Number:<br><br>15-42460 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Paul Godfread c/o Booth Sweet LLP | |
|---|---|
| | **COURT USE ONLY** |
| Name and address where notices should be sent:<br>Jason E. Sweet / Booth Sweet LLP<br>32R Essex Street<br>Cambridge, MA 02139<br><br>Telephone number: (617) 250-8619   email: jsweet@boothsweet.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(if known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:   email: | ☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

| 1. Amount of Claim as of Date Case Filed: | $ | 678,865.97 | |
|---|---|---|---|

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** judgment against debtor
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>  5  7  5  4 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property: $** _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate** _____ % ☐ Fixed or ☐ Variable
(when case was filed)

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br><br>$ _____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT 1**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 16 of 49 PageID #:2121

B10 (Official Form 10) (04/13)                                                                                   3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 17 of 49 PageID #:2122

Case 15-42460    Doc 178    Filed 11/16/16    Entered 11/16/16 09:45:44    Desc Main
Case 15-42460    Claim 9-1    Filed 11/09/15    Page 3 of 55

B10 (Official Form 10) (04/13)    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See Instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                 or their authorized agent.        (See Bankruptcy Rule 3005.)
                                                                 (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  **Jason E. Sweet**
Title:       **Partner**
Company:     **Booth Sweet LLP**
Address and telephone number (if different from notice address above):    (Signature)                          11/08/2015
**32H Essex Street**                                                                                            (Date)
**Cambridge, MA 01239**

Telephone number: (617) 250-8619    email: jsweet@boothsweet.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor,*
*exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claims:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 18 of 49 PageID #:2123

Case 15-42460   Doc 178    Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 9-1   Filed 11/09/15   Desc Main Document   Page 4 of 55

### Itemized Statement of Paul Godfread Proof of Claim

Post-judgment interest, on the other hand, is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

Judgement amount: $11,758.20 x Interest Rate: .10%

Entered Date of Judgement: 06/12/2014 to Current Date: 11/09/2015

$3.22 (Daily Interest Amount) x 515 (Accumulated Days) = $1659.03 (Accumulated Interest Amount)

**SubTotal: $13,417.23**

Attorneys Fees & Costs awaiting affirmation: $165,448.74

Punative Damages awaiting affirmation: $500,000.00

**Total: $678,865.97**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 19 of 49 PageID #:2124

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 10-1   Filed 11/09/15   Page 6 of 54 Document   Page 1 of 54

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>**Paul Robert Hansmeier** | Case Number:<br><br>15-42460 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Alan Cooper c/o Booth Sweet LLP | |
|---|---|
| Name and address where notices should be sent:<br>Jason E. Sweet / Booth Sweet LLP<br>32R Essex Street<br>Cambridge, MA 02139<br>Telephone number: (617) 250-8619    email: jsweet@boothsweet.com | **COURT USE ONLY**<br><br>☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>**Filed on:**_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:    email: | ☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**    $                678,865.97

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** judgment against debtor
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>5  7  5  4 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

**Amount of Secured Claim:**    $_____

**Amount Unsecured:**    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br><br>$_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT 2**

**B10 (Official Form 10) (04/13)**                                                                 2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**8. Signature:** *(See instruction #8)*

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. *(See Bankruptcy Rule 3004.)*   ☐ I am a guarantor, surety, indorser, or other codebtor. *(See Bankruptcy Rule 3005.)*

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Jason E. Sweet**
Title: **Partner**
Company: **Booth Sweet LLP**
Address and telephone number (if different from notice address above): **32R Essex Street**
**Cambridge, MA 01239**                (Signature)                              11/09/2015  (Date)

Telephone number: **(617) 250-8619**   email: **jsweet@boothsweet.com**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 21 of 49 PageID #:2126

Case 15-42460    Doc 178    Filed 11/16/16    Entered 11/16/16 09:45:44    Desc Main
Case 15-42460    Claim 10-1 Document 11/09/15 Page 11 of 20 Document    Page 3 of 54

### Itemized Statement of Alan Cooper Proof of Claim

Post-judgment interest, on the other hand, is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

Judgement amount: $11,758.20 x Interest Rate: .10%

Entered Date of Judgement: 06/12/2014 to Current Date: 11/09/2015

$3.22 (Daily Interest Amount) x 515 (Accumulated Days) = $1659.03 (Accumulated Interest Amount)

**SubTotal: $13,417.23**

Attorneys Fees & Costs awaiting affirmation: $165,448.74

Punative Damages awaiting affirmation: $500,000.00

**Total: $678,865.97**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 22 of 49 PageID #:2127

Case 15-42460  Doc 178  Filed 11/16/16  Entered 11/16/16 09:45:44  Desc Main
Case 15-42460  Claim 11-1  Document Page 1 of 2  Filed 11/10/15  Desc Main Document  Page 1 of 2

B10 (Official Form 10) (04/13)

| **UNITED STATES BANKRUPTCY COURT** | **District of Minnesota** | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br>Paul Hansmeier | Case Number:<br>15-42460 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Send original to:
U.S. Bankruptcy Court
301 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Alan Cooper

**COURT USE ONLY**

Name and address where notices should be sent:
Godfread Law Firm, P.C.
6043 Hudson Road, Suite 305
Woodbury, MN 55125

Telephone number: 612-284-7325    email: paul@godfreadlaw.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(if known)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:                email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:  $_____ 255,000

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Judgement against debtor
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>5754 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $ 255,000

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT 3**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 23 of 49 PageID #:2128

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 11-1 Document   Filed 11/10/15   Desc Main Document   Page 2 of 2

B10 (Official Form 10) (04/13)                                                                                                    2

**7. Documents:** Attached redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See Instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Paul Godfread

Title: attorney

Company: Godfread Law Firm, P.C.                s/Paul Godfread                                11/9/2015

Address and telephone number (if different from notice address above):   (Signature)                          (Date)

Telephone number:                email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 24 of 49 PageID #:2129

Case 15-42460    Doc 178    Filed 11/16/16    Entered 11/16/16 09:45:44    Desc Main
Case 15-42460    Claim 15-1 Part Document 4/20/16 Page Dest 3CORRECT CLAIM IMAGE    Page
1 of 3

Fill in this information to identify the case:

| Debtor 1 | Paul Robert Hansmeier |
| --- | --- |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: District of Minnesota

Case number  15-42460

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | |
| --- | --- |
| 1. Who is the current creditor? | Alan Cooper |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | | | Where should payments to the creditor be sent? (if different) | | |
| --- | --- | --- | --- | --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Jason Sweet / Booth Sweet LLP | | | | | |
| | Name | | | Name | | |
| | 32R Essex Street | | | | | |
| | Number    Street | | | Number    Street | | |
| | Cambridge | MA | 02139 | | | |
| | City    State    ZIP Code | | | City    State    ZIP Code | | |
| | Contact phone (617) 250-8619 | | | Contact phone | | |
| | Contact email jsweet@boothsweet.com | | | Contact email | | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___ MM / DD / YYYY |
| --- | --- |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☑ Yes.  Who made the earlier filing?  Paul Godfread |

Official Form 410                    Proof of Claim                    page 1



EXHIBIT 4

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 25 of 49 PageID #:2130

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 15-1 Part Doc Filed 04/20/16 Page Desc CORRECT CLAIM IMAGE   Page
2 of 3

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  **5   7   5   4**

**7. How much is the claim?**   $_____**679,651.65**. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

judgment against debtor

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured:   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 26 of 49 PageID #:2131

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 15-1 Part Doc6ument 04/20/16 Page 1 Best 3 CORRECT CLAIM IMAGE   Page
3 of 3

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/20/2016
                   MM / DD / YYYY

Signature   [signature]

Print the name of the person who is completing and signing this claim:

| Name | Jason E. Sweet | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title: | Partner | | |
| Company | Booth Sweet LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 32R Essex Street | | |
| | Number   Street | | |
| | Cambridge, MA 02139 | | |
| | City | State | ZIP Code |
| Contact phone | (617) 250-8819 | Email | jsweet@boothsweet.com |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | **Paul Robert Hansmeier** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: District of Minnesota | |
| Case number 15-42460 | |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Paul Godfread**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>**Jason Sweet / Booth Sweet LLP**<br>Name<br>**32R Essex Street**<br>Number   Street<br>**Cambridge**      **MA**      **02139**<br>City                State        ZIP Code<br><br>Contact phone **(617) 250-8619**<br><br>Contact email **jsweet@boothsweet.com**<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): |
| | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number   Street<br><br>City                State        ZIP Code<br><br>Contact phone<br><br>Contact email |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____      Filed on ____ / ___ / ____<br>                                        MM  / DD  / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☑ Yes. Who made the earlier filing?  Alan Cooper |



EXHIBIT 5

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 28 of 49 PageID #:2133

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 16-1 Part 1   Document   Filed 04/20/16   Page 2 of 3 Desc CORRECT CLAIM IMAGE   Page 2 of 3

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __7__ __5__ __4__

**7. How much is the claim?**   $ _____ 679,651.65 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__judgment against debtor__

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured: $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 29 of 49 PageID #:2134

Case 15-42460    Doc 178    Filed 11/16/16    Entered 11/16/16 09:45:44    Desc Main
Case 15-42460    Claim 16-1 Part Document Filed 04/20/16    Desc CORRECT CLAIM IMAGE    Page
3 of 3

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    04/20/2016
MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name         Jason E. Sweet
             First name         Middle name         Last name

Title        Partner

Company      Booth Sweet LLP
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      32R Essex Street
             Number    Street
             Cambridge, MA 02139
             City                    State    ZIP Code

Contact phone  (617) 250-8619              Email jsweet@boothsweet.com

| | |
|---|---|
| **Fill in this information to identify the case:** | Send original to: |
| Debtor 1    Paul Robert Hansmeier | U.S. Bankruptcy Court |
| Debtor 2 (Spouse, if filing) | 301 U.S. Courthouse |
| United States Bankruptcy Court for the:   District of Minnesota | 300 South Fourth Street |
| Case number   15-42460 | Minneapolis, MN 55415 |

## Official Form 410

# **Proof of Claim**

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Alan Cooper |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br>Godfread Law Firm, P.C.<br>Name<br>6043 Hudson Road, Suite 305<br>Number    Street<br>Woodbury        MN      55125<br>City        State      ZIP Code<br>Contact phone  612-284-7325<br>Contact email  paul@godfreadlaw.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): |
| | Where should payments to the creditor be sent? (if different)<br>Name<br>Number    Street<br>City        State      ZIP Code<br>Contact phone<br>Contact email |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____      Filed on ___ MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                                   Proof of Claim



EXHIBIT 6

page 1

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 31 of 49 PageID #:2136

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 18-1   Document   Filed 04/22/16   Page 2 of 3   Desc Main Document   Page 2 of 3

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $_____255,000____. Does this amount include interest or other charges?

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Debtor is liable as alter ego for judgment debtor

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate (when case was filed)_____%**

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

Official Form 410                              Proof of Claim                              page 2

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 32 of 49 PageID #:2137

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 18-1 Document Filed 04/22/16 Page Desc Main Document   Page 3 of 3

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | | Amount entitled to priority |
|---|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | | $ |
| | * Amounts are subject to adjustment on 4/01/2019 and every 3 years after that for cases begun on or after the date of adjustment. | | | |

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/22/2016
                   MM / DD / YYYY

*Signature*

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | **Paul Allen Godfread** | |
| | First name          Middle name | Last name |
| Title | attorney | |
| Company | **Godfread Law Firm, P.C.** | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | **6043 Hudson Road, Suite 305** | |
| | Number        Street | |
| | **Woodbury** | **MN**    **55125** |
| | City | State    ZIP Code |
| Contact phone | **612-284-7325** | Email    paul@godfreadlaw.com |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRENDA LAW INC. and<br>PAUL DUFFY,<br><br>      Plaintiffs,<br>   v.<br><br>PAUL GODFREAD, ALAN COOPER,<br>and JOHN DOES 1-10,<br><br>      Defendants.<br>—————————————————<br>PAUL GODFREAD and<br>ALAN COOPER,<br><br>      Counterclaimants,<br>   v.<br><br>PRENDA LAW INC. and<br>PAUL DUFFY,<br><br>      Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-cv-1569<br><br>Judge John W. Darrah |

## ORDER

Counterclaimants Alan Cooper and Paul Godfread have moved to impose any liabilities of Counterdefendant Prenda Law, Inc. for monetary sanctions and/or potential conspiracy and anti-SLAPP counterclaims jointly and severally upon Counterdefendant Paul Duffy and non-parties, John Steele and Paul Hansmeier. For the reasons stated below, Counterclaimants' Motion to Impose Liabilities [66] is denied.

## STATEMENT

Counterclaimants seek to impose joint and several liabilities against two non-parties, Hansmeier and Steele. "'It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). John Steele and Paul Hansmeier have not been designated parties to the present litigation, nor have they been made parties by service of

**EXHIBIT 7**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 34 of 49 PageID #:2139

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 34 of 49 PageID #:2139
Exhibit(s) order denying liability    Page 2 of 2

process. As such, this Court has not gained jurisdiction over Steele and Hansmeier. Further, if Hansmeier and Steele were made parties, it would destroy diversity jurisdiction, as Counterclaimiants and Hansmeier are citizens of Minnesota. Claims cannot be "asserted against nondiverse parties when jurisdiction was based on diversity." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).

Counterclaimants also seek to impose joint and several liability on Paul Duffy. Duffy was previously found to be jointly and severally liable for the imposed monetary sanctions in this Court's January 22, 2015 order in the related case 13-cv-4341. Liability for future monetary sanctions will be considered if further sanctions are required. As to imposing liability for conspiracy and anti-SLAPP counterclaims, it is unnecessary at this time. Duffy and Prenda's liabilities for any conspiracy and anti-SLAPP counterclaims will be determined, if necessary, after judgment is entered on those counterclaims.

Therefore, Counterclaimants' Motion to Impose Liabilities [66] is denied.

Date: _____ April 9, 2015 _____

JOHN W. DARRAH
United States District Court Judge

2

Case 15-42460    Doc 178    Filed 11/16/16    Entered 11/16/16 09:45:44    Desc Main
Case 15-42460    Claim 18-1 Part 1    Filed 04/22/16    Desc Exhibit(s) order for
judgment    Page 1 of 4

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

Alan Cooper,                                    **ORDER FOR JUDGMENT**

                    Plaintiff,

v.

John Lawrence Steele and                    Court File No. 27-Cv-13-3463
Prenda Law, LLC,                              Judge Kristin A. Siegesmund

                    Defendants.

On April 27, 2015 this Court issued an Order finding Defendant Prenda Law, Inc. in default. A hearing was scheduled for June 10, 2015 to determine appropriate damages to be awarded Plaintiff. At the June 10, 2015, Paul Duffy appeared, not to represent Prenda Law, but in his personal capacity as a former principle of Prenda Law. Mr. Duffy represented that Prenda is no longer in business. The Court ordered Plaintiff to submit affidavits regarding his damage claim and allowed Mr. Duffy until July 10 (extended to July 13) to respond. Mr. Duffy has not filed anything in the time allowed. Based on the files of record and the argument of counsel, the court makes the following:

### Background

This case involves a scheme in which former defendants[1] AF Holdings LLC and Ingenuity 13, LLC purchased copyrights in certain pornographic movies. They used Prenda Law firm and at least one of its principles John Steele to bring mass lawsuits against persons who owned computers on which any of these movies had been downloaded without permission. There has been much written about this scheme and there have been many lawsuits regarding whether these suits violate Rule 11. Courts have found that these suits were brought against persons who simply owned a computer without regard to whether they personally illegally downloaded any copyrighted material. Settlement demands were made by Prenda knowing that a lawsuit would potentially embarrass the computer owner. Many courts have found this enforcement scheme highly questionable.

The focus of this lawsuit was essentially identity theft. Plaintiff alleged that Prenda used his name in transferring the copyrights and in bringing lawsuits without his permission. This was accomplished through his personal relationship with Mr. Steele. The Complaint alleged that Prenda by itself or in concert with others violated Plaintiff's privacy by misappropriating his name and

---

[1] AF Holdings and Ingenuity 13 were dismissed from this suit on April 21, 2015 without prejudice because they had never been served.



EXHIBIT **8**

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 36 of 49 PageID #:2141

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 18-1 Part 1  Filed 04/28/16 30 Desc Exhibit(s) order for
judgment   Page 2 of 4

engaged in an illegal trade practice by taking his name and causing a likelihood of confusion regarding Mr. Cooper's affiliation with the porn movie owners.[2]

### Memorandum

The court finds that based on the default in this case Prenda did knowingly use Mr. Cooper's name in pursuit of this scheme.  The question is to what extent was Mr. Cooper damaged by the use of his name on documents and in court filings. Plaintiff is entitled to actual damages that he suffered. Also, because the court finds that Prenda acted with deliberate disregard for Plaintiff's rights, Plaintiff is entitled to punitive damages which can be measured in part in relation to the amount that Plaintiff profited from using Mr. Cooper's name. Although the court does not condone the actions of Defendants, the court warned Plaintiff in its September 27, 2013 order that no speculative damage calculations would be allowed.  Plaintiff has the burden to prove its damages by a preponderance of admissible evidence.  To a large extent Plaintiff has failed to provide any evidence that meets this standard.

As an example of the significant lack of proof and legal argument, Plaintiff has submitted articles written about this entire affair.[3]  In the Forbes interview of Mr. Steele the reporter suggests that Steele has made over $15 million dollars and Steele responds that "they" have made more than a few million. Articles such as these are hearsay, and Steele's statements are not admissions that can be relied upon by the court to determine to what degree Prenda benefited from the use of Cooper's name. The use of these articles now, when the Court has asked for specifics about Plaintiff's damages, is illustrative of how Plaintiff has approached this entire litigation, much innuendo and very little substance.

Plaintiff also attempts to show how Prenda profited by attaching a statement from credit card processor Blue Pay[4], which apparently shows that Prenda closed an account in May 2013 with nearly $1.8 million dollars in it. Apparently Plaintiff would like the court to assume that this money is profit that Prenda made using Cooper's name.  This is too great a leap.  First, the statements are not presented in an admissible form.  There is no affidavit from someone laying foundation, or that these are accurate business records, or explaining what the numbers mean. Second, Prenda was counsel for other entities.  There is no explanation of how much of monies received were kept by Prenda or how much went to its clients.  And there is nothing in the record showing how much of the receivables were due to the use of Cooper's name.

In a further attempt to show Prenda's profit from using Cooper's name, Mr. Godfread suggests that the court make a series of unsupported assumptions to reach an $11 million profit figure.  For example, he asserts that Prenda filed 11 federal suits on behalf of Guava LLC against an "estimated 6500 defendants." Godfread does not explain how he made this estimate. He asks the

---

[2] Plaintiff has settled his claims with Steele.
[3] Godfread Aff. Ex A, "Shedding Light on Copyright Trolls"; Ex C Forbes article "How Porn Copyright Lawyer John Steele has made a few Million"
[4] Godfread Ex B.

Case: 1:13-cv-01569 Document #: 131 Filed: 11/01/18 Page 37 of 49 PageID #:2142

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 18 Document   Filed 04/22/16   Desc Exhibit(s) order for judgment   Page 3 of 4

court to presume that 30% of these cases would settle for the full amount of $3400 contained in a sample demand letter. He provides no basis for why any such assumptions about the percentage or amount of settlement have any statistical reliability from which a court could base a decision. He also provides no proof of how much of this money would go to the client Guava and how much would be retained by Prenda. And he provides no evidence that these lawsuits relied on the use of Cooper's name. This evidence is too speculative for the court to use in any manner.

Despite litigating this case for over two years, and even though Mr. Godfread has admittedly been chasing Mr. Steele and Prenda around the country, Plaintiff did not produce one affidavit or deposition substantiating profits that Prenda made from this copyright scheme, or more specifically from the use of Mr. Cooper's name. The claim is notable for what is lacking. There are no affidavits regarding how many copyright claims relied on the use of Mr. Cooper's name. There are no depositions from Mr. Steele or Mr. Duffy or from any member of Prenda regarding their profits and losses. Plaintiff has come into court repeatedly making broad allegations and relying on news articles and events in other places, but the court asked Plaintiff to explain what happened to him in this instance.

Plaintiff's own affidavit is meager and unpersuasive. Plaintiff did not provide one single specific instance where he had been embarrassed by the use of his name by Defendant. Indeed the court is aware that it was not until Mr. Godfread found Plaintiff and had an article written about him in the paper that anyone knew of Plaintiff's connection to Prenda's pornography litigation. Thus Plaintiff is in some ways responsible for his own notoriety. Although the Court finds that Mr. Cooper did not consent to the use of his name in all ways that it was used, the court notes that Mr. Cooper has not denied working with Mr. Steele in some ways.

The court finds that Mr. Cooper has failed to show much actual damage, and is entitled to only $5,000 of damages for humiliation. However, the court finds that punitive damages are in order because attorneys have a special obligation not to use another person's name without their explicit permission. If such permission had been given, Prenda as a law office could have and should have gotten that permission in writing. It is also obvious that Prenda undertook this deception to avoid naming its principles as the driving force of this scheme. Cooper was a straw man put up to protect them from obvious ethical violations of creating litigation. Although the court is uncertain about the exact gains that Prenda reaped from this enterprise, it has no doubt that substantial gains were made. The gains were sufficiently tempting that Prenda was willing to overlook what it considered minimal risk. Punitive damages are critical in situations like this where money damages does not adequately encompass the wrong done in stealing a person's name for one's own benefit. Punitive damages must be sufficient to deter similar abuses of professional integrity. The court finds that $250,000 in punitive is appropriate and necessary to act as stern warning not to engage in this type of conduct.

3

Case 15-42460   Doc 178   Filed 11/16/16   Entered 11/16/16 09:45:44   Desc Main
Case 15-42460   Claim 18-1  Part 2  Filed 04/28/16  Desc Exhibit(s) order for
judgment   Page 4 of 4

## ORDER

1. Pursuant to the default ordered on April 27, 2015, Plaintiff is entitled to a judgment against Defendant Prenda in the amount of $5,000 plus costs and disbursements.

2. Plaintiff is entitled to judgment against Defendant Prenda in the amount of $250,000 in punitive damages.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 15, 2015

BY THE COURT:

**Siegesmund, Kristin**
**2015.07.15 16:31:53**
**-05'00'**

The Honorable Kristin A. Siegesmund
Judge of District Court

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                      BKY No. 15-42460

Paul Hansmeier,

        Debtor.

I hereby certify that on <u>November 16, 2016,</u> I caused the following documents:

   *- Notice of Hearing and Motion Objecting to Claims*
   *-Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused copy of the foregoing documents to be mailed by first class mail to the entities and individuals listed below:

Paul Hansmeier                              Paul Godfread
3749 Sunbury Alcove                         c/o Jason Sweet
Woodbury, MN 55125                          Booth Sweet, LLP
                                            32R Essex Street
                                            Cambridge, MA 02139

Alan Cooper
c/o Jason Sweet                             Alan Cooper
Booth Sweet, LLP                            c/o Paul Godfread
32R Essex Street                            Godfread Law Firm, P.C.
Cambridge, MA 02139                         6043 Hudson Road, Suite 305
                                            Woodbury, MN 55125


Dated: <u>November 16,</u> 2016                    /e/ Matthew D. Swanson
                                            Matthew D. Swanson

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                         BKY No. 15-42460

Paul R. Hansmeier,

      Debtor.

## ORDER

This case is before the court on the trustee's motion objecting to claim numbers 9, 10,

11, 15, 16 and 18.

Based on the motion and the file:

IT IS ORDERED: Claim numbers 9, 10, 11, 15, 16 and 18 are disallowed in their

entirety.

Dated:                                    _____

                                 Kathleen H. Sanberg
                                 Chief United States Bankruptcy Judge

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

### CREDITORS PAUL GODFREAD & ALAN COOPER'S WITHDRAWAL OF PROOF OF CLAIMS Nos. 9, 10 & 11.

1. Creditors Paul Godfread and Alan Cooper ("Movants") by and through their respective counsel, respectfully withdraw their Proof of Claims Nos. 9, 10 and 11. *See* Dkt. #178.

**Claims Nos. 9 and 10**

2. Claims Nos. 9, 10, 15 and 16 all arise out of litigation in *Paul Duffy and Prenda Law, Inc. v. Paul Godfread, Alan Cooper and John Does 1-10*, No. 1:13-cv-01569 (N.D. Ill.) (consolidated with 13-cv-04341).

3. Claims Nos. 9 and 10 were filed November 9, 2015 at a time when the Debtor's case was still a voluntary Chapter 13 Petition. *See* Dkt. #178, pgs. 5-11.

4. These claims were later refiled as Claims Nos. 15 and 16 on April 20, 2016 after the U.S. Trustee had the Debtor's case converted to one under Chapter 7. *Id.*, pgs. 14-19.

5. As such, Movants withdraw Claims Nos. 9 and 10.

**Claim No. 11**

6. Claims Nos. 11 and 18 both arise out of litigation in *Alan Cooper v. John Steele and Prenda Law*, No. 27-cv-13-3463 (Minn. Dist. Ct. 2013).

7. Claim No. 11 was filed November 9, 2015 at a time when the Debtor's case was still a voluntary Chapter 13 Petition. *Id.*, pgs. 12-13.

8. This claim was later refiled as Claim No. 18 on April 22, 2016 after the U.S. Trustee had the Debtor's case converted to one under Chapter 7. *Id.*, pgs. 20-22.

9. As such, Cooper withdraws Claim No. 11.

**Claims Nos. 15 and 16**

10. The Trustee asserts "there has been no judgment entered against the debtor Paul Hansmeier on the asserted claims." Dkt. #178, pg. 2 at ¶8. However, judgment was entered against Paul Duffy

and Prenda Law on Oct. 17, 2016[1] in the amount of $674,206.94 (plus pre-judgment interest as allowed by law). *See* Exhibit A.

11. The Trustee further asserts the district court "specifically stated that the Debtor is not liable on the judgment obtained by claimants Cooper and Godfread." Dkt. #178 pg. 3, ¶ 12. In doing so, the Trustee refers to an Order entered April 9, 2015 [Dkt. #178 pgs. 23-24]. The district court made no such comment. In fact, the issue of the Debtor's liability was never reached due to the district court's concerns with jurisdiction and due process. *Id.,* pgs. 23-24. More so, the Trustee acknowledged as much in an email sent to Movants' counsel the day prior to filing its objections:

> "I agree with you that the courts didn't determine the issue of liability due to the service issues."

*See* Exhibit B.

**Claims Nos. 15, 16 and 18**

12. The objections to Claims Nos. 15, 16 and 18 rest on the basis the Debtor's name does not appear on the judgments. *See* Dkt. #178, pg. 2 at ¶ 8; *id.,* pg. 3 at ¶ 14.

13. Prenda Law was adjudicated an alter-ego of the Debtor pre-petition. *Ingenuity 13 v. Doe,* 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. March 6, 2013); *aff'd Ingenuity 13 v. Doe,* 651 Fed. App'x. 716 (9th Cir. 2016). *See* Exhibits C and D, respectively. See also, *Lightspeed Media v. Smith, et al,* 761 F.3d 699, 703 (7th Cir. 2014) (adopting the *Ingenuity 13* finding that the Debtor, Steele, and Duffy owned and controlled Prenda Law); Stipulation for Discipline ¶4, *In re Paul Robert Hansmeier,* File No. A5-1885 (Minn. July 1, 2016); Petition for Disciplinary Action ¶¶ 1-8, *id.* (Minn. Oct. 28, 2015). *See* Exhibits E and F, respectively. The Minnesota Supreme Court has entered a final order in the disciplinary action against Hansmeier based on the stipulation in which he admitted his controlling role in Prenda Law. Order, *id.* (Minn. Sept. 12, 2016). *See* Exhibit G.

14. A controlling debtor's alter-ego liability attaches at the moment in time in which the factual elements, as dictated by law, have materialized. Any judgments against Prenda Law therefore attach to the Debtor.

**WHEREFORE,** Movants respectfully withdraw Proof of Claims No. 9, 10 and 11.

Dated: November 30, 2016

---

[1] Judge Darrah sustained a continuing back injury, severely delaying the issuance of his final order.

Respectfully,

/s/ Jason E. Sweet

Counsel for Paul Godfread and Alan Cooper
Claims Nos. 9, 10, 15 and 16

*Pro Hac Vice Appearance*

BOOTH SWEET LLP
Jason E. Sweet (BBO# 668596)
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

/s/ Paul A. Godfread

Counsel for Alan Cooper
Claims Nos. 11 and 18

GODFREAD LAW FIRM, P.C.
Paul A. Godfread (Atty. Reg. No. 389316)
6043 Hudson Road, Suite 305
Woodbury, MN 55125
Tel.: (612) 284-7325
Fax: (612) 465-36009
Email: paul@godfreadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2016, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jason E. Sweet

# EXHIBIT 3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    BKY 15-42460

Paul R. Hansmeier,

      Debtor.

### ORDER

This case is before the Court on the trustee's motion objecting to claim numbers 9, 10, 11,

15, 16 and 18. Claim numbers 9, 10 and 11 were withdrawn by claimants on November 30, 2016.

Matthew D. Swanson appeared on behalf of the trustee and Paul Hansmeier appeared pro se.

There was no appearance by on behalf of any of the claimants.

For reasons stated orally and recorded in open court,

IT IS ORDERED: Claim numbers 15, 16 and 18 are disallowed.

Dated: December 21, 2016              /e/ Kathleen H. Sanberg

                                            Kathleen H. Sanberg
                                            Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 12/21/2016
Lori Vosejpka, Clerk, by LH

# EXHIBIT 4

# United States Court of Appeals
## For the First Circuit

No. 13-2535

AF HOLDINGS, LLC,

Plaintiff,

v.

SANDIPAN CHOWDHURY,

Defendant, Appellee.

---

JOHN L. STEELE; PAUL A. DUFFY; PAUL R. HANSMEIER,

Interested Parties, Appellants,

MARK LUTZ,

Interested Party.

---

Before

Lynch, Thompson and Kayatta,
Circuit Judges.

---

## JUDGMENT

Entered: August 4, 2016

After carefully considering the record and briefs on appeal, we vacate and remand.

The appellants moved to vacate the judgment under Rule 60(b)(4) for lack of personal jurisdiction because they were never named as parties to the counterclaims and properly served. It was undisputed below that the appellants were not properly named and served. Absent some exception, which was not established, a judgment cannot be entered against those who are not made parties through proper service. Shank/Balfour Beatty, a Joint Venture of M.L. Shank, Co., Balfour Beatty Constr. v. Int'l Bhd. Of Elec. Workers Local 99, 497 F.3d 83, 94 (1st Cir. 2007).

When personal jurisdiction is lacking, relief is mandatory, and the appellants did not have to show various factors required for relief under other subsections of Rule 60(b). M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 365 (1st Cir. 2004).

Contrary to the appellee, the fact that non-parties do not, or cannot, dispute alter ego allegations that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Vacated and remanded. 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
Honorable Joseph L. Tauro
Robert Farrell, Clerk of Court
AF Holdings, LLC
Jason E. Sweet
Daniel G. Booth
John L. Steele
Paul A. Duffy
Paul R. Hansmeier