UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, INC. and PAUL DUFFY, ) <br> ) <br> Plaintiffs/Counterdefendants, ) <br> ) <br> v. ) <br> ) <br> PAUL GODFREAD and ALAN COOPER, ) <br> ) <br> Defendants/Counter-Plaintiffs. ) | Civil Action No. 1:13-cv-01569 <br> *consolidated with* <br> Civil Action No. 1:13-cv-04341 <br><br> Hon. Gary R. Feinerman |

<u>DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE OF THE MARCH 6, 2017
CHANGE OF PLEA HEARING TRANSCRIPT FOR JOHN L. STEELE</u>

Pursuant to Federal Rule of Evidence 201, Defendants Godfread and Cooper respectfully request that the Court take judicial notice of the following facts:

1. On March 16, 2017, a change of plea hearing was held in the United States District Court for the District of Minnesota in the matter of United States of America v. John L. Steele, File No. 16CR334.

2. On that date, Steele pleaded guilty to one count of conspiracy to commit mail fraud and wire fraud, and one count of conspiracy to commit money laundering. (Ex. A)

3. During the plea hearing, Steele admitted the following facts:

    a.    He was an organizer, leader, manager or supervisor as defined by the Federal Sentencing Guidelines. (Ex. A, p. 9)

    b.    In September of 2010, he and Paul Hansmeier, his co-defendant in the criminal case, started doing business as Steele Hansmeier. (Ex. A, p. 18)

  b.  Beginning in approximately April of 2011, Steele and Hansmeier began uploading pornographic movies to BitTorrent file sharing websites, including a website known as The Pirate Bay. (Ex. A, p. 19)

  c.  He caused the movies to be uploaded without the owners' consent, and did so to entice people to download the movies so he could catch them and then threaten to sue them. (Ex. A, p. 20)

  d.  He knowingly caused these movies to be shared and distributed on BitTorrent websites thereby authorizing the BitTorrent users to obtain these movies. (Ex. A, p. 20-21)

  e.  He and Hansmeier then caused lawsuits to be filed throughout the country disingenuously alleging that the individuals who purportedly downloaded the movies did so without authorization or consent from the copyright holders. (Ex. A, p. 21)

  f.  For two of the movies he caused to be uploaded he filed approximately 200 fraudulent copyright infringement lawsuits throughout the country seeking subscriber information associated with more than 3,000 IP addresses based on the allegation that people had wrongfully downloaded the movies, when in fact he and Hansmeier had actually uploaded the movies on to the torrent website. (Ex. A, p. 21)

  g.  After the filing of each of these lawsuits, he filed or caused to be filed ex parte motions for early discovery that failed to disclose his involvement in uploading the copyrighted movies. (Ex. A, p. 21)

  h.  Courts throughout the country relied on his false and misleading representations, granting him permission to conduct early discovery, and thereby authorizing him to subpoena

internet service providers to get the subscriber information associated with those IP addresses. (Ex. A, p. 22)

  g. After obtaining the subscriber information, Steele or Hansmeier, or individuals employed by them, would call people and attempt to extract settlements from them. (Ex. A, p. 22)

  h. He never informed those people that he and Hansmeier were in fact the ones who had uploaded the movies to the websites. (Ex. A, p. 22)

  i. By lying to and misleading courts in order to obtain subscriber information and then deceiving the subscribers, he obtained a number of settlements. (Ex. A, p. 22)

  j. Those settlements were generally in the range of a few thousand dollars. (Ex. A, p. 22)

  k. In or around November 11, 2011, at least in part to distance themselves from the fraudulent copyright infringement lawsuits they were filing, Steele and Hansmeier caused Prenda Law to be created. (Ex. A, p. 23)

  l. He exerted de facto control over Prenda Law including the primary direction of its employees and dispensation of its finances. (Ex. A, p. 23)

  m. Despite controlling Prenda Law, and at various times filing appearances for or in connection with Prenda Law, Steele and Hansmeier on multiple occasions falsely denied to various courts any direct involvement or control over that law firm. (Ex. A, p. 23)

  n. In or about 2011, he created numerous sham entities including AF Holdings, Ingenuity 13, Guava, LLC, Livewire Holdings, and LW Systems in order to shield what was going on. (Ex. A, p. 23)

      o.      Steele and Hansmeier caused pornographic movies to be created and later caused Ingenuity 13, one of their sham entities, to obtain copyrights to those movies. (Ex. A, p. 24)

      p.      Steele and Hansmeier made no effort to publicly or commercial distribute the pornographic films they created. Rather, they instructed an individual who worked for Hansmeier to upload them to a file sharing website so they could catch people downloading them and later threaten to sue them. (Ex. A, p. 25)

      q.      When he did catch people downloading those films, he caused fraudulent and misleading lawsuits to be filed throughout the country, which alleged that they had downloaded the movies without the copyright holder's consent. (Ex. A, p. 25)

      r.      In approximately October of 2012, after courts began limiting the discovery they could obtain, Steele and Hansmeier caused lawsuits to be filed on behalf of a sham entity called Guava, LLC alleging that the "client's" computer systems had been hacked. However, there was no hacking, nobody broke into their computer systems, and those lawsuits were based largely if not entirely on lies. (Ex. A, p. 25-26)

      s.      In order to make the fraudulent computer hacking lawsuits go more smoothly, Steele and Hansmeier recruited individuals caught downloading their movies to agree to serve as "ruse defendants" to be sued in lawsuits and allow discovery to proceed. (Ex. A, p. 26)

      t.      In early 2013, courts began scrutinizing the litigation tactics of Steele and Hansmeier. Courts began denying their requests to issue subpoenas, and accusing them of engaging in deceptive and fraudulent behavior. (Ex. A, p. 26-27)

      u.      In May of 2013, Judge Wright from the Central District of California issued an order sanctioning Steele and Hansmeier. (Ex. A, p. 27)

v.  In order to evade detection and to cover up what he had done, he lied to courts throughout the country, both directly and by causing others to lie on his behalf, to cover up what had been done. (Ex. A, p. 27)

w.  Between 2010 and 2014, Steele and Hansmeier, through their sham companies, received more than six million dollars in copyright infringement settlement payments. (Ex. A, p. 27-28)

x.  In or about 2012, he created a company called Under the Bridge Consulting to collect consulting fees after transferring the operations of the law firm known as Steele Hansmeier to Prenda Law. (Ex. A, p. 28)

y.  Steele and Hansmeier transferred approximately a million dollars of proceeds from the scheme to Under the Bridge Consulting and distributed those monies to themselves. Their use of Under the Bridge was designed at least in part to conceal or disguise the nature, source, ownership and control of the proceeds of the scheme. (Ex. A, p. 28)

z.  He pleaded guilty to Count 1 of the indictment charging him with conspiracy to commit mail fraud and wire fraud in violation of Title 18, United States Code Section 1349, and County 17 of the indictment charging him with conspiracy to commit money laundering in violation of Title 18, United States Code Section 1956H. (Ex. A, p. 30)

4.  Courts may take judicial notice of documents in the public record. Fed.R.Evid. 201(b)(2); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper.") "Judicial notice is most frequently used for noticing the contents of court records such as judicial orders or decrees." *ABN AMRO, Inc. v. Capital Int'l*

*Ltd.,* No. 04 C 3123, 2007 WL 845046, at *9 (N.D. Ill. Mar. 16, 2007). The Seventh Circuit has indicated that courts may even have an obligation to take judicial notice of documents in related proceedings where the proceedings have a direct relation to the matters at issue. *See Opoka, v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("This court, however, has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." (internal quotations omitted)).

5. The facts Godfread and Cooper ask the Court to take judicial notice of fall squarely within Fed.R.Evid. 201 because they are easily ascertainable from public court filings, the accuracy of which cannot be reasonably questioned. Godfread and Cooper respectfully request that the Court take judicial notice of the points enumerated herein, and the entire contents of Ex. A attached hereto.

Dated: November 13, 2018                                        Respectfully submitted,

/s/ Erin K. Russell
The Russell Firm, LLC
650 W Lake Street, Suite 210A
Chicago, IL 60661
T: 312-994-2424
F: 312-706-7966
erin@russellfirmip.com
ARDC # 6287255

/s/ Jason E. Sweet
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883
jsweet@boothsweet.com
BBO# 668596

*Counsel for Defendants and Counter-Plaintiffs
Paul Godfread and Alan Cooper*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2018, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Notice will also be delivered via USPS Priority Mail to:

| | |
|---|---|
| Paul R. Hansmeier<br>9272 Cortland Alcove<br>Woodbury, MN 55125 | John Steele<br>18871 N. 69th Ave.<br>Glendale, AZ 85308 |

    /s/ Erin K. Russell