UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENDA LAW, INC. and PAUL DUFFY, ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | Civil Action No. 1:13-cv-01569 |
| ) | *consolidated with* |
| v. ) | Civil Action No. 1:13-cv-04341 |
| ) | |
| PAUL GODFREAD and ALAN COOPER, ) | |
| ) | Hon. Gary R. Feinerman |
| Defendants/Counter-Plaintiffs. ) | |

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUBSTITUTE

COME NOW Defendants/Counter-Plaintiffs Paul Godfread and Alan Cooper, by and through counsel, and in further support of their Motion to Substitute [ECF No. 110] show the Court as follows:

I. THERE WAS A TRANSFER OF INTEREST FROM PRENDA LAW TO HANSMEIER AND STEELE AFTER PRENDA LAW, INC. WAS VOLUNTARILY DISSOLVED IN JULY OF 2013

There is clear evidence of the transfer of interest from Prenda Law, Inc. to John Steele and Paul Hansmeier. Prenda Law was voluntarily dissolved on July 26, 2013, five months after these cases were filed[1]. [ECF No. 132, Ex. A] There can be no doubt that there was a transfer of interest from Prenda Law to Steele and Hansmeier after the corporation was dissolved. Hansmeier and Steele have admitted they were the *de facto* owners and operators of Prenda Law, and that they used the corporation as a front to conduct fraudulent copyright infringement and Computer Fraud and Abuse Act claims to collect settlement funds which they then funneled out of Prenda Law for their personal benefit. *See* Steele and Hansmeier change of plea hearing

---

[1] Godfread and Cooper filed their Motion to Take Judicial Notice of Corporation File Detail Report from the Illinois Secretary of State on November 13, 2018. It is ECF 132. Exhibit A to that filing is an image of the Corporation File Detail Report for Prenda Law, Inc. The report reflects a voluntary dissolution date of July 26, 2013.

transcripts. [ECF No. 110, Ex. M and ECF No. 133, Ex. A (Steele) ; ECF No. 124, Ex. A (Hansmeier)]

Hansmeier contended in his response brief that he is not a successor by virtue of a merger or other acquisition. [ECF No. 117] This position is preposterous. Of course, many cases, including those cited by Hansmeier in his brief, involve legitimate corporations operating legitimate businesses. In this case, Steele and Hansmeier admitted that the corporation itself was a vehicle for the fraud for which they have been charged with crimes to which each of them has pleaded guilty. [ECF No. 110, Ex. M and ECF No. 133, Ex. A (Steele); ECF No. 124, Ex. A (Hansmeier)]. Both men admitted that the corporation was formed for this purpose and that it operated for that purpose. The fraud itself was its sole purpose. Both Steele and Hansmeier have admitted that they did so for their personal benefit. When the corporation was dissolved, the assets were distributed for their personal benefit. In the Seventh Circuit, a guilty plea is preclusive as to the underlying facts of the plea. *Golletz v. United States*, 1991 U.S. Dist. LEXIS 5170 (N.D. Ill. 1991).

A criminal conviction based upon a guilty plea conclusively establishes for the purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted. *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987). Steele and Hansmeier have pleaded guilty to using Prenda to defraud people and to funnel the proceeds to themselves. There was a complete transfer of interest to them after they dissolved the corporation and emptied its coffers. Rule 25 does not set forth any formal requirements for effectuating an assignment. Rather, by its express terms, a transfer of interest in the underlying property is all that is required

to invoke the court's exercise of discretion to allow substitution. *Chuhar v. AMCO Ins. Co.*, 2012 U.S. Dist. LEXIS 22238 *12 (N. Dist. Ind. 2012).

The very suggestion that there was no transfer of interest when the corporation was voluntarily dissolved and Steele and Hansmeier transferred the money to themselves is absurd. There was no arms' length transaction with some unknown legitimate transferee. Judge Wright was pursuing Steele, Hansmeier, and Prenda. They dissolved the company, emptied it of its remaining assets, and embarked on the downward spiral of sanctions, litigation, and criminal indictments that landed them where they are today. This Court would be acting well within its discretion to grant Godfread and Cooper's motion and substitute Steele and Hansmeier as judgment debtors in this matter[2].

II. THIS COURT HAS PERSONAL JURISDICTION OVER STEELE AND HANSMEIER AND VENUE IS PROPER IN THIS COURT

Under Rule 25(c), when there has been a transfer of interest, personal jurisdiction and venue are extended over the successor; it is not necessary to re-establish those requirements. Wright, Miller & Kane, *Federal Practice and Procedure § 1958*, at 557-61 (2d ed. 1986). The substitution can occur at any time, including years after the judgment is entered. *See e.g. Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir. 1977)

III. THIS COURT'S JUDGMENT IS BINDING ON STEELE AND HANSMEIER AND ADDING THEM AS PARTIES WILL FACILITATE THE CONDUCT OF THIS LITIGATION WITH REGARD TO POST-JUDGMENT COLLECTION

The law of the Seventh Circuit is clear. The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be

---

[2] Federal Rule of Civil Procedure 25(c) is intended to promote justice among parties to civil litigation. There is no reason in policy or in law to deny a party its remedy solely because a transfer of interest affecting the other party occurred prior to the filing of the suit, but the defendant learns of it only afterward. *Arnold Graphics Indus.v Independent*, 1985 U.S. Dist. LEXIS 23201, *1 (S.D.N.Y. 1985).

continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation. *Otis Clapp & Son, INc. v. Filmore Vitamin Co.,* 754 F.2d 738, 743 (7th Cir. 1985).

## CONCLUSION

The Court would be well within its discretion to order that Steele and Hansmeier be added as parties and judgment debtors in this matter. When they voluntarily dissolved Prenda Law in July of 2013, there was a transfer of interest to them as they proceeded to empty its coffers for their own benefit.

Dated: November 13, 2018

Respectfully submitted,

/s/ Erin K. Russell
The Russell Firm, LLC
650 W Lake Street, Suite 210A
Chicago, IL 60661
T: 312-994-2424
F: 312-706-7966
erin@russellfirmip.com
ARDC # 6287255

/s/ Jason E. Sweet
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883
jsweet@boothsweet.com
BBO# 668596

*Counsel for Defendants and Counter-Plaintiffs Paul Godfread and Alan Cooper*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2018, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Notice will also be delivered via USPS Priority Mail to:

| | |
|---|---|
| Paul R. Hansmeier<br>9272 Cortland Alcove<br>Woodbury, MN 55125 | John Steele<br>18871 N. 69th Ave.<br>Glendale, AZ 85308 |

                                              /s/ Erin K. Russell